Case: 1:07-cv-02787-DAP Doc #: 1 Filed: 09/14/07 1 of 10. PageID #: 1



07 SEP 14 FH 2:34

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| JANE DOE<br>C/o her guardian and next friend:<br>PETER LORA<br>17506 Neff Road<br>Cleveland, Ohio 44119<br><br>And<br><br>PETER LORA<br>15717 Clifton Blvd<br>Lakewood, Ohio 44107<br><br>And<br><br>JANE ROE<br>C/o her guardian and next friend:<br>VICTORIA BLOOM<br>10217 Unity Avenue<br>Cleveland, Ohio 44111<br><br>And<br><br>VICTORIA BLOOM<br>10217 Unity Avenue<br>Cleveland, Ohio 44111<br><br>    *Plaintiffs*<br><br>    vs.<br><br>DEAN BOLAND<br>18123 Sloane Avenue<br>Lakewood, Ohio 44017<br><br>    *Defendant* | CASE NO: **1:07CV2787**<br><br>JUDGE **JUDGE BOYKO**<br><br>**MAG. JUDGE PERELMAN**<br><br><u>**COMPLAINT**</u><br><br><u>**JURY DEMAND ENDORSED HEREON**</u> |

## Parties

1. Plaintiff Jane Doe is not identified by her real name because she is a minor whose legal guardian and next friend is Peter Lora, and who both reside in Cuyahoga County Ohio.

2. Plaintiff Jane Roe is not identified by her real name because she is a minor whose legal guardian and next friend is Victoria Bloom, and who both reside in Cuyahoga County, Ohio.

3. Defendant Dean Boland ("Defendant") is an attorney licensed to practice law in the State of Ohio, whose residence and whose principal place of business was and is, at all times relevant to the events set forth in this complaint, in Cuyahoga County, Ohio.

## Jurisdiction and Venue

4. Plaintiffs incorporate the preceding paragraphs of this complaint as if fully rewritten herein.

5. This Court has original jurisdiction pursuant to 28 USC § 1331 because this is a civil action arising under laws of the United States specifically 18 USC § 2252 A (f) and 18 USC § 2255.

6. This Court has supplemental jurisdiction of the state claims presented pursuant to 28 USC § 1367 because the state court claims are so related to claims in this action of which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this district pursuant to 28 USC § 1391 (b) because it is a judicial district where the sole defendant resides, and a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## Facts Common to All Causes of Action

8. Plaintiffs incorporate the preceding paragraphs of this complaint as if fully rewritten herein.

9. At all times relevant to the events set forth in this complaint Dean Boland held himself out to the public to be a professional expert witness in criminal cases dealing with child pornography.

10. During the time period beginning in February, 2004 and ending on March 15, 2004, Defendant downloaded images from the internet depicting real and identifiable minors in innocent poses.

11. Defendant downloaded two such images from Istockphoto.com and other sources. He did so at his residence located at 2070 Brown Road, Lakewood, Ohio and his office located at 18123 Sloane Avenue, Lakewood, Ohio.

12. The images downloaded from Istockphoto.com, and/or other sources, were of Plaintiffs Jane Doe and Jane Roe.

13. Boland then digitally manipulated the innocent images of Plaintiffs Jane Doe and Jane Roe to visually depict that minors Jane Doe and Jane Roe were engaging in sexually explicit conduct of a revolting and disgusting nature.

14. Defendant then used and published these sexually explicit visual depictions in his capacity as an attorney and expert witness in a variety of criminal child pornography cases in several courts.

15. Between March 2004 and January of 2005 Boland transported, used, possessed, published, displayed, presented, and testified about these sexually explicit visual depictions in

Summit, Columbiana, Hamilton, and Warren Counties in the State of Ohio and in the U. S. District Court in Tulsa, Oklahoma, in interstate commerce, and otherwise as will be proven at trial.

16. Defendant was not authorized, permitted, or privileged to use the manipulated downloaded images. The use of the manipulated images violated the agreement Defendant had with Istockphoto.com and the agreement between Istockphoto.com and those uploading the images of Plaintiffs Jane Doe and Jane Roe.

17. No state law public policy underlying any judicial privilege applies to or is served by protecting the Defendant's conduct. The absolute privilege to speak freely in court does not and cannot apply to protect the misappropriation of another's image and is not a bar to the tort of invasion of privacy or any other tort when the reputation/conduct/identity of the person depicted in the image is not related to any issue before the court, related to the court proceeding, and/or the use of or the manipulation of the image itself constitutes the tortious conduct.

18. Defendant has admitted the allegations of this complaint and is estopped from publicly denying this conduct or making any statement to the contrary as a result of his agreement with the United States Attorney's Office attached hereto, the allegations and admissions of which are incorporated herein as if fully rewritten, and marked as Exhibit "1."

19. By committing the acts as set forth above, Defendant used an aspect of Jane Doe's and Jane Roe's "persona," as defined by Ohio Rev. Code § 2741.01 (A), for a commercial purpose, as defined by Ohio Rev. Code § 2741.01 (B) in violation of Ohio Rev. Code § 2741.02 (A).

20. By committing the acts set forth above, Defendant violated 18 USC § 2252A (a) and (b).

### First Cause of Action Premised Upon 18 USC § 2252A (f)

21. Plaintiffs incorporate the preceding paragraphs of this complaint as if fully rewritten herein.

22. Pursuant to 18 USC § 2252A (f) (1), Jane Doe is entitled to civil relief, as set forth in 18 USC § 2252A (f) (2), including injunctive relief, compensatory and punitive damages, costs, and reasonable expert and attorney's fees because she is a person aggrieved by reason of the conduct prohibited under 18 USC § 2252A (a) or (b).

### Second Cause of Action Premised Upon 18 USC § 2255

23. Plaintiffs incorporate the preceding paragraphs of this complaint as if fully rewritten herein.

24. Pursuant to 18 USC § 2255, Jane Doe is entitled to civil relief as specifically set forth therein including actual damages deemed to not be less than $150,000.00, costs, and attorney's fees because she is a minor who is a victim of a violation of 18 USC § 2252A and who suffered personal injury, to wit: mental anguish, distress, embarrassment, and humiliation and will suffer similar personal injury in the future as she ages as a result of Defendant's conduct.

### Third Cause of Action for the Invasion of Jane Doe's Privacy
### (Common Law Tort)

25. Plaintiffs incorporate the preceding paragraphs of this complaint as if fully rewritten herein.

26. Defendant has knowingly and intentionally appropriated, for his advantage, the likeness of Jane Doe thereby committing and is liable for the commission of the tort of invasion of privacy.

5

27. Defendant downloaded, manipulated, and published the visual depiction of Jane Doe with a conscious disregard for the rights and safety of others that had a great probability of causing substantial harm and therefore did so with malice.

28. Jane Doe and Plaintiff Peter Lora have incurred damages proximately caused by Defendant's conduct including but not limited to mental anguish, distress, embarrassment, and humiliation and will continue to suffer similar damage in the future as a result of Defendant's conduct.

### Fourth Cause of Action Premised upon Ohio Rev. Code § 2741.07 (Jane Doe)

29. Plaintiffs incorporate the preceding paragraphs of this complaint as if fully rewritten herein.

30. Defendant is liable to Jane Doe and Peter Lora pursuant to Ohio Rev. Code § 2741.07 for violating Ohio Rev. Code § 2741.02

31. Defendant is therefore liable for any actual damages as alleged above, including profits derived from and attributable to the unauthorized use of Jane Doe's "persona" for a commercial purpose or at Jane Doe's election in lieu of actual damages, statutory damages as set forth in Ohio Rev. Code § 2741.07 (A) (1) (b), punitive or exemplary damages pursuant to Ohio Rev. Code § 2315.21, attorney's fees Court costs, and reasonable expenses associated with this action pursuant to Ohio Rev. Code § 2741.07 (D) (1).

### Fifth Cause of Action Premised Upon 18 USC § 2252A (f) (Jane Roe)

32. Plaintiffs incorporate the preceding paragraphs of this complaint as if fully rewritten herein.

33. Pursuant to 18 USC § 2252A (f) (1), Jane Roe is entitled to civil relief, as set forth in 18 USC § 2252A (f) (2), including injunctive relief, compensatory and punitive

damages, costs, and reasonable expert and attorney's fees because she is a person aggrieved by reason of the conduct prohibited under 18 USC § 2252A (a) or (b).

### Sixth Cause of Action Premised Upon 18 USC § 2255 (Jane Roe)

34. Plaintiffs incorporate the preceding paragraphs of this complaint as if fully rewritten herein.

35. Pursuant to 18 USC § 2255, Jane Roe is entitled to civil relief as specifically set forth therein including actual damages deemed to not be less than $150,000.00, costs, and attorney's fees because she is a minor who is a victim of a violation of 18 USC § 2252A and who suffered personal injury, to wit: mental anguish, distress, embarrassment, and humiliation and will suffer similar personal injury in the future as she ages as a result of Defendant's conduct.

### Seventh Cause of Action for the Invasion of Jane Roe's Privacy
### (Common Law Tort)

36. Plaintiffs incorporate the preceding paragraphs of this complaint as if fully rewritten herein.

37. Defendant has knowingly and intentionally appropriated, for his advantage, the likeness of Jane Roe thereby committing and is liable for the commission of the tort of invasion of privacy.

38. Defendant downloaded, manipulated, and published the visual depiction of Jane Roe with a conscious disregard for the rights and safety of others that had a great probability of causing substantial harm and therefore did so with malice.

39. Jane Roe and Plaintiff Victoria Bloom have incurred damages proximally caused by Defendant's conduct including but not limited to mental anguish, distress, embarrassment,

and humiliation and will continue to suffer similar damage in the future as a result of Defendant's conduct.

### Eighth Cause of Action for Liability Premised upon Rev. Code § 2741.07 for Jane Roe

40. Plaintiffs incorporate the preceding paragraphs of this complaint as if fully rewritten herein.

41. Defendant is liable to Jane Roe and Victoria Bloom pursuant to Ohio Rev. Code § 2741.07 for violating Ohio Rev. Code § 2741.02.

42. Defendant is therefore liable for any actual damages as alleged above, including profits derived from and attributable to the unauthorized use of Jane Doe's "persona" for a commercial purpose or at Jane Roe's election in lieu of actual damages, statutory damages as set forth in Ohio Rev. Code § 2741.07 (A) (1) (b), punitive or exemplary damages pursuant to Ohio Rev. Code § 2315.21, attorney's fees, Court costs, and reasonable expenses associated with this action pursuant to Ohio Rev. Code § 2741.07 (D) (1).

WHEREFORE, Plaintiffs Jane Doe and Peter Lora respectfully pray for judgment against Defendant as follows:

A. On the first cause of action injunctive relief prohibiting the Defendant from ever again engaging in such conduct, compensatory and punitive damages in an amount to be determined at trial, costs, and reasonable expert and attorney's fees;

B. On the second cause of action actual damages in an amount to be determined at trial but deemed to not be less than $150,000.00, costs, and attorney's fees;

C. On the third cause of action in an amount in excess of $25,000.00 for compensatory and punitive damages, together with the costs of this action, reasonable attorney's fees, and for such other and further relief as this court deems just and equitable; and

8

D. On the fourth cause of action in an amount in excess of $25,000.00 for actual damages as alleged above, including profits derived from and attributable to the unauthorized use of Jane Doe's "persona" for a commercial purpose or at Jane Doe's election in lieu of actual damages, statutory damages as set forth in Ohio Rev. Code § 2741.07 (A) (1) (b), punitive or exemplary damages pursuant to Ohio Rev. Code § 2315.21, and attorney's fees, Court costs, and reasonable expenses associated with this action pursuant to Ohio Rev. Code § 2741.07 (D) (1), and for such other and further relief as this court deems just and equitable.

WHEREFORE, Plaintiffs Jane Roe and Victoria Bloom respectfully pray for judgment against Defendant as follows:

A. On the fifth cause of action injunctive relief prohibiting the Defendant from ever again engaging in such conduct, compensatory and punitive damages in an amount to be determined at trial, costs, and reasonable expert and attorney's fees;

B. On the sixth cause of action actual damages in an amount to be determined at trial but deemed to not be less than $150,000.00, costs, and attorney's fees;

C. On the seventh cause of action in an amount in excess of $25,000.00 for compensatory and punitive damages, together with the costs of this action, reasonable attorney's fees, and for such other and further relief as this court deems just and equitable;

D. On the eighth cause of action in an amount in excess of $25,000.00 for actual damages as alleged above, including profits derived from and attributable to the unauthorized use of Jane Roe's "persona" for a commercial purpose or at Jane Roe's election in lieu of actual damages, statutory damages as set forth in Ohio Rev. Code § 2741.07 (A) (1) (b), punitive or exemplary damages pursuant to Ohio Rev. Code § 2315.21, and attorney's fees Court costs, and

9

reasonable expenses associated with this action pursuant to Ohio Rev. Code § 2741.07 (D) (1), and for such other and further relief as this court deems just and equitable.

Respectfully submitted,

/s/ Jonathan E. Rosenbaum
JONATHAN E. ROSENBAUM (0021698)
Attorney for Plaintiffs
230 Third Street, Suite 104
Elyria, Ohio 44035
jerosenbau@alltel.net
440-322-7972

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues raised in their complaint as set forth in this pleading.

/s/ Jonathan E. Rosenbaum
JONATHAN E. ROSENBAUM (0021698)
Attorney for Plaintiffs

## TO THE CLERK OF COURTS:

Please serve the defendant by certified mail, return receipt requested, at the above address.

/s/ Jonathan E. Rosenbaum
JONATHAN E. ROSENBAUM (0021698)
Attorney for Plaintiffs
230 Third Street, Suite 104
Elyria, Ohio 44035
jerosenbau@alltel.net
440-322-7972