IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | PRE-TRIAL DIVERSION AGREEMENT |
| | ) | |
| DEAN M. BOLAND, | ) | |
| | ) | |
| | ) | |
| | ) | |

**ARTICLE I:**

It appearing that you, Dean M. Boland, committed an offense against the United States from on or about March 16, 2004 through April 1, 2004, in violation of Title 18, United States Code, Section 2252A(a)(5)(B), in that you did knowingly possess a computer and computer disks that contained images of child pornography, as defined in Title 18, United States Code, Section 2256(8), to wit, visual depictions created, adapted and modified to appear that Jane Doe 1, Jane Doe 2, Jane Doe 3, and Jane Doe 4, each a minor child, whose identity is known to the United States Attorney's Office, Northern District of Ohio ("USAO-NDOH"), was engaging in sexually

Initials: *DMB*

Pre-Trial Diversion Agreement of DEAN M. BOLAND - page 2 of 8

explicit conduct, and which child pornography was produced using materials that had been shipped and transported in interstate and foreign commerce by any means including by computer.

It further appearing that you have accepted responsibility for your behavior, as set forth in the Statement of Facts attached hereto as Annex A and incorporated by reference herein by entering into this Agreement, that you created and used the images solely in your capacity as a witness and/or defense attorney, and that investigation of the offense and your background indicates that the interest of the United States, your own interest and the interest of justice will be served by entering into this Deferred Prosecution Agreement; now therefore,

On authority of the Attorney General of the United States by Gregory A. White, United States Attorney for the Northern District of Ohio, an initiation of criminal prosecution in the District for the above described offense shall be deferred for a period of eighteen (18) months from this date, provided you comply with and abide by the following conditions and the requirements of this Agreement as set forth below.

Should you violate the conditions of this Agreement, the United States Attorney may revoke or modify any conditions of the pre-trial diversion program. The United States Attorney may at any time within the period of your supervision initiate prosecution for this offense should you violate the conditions of the Agreement. In this case, he will furnish you with notice specifying the conditions of the Agreement which you have violated.

Upon full compliance with the terms and conditions of this Agreement, and successful completion of your diversion program, the United States shall not seek prosecution of you in this

Initials: _DMB_

Pre-Trial Diversion Agreement of DEAN M. BOLAND - page 3 of 8

District for the offense set out above or any related charges arising out of the Statement of Facts set forth in Annex A.

### General Conditions of Pre-Trial Diversion

The diversion program shall run for a period of eighteen (18) months from the date of this agreement, during which period:

(1) You shall not violate any federal, state or local law. You shall immediately contact your pre-trial diversion supervisor if arrested and/or questioned by any law enforcement officer.

(2) You shall report to your supervisor as directed and keep him/her informed of your whereabouts.

(3) You shall follow the standard program of diversion as set out by your pre-trial diversion supervisor.

(4) You shall complete and adhere to the special conditions of pre-trial diversion as described below.

### Special Conditions

(1) You expressly agree that you shall not, personally or through your present or future attorneys, or any agent make any public statement contradicting any statement of fact contained in the Statement of Facts or the Public Statement (referenced in paragraph 3, below). Any such contradictory public statement by you, your present or future attorneys, or agents, shall constitute a breach of this Agreement, and you would thereafter be subject to prosecution pursuant to the terms of this Agreement. The decision of whether any public statement by any such person contradicting a fact contained in the Statement of Facts will be imputed to you for the purpose of

*Initials:* _DMB_

Pre-Trial Diversion Agreement of DEAN M. BOLAND - page 4 of 8

determining whether you have breached this Agreement shall be at the sole discretion of the United States Attorney. Should the United States Attorney decide in his sole discretion to notify you of a public statement by any such person that in whole or in part contradicts a statement of fact contained in the Statement of Facts, you may avoid breach of this Agreement by publicly repudiating such statement within 48 hours after such notification. You agree that in the event that future criminal proceedings were to be brought in accordance with this Agreement you will not contest the admissibility of the Statement of Facts in any such proceedings.

(2) That you agree that from the date of execution of this agreement that you will refrain from, personally or through an agent, creating and/or manipulating and/or modifying and/or altering, any item and/or visual depiction and/or material and/or purported material to appear that an identifiable minor is engaging in sexually explicit conduct; or in a manner that reflects the belief, or that is intended to cause another to believe, that the item, material or purported material is, or contains a visual depiction that is or appears to be of a minor engaging in sexually explicit conduct and/or a visual depiction of an actual minor engaging in sexually explicit conduct.

That visual depictions include undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a digital image. (18U.S.C. § 2256(5)).

That sexually explicit conduct means actual or simulated sexual intercourse including genital-genital, oral-genital, anal-genital, oral-anal, whether between persons of the same or

Initials: *DMB*

Pre-Trial Diversion Agreement of DEAN M. BOLAND - page 5 of 8

opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genital or pubic area of any person. (18 U.S.C. § 2256(2)).

(3) Your next published column in the Cleveland Bar Journal, "the cutting edge", will include the Public Statement attached hereto as Annex B and incorporated by reference herein.

(4) You certify that you have destroyed, or surrendered to the government for destruction, any and all visual depictions, in any form, depicting Jane Doe 1, Jane Doe 2, Jane Doe 3, and Jane Doe 4, and any other item(s) and/or material and/or visual depiction(s) and/or purported material that appears to be of an identifiable minor engaging in sexually explicit conduct; or that reflects the belief, or that is intended to cause another to believe, that the item, material or purported material is, or contains a visual depiction that is or appears to be of a minor engaging in sexually explicit conduct and/or a visual depiction of an actual minor engaging in sexually explicit conduct.

(5) You further agree that you will not facilitate, encourage or suggest others to access or use, in any way, any and all visual depictions, in any form, depicting Jane Doe 1, Jane Doe 2, Jane Doe 3, and Jane Doe 4.

(6) You agree to provide the Pretrial Services Office with documentation regarding any and all cases, charged in a court of any jurisdiction, you are currently, or become involved with in the future, in whatever capacity, if such case involves material or purported material that is, or contains a visual depiction that is or appears to be of a minor engaging in sexually explicit conduct and/or a visual depiction of an actual minor engaging in sexually explicit conduct.; such

*Initials*: DMB

Pre-Trial Diversion Agreement of DEAN M. BOLAND - page 6 of 8

documentation to include, but not limited to, court location (city/state/jurisdiction), court docket information, case number, and name of the Judge and prosecutor.

**ARTICLE II:**

Upon the execution of the agreement, the investigation regarding the offense described above shall cease pending your successful completion of terms and conditions of this Agreement.

Additionally, any and all items seized as a result of the above-referenced investigation shall be returned. Said return is subject to the overwriting of digital media portions containing any item and/or material and/or purported material referenced in Article I, paragraph 2. Any media containing such material and not capable of being overwritten will be destroyed.

You agree that in the event that future criminal proceedings were to be brought in accordance with this Agreement you will stipulate to the admissibility of the forensic copies of all digital media seized from you, your vehicle, and your residence on June 24, 2005, as further detailed in Annex C and incorporated by reference herein.

A copy of this Agreement will be provided to the parent or guardian of each victim previously identified.

**ARTICLE III:**

You make the following statement: "I assert and certify that I am aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I also am aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss and indictment, information or complaint for unnecessary delay in presenting a charge to the grand

*Initials*: _DMB_

Pre-Trial Diversion Agreement of DEAN M. BOLAND - page 7 of 8

jury, filing an information or in bringing a defendant to trial. I hereby request the United States Attorney for the Northern District of Ohio defer such prosecution. I agree and consent that any delay from the date of this Agreement to the date of initiation of prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request. I hereby waive any defenses to such prosecution on the ground that such delay operated to deny my rights under the Sixth Amendment to the United States Constitution, Rule 48(b) of the Federal Rules of Criminal Procedure or by reason of the running of the statute of limitations for a period of months equal to the period of this Agreement.

I hereby state that the above has been read and explained to me. I understand the conditions of my pre-trial diversion program and agree that I will comply with them."

Initials: *DMB*

Pre-Trial Diversion Agreement of DEAN M. BOLAND - page 8 of 8

## SIGNATURES

I have read this entire Pre-Trial Diversion Agreement and have discussed it with my attorney. I have initialed each page of the agreement to signify that I have read, understood, and approved the provisions on that page. I am entering this agreement voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this agreement.

_____     4-5-07
Dean M. Boland                                          Date

I have read this Pre-Trial Diversion Agreement and concur in my client entering such agreement. I have explained this agreement to my client, and to the best of my knowledge and belief, my client understands the agreement.

_____     4-5-07
Michael Goldberg, Esq.                            Date

I accept and agree to this Pre-Trial Diversion Agreement on behalf of the United States Attorney for the Northern District of Ohio.

_____     4-5-07
Michael A. Sullivan                                   Date
Assistant U. S. Attorney

_____     5 Apr 07
Daniel A. Fynes                                         Date
Supervising U.S. Pre-Trial Services and
Probation Officer

Initials: _DaB_

**ANNEX A**

## FACTUAL STATEMENT

The parties stipulate to the following facts,:

1. Between February, 2004, and March 15, 2004, Dean M. Boland (Boland) connected to the Internet from his home and office in the Northern District of Ohio. During that time period, and while connected to the Internet, Boland downloaded at least four (4) images, from the Internet, depicting four (4) real, identifiable minors in innocent poses. Boland knew or should have known that such images depicted real, identifiable minors. Boland downloaded two (2) such images from Istockphoto.com, a website located in Canada. Boland downloaded two (2) such image from websites hosted by Webe web, located in the State of Florida.

2. Boland digitally manipulated such images and combined them with other images to create a series of visual depictions. Such visual depictions were created, by Boland, to appear that each of the four (4) real, identifiable minors was engaged in sexually explicit conduct.

3. Boland created and used these visual depictions in his capacity as an attorney and/or witness in a variety of criminal cases in several different courts. Between March, 2004 and January, 2005, Boland transported such visual depictions to, and/or displayed such visual depictions in courts in Summit, Columbiana, Hamilton and Warren Counties, in the State of Ohio, as well as in U.S. District Court in Tulsa, Oklahoma.

**ANNEX B**

**PUBLIC STATEMENT**

In a previous issue of the Cleveland Bar Journal, as well as in articles published in the Plain Dealer and the Columbus Dispatch, I have made certain statements regarding a federal investigation surrounding my creation and use, in court, of certain digital images.

In preparation for my testimony, as an expert witness on behalf of defendants, in child pornography cases in several counties in Ohio as well as Federal District Court in Tulsa Oklahoma, I created a series of trial exhibits. I downloaded images, from the Internet, depicting four minors in innocent poses. There was nothing about these images to suggest that they were not real identifiable children and I now know that they were in fact real. I then digitally manipulated such images and combined them with images depicting sexual conduct to create a series of visual depictions. Such visual depictions were created, by me, to appear that each of the four children was engaged in sexually explicit conduct. Despite my good faith belief that my actions taken in my capacity as an expert witness were appropriate under the circumstances, I do recognize that such images violate federal law.

I created the images solely for use in court, and indeed, only used the images in the course of my testimony as an expert witness. While the Ohio Revised Code includes an exception in its child pornography statutes for material used for a judicial purpose, the United States Code contains no such statutory exception. While I do not agree with the law and feel that an exception for judicial purposes is constitutionally mandated, current federal law contains no such exception. I acknowledge that federal authorities based upon a good faith belief, acted reasonably in their effort to enforce federal criminal law and was therefore, wrong for making disparaging comments about the involved investigators and prosecutors. They did act appropriately in their enforcement of federal criminal laws and the protection of the children depicted. I also realize that while I only used the visual depictions in my efforts to educate judges and juries as to the issues surrounding virtual child pornography, it is wrong to do so with the images of innocent children. Believing that all images were to be utilized in court without further exposure or distribution, it was never my intention to harm any child. Accordingly, I apologize to each child and their respective parents and/or guardians for any embarrassment or harm they suffered from the public dissemination of this material..

**ANNEX C**

UNITED STATES DISTRICT COURT

In the Matter of the Search of:
Dean M. Boland
Ford Explorer, CIY3878
2070 Brown Road, Lakewood, Ohio 44107

**STIPULATION OF PARTIES**

It is hereby stipulated and agreed by that:

(1) the electronic information contained on the disks described below contains complete, exact, and accurate duplicates of the electronic information contained on the original disks seized pursuant the search warrant executed on Dean M. Boland and his Ford Explorer CIY3878 and at 2070 Brown Road, Lakewood, Ohio 44107 on June 24, 2005, by agents of the Federal Bureau of Investigation.

(2) the electronic information contained in the dd image files on the disks accurately represents the original data as of June 24, 2005.

**Maxtor Diamond Max10, model 6B200R0A61201, serial number:B61B70NH** contains the Linux dd image of the hard disk a Fujitsu model MHT2080AH bearing serial number NP18T49254 created on the Logicube MD5 and verified with an MD5 hash analysis.

**Hitachi Deskstar, model HDS722525VLAT80, serail number:CFF5DKND** contains the Linux dd image of the hard disk from the Maxtor model 6Y200P0 bearing serial number: Y60L4RTE created on a Logicube MD5 and verified with an MD5 hash analysis.

**Maxtor Diamond Max10, model 6B200R0A61201, serial number:B61AYBAH** contains the Linux dd images of the hard disks: Western Digital model WD600BB bearing serial number WMA8F3749318; Maxtor model 6Y060L0 bearing serial number Y2232E3E; Quantum model Fireball bearing serial number 154926834689; Western Digital model AC22000L bearing serial number WM3691128485 created on the Logicube MD5 and verified with an MD5 hash analysis.

**Maxtor Diamond Max10, model 6B200P0041411, serial number:B41KT6VH** contains the Linux dd images of the hard disks: Maxtor model 6Y080P0 bearing serial number Y21X3VLE; and the twenty gigabyte (20gb) disk from an Apple iPod U2 Special Edition, bearing serial number: 2Z52209MS2X created using the Linux dd command and verified with an MD5 hash analysis.

**Western Digital, model WD400, serial number:WCAJC2809612** contains the Linux dd images of the flash media and USB devices: Sandisk 256MB Compact Flash (id:cvcf1); Sandisk 256MB Compact Flash (id cvcf2); PNY 256MB Compact Flash (id:cvcf3); PNY 256MB Compact Flash (cvcf4); Cruzer Micro 256MB (id:cvu01); and Cruzer Micro 256MB (id:cvu02) created using the Linux dd command and verified with an MD5 hash analysis.

*Initials:* _DMB_