IN THE COURT OF COMMON PLEAS
ASHTABULA COUNTY, OHIO

| | |
|---|---|
| THE STATE OF OHIO, | ) |
| Plaintiff, | ) CASE NO. 2004-CR-349 |
| vs. | ) JUDGMENT ENTRY |
| DANIEL BRADY, SR., | ) |
| Defendant. | ) |

FILED 2005 NOV 16 P 12:39 CAROL A. MEAD CLERK OF COURTS COMMON PLEAS COURT ASHTABULA CO. OH

The Defendant, Daniel Brady, Sr., was indicted by the September 16, 2004, recall session of the Ashtabula County Grand Jury, on seventeen counts of Pandering Obscenity Involving a Minor, all fourth degree felonies; seventeen counts of Pandering Obscenity Involving a Minor, second degree felonies; and sixteen counts of Pandering Sexually Oriented Material Involving a Minor, also second degree felonies. These charges involve the Defendant's possession of obscene material, which had a minor as one of its participants.

The State of Ohio has been represented in these proceedings by Assistant Prosecutor Teri Burnside and the Defendant is represented by Attorney David W. PerDue.

In Ashcroft vs. Free Speech Coalition, 535 U.S. 234, 122 S.Ct. 1389, (2002), the Supreme Court of the United States, in interpreting the Child Pornography Prevention Act of 1996 (CPPA), 18 USC. §2256(8)(B), held that the prohibition on "virtual child pornography" which depicts minors in sexually explicit images but was produced by means other than using real children, such as through the use of youthful looking adults or computer imaging technology, was overly broad and unconstitutional. The

-2-

Federal Government argued that should no distinction be made between actual and virtual child pornography, since it is difficult to distinguish between images made by real children and those produced by computer imaging. Both kinds of images must be prohibited since virtual child pornography whets the appetites of pedophiles and encourages them to engage in illegal conduct. The Supreme Court rejected that argument and stated that the Government may not prohibit speech because it increases the chance that an unlawful act will be committed at some time in the future.

In the case under consideration here, the Defense contends that images depicted in Counts One through Fifty are not of real children, but rather are virtual images, and, therefore, not a crime under the holding of Ashcroft vs. Free Speech Coalition.

On April 25, 2005, the Court granted the Defendant's Motion for Appointment of an Expert Witness, and Dean Boland, who is an attorney, was appointed. According to his curriculum vitae, he has lectured to various bar and attorneys groups about the use of digital images as evidence and has testified as an expert witness on digital images in state courts in Ohio, as well as federal court. On May 31, 2005, the Court conducted a Daubert hearing concerning the qualifications of Boland to testify as an expert regarding Counts One through Fifty, and a Daubert hearing is scheduled for November 18, 2005, concerning the qualifications of the State's expert, Hany Farid.

-3-

On April 25, 2005, the Court granted a protective order, whereby the State of Ohio, over the State's objection, was to provide to the Defendant's attorney a compact disc or discs, which contained the images that are the subjects of Counts One through Fifty, for the purpose of transporting those discs to Boland. The protective order stated that: "Dean Boland is hereby authorized to possess this compact disc to perform the necessary examinations on the compact disc for purposes of possible evidentiary use." The protective order provided that Boland was not to convey or transport the disc to any other individuals except Defendant's attorney, David W. PerDue, or counsel for the State, without specific order of this Court.

These compact discs containing the same images were provided to the State's expert witness, Hany Farid, who is an associate professor of computer science and cognitive neuroscience at Dartmouth University in Hanover, New Hampshire. In a report dated May 28, 2005, he acknowledged that he received on May 25, 2005, from Teri Burnside, Assistant Ashtabula County Prosecutor, seven CD's with eighty images. An analysis of these images was done with a computer program that Farid said that he had developed to determine whether they were photographic or computer generated. He found the eighty images either to be too small or too low quality to reliably extract statistical measurement for use by his program. Instead, he visually inspected all eighty images and found that many of them were of sufficient quality that he could render an opinion concerning their authenticity. His opinion was that they showed no sign of digital tampering nor did they appear to be

-4-

computer generated and he cited various factors which led to his opinion that the images were authentic.

On October 14, 2005, the Defendant was present with his attorney, David W. PerDue, and appearing on behalf of the State of Ohio was Assistant Prosecutor Teri Burnside. The Defendant's expert witness, Dean Boland, testified that on June 24, 2005, agents from the Federal Bureau of Investigation executed a search warrant on his home and person. The affidavit, in support of the search warrant, was admitted into evidence as Defendant's Exhibit B. Boland testified that the materials seized by the FBI were related to his activities as an expert witness in a Federal Court in Oklahoma, as well as cases in the state of Ohio. Among the items seized from his personal laptop computer were, according to Boland's testimony, approximately fifty digital images in various stages of completion, which would be used as exhibits for the Defense in this case. At the time of his testimony on October 14, 2005, Boland had not received notice that he may be indicted for possession of various items seized by the FBI on June 24, 2005.

It is the position of the Prosecution that the images that are the subjects in Counts One through Fifty will be made available for review by Boland. However, they must remain under the control of the State of Ohio. Boland testified that he has software that permits him to do an analysis of the images. However, if he is prohibited from preparing any trial exhibits for the Defense, it will be necessary for him to rely upon his memory concerning his analysis of the images. Further, he would be prohibited from making any exhibits, as he has been informed by the FBI,

JAN-18-2006 13:47 FROM:ASH.CO.CLERK OF COUR 1 440 576 2819  TO:812168032131  P:6/10
Case: 1:07-cv-02787-DAP Doc #: 5-2 Filed: 10/09/07 5 of 9. PageID #: 85

-5-

through a search warrant affidavit, that it would be a violation of federal law, presumably, the Child Pornography Prevention Act of 1996, for him to create those exhibits for the Defense. Simply put, Boland or any other expert on behalf of the Defendant risks indictment by the Federal Government in preparing trial exhibits for the Defendant.

Boland has described Farid's analysis as a statistical or mathematical analysis of the images. However, Farid, in the May 28, 2005 report, states that the images were too small or of such low quality that he was not able to do a reliable statistical measurement. The Defense has requested the appointment of another expert witness, Devin Hosea, who, according to Boland's testimony, has successfully challenged Farid's methodology in the past, and cited an unnamed case in Federal Court in Boston, Massachusetts. Based upon Farid's report that he did a visual inspection of the images, it would appear that Hosea's testimony would not be necessary to challenge Farid's analysis.

The Prosecution argues that the preparation of all exhibits by Boland would be a violation of Ohio Revised Code §2907.323(A)(1). This section provides that no person shall photograph any minor, who is not that person's child or ward, in the state of nudity, or create, direct, produce, or transfer any material or performance that shows the child in the state of nudity, unless both of the following apply:

  a. the material or performance...is to be disseminated, displayed, possessed...for a judicial...purpose...by a prosecutor, judge, or other person having a proper interest in the material or performance;

  b. the minor's parents, guardian, custodian consents in writing...

-6-

Whoever violates (A)(1) or (A)(2) of this section has committed a second degree felony.

The State claims that in the search of Boland's computer by the FBI agents, three minor children were located, who were depicted in the child pornography images created by Boland, and whose parents never granted permission to Boland for the use of their children in the material in any fashion.

However, Ohio Revised Code §2907.323(A)(2), goes on to provide that there is an exception where the material is presented for a judicial or other proper purpose by "a prosecutor, judge, or other person having a proper interest in the material..." The Court believes that the terminology "or other proper purpose" and "or other person having a proper interest in the material" would refer to an expert witness, such as Boland. In this case, the Court established a protective order operating under the supervision of the Court regarding the use of the material.

A violation of the Child Pornography Prevention Act could exist by morphing the head of an actual child onto the body of an adult under the holding in <u>Ashcroft vs. Free Speech Coalition</u>, as may have been done here by Boland. The Supreme Court of the United States found that there was a legitimate public interest in prohibiting the image of an actual child in an obscene or pornographic performance.

Here, the Defendant should have the right to offer expert testimony that the images for which he is being prosecuted come within the exception found by the Supreme Court in the <u>Ashcroft</u> decision; that is, the photos do not depict a real child, but that of a virtual child whose images are computer generated. Here lies the

-7-

dilemma in this case, Boland may well be in compliance with the exceptions under Ohio Revised Code §2907.323, however, he may find himself in violation of the CPPA under the Ashcroft holding and in preparing images for the Defense, he may find himself prosecuted by the Federal Government under the CPPA. Boland testified that he is represented by counsel as a result of the search conducted by the FBI, and has been advised by his counsel not to have in his possession the CD's of the images that are the subject of this case, because of the possibility that he may be indicted by the Federal Government for the possession of child pornography. His testimony was that, until the search by the FBI, he was under the belief that he was protected by the exception in Ohio Revised Code §2907.323(A)(2), that what he did was for judicial or other proper purposes. He believes now that the federal law preempts the Ohio exception under §2907.323(A)(2), and he places himself in jeopardy of indictment in continuing his duties as an expert in this matter by possessing the CD's or preparing trial exhibits.

A Catch 22 situation has been created. Defendant's expert is not permitted to carry out what this Court believes is legitimate duties as a trial expert concerning the determination of whether the images are actual children or virtual images, because he risks prosecution by the Federal Government. Presumably, the State of Ohio will call as its expert, Hany Farid, who will testify that the images are in fact of actual children, and the Defense is then left without an expert witness, Boland, who has not been allowed to do an analysis of those photos in order to assist the Defense in the

-8-

cross examination of Farid. Farid has been free to do his analysis without threat of prosecution by the Federal Government.

The Sixth Amendment of the United States Constitution provides that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...and have the assistance of counsel for his defense." As part of the Sixth Amendment right, the Defendant also has the right to have expert witnesses to assist in his defense. Here, the Defendant is denied effective assistance of his expert witness, Dean Boland, because Boland runs the risk of indictment if he possesses the same CD's containing the computer images that are the subjects of Counts One through Fifty, and that the State's own witness, Hany Farid, was permitted to possess and analyze at Dartmouth University.

The Court finds that the Defendant, as a result of the limitations of the expert witness, Dean Boland, will not be allowed to have the effective assistance of counsel as he is guaranteed under the Sixth Amendment of the U.S. Constitution. If, in fact, these images are, as Farid claims, not computer images, but of actual children, the Defendant is in violation of the Child Pornography Prevention Act of 1996, and he may be prosecuted by the Federal Government. The Court feels that would be the preferable outcome in this case, since the Federal Court can then establish the guidelines for the Defendant's expert witness concerning the evaluation of the CD's and the preparation of any trial exhibit without running the risk that the Defense expert would find himself indicted for the possession of this material.

-9-

The Defendant's Motion to Dismiss is hereby **GRANTED**. Counts One through Fifty are **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Pursuant to Civil Rule 58(B), the Clerk of this Court is directed to serve notice of this judgment and its date of entry upon the journal upon the following:

**Prosecuting Attorney; David W. PerDue, Esq.; and the Assignment Commissioner.**

November 15, 2005
AWM/bb

ALFRED W. MACKEY, JUDGE

CiV-I-8

00997