IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, OHIO

THE STATE OF OHIO, :

    Plaintiff, :

-vs- : Case No. 06 CR I 06 0287

ROBERT A. LESCALLEET, :

    Defendant. :

## JUDGMENT ENTRY

This case is before the Court on three motions filed by the Defendant. All three motions request the Court to dismiss the charges against the Defendant relating to digital imaging. A hearing was held on the Defendant's motions on January 26, 2007, and March 26, 2007.

The first Motion to Dismiss, filed on June 28, 2006, asserts that the sections of the Ohio Revised Code under which the Defendant is charged, i.e. R.C. 2907.322(A)(1) and R.C. 2907.323(A)(3), are overbroad, and that certain items therein are protected speech pursuant to the First Amendment to the United States Constitution. This motion was supplemented by a July 28, 2006 motion.

The Defendant's second Motion to Dismiss, filed on July 28, 2006, supplemented the first motion on overbreadth, as well as asserted that the aforementioned statutes are unconstitutionally vague.

The Defendant's third Motion to Dismiss, also filed July 28, 2006, asserts that the Court should dismiss the charges because the Defendant cannot obtain a fair trial. Specifically, the Defendant is not able to obtain an expert to examine the alleged

pornographic images because to do so, said expert would be subject to prosecution under federal authority.

The Defendant bases his overbreadth argument on the United States Supreme Court decision in *Ashcroft v. Free Speech Coalition* (2002), 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403, as well as the Ohio Eleventh District Court of Appeals decision in *State v. Tooley* (2005), 11th Dist. App. No. 2004-P-0064, 2005-Ohio-6709.

In *Ashcroft*, the United States Supreme Court held that virtual child pornography was protected speech under the First Amendment to the United States Constitution and, therefore, could not be banned under the child-pornography statutes. *Ashcroft*, supra, at 253-256.

The U.S. Supreme Court ruled that two sections of the Child Pornography Prevention Act of 1996 ("CPPA"), Sections 2256(8)(B) and (D), were unconstitutional. Id. "Section 2256(8)(B) prohibits 'any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture' that 'is, or appears to be, of a minor engaging in sexually explicit conduct.'" Id. at 241. The Supreme Court determined that the statute was overbroad because it attempted to ban protected speech. Id. at 256.

Section 2256(8)(D) banned "depictions of sexually explicit conduct that are 'advertised, promoted, presented, described, or distributed in such a manner that conveys the impression that the material is or contains a visual depiction of a minor engaging in sexually explicit conduct.'" Id. at 257. The Supreme Court also determined that Section 2256(8)(D) was overbroad due to the fact that it prohibited a significant amount of protected speech. Id. at 258.

The Court in *Ashcroft* stated that "[t]he overbreadth doctrine prohibits the Government from banning unprotected speech if a substantial amount of protected speech is prohibited or chilled in the process." Id. at 255. The Supreme Court further stated that "[w]here the defendant is not the producer of the work, he may have no way of establishing the identity, or even the existence, of the actors." Id. at 255-256.

In *State v. Tooley*, the Ohio Eleventh District Court of Appeals held, based on *Ashcroft*, supra, that the statute making it a criminal offense to pander sexually oriented matter involving a minor is unconstitutionally overbroad, and the statutory provision making it a criminal offense to possess or view any material or performance that shows a minor who is not the person's child or ward in a state of nudity is unconstitutionally overbroad. *Tooley* at syllabus.

The *Tooley* court found, based on the testimony of the defendant's expert, as well as statements made in the Congressional findings, that experts may not be able to distinguish between the quality of virtual pornography and child pornography using actual children; therefore, asking a jury to make such a determination by simply viewing the image in the courtroom is "patently unfair to the defendant." *Tooley*, at ¶ 40.

Ohio Revised Code Section 2907.322 provides that "

(A) No person with knowledge of the material or performance involved, shall do any of the following: * * * (5) Knowingly solicit, receive, purchase, exchange, possess, or control any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality; * * * (B)(3) In a prosecution under this section, the trier of fact may infer that a person in the material or performance is a minor if the material or performance, through its title, text, visual representation, or otherwise, represents or depicts the person as a minor.

R. C. 2907.322. Despite the fact that several Ohio appellate districts have upheld R.C. 2907.322 as constitutional, the language of the statute mirrors the "appears to be"

3

language which the U.S. Supreme Court held unconstitutional in *Ashcroft*. See *Tooley* at ¶ 48-52. Essentially, R.C. 2907.322 allows the trier of fact to make an inference as to whether or not an image contains minors; the exact approach that the U.S. Supreme Court prohibited. See *Tooley* at ¶ 53. Accordingly, the *Tooley* court found R.C. 2907.322 to be unconstitutionally overbroad. Id. at ¶ 54.

> R.C. 2907.323 provides that
>
> (A) No person shall do any of the following: * * * (3) Possess or view any material or performance that shows a minor who is not the person's child or ward in a state of nudity, unless one of the following applies: (a) The material or performance is sold, disseminated, displayed, possessed, controlled, brought or caused to be brought into this state, or presented for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, clergyman, prosecutor, judge, or other person having a proper interest in the material or performance. * * * (b) The person knows that the parents, guardian, or custodian has consented in writing to the photographing or sue of the minor in a sate of nudity and the manner in which the material or performance is used or transferred.

R. C. 2907.232. Despite the fact that several Ohio appellate districts have also concluded that R.C. 2907.323 is not unconstitutional, the Eleventh District in *Tooley* disagreed. See *Tooley* at ¶ 62. The Supreme Court of Ohio determined that the culpable mental state required for a violation of R.C. 2907.323(A)(3) is reckless. *State v. Young* (1988), 37 Ohio St.3d 249, 525 N.E.2d 1363, paragraph three of the syllabus. The *Tooley* court found that R.C. 2907.323(A)(3) coupled with the holding in *Young*, supra, "effectively chills the First Amendment right of individuals to view virtual child pornography," and accordingly, found that R.C. 2907.323(A)(3) to be unconstitutionally overbroad. *Tooley* at ¶ 69-70.

4

Turning to the present case, the Court heard testimony on behalf of the Defendant from Dean Boland, a licensed attorney and expert in the analysis of digital imaging. Boland testified about the ways in which digital images are created, as well as the ways in which digital images can be altered. Boland stated that the alterations for digital images are infinite and that that no method exists to determine if a digital image has been altered.

Particularly, Boland surmised that no method of analyzation exists, nor does any expert have the capacity, to determine if alterations have been made to a digital image. That is, there can be no reasonable degree of digital expert certainty. Finally, Boland concluded that no computer software or hardware exists that can distinguish between an original and an alteration of a digital image.

Boland demonstrated to the Court how easily a digital image can be manipulated without detection to make a person appear younger or older. In essence, Boland testified that it is virtually impossible to determine an original digital image unless a live witness can identify it from personal knowledge. Boland further testified that manipulation of a digital video image requires a higher skill level and is considerably more difficult than the manipulation of a digital image.

With regard to defense expert witnesses, Boland testified, based on his personal experience, that the federal government will not permit a defense attorney or defense expert to view or recreate the virtual child pornographic images for trial purposes; however, the prosecuting attorney or state's expert is permitted to do so. Finally, Boland testified that it is impossible to determine what is contained in a file, based upon the file name, without actually opening the document.

Agent Cameron Bryant of the Department of Homeland Security, special agent in immigration customs enforcement, testified on behalf of the State. Bryant prepared a report on the Defendant's case following his forensic investigation of the Defendant's computers conducted on July 8, 2005. Bryant's report, which is based solely on inadmissible hearsay unless authenticated by a live witness with actual knowledge as to the identity of the victim, details the analyzation of three computers found in the Defendant's home; a Dell Dimension 8400 ("8400"), a Dell Dimension 4100 ("4100"), and a Hewlett Packard HP A700N ("HP"). The Defendant resides with his mother, father, brother and brother's girlfriend.

The investigation conducted on the 8400 resulted in negative findings.

The forensic examination of the HP revealed eighteen (18) images of suspected child pornography, (4) digital movies containing child pornography, and one digital movie and eight (8) digital images containing bestiality. Two images, identified as being known by the National Child Victim Identification Program ("NCVIP") were also identified on the hard drive. The users for the HP were identified as "angela," "hoss," and "Josh," and no one was listed as the registered owner of the Windows XP operating system.

The forensic examination of the 4100 revealed five (5) images of suspected child pornography, eight (8) digital movies containing child pornography, one digital movie containing bestiality, and one image identified as being known by the NCVIP. The users for the 4100 were identified as "Jimmy," "Josh," and "Ryan." Josh LesCalleet, the Defendant's brother, is listed as the registered owner of the Windows XP operating system.

Bryant testified that he is familiar with several series of child pornographic images and videos; however, he has no personal knowledge of those contained in the digital images and videos obtained from the computers found in the Defendant's home. Bryant testified that the three known NCVIP images detected on the Defendant's computers were from the Sabin series, originating in Brazil. The agent who could identify the child victims in Brazil from the images and videos is retired and no longer is available to testify.

Based upon the record of this case, this Court does not see how the State can legally circumvent *Ashcroft* and *Tooley* unless it produces live witnesses who can testify from first hand knowledge as to the images being real children. Boland's testimony, as well as the testimony of Bryant on behalf of the State, both confirm that there is no other way to differentiate between virtual images protected under *Ashcroft*, supra, versus actual images of child pornography which are prohibited. In fact, Bryant testified that he does not have personal knowledge of any of the alleged children in the images or movies and cannot testify that they are real children. Therefore, based upon *Ashcroft*, and *Tooley*, if the State does not identify, within thirty (30) days, which witnesses it will produce at the time of trial, with *actual knowledge* that the children contained in the seized images and movies are in fact *real* children, the indictment will be dismissed.

Moreover, should the State produce witnesses who can authenticate the children as real, the State shall secure the proper "immunities" from both the federal and state prosecution for the Defendant's attorney, as well as any defense expert so they may be permitted to view the alleged child pornographic material prior to trial in order to prepare a defense on behalf of the Defendant.

7

Should the State fail to comply with either of these "due process" requirements, the charges will be dismissed.

Dated: June 5, 2007.

*[signature]*
W. DUNCAN WHITNEY, JUDGE

The Clerk of this Court is hereby Ordered to serve a copy of this Judgment Entry upon the following by ▢ Regular Mail, ▢ Mailbox at the Delaware County Courthouse, ▢ Facsimile transmission

PAUL L SCARSELLA, ASSISTANT PROSECUTING ATTORNEY
O. ROSS LONG, DEFENSE COUNSEL