IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

DIANA ZALESKI
2004 MAR 17 PM 12: 05
CLERK OF COURTS

| | |
|---|---|
| STATE OF OHIO ) | CASE NO. CR 2002-12-3669 |
| Plaintiff, ) | |
| ) | JUDGE BOND |
| -vs- ) | |
| ) | **JOURNAL ENTRY** |
| BRYAN SPARKS ) | |
| ) | |
| Defendant, ) | |

This matter came before the court for hearing on March 16, 2004 upon *limine* motions by the prosecution and defense. After hearing, the court makes the following findings and order.

The prosecution seeks to offer expert opinion testimony to establish that images in the possession of defendant were depictions of actual children in violation of Rev. Code 2907.322(A)(1) pandering sexually oriented matter involving a minor and Rev. Code 2907.323(A)(1) illegal use of a minor in nudity-oriented material or performance.

The prosecution must prove that the depicted individual is a minor. Ohio law defines a minor as a person under the age of eighteen. Rev. Code 2907.01(M). The prohibition is only images depicting actual, real children. State v. Anderson (2003), 151 Ohio App.3d 422. See also Ashcroft v. Free Speech Coalition (2002), 535 U.S. 234. Therefore the prosecution must prove that the images at issue were of real children. The prosecution proffers the testimony of Detective Stanley Smith of the Akron Police Department as an expert.

The evidence at issue is technical in nature and is offered to assist the jury in determining if the images are real children. Since the images are all computer produced and were seized as electronic products, the prosecution offers Det. Smith's expertise in computer technology.

This court must determine in accordance with Daubert v. Merrill Dow Pharmaceuticals, Inc. (1993), 509 U.S. 579, if the witness qualifies as an expert and if the testimony is grounded in the methods and procedures of science. He must offer knowledge which connotes more than subjective belief or unsupported speculation. The term "applies to any body of known facts or to any body of ideas inferred from such facts or accepted as truths on good grounds." Daubert at p. 6. What is required is evidentiary reliability supported and derived from the scientific method.

The United States Supreme Court further addressed the standard in Kumho Tire Co. v. Carmichael (1998), 526 U.S. 137. In that case the court expressly found that the principles of Daubert apply to technical testimony offered as expert opinion. The factors to be considered by the court as gatekeeper for such evidence are not exhaustive and must be applied with flexibility in accordance with the specific issues before the court.

The evidence to be offered here is essentially experience based. The proffered expert has had specialized training in computer technology and in forensic use of computer materials in the investigation of various criminal acts. The court finds that the witness is an expert in so far as he has specialized knowledge which will

assist the jury in understanding the collection of evidence using computers and the systems which generate information as a result of the inherent technical operations of computer systems.

The court finds that his training and experience qualify him to opine regarding the operations, characteristics, storage, retrieval and transfer of information and images within computers systems and the internet. The court shall permit testimony as proffered to establish that access to certain materials may have been achieved and the manner in which that was done. The court finds that standard, recognized characteristics of computer systems, identifiable as mega-data generate historical tracking properties as information is accessed, transferred, stored and retrieved which met the requirements of reliability and that the witness is qualified to opine as to such systems and offer technical evidence to assist the jury.

In respect to the issue of opinion evidence to establish that the images are real children, the methodology that the expert purports to use consists solely of magnifying an image and examining it visually. What is sought by visual examination is evidence of electronic alteration of the image. If no such evidence of alteration is found, the conclusion is reached that the image is that of a "real" object or person. Also the expert opines that visual examination may determine if an image is wholly created by computer manipulation as the artificial creation of an image without any real representation within it.

There are no inherent markers, characteristics or indicia which are independently produced or generated by the system operation itself which can be

identified to establish alteration of an image. There is no way that the basis of the opinion as to alteration can be confirmed, verified, tested, or reproduced. It is an entirely subjective conclusion.

While subjectivity alone does not exclude its admissibility, the use of such magnified visual examination may or may not be sufficient to determine alteration. If the method is to be acceptable, it must be capable of actually detecting the alterations which may have been done. It is not. Some alterations are patent and may be detected by visual observation without magnification. Some are more subtle and may only be detected with observation under magnification. Other alterations may not be detected by observation at all.

The court concludes that the method used by the expert is not sufficiently reliable to meet the standards set forth in Daubert and Kumho. The expert may honestly conclude and opine after magnified examination of an image that it contains no alterations and is therefore what it purports to be, a "real" child. However, it may actually have been altered in ways undetectable by visual examination and therefore, the honest opinion of the witness may materially mislead the jury in its factual determination. No amount of cross examination or testing of the expert's conclusion could cure this problem. It is inherently unreliable.

Other evidence to determine whether the image is of a "real" child is permissible through inference based upon the material's title, text, visual representation, origin, prior historical verification, personal identification or other facts and circumstances. One court has concluded "Juries are still capable of

distinguishing between real and virtual images;..." U.S. v. Kimbler (2003), 355 F.3d 1132 at p.11. This court concludes that the capability to make such a distinction cannot rest solely on visual observation of the image at issue. The court finds that the opinion evidence proffered does not meet the legal standard required and is inadmissible.

The court further finds that the evidence to be offered regarding identification of the individual in an image as determined from the examination of the image and comparison with another image of known history is admissible. While the proffered evidence is hearsay, the court finds it admissible pursuant to Evid. R. 803(6) as an exception to the hearsay rule. This applies to the three images referred to as the "Amber" images. The court finds the "video" images produced on the CD-Rom identified as Article No. 446727 by Akron Police Dept. property tracking system is admissible.

IT IS SO ORDERED.

JUDGE JANE BOND

cc:  Attorney Donald Malarcik
     Assistant Prosecutor Susan Ragsdale