**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **JANE DOE, et al.,** ) | **Case No. 1:07 CV 2787** |
| ) | |
| Plaintiffs, ) | **Judge Dan Aaron Polster** |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **DEAN BOLAND,** ) | |
| ) | |
| Defendant. ) | |

Before the Court is Motion to Dismiss filed by Defendant Dean Boland (the "Motion") (**ECF No. 5**). The Court has reviewed the Motion, the opposition brief (ECF No. 6) and the reply brief (ECF No. 7). For the following reasons, the Motion is **DENIED**.

**I.**

On September 14, 2007, Plaintiffs Jane Doe and Jane Roe, respectively represented by their legal guardians and next friends Peter Lora and Victoria Bloom, filed the instant case against Dean Boland. The complaint alleges that Boland is an attorney and an expert witness who downloaded images of the minor Plaintiffs, identifiable persons displayed in innocent poses on Istockphoto.com, and digitally manipulated their photos to create pornographic images of children engaged in sexual activity – which he then showed to juries to demonstrate how such images can be created by the use of computer technology. Boland possessed, transported, displayed and testified about the digitally manipulated images as an

expert in trials in numerous Ohio counties and a federal district in Oklahoma. Plaintiffs assert that Boland was not authorized, permitted or privileged to use their downloaded images for such purposes. Accordingly, they have alleged claims against him for violation of 18 U.S.C. §§ 2252A(f), 2255, the statutes that create civil remedies for minors who are victims of federal child pornography crimes; violation of O.R.C. § 2741.07, the statute that creates a civil remedy for the unauthorized use of an individual's persona for commercial purposes; and invasion of privacy.

On October 9, 2007, Boland filed the pending Motion. He argues that, since the images were created solely for use as court exhibits which he employed in his capacity as an expert witness, he is protected from civil suit by the First and Sixth Amendments, judicial and witness immunity, and O.R.C. 2907.321 (the statute which protects persons using child pornographic materials for judicial purposes). He contends that the statute of limitations has run on the privacy and defamation claims. He argues that Plaintiffs cannot recover damages for mental anguish, distress, etc. since they did not view the court exhibits. Boland contends that the claims brought against him under 18 U.S.C. § 2252(A)(f) should be dismissed to the extent they are premised on the crime of possessing computer-generated child pornography under 18 U.S.C. § 2256(8)(c) because § 2256(8)(c) is unconstitutional. Finally, Boland argues that O.R.C. 2741.09(d)(4) and (6) prohibits application of the claims brought against him under § 2741, which does not apply to his conduct in any event.[1]

---

[1] O.R.C. § 2741.09(d)(4) prohibits application of the § 2741 to the "use of the persona of an individual solely in the individual's role as a member of the public if the individual is not named or otherwise singled out as an individual." O.R.C. § 2741.09(d)(6) prohibits application of the statute to the " use of the persona of an individual that is protected by the First Amendment to the United States Constitution as long as the use does not convey or reasonably suggest endorsement by the individual whose persona is at issue."

Plaintiffs counter that they are not seeking damages for Boland's conduct in possessing pornographic pictures which were provided to him by the prosecution in the other cases, which may be protected by various asserted immunities. Rather, Plaintiffs assert that they are seeking damages for Boland's conduct in using the minors' innocent images and digitally modifying or "morphing" them to create pictures of the minor Plaintiffs engaging in sexually explicit conduct, and then publishing those pictures to various juries. Plaintiffs argue that they have not brought a defamation claim, that the statute of limitations in Ohio for a minor does not begin to run until the minor reaches the age of majority and the statute of limitations on the invasion of privacy claim is four years, in any event.

## II.

Boland moves to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6). When ruling on a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally in a light most favorable to the non-moving party. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). Also, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, --- U.S. ---, 127 S. Ct. 2197, 2200 (2007) (*citing Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1965 (2007) (citations omitted)). *See also*, *NicSand, Inc. v. 3M Co.*, No. 05-3431, --- F.3d ---, 2007 U.S. App. LEXIS 24270 (6th Cir. Oct. 17, 2007) (en banc) (viewing a complaint "through the prism of Rule 12(b)(6) [requires] us to accept all of its allegations and all reasonable inferences from them as true") (*citing Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002)). When reviewing a Rule 12(b)(6) motion to dismiss, the Court must "determine whether the plaintiff can prove a set of facts in support of [her] claims that would entitle [her] to relief." *Daubenmire v.*

*City of Columbus*, No. 06-3461, --- F.3d ---, Slip Op. at 4 (6th Cir. Nov. 6, 2007) (quoting *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001)). In order to preclude dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations which comprise all of the essential, material elements necessary to sustain a claim for relief under some viable legal theory. *Lewis v. ACB Business Service, Inc.*, 135 F.3d 389, 406 (6th Cir. 1998).

### III.

Dean Boland asks the Court to dismiss the federal claims brought against him based on various immunities. This argument lacks merit. Plaintiffs have brought civil claims against Boland under 18 U.S.C. §§ 2255 and 2252A(f). Under § 2252A(f), any person aggrieved by reason of the conduct prohibited under §§ 2252A(a) or (b) may commence a civil action against the perpetrator of the conduct for injunctive relief, compensatory and punitive damages and costs and reasonable attorney fees. Under § 2255, any person who, while a minor, was a victim of a violation of § 2252A and who suffers injury (while a minor or later in life) as a result, shall recover actual damages and the cost of the suit, including reasonable attorney fees. The victim "shall be deemed to have sustained damages of no less than $150,000." 18 U.S.C. § 2255(a). Boland has admitted that his conduct in taking images of identifiable minors from internet sites and adapting them to create sexually explicit pictures which he possessed violates 18 U.S.C. § 2252A(a)(5)(b).[2] *See ECF No. 2*, at 1 (Pre-Trial Diversion Agreement), 10 (Factual

---

[2] Under 18 U.S.C. § 2252A(a)(5)(b),
Any person who knowingly possesses any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer shall be punished as provided in subsection (b).

Statement), 12 ("Public Statement"). Boland notes that the Ohio Revised Code contains an exception in its child pornography statutes for materials like the ones he created which are used for a judicial purpose, but admits that the United States Code does not. *Public Statement*, at 1. While he does not agree with the law and feels that an exception for judicial purposes in the United States Code is constitutionally mandated, he admits that "current federal law contains no such exception." *Id*. Accordingly, based on Boland's admissions and present case law, his motion is denied as to his federal claims.[3]

Boland's argument that the statute of limitations has expired on the invasion of privacy claims also lacks merit as the statute is four years and it does not begin to run for a minor until that minor reaches the age of maturity. Boland appears to concede this argument by failing to counter it in his reply brief.

Finally, Boland's argument that the claims under O.R.C. § 2741 should be dismissed because the minor Plaintiffs' images had no commercial value also lacks merit. Presumably, the images did have commercial value since Boland was paid for his services as an expert witness when he used those images to support his opinion.

---

[3]The Court rejects Boland's argument regarding damages. The statute obviously presumes a minimum actual damage amount, and there has been no discovery conducted on this issue as yet.

The Court also rejects Boland's argument that 18 U.S.C. § 2256(8)(C) is unconstitutional under *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002). Indeed, the Court distinguished the type of "morphed" pornography created by Boland from "virtual" pornography which it found unconstitutional. *See id*. at 242 (noting that "morphed" pornographic images implicate the interests of real children and are in that sense closer to material that may be banned under *New York v. Ferber*, 458 U.S. 747 (1982)).

## III.

Based on the foregoing, the Motion to Dismiss (**ECF No. 5**) is hereby **DENIED**.

**IT IS SO ORDERED.**

*Dan Aaron Polster     November 19, 2007*
**Dan Aaron Polster**
**United States District Judge**
