IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PETER LORA, et al | 1:07 CV 2787 |
| | |
| | JUDGE DAN AARON POLSTER |
| V. | |
| | |
| | MOTION FOR A MORE DEFINITE |
| DEAN BOLAND | STATEMENT |

Now comes Dean Boland and respectfully requests this court order plaintiffs to provide a more definite statement for the reasons contained in the attached brief.

/s/ Dean Boland
Dean Boland (0065693)
18123 Sloane Avenue
Lakewood, Ohio 44107
216.529.9371 phone
866.455.1267 fax
dean@deanboland.com

LAW AND EXPLANATION

**MOTION FOR MORE DEFINITE STATEMENT. If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.**
**The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just**. Fed. Civ.R. 12

A motion for a more definite statement is appropriate when a pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself.  (Cellars v. Pacific Coast Packaging, Inc., 189 F.R.D. 575 (N.D. Cal. 1999)).

In U.S. v. Mercy Health Systems 188 F.3d 510 (Aug. 5, 1999) the court required the Plaintiff to amend the complaint because it "never set forth the dates, times, or the names of individuals who engaged in the alleged improper [conduct]."

Likewise, in this complaint, the plaintiffs have failed to set forth dates when the alleged publication of any items subjecting Defendant to liability occurred.  The general time ranges do not permit admission or denial with any specificity.  In addition, they have failed to set forth what image by filename, description, identity of any persons so depicted, etc. they are claiming qualifies them for relief under any statute.  This failure is critical as plaintiffs claim an inability of Defendant to deny the allegations yet they withhold alleging facts that link the Does from Exhibit 1 to the Complaint and the Does named in this complaint.  Whether the Doe-related images complained of in this case are the same as those referenced in Exhibit 1 to the complaint is unknown and unknowable to Defendant based upon the complaint.  This omissions prevents a good faith denial or admission of those allegations without prejudicing Defendant.

Plaintiffs' failure to identify Roe and Doe prevents a good faith denial or admission of all allegations in the complaint.  Plaintiffs allege some unknown number of images (no specific number of

images is alleged) were created by Defendant for use in court proceedings.  They do not identify the persons allegedly depicted in those images, their origin, the date those images were captured, by whom they were captured, etc.  Although it is recognized that Doe and Roe are alleged to be minors, they are also plaintiffs seeking damages.  Therefore, the defendant is entitled to know prior to admitting or denying any relevant allegation what image(s) is being referred to in the complaint.  It is not alleged Defendant knew the identity or even existence in reality of any of the persons allegedly depicted in any images supporting the complaint.  At present, the complaint requests an admission or denial to allegations that Defendant created an unknown and undescribed court exhibit, during an unspecified case, depicting an unknown person (either the anonymous Roe or Doe) and presented it to a jury somewhere.

      The failure to allege which particular cases the alleged Doe images were used also prevents Defendant from a good faith admission or denial of the allegations.  In those cases during which the images were used and displayed to a court only, the defenses and damages are different than those cases in which the images may have been used in the presence of juries versus those cases in which Doe and Roe's images were not used at all.  Plaintiffs do not allege the court exhibits containing portions of images of the anonymous Roe or Doe were used in every case in which the Defendant worked as an attorney or expert witness.  They do not allege that any identifying portion of an image of Roe or Doe was used in any court exhibit versus the use of a portion of an image preventing identification of Doe or Roe in the resulting court exhibits.  Therefore, a denial or admission cannot be entered regarding the alleged use of the image portions in an court exhibit without alleging which case on which date said items were created or displayed in a courtroom.

      Paragraph 10 alleges the downloading of images from the Internet depicting real and identifiable minors.  The allegation is not limited to images of Doe or Roe making an admission or denial of the allegation impossible to enter in good faith.  It does not allege those downloaded images

3

depict any plaintiffs and may or may not be related to this litigation. Paragraph 12 alleges Plaintiffs Doe and Roe (whose identity, age, physical description, type and number of images allegedly offered online, etc. is completely unknown to Defendant) had images on istockphoto.com "and/or other sources." (Complaint at ¶ 12). Without knowing who Roe and Doe are and having a copy of the alleged image of each of them and the court exhibit claiming to be derived from their image, no good faith denial or admission of this allegation can be made. It does not identify the "other sources" or further identify the alleged image of plaintiff available from Istockphoto.com.

Plaintiff alleges Defendant somehow used "images of Plaintiffs Jane Doe and Jane Roe." Without any identification of either anonymous person, this allegation is impossible to respond to in good faith with an admission or denial. Exhibit 7 to Defendant's Motion to Dismiss outlines the use in testimony of nearly 25 digital image court exhibits in a case in Oklahoma during a pre-trial hearing. Plaintiffs allege some liability or the use of their image by Defendant in a case in Oklahoma, presumably referring to the case for which the court was provided the testimony in Exhibit 7 to the Motion to Dismiss. There was more than one hearing in the case in Oklahoma. The complaint does not specify at which hearing, if any, the alleged images of Doe and Roe were used in whole or in part (and what part) to create court exhibits. Without disclosure of the identity of Roe and Doe, the origin of their image and seeing a copy of that image and the alleged court exhibit using the portions of Roe or Doe's image, no good faith denial or admission can be made to this paragraph. Any court exhibits created and used by the Defendant were created nearly three years ago as all such exhibits were seized by the United States in June of 2005, created long before June 2005 and have not been returned and Defendant retained no copies of same. It is unreasonable to expect Defendant to have retained memory of the type, number and contents of nearly 100 potential court exhibits of which only a small number, and a different set for each case, was used in any one case.

As noted in the transcript attached as Exhibit 7 to Defendant's Motion to Dismiss, each court exhibit was composed of images downloaded from the internet of what appeared to be adults and what appeared to be minors that may or may not have depicted actual persons or may or may not have depicted images manipulated prior to their use as court exhibits.  Without a more definite statement, the current complaint does not enable any good faith denial or admission of ¶13.

¶14 alleges the court exhibits using portions of images depicting the unidentified alleged minors were used in a variety of criminal child pornography cases.  Without a more definite statement as to the alleged case with citation and the alleged date used, no good faith denial or admission can be made to this allegation.  The plaintiff does not allege that the court exhibits using portions of the image of Doe and Roe was used in every case in which Defendant appeared as an attorney or expert witness.  Plaintiffs may be alleging the use of the court exhibits containing the image portions of Doe or Roe in a case in which they were not used.  Without specificity, no good faith denial or admission of this allegation can be made.

¶15 alleges Defendant "transported, used, possessed, published, displayed, presented and testified about" the court exhibits.  However, as the court noted in its denial of Defendant's motion to dismiss, the Plaintiffs are not alleging harm from the possession of the court exhibits.  This allegation includes various other acts as the basis for damages including transporting, displaying and presented (for which no distinction is made) and testifying about.  This allegation includes acts that the court has already ruled the Plaintiffs are not pursuing damages for, i.e. possession, yet requires a good faith response which cannot be made in light of the court's ruling.  This allegation does not claim that Roe and Doe's image portions were used as part of the same court exhibit or even in the same case.

¶18 alleges Defendant is estopped from denying "this conduct" yet fails to specify what conduct is being referred to.  As the complaint states in previous paragraphs, the Plaintiffs are alleging a range of conduct like transportation, display, presenting, testifying about and other conduct in relation to the

court exhibits at issue.  Defendant cannot enter a good faith denial or admission of this paragraph without Plaintiffs specifying what conduct occurred and when regarding what image involving which plaintiff identified by name and filename and providing a copy of the court exhibit allegedly created by Defendant.

¶19 alleges that Doe and Roe's "persona" were used without permission.  Without knowing the identity of Roe and Doe and having a copy of the alleged image containing that alleged persona, Defendant cannot enter a good faith denial or admission to this allegation.  Plaintiff has not alleged that Defendant used a court exhibit including portions of the images of Roe and Doe in each case or in any case in particular.  Simply put, Plaintiffs rely on the exhibit to their complaint for a synchronicity that they have not alleged with specificity.  They allege that Roe and Doe are two persons included in the four Jane Does referenced in the complaint exhibit 1.  The court will note that no Doe in the complaint exhibit 1 is identified in any way.  No image is described, nor filename provided, nor specific date, court case, etc. when used is indicated.  Plaintiffs do not allege that Defendant has any information about the four Does listed in complaint exhibit 1, the images being referenced, etc.

Plaintiffs' attempt to equate their two (it appears to be two images from the complaint, but is unclear) unidentified, undescribed and not provided images and court exhibits with the four unidentified, undescribed and not provided images and court exhibits referenced in the complaint exhibit 1 defines vagueness.  The complaint asks for admissions or denials to unknown acts and simultaneously alleges Defendant is estopped from denying the alleged acts based upon the complaint exhibit 1 which, likewise, contains information about unknown, undescribed images of what the government knows to be minors in an image from somewhere.

¶26 alleges Defendant wrongfully appropriated the likeness of Jane Doe.  Plaintiffs do not allege who this person is by name, description of the likeness or the description of the court exhibit Defendant created that contained the unknown, unidentified Doe's likeness.  Plaintiffs do not allege

6

that every court exhibit created by Defendant contained this likeness or when this likeness was ever used in any particular court case, etc. Defendant cannot enter a good faith denial or admission to this allegation without knowing the identity of Doe, seeing the alleged court exhibit Defendant created containing that likeness and knowing the occasion alleged where Defendant used the likeness "for his advantage" and what that advantage was. A more definite statement for ¶27 through ¶42 is required for the same reasons.

For the reasons stated above, Defendant moves this court for an order that Plaintiffs either amend their complaint to include the necessary information noted above or provide a more definite statement that includes that information and also attach a copy of each source image and court exhibit allegedly created by Boland they claim supports the allegations in the complaint to any amended complaint or more definite statement.

/s/ Dean Boland
Dean Boland (0065693)
18123 Sloane Avenue
Lakewood, Ohio 44107
216.529.9371 phone
866.455.1267 fax
dean@deanboland.com

CERTIFICATE OF SERVICE

A copy of the foregoing has been served on all parties by operation of the court's electronic filing system.

/s/ Dean Boland
Dean Boland (0065693)