IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| PETER LORA, et al | 1:07 CV 2787 |
|---|---|
|  | JUDGE DAN AARON POLSTER |
| V. |  |
| DEAN BOLAND | ANSWER COUNTER CLAIM AND CROSS CLAIM |

Now comes Dean Boland and for his answer to the complaint states as follows:

1. Unable to deny or admit for lack of information.

2. Unable to deny or admit for lack of information.

3. Admit.

4. Allegation not capable of admission or denial.

5. Calls for Legal Conclusion and as such is not amenable to admission or denial by a party.

6. Calls for Legal Conclusion and as such is not amenable to admission or denial by a party.

7. Calls for Legal Conclusion and as such is not amenable to admission or denial by a party.

8. Admission or Denial is not relevant.

9. Deny as to vague description of expertise.

10. Unable to deny or admit for lack of information.

11. Unable to deny or admit for lack of information.

12. Unable to deny or admit for lack of information.

13. Unable to deny or admit for lack of information.

14. Unable to deny or admit for lack of information.

15. Unable to deny or admit for lack of information.

16. Unable to deny or admit for lack of information.

17. Deny.

18. Unable to deny or admit for lack of information.

19. Unable to deny or admit for lack of information.

20. Unable to deny or admit for lack of information.

21. Allegation not capable of admission or denial.

22. Unable to deny or admit for lack of information.

23. Allegation not capable of admission or denial.

24. Unable to deny or admit for lack of information.

25. Allegation not capable of admission or denial.

26. Unable to deny or admit for lack of information.

27. Unable to deny or admit for lack of information.

28. Unable to deny or admit for lack of information.

29. Allegation not capable of admission or denial.

30. Unable to deny or admit for lack of information.

31. Unable to deny or admit for lack of information.

32. Allegation not capable of admission or denial.

33. Unable to deny or admit for lack of information.

34. Allegation not capable of admission or denial.

35. Unable to deny or admit for lack of information.

36. Allegation not capable of admission or denial.

37. Unable to deny or admit for lack of information.

38. Unable to deny or admit for lack of information.

39. Unable to deny or admit for lack of information.

40. Allegation not capable of admission or denial.

41. Unable to deny or admit for lack of information.

42. Unable to deny or admit for lack of information.

AFFIRMATIVE DEFENSES

1. In no case was defendant alleged to have identified any of the persons whose images were used in portions of court exhibits.

2. In no case was defendant alleged to have known the identity of the persons whose images were used in portions of court exhibits.

3. In no case is it alleged that any person in any courtroom where the alleged exhibits were used was told the identity of any persons whose images were used as portions of any court exhibits.

4. In no case is it alleged that any person in any courtroom where the alleged exhibits were used knew the identity of any persons whose images were used as portions of any court exhibits.

5. It is legally impossible to defame or otherwise harm a person by use of their image when that person is anonymous as to all persons who may have seen an image including that person's image.

6. Witness and judicial immunity protected defendant's alleged conduct in all Ohio State Courtrooms under state law.

7. State court judges in all cases authorized defendant's alleged conduct in all Ohio State Courtrooms.

8. If any of Defendant's alleged conduct will be alleged to have occurred in the courtroom in the Federal District Court for the Northern District of Oklahoma that conduct was performed under federal court order.

9.  Defendant's alleged conduct in the courtroom was necessary to the administration of justice in all cases in which it was performed.

10. The First Amendment protected defendant's alleged conduct.

11. Defendants alleged the Fifth Amendment to the Constitution protected conduct as those rights applied to the defendants in the particular cases in which Defendant participated as an attorney or expert witness.

12. The Sixth Amendment to the constitution protected defendant's alleged conduct as those rights applied to the defendants in the particular cases in which Defendant participated as an attorney or expert witness.

13. Defendant's alleged conduct was authorized under Ohio State Law in all Ohio cases in which it was performed.

14. Defendant's alleged conduct performed in the courtroom of Judge Sven Erik Holmes, then Judge of the Federal District Court for the Northern District of Oklahoma was performed under a direct and specific order from Judge Holmes attached as evidence by Exhibit 7 to Defendant's motion to dismiss.

15. To the extent the alleged contraband created by Defendant are items meeting the definition of contraband under 18 U.S.C. 2256(8)(c) said definition is unconstitutional based upon (<u>Free Speech Coalition</u> (2002), 122 S.Ct. 1389, 535 U.S. 234).

16. It is technologically impossible for a person to view a digital image and know whether that image is constitutionally protected or not, therefore, the alleged conduct does not meet the statutory elements of 18 U.S.C. 2252, et seq and cannot be a violation of 18 U.S.C. 2252(A)(f).

17. It is technologically impossible for a person to view a digital image and know whether that image has been altered or not, therefore, the alleged conduct does not meet the statutory elements of 18 U.S.C. 2252, et seq cannot be a violation of 18 U.S.C. 2252(A)(f).

18. The conduct of Detective Stanley Smith of the Summit County Sheriff's Office is an intervening and superceding cause to any liability for conduct alleged against Defendant.

19. The conduct of Detective Greg King of the Cleveland Police Department is an intervening and superceding cause to any liability for conduct alleged against Defendant.

20. The conduct of John or Jane Doe of the Federal Bureau of Investigation is an intervening and superceding cause to any liability for conduct alleged against Defendant.

21. The conduct of John or Jane Doe of the United States Attorney's Office for the Northern District of Ohio is an intervening and superceding cause to any liability for conduct alleged against Defendant.

22. The conduct of Susan Morgan of the United States Attorney's Office for the Northern District of Oklahoma is an intervening and superceding cause to any liability for conduct alleged against Defendant.

23. The conduct of Peter Lora in displaying the alleged court exhibits to John Doe, an alleged minor, is an intervening and superceding cause to any liability for conduct alleged against Defendant.

24. The conduct of Victoria Bloom in displaying the alleged court exhibits to Jane Doe, a minor child, is an intervening and superceding cause to any liability for conduct alleged against Defendant.

25. The conduct of Detective Greg King in displaying the alleged court exhibits to Jane Doe, a minor child, is an intervening and superceding cause to any liability for conduct alleged against Defendant.

26. The conduct of Detective Greg King in displaying the alleged court exhibits to Jane Roe, a minor child, is an intervening and superceding cause to any liability for conduct alleged against Defendant.

27. The conduct of Jane or John Doe, federal law enforcement official whose name is currently not known, in displaying the alleged court exhibits to Jane Doe, a minor child, is an intervening and superceding cause to any liability for conduct alleged against Defendant.

28. Attaching liability to Defendant for the conduct alleged in the complaint is against public policy.

29. Attaching liability to Defendant for the conduct alleged in the complaint violates the Fair Trial rights of defendants in the state of Ohio facing trial on charges related to Revised Code (R.C.) 2907.321, R.C. 2907.322 and/or R.C. 2907.323 as held by Ohio's 11th District Court of Appeals in State v. Brady 2007-Ohio-1779.

30. Attaching liability to Defendant for the conduct alleged in the complaint violates the Fair Trial rights of defendants in the United States facing trial on charges related to violations of 18 U.S.C. 2252, et seq.

31. Attaching liability to Defendant for allegedly altering images being sold or provided free to the public on the Internet is contrary to public policy.

32. The conduct of then Judge Sven Erik Holmes of the Federal District Court for the Northern District of Oklahoma ordering Defendant to produce exhibits that may be included in the exhibits alleged by plaintiffs to have been produced by Defendant is an intervening and superceding cause to any liability for conduct alleged against Defendant.

33. The entirety of the conduct alleged against Defendant is protected from prosecution and/or civil liability under Ohio law that has not been preempted by federal.

34. 18 U.S.C. 2252 and 2255 do not preempt R.C. 2907.321, R.C. 2907.322, R.C. 2907.323 and the protections therein which protect from prosecution or civil liability all the conduct alleged against Defendant in this matter.

35. The Federal Government is without jurisdiction to govern the alleged conduct when performed within the State of Ohio.

36. The Federal Government is without jurisdiction to govern the alleged conduct when performed within under the authority of duly elected judges of the State of Ohio sworn to uphold and enforce the Ohio Constitution and related laws.

37. The civil liability section of 18 U.S.C. 2252(A)(f) does not apply to the alleged conduct performed by Defendant in Ohio.

38. This federal court is without jurisdiction to hear this matter as the sole federal claim is not preemptive of protections of Ohio law that govern Defendant's alleged conduct.

39. The conduct alleged against Defendant does not require the alteration of any image of Roe or Doe, therefore, without altering an image of Roe or Doe, no violation of 18 U.S.C. 2252(A)(f) can occur.

40. A courtroom is a non-public forum such that none of the Ohio claims are valid given the allegation that all alleged Ohio conduct (displaying of court exhibits allegedly containing portions of the images of Plaintiffs) occurred in an Ohio courtroom.

41. 18 U.S.C. 2252(A)(f) does not apply to conduct occurring in a non-public forum.

42. 18 U.S.C. 2252(A)(f) does not apply to conduct occurring wholly within the state of Ohio.

43. The alleged conduct is not a violation of R.C. 2907.321, R.C. 2907.322 or R.C. 2907.323.

44. 18 U.S.C. 2252(A)(f) is unconstitutionally vague as to the definition of "aggrieved person."

45. The conduct alleged in the complaint does not result in Plaintiffs being an "aggrieved person" under 18 U.S.C. 2252(A)(f).

46. 18 U.S.C. 2256(8)(c) is unconstitutional as it criminalizes conduct equivalent to defamation.

47. Defendant reserves the right to raise additional defenses as those become apparent throughout the course of this matter.

DEFENDANT STATES FOR HIS COUNTERCLAIMS AS FOLLOWS:

CONSPIRACY TO INTIMIDATE A WITNESS IN VIOLATION OF 2921.04

48. By the filing of this action, Plaintiffs have purposefully and intentionally initiated a series of steps requiring the public disclosure of the identity of persons they allege are minors they have a duty to protect from harm in having their identities associated with the creation of the alleged court exhibits.

49. Plaintiffs, for personal gain, publicly released images of persons they allege are minors they have a duty to protect.

50. Merely the allegations in this matter filed by plaintiffs have caused significant financial, emotional and reputation damages to Defendant designed to intimidate him from participating as a digital imaging expert witness in any criminal cases for which he was formerly paid and earned an income.

/s/ Dean Boland
Dean Boland (0065693)
18123 Sloane Avenue
Lakewood, Ohio 44107
216.529.9371 phone
866.455.1267 fax
dean@deanboland.com

## CONCLUSION

It is respectfully requested this court dismiss this matter.

>/s/ Dean Boland
>Dean Boland (0065693)
>18123 Sloane Avenue
>Lakewood, Ohio 44107
>216.529.9371 phone
>866.455.1267 fax
>dean@deanboland.com

## CERTIFICATE OF SERVICE

A copy of the foregoing has been served on all parties by operation of the court's electronic filing system.

>/s/ Dean Boland
>Dean Boland (0065693)