IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PETER LORA, et al | 1:07 CV 2787 |
| | |
| | JUDGE DAN AARON POLSTER |
| v. | |
| | **THIRD PARTY COMPLAINT** |
| DEAN BOLAND | |
| Third Party Plaintiff | |
| | |
| v. | |
| | |
| Judge Sven Erik Holmes (retired, U.S. District Court for the Northern District of Oklahoma) 1150 15th St. Washington, DC 20071 | |
| | |
| Judge Jane Bond (retired, Summit County Court of Common Pleas) 1904 Hollis St. Akron, OH 44305 | |
| | |
| Judge Richard A. Niehaus Hamilton County Court of Common Pleas 1000 Main St. Cincinnati, OH 45202 | |
| | |
| Judge C. Ashley Pike Columbiana County Court of Common Pleas Lisbon, Ohio 44432 | |
| | |
| State of Ohio Treasurer of State 9th Floor 30 East Broad Street Columbus, Ohio 43215-3461 | |
| | |
| Detective Stanley Smith Akron Police Dept. 217 S. High St. Akron, OH 44308 | |

1

Detective Greg King
City of Cleveland Police Department
1300 Ontario Street
Cleveland, Ohio 44113

John Doe, Agent of the Federal Bureau of
Investigation
1501 Lakeside Avenue
Cleveland, OH  44114

Jay Clark, Esq.
114 E. 8th Street
Cincinnati OH 45202

Don Malarcik, Esq.
One Cascade Plaza
Suite 900
Akron, Ohio 44308

Ron Gatts, Esq.
159 South Main Street
Suite 416
Akron Ohio 44308

Allen Smallwood, Esq.
1310 S Denver Ave
Tulsa OK 74119-3041

Bill Lasorsa, Esq.
15 E. 5th Street, 38th Floor
Tulsa OK 74103

Third Party Plaintiff makes the following statements and claims for his Complaint against

Defendants:

PARTIES, JURISDICTION AND OTHER MATTERS

1. Third Party Plaintiff is currently the defendant in a civil action brought by Plaintiffs.

2. That civil action includes a claim that Third Party Plaintiff is liable under 18 U.S.C.

2252(A)(f) for damages caused to minor plaintiffs Doe and Roe.

2

3.      All conduct for which liability is sought in this civil action occurred in either the state

of Ohio or the state of Oklahoma.

4.      All conduct regarding the **<u>creation</u>** of court exhibits for which liability is sought in

this civil action occurred in the state of Ohio.

5.      All conduct of creating such court exhibits in Ohio is protected from prosecution

under R.C. 2907.321, R.C. 2907.322 and/or R.C. 2907.323.

6.      All conduct regarding the **<u>display</u>** of court exhibits for which liability is sought in the

civil action occurred in the state of Ohio and the state of Oklahoma.

7.      All conduct regarding the **<u>display</u>** of such court exhibits in Ohio is protected from

prosecution under R.C. 2907.321, R.C. 2907.322 and/or R.C. 2907.323.

8.      All conduct regarding the **<u>display</u>** of court exhibits for which liability is sought in the

civil action occurred in courtrooms.

9.      Plaintiffs have not alleged that the display of any court exhibits alleged to have

included portions of the images of any minors occurred anywhere else other than a

courtroom in Ohio or in the federal court for the Northern District of Oklahoma.

10.     18 U.S.C. 2252, et seq preempt any contrary provisions in Ohio Revised Code (R.C.)

2907.321, R.C. 2907.322 and/or R.C. 2907.323.

11.     The civil liability section of 18 U.S.C. 2252, namely, 18 U.S.C. 2252(A)(f) preempts

any contrary Ohio law.

12.     At all times relevant to the events in this matter, Third Party Plaintiff was an adult

resident of the State of Ohio.

3

13.    At all times relevant to the events in this matter, all the following Defendants were residents of the State of Oklahoma and duly licensed to practice law in the State of Oklahoma (Oklahoma Defense Counsel):

    a.  Allen Smallwood

    b.  Bill Lasorsa

14.    At all times relevant to the events in this matter, all the following Defendants were residents of the State of Ohio and duly licensed to practice law in the State of Ohio:

    a.  Jay Clark

    b.  Don Malarcik

    c.  Tim Hart

    d.  Ron Gatts

15.    At all times relevant to the events in this matter, Defendant Judge Sven Erik Holmes (retired) was a federal district court judge for the Northern District of Oklahoma presiding over the case of United States v. Shreck 03-CR-43.

16.    At all times relevant to the events in this matter, the following Defendants were duly elected or appointed judges in the state of Ohio:

    a.  Judge Jane Bond

    b.  Judge Richard A. Niehaus

    c.  Judge Ashley Pike

17.    At all times relevant to the events in this matter, Detective Stanley Smith was a detective for the Akron Police Department.

18.    At all times relevant to the events in this matter, Detective Greg King was a detective for the Cleveland Police Department.

4

19.     At all times relevant to the events in this matter, John Doe was an agent for the Federal Bureau of Investigation in the Cleveland Field Office.

20.     At all times relevant to the events in this matter, Defendant the State of Ohio, was the source of funds to pay the fees for expert witnesses qualified to testify at the request of indigent defendants in Ohio state criminal cases.

## JURISDICTION AND VENUE

21.  Plaintiff incorporates all previous paragraphs as if fully re-written.

22.  Plaintiffs have alleged the amount in controversy exceeds $75,000 and otherwise satisfies the jurisdictional requirements of 28 U.S.C. 1332.

23.  Plaintiffs have alleged that venue is proper in this jurisdiction pursuant to 28 U.S.C. 1391(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Ohio.

24.  Ohio Defense Counsel has engaged in the acts and practices described herein in various Ohio counties.

25.  Ohio state court judges have engaged in the acts and practices described herein in various Ohio counties.

26.  Defendant Stanley Smith engaged in the acts and practices described herein in one or more Ohio counties.

27.  Defendant Greg King engaged in the acts and practices described herein in one or more Ohio counties.

28.  Oklahoma Defense Counsel engaged in the acts and practices described here in the Northern District of Oklahoma.

29.  Plaintiffs have filed a federal civil lawsuit alleging Third Party Plaintiff harmed Plaintiffs by the creation and display of court exhibits in either Ohio state courtrooms or a federal courtroom in the Northern District of Oklahoma using portions of images of the minor plaintiffs.

PRELIMINARY FACTS

30.     Plaintiff incorporates all previous paragraphs as if fully re-written.

31.     Plaintiffs have alleged Third Party Plaintiff caused harm by **creating** court exhibits using portions of images depicting Plaintiffs Jane Roe and Jane Doe.

32.     Plaintiffs have alleged Third Party Plaintiff caused harm by **displaying** court exhibits using portions of images depicting Plaintiffs Jane Roe and Jane Doe.

33.     In all Ohio cases in which Third Party Plaintiff presented any court exhibits, Ohio State Judges **were in control** of the conduct of the participants in all matters within their courtroom.

34.     In all Ohio cases in which Third Party Plaintiff presented any court exhibits, Ohio State Judges **had the authority** to permit or prohibit the display of any exhibits by the participants in all matters within their courtroom.

35.     In all Ohio cases in which Third Party Plaintiff presented any court exhibits, Ohio State Judges **permitted** the display of any court exhibits displayed by Third Party Plaintiff in all matters within their courtroom.

36.     In all Ohio cases in which Third Party Plaintiff presented any court exhibits, Ohio State Judges **ordered** Third Party Plaintiff to distribute a copy of all such court exhibits to the State of Ohio.

37.     In all Ohio cases in which Third Party Plaintiff presented any court exhibits, Ohio State Judges **ordered** Third Party Plaintiff to distribute a copy of all such court exhibits to the clerk of courts for the county in which that state judge sat.

38.     In the Oklahoma Federal Case referenced in the Complaint in which Third Party Plaintiff presented any court exhibits, Judge Sven Erik Holmes was in control of the conduct of the participants in all matters within his courtroom.

39.     In the Oklahoma Federal Case referenced in the Complaint in which Third Party Plaintiff presented any court exhibits, **Judge Sven Erik Holmes had the authority** to permit or prohibit the display of any exhibits by the participants in all matters within his courtroom.

40.     In the Oklahoma Federal Case referenced in the Complaint in which Third Party Plaintiff presented any court exhibits, Judge Sven Erik Holmes **ordered** Third Party Plaintiff to create, transport and display all court exhibits displayed within his courtroom.

41.     In the Oklahoma Federal Case referenced in the Complaint in which Third Party Plaintiff presented any court exhibits, Judge Sven Erik Holmes stated on the record that he had **ordered** Third Party Plaintiff to create, transport and display all court exhibits displayed within his courtroom.

42.     In the Oklahoma Federal Case referenced in the Complaint in which Third Party Plaintiff presented any court exhibits, Judge Sven Erik Holmes stated on the record that the **creation, transportation and display** of all exhibits displayed by Third Party Plaintiff **were necessary** to the administration of justice in that case.

43.     Ohio State Judges qualified Third Party Plaintiff as an expert witness in the cases referenced above assigned to their courtroom and docket.

44.     Defendant Judge Holmes qualified Third Party Plaintiff as an expert witness in the case referenced above assigned to his courtroom and docket.

8

45.     If Third Party Plaintiff is found to have any liability for any conduct occurring in the courtroom of Defendant Judge Holmes at the aforementioned hearing, Defendant Judge Holmes is liable in contribution for plaintiff's damages.

46.     If Third Party Plaintiff is found to have any liability for any conduct occurring in the courtroom of any Ohio State Court Judge, that particular Defendant Ohio State Court Judge is liable in contribution for plaintiff's damages.

DEFENDANT JUDGE SVEN ERIK HOLMES (retired)
FAILURE TO WARN
VIOLATION OF 18 U.S.C. 2252, ET SEQ

47.     Third Party Plaintiff incorporates all previous paragraphs as if fully re-written.

48.     Defendant Judge Holmes was, at all times relevant, a licensed attorney in the state of

        Oklahoma.

49.     Defendant Judge Holmes, at all times relevant, was sufficiently educated in the law to

        understand all the legal issues contained in the cases before him.

50.     Defendant Judge Holmes, at all times relevant, could read and understand the United

        States Code.

51.     Defendant Judge Holmes had the full authority of any federal district court judge in

        his courtroom.

52.     Defendant Judge Holmes presided over a hearing in his courtroom on or about April

        15, 2004.

53.     That hearing included testimony by Third Party Plaintiff regarding technological

        issues of digital images as evidence in the case then pending before Defendant Judge

        Holmes.

54.     Plaintiffs have alleged that court exhibits displayed in Defendant Judge Holmes'

        courtroom contained portions of images of minor plaintiffs Roe and Doe.

55.     Prior to that hearing, Defendant Judge Holmes ordered Third Party Plaintiff and

        defense counsel Smallwood and Lasorsa, to produce exhibits to support testimony by

        Third Party Plaintiff at the April 15, 2004 hearing.

56.     The Plaintiff in that case, the United States Government, did not object to Defendant

        Judge Holmes' order.

10

57.    During that hearing, Third Party Plaintiff, in his capacity as a digital imaging expert witness, presented a series of digital image exhibits.

58.    Defendant Judge Holmes was present and attentive throughout that hearing.

59.    Defendant Judge Holmes visually examined all digital image exhibits presented at the hearing as they were displayed on a screen in his courtroom during the hearing.

60.    During that hearing, Defendant Judge Holmes stated, on the record, that he had ordered Third Party Plaintiff to produce the precise images Third Party Plaintiff had created, transported and displayed in his courtroom.

61.    Defendant Judge Holmes relied upon those exhibits in his evaluation of legal arguments in that case.

62.    During that hearing, Defendant Judge Holmes stated, on the record, that the creation and presentation of such exhibits as Third Party Plaintiff created for and displayed at that hearing were necessary to deal with legal and technological issues of such cases.

63.    Defendant Judge Holmes' conduct in ordering Third Party Plaintiff to create, transport and display digital images as court exhibits, including, potentially, exhibits containing portions of the images of Plaintiffs Roe and Doe and on the record stating he had ordered such conduct was an **implicit recognition** of Third Party Plaintiff's **immunity** from prosecution or civil liability for conduct consistent with a federal judge's order.

64.    Defendant Judge Holmes knew or should have known that the conduct he ordered Third Party Plaintiff to perform was a violation of 18 U.S.C. 2252, et seq for which there is no immunity available to Third Party Plaintiff.

65.     Defendant Judge Holmes had a **duty to warn** Third Party Plaintiff that his
compliance with Defendant Judge Holmes' order was a violation of 18 U.S.C. 2252,
et seq **subjecting him to criminal prosecution** for which there is no immunity.

66.     Defendant Judge Holmes had a **duty to warn** Third Party Plaintiff that his
compliance with Defendant Judge Holmes' order was a violation of 18 U.S.C.
2252(A)(f), et seq **subjecting him to civil liability** for which there is no immunity.

67.     Defendant Judge Holmes **failed to warn** Third Party Plaintiff that his compliance
with Defendant Judge Holmes' order was a violation of 18 U.S.C. 2252, et seq
subjecting him to criminal prosecution for which there is no immunity.

68.     Defendant Judge Holmes **failed to warn** Third Party Plaintiff that his compliance
with Defendant Judge Holmes' order was a violation of 18 U.S.C. 2252(A)(f), et seq
subjecting him to civil liability for which there is no immunity.

69.     The failure of Defendant Judge Holmes to warn Third Party Plaintiff of these facts
has caused harm to Third Party Plaintiff including, but not limited to, the time,
expense and damage to Third Party Plaintiff's reputation in defending this civil
lawsuit.

12

DEFENDANT JUDGE SVEN ERIK HOLMES (retired)
FAILURE TO WARN
INFERIORITY OF FEDERAL DISTRICT COURT JUDGE'S ORDER TO ABSOLUTE
RIGHT OF EXECUTIVE BRANCH TO ENFORCE ALLEGED VIOLATIONS OF 18
U.S.C. 2252, ET SEQ

70.   Third Party Plaintiff incorporates all previous paragraphs as if fully re-written.

71.   The court in this matter has ruled that Defendant Judge Holmes' order that Third

      Party Plaintiff create and display court exhibits as alleged in the complaint provides

      no immunity to Third Party Plaintiff from civil liability.

72.   Defendant Holmes **knew or should have known** that a **federal judge's order**

      consistent with the order as described above **is inferior** in authority **to the Executive**

      **Branch's absolute right to prosecute** Third Party Plaintiff for the conduct

      performed in compliance with Defendant Judge Holmes' order.

73.   Defendant Holmes **knew or should have known** that the **Executive Branch had the**

      **absolute right to ignore his order** and prosecute Third Party Plaintiff for the

      conduct performed in compliance with Defendant Judge Holmes' order.

74.   Defendant Judge Holmes had a **duty to warn** Third Party Plaintiff that Defendant

      Judge Holmes' **order was inferior** in authority to the absolute right of the Executive

      Branch to enforce violations of a violation of 18 U.S.C. 2252, et seq for which there

      is no immunity.

75.   Defendant Judge Holmes had a **duty to warn** Third Party Plaintiff that Defendant

      Judge Holmes' **order was inferior** in authority to the absolute right of the Plaintiffs

      in this action to sue Third Party Plaintiff under 18 U.S.C. 2252(A)(f) for which there

      is no immunity.

13

76.     Defendant Judge Holmes **failed to warn** Third Party Plaintiff of any of the facts he knew or should have known as outlined in this section of the complaint.

77.     The failure of Defendant Judge Holmes to warn Third Party Plaintiff of these facts has caused harm to Third Party Plaintiff including, but not limited to, the time, expense and damage to Third Party Plaintiff's reputation in defending this civil lawsuit.

78.     But for Judge Holmes' order, Third Party Plaintiff would not have created, transported or presented any court exhibits in the Oklahoma case for which plaintiffs now seek damages from Third Party Plaintiff.

79.     The failure of Defendant Judge Holmes to warn Third Party Plaintiff of these facts has caused harm to Third Party Plaintiff including, but not limited to, the time, expense and damage to Third Party Plaintiff's reputation in defending this civil lawsuit.

80.     To the extent a jury or judge in this civil action finds Third Party Plaintiff liable for damages caused by the creation, transportation or display of any court exhibits as ordered by Defendant Judge Holmes, he is equally liable for such conduct and resulting damages.

14

SOLICITATION TO VIOLATE FEDERAL LAW – JUDGE SVEN ERIK HOLMES

81.    Plaintiff incorporates all previous paragraphs as if fully re-written.

82.    Presuming the conduct alleged against Third Party Plaintiff violates 18 U.S.C. 2252
       and further subjects Third Party Plaintiff to liability under 18 U.S.C. 2252(A)(f) for
       which there is no immunity, Defendant Judge Holmes solicited such conduct from
       Third Party Plaintiff by ordering Third Party Plaintiff to create, transport and display
       court exhibits that may include among them exhibits containing portions of the
       images of Plaintiffs as alleged in the complaint.

83.    Defendant Judge Holmes' order was contrary to law.

84.    Defendant Judge Holmes knew or should have known his order was contrary to law.

85.    Third Party Plaintiff has suffered significant financial, emotional and reputation
       damages as a result of his compliance with the unlawful order of Defendeant Judge
       Holmes's that Third Party Plaintiff violate 18 U.S.C. 2252 subjecting Third Party
       Plaintiff to liability under 18 U.S.C. 2252(A)(f) for which there is no immunity.

SOLICITATION TO VIOLATE FEDERAL LAW – DEFENDANT CLARK

86.  Plaintiff incorporates all previous paragraphs as if fully re-written.

87.  Presuming the conduct alleged against Third Party Plaintiff violates 18 U.S.C. 2252 and further subjects Third Party Plaintiff to liability under 18 U.S.C. 2252(A)(f) for which there is no immunity, Defendant Clark solicited such conduct from Third Party Plaintiff in connection with his defense of a criminal case in Hamilton County, Ohio.

   a.  To wit:

      i.  State of Ohio v. Huffman B 04 01503

88.  To the extent a jury or judge in this civil action finds Third Party Plaintiff liable for damages caused by the creation, transportation or display of any court exhibits as solicited and requested by Defendant Clark, he is equally liable for such conduct and resulting damages.

89.  Third Party Plaintiff has suffered significant financial, emotional and reputation damages as a result of Defendant Clark's solicitation to violate 18 U.S.C. 2252 subjecting Third Party Plaintiff to liability under 18 U.S.C. 2252(A)(f) for which there is no immunity.

FAILURE TO WARN – VIOLATION OF FEDERAL LAW
DEFENDANT CLARK

90.  Third Party Plaintiff incorporates all previous paragraphs as if full re-written.

91.  Defendant Clark knew or should have known that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252, et seq.

92.  Defendant Clark knew or should have known that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252, et seq for which there is no immunity.

93.  Defendant Clark requested Third Party Plaintiff participate as an expert witness in the case he was defending in Hamilton County, Ohio.

94.  On behalf of his client, Defendant Clark had full authority and control over what witnesses he would present in his defense case.

95.  Defendant Clark had no duty to present Third Party Plaintiff as a witness in his client's case.

96.  On behalf of his client, Defendant Clark had the authority to exclude Third Party Plaintiff from being a witness in his case.

97.  On behalf of his client, Defendant Clark had the authority to prohibit Third Party Plaintiff from the presentation of some, none or all court exhibits presented in his case.

98.  Defendant Clark had a duty to warn Third Party Plaintiff that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252, et seq for which there is no immunity.

99.  Defendant Clark had a duty to warn Third Party Plaintiff that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252(A)(f), et seq for which there is no immunity.

100.  Defendant Clark failed to warn Third Party Plaintiff that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252, et seq for which there is no immunity.

101.  Defendant Clark failed to warn Third Party Plaintiff that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252(A)(f), et seq for which there is no immunity.

102.  As a result of Defendant Clark's failure to warn Third Party Plaintiff he has suffered financial, emotional and reputation damage including, but not limited to, being named a defendant in this civil matter brought by plaintiffs.

103.  To the extent Third Party Plaintiff is found liable for conduct performed in creating for display or displaying court exhibits in the courtroom in Defendant Clark's case, Defendant Clark is liable for the full amount of those damages in contribution.

18

FAILURE TO WARN – PREEMPTION OF R.C. 2907.321, R.C. 2907.322 AND/OR R.C. 2907.323 – DEFENDANT CLARK

104. Plaintiff incorporates all previous paragraphs as if fully re-written.

105. R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323 contain a provision exempting persons such as Third Party Plaintiff in his capacity as attorney or expert witness from prosecution for what would otherwise be violations of either of those statutes.

106. 18 U.S.C. 2252, et seq **do not** contain a provision exempting persons such as Third Party Plaintiff in his capacity as attorney or expert witness from prosecution for what would otherwise be violations of the statute.

107. 18 U.S.C. 2252, et seq. preempts R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323 and permits prosecution of Ohio citizens for conduct that would otherwise be exempted from prosecution under the exemptions in those statutes.

108. Defendant Clark knew or should have known that 18 U.S.C. 2252, et seq preempts R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323 and its exemptions that purportedly protected Third Party Plaintiff's conduct in Ohio courtrooms for judicial purposes.

109. Defendant Clark had a duty to warn Third Party Plaintiff that 18 U.S.C. 2252, et seq preempts R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323 and its exemptions that purportedly protected Third Party Plaintiff's conduct in Ohio courtrooms for judicial purposes.

110. Defendant Clark failed to warn Third Party Plaintiff that 18 U.S.C. 2252, et seq preempts R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323 and its exemptions that purportedly protected Third Party Plaintiff's conduct in Ohio courtrooms for judicial purposes.

111.    As a result of Defendant Clark's failure to warn Third Party Plaintiff about the preemption of 18 U.S.C. 2252, et seq. Third Party Plaintiff  has suffered financial, emotional and reputation damage including, but not limited to, being named a defendant in this civil matter brought by plaintiffs.

112.    To the extent Third Party Plaintiff is found liable for conduct performed in creating for display or displaying court exhibits in the courtroom in Defendant Clark's case, Defendant Clark is liable for the full amount of those damages in contribution.

FAILURE TO WARN – NO WITNESS IMMUNITY – DEFENDANT CLARK

113.  Plaintiff incorporates all previous paragraphs as if fully re-written.

114.  Defendant Clark knew or had reason to know that the absolute witness immunity

under Ohio law for the conduct which he requested Third Party Plaintiff perform in

support of the requested digital imaging expert testimony was preempted by 18

U.S.C. 2252(A)(f).

115.  Defendant Clark had no reason to believe Third Party Plaintiff would realize the

requested conduct was not protected by the absolute witness immunity under Ohio

law resulting in civil liability under 18 U.S.C. 2252(A)(f).

116.  Defendant Clark failed to exercise reasonable care to inform Third Party Plaintiff of

the lack of protection from the absolute witness immunity under Ohio law or of the

facts that made it likely Third Party Plaintiff's presentation of digital imaging court

exhibits would subject him to potential civil liability under federal law.

117.  Third Party Plaintiff has suffered significant financial, emotional and reputation

damages as a result of Defendant Clark's failure to warn him that the conduct

solicited by Defendant Clark from Third party Plaintiff was not protected under

Ohio's absolute witness immunity.

118.  To the extent Third Party Plaintiff is found liable for conduct performed in creating

for display or displaying court exhibits in the courtroom in Defendant Clark's case,

Defendant Clark is liable for the full amount of those damages in contribution.

### FAILURE TO WARN – NO JUDICIAL IMMUNITY – DEFENDANT CLARK

119.    Plaintiff incorporates all previous paragraphs as if fully re-written.

120.    Defendant Clark knew or had reason to know that there was no judicial immunity for the conduct which Defendant Clark was requesting Third Party Plaintiff perform in support of the requested digital imaging expert testimony.

121.    Defendant Clark had no reason to believe Third Party Plaintiff would realize the requested conduct was not protected by the judicial immunity under Ohio law resulting in civil liability under 18 U.S.C. 2252(A)(f).

122.    Defendant Clark failed to exercise reasonable care to inform Third Party Plaintiff of the lack of protection from the judicial immunity under Ohio law or of the facts that made it likely Third Party Plaintiff's presentation of digital imaging court exhibits would subject him to potential civil liability under federal law.

123.    Third Party Plaintiff has suffered significant financial, emotional and reputation damages as a result of Defendant Clark's failure to warn him that the conduct solicited by Ohio Defense Counsel from Third party Plaintiff was not protected judicial immunity under Ohio law.

124.    To the extent Third Party Plaintiff is found liable for conduct performed in creating for display or displaying court exhibits in the courtroom in Defendant Clark's case, Defendant Clark is liable for the full amount of those damages in contribution.

FAILURE TO WARN – COURT AUTHORIZING THE DISPLAY OF COURT EXHIBITS AS
ALLEGED IN THE COMPLAINT COULD SUBJECT THIRD PARTY PLAINTIFF TO CIVIL
LIABILITY UNDER FEDERAL LAW

125.   Plaintiff incorporates all previous paragraphs as if fully re-written.

126.   Defendant Clark knew or had reason to know that the authorization by a state court
       judge for Third Party Plaintiff to present exhibits as alleged in the complaint could
       subject Third Party Plaintiff to civil liability under federal law.

127.   Defendant Clark had no reason to believe Third Party Plaintiff would realize that the
       authorization by a state court judge for Third Party Plaintiff to present exhibits as
       alleged in the complaint could subject Third Party Plaintiff to civil liability under
       federal law.

128.   Defendant Clark failed to exercise reasonable care to inform Third Party Plaintiff that
       the authorization by a state court judge for Third Party Plaintiff to present exhibits as
       alleged in the complaint could subject Third Party Plaintiff to civil liability under
       federal law.

129.   Third Party Plaintiff has suffered significant financial, emotional and reputation
       damages as a result of Defendant Clark's failure to warn him that the authorization by
       a state court judge for Third Party Plaintiff to present exhibits as alleged in the
       complaint could subject Third Party Plaintiff to civil liability under federal law.

130.   To the extent Third Party Plaintiff is found liable for conduct performed in creating
       for display or displaying court exhibits in the courtroom in Defendant Clark's case,
       Defendant Clark is liable for the full amount of those damages in contribution.

SOLICITATION TO VIOLATE FEDERAL LAW – DEFENDANT GATTS

131.   Plaintiff incorporates all previous paragraphs as if fully re-written.

132.   Presuming the conduct alleged against Third Party Plaintiff violates 18 U.S.C. 2252
       and further subjects Third Party Plaintiff to liability under 18 U.S.C. 2252(A)(f) for
       which there is no immunity, Defendant Gatts solicited such conduct from Third Party
       Plaintiff in connection with his defense of a criminal case in Columbiana County,
       Ohio.

       a.  To wit:

           i.  State of Ohio v. David Simms 2003 CR 98.

133.   Third Party Plaintiff has suffered significant financial, emotional and reputation
       damages as a result of Defendant Gatts' solicitation to violate 18 U.S.C. 2252
       subjecting Third Party Plaintiff to liability under 18 U.S.C. 2252(A)(f) for which
       there is no immunity.

134.   To the extent Third Party Plaintiff is found liable for conduct performed in creating
       for display or displaying court exhibits in the courtroom in Defendant Gatts' case,
       Defendant Gatts is liable for the full amount of those damages in contribution.

## FAILURE TO WARN – VIOLATION OF FEDERAL LAW
## DEFENDANT GATTS

135.    Third Party Plaintiff incorporates all previous paragraphs as if full re-written.

136.    Defendant Gatts knew or should have known that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252, et seq.

137.    Defendant Gatts knew or should have known that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252, et seq for which there is no immunity.

138.    Defendant Gatts requested Third Party Plaintiff participate as an expert witness in the case he was defending in Columbiana County, Ohio.

139.    On behalf of his client, Defendant Gatts had full authority and control over what witnesses he would present in his defense case.

140.    Defendant Gatts had no duty to present Third Party Plaintiff as a witness in his client's case.

141.    On behalf of his client, Defendant Gatts had the authority to exclude Third Party Plaintiff from being a witness in his case.

142.    On behalf of his client, Defendant Gatts had the authority to exclude some, none or all of the court exhibits presented by Third Party Plaintiff during his testimony in Defendant Gatts' case.

143.    Defendant Gatts had a duty to warn Third Party Plaintiff that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252, et seq for which there is no immunity.

144.   Defendant Gatts had a duty to warn Third Party Plaintiff that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252(A)(f), et seq for which there is no immunity.

145.   Defendant Gatts failed to warn Third Party Plaintiff that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252, et seq for which there is no immunity.

146.   Defendant Gatts failed to warn Third Party Plaintiff that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252(A)(f), et seq for which there is no immunity.

147.   As a result of Defendant Gatts' failure to warn Third Party Plaintiff he has suffered financial, emotional and reputation damage including, but not limited to, being named a defendant in this civil matter brought by plaintiffs.

148.   To the extent Third Party Plaintiff is found liable for conduct performed in creating for display or displaying court exhibits in the courtroom in Defendant Gatts' case, Defendant Gatts is liable for the full amount of those damages in contribution.

FAILURE TO WARN – PREEMPTION OF R.C. 2907.321, R.C. 2907.322 AND/OR R.C.
2907.323 – DEFENDANT GATTS

149.   Plaintiff incorporates all previous paragraphs as if fully re-written.

150.   R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323 contain a provision exempting

persons such as Third Party Plaintiff in his capacity as attorney or expert witness from

prosecution for what would otherwise be violations of either of those statutes.

151.   18 U.S.C. 2252, et seq **do not** contain a provision exempting persons such as Third

Party Plaintiff in his capacity as attorney or expert witness from prosecution for what

would otherwise be violations of the statute.

152.   18 U.S.C. 2252, et seq. preempts R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323

and permits prosecution of Ohio citizens for conduct that would otherwise be

exempted from prosecution under the exemptions in those statutes.

153.   Defendant Gatts knew or should have known that 18 U.S.C. 2252, et seq preempts

R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323 and its exemptions that purportedly

protected Third Party Plaintiff's conduct in Ohio courtrooms for judicial purposes.

154.   Defendant Gatts had a duty to warn Third Party Plaintiff that 18 U.S.C. 2252, et seq

preempts R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323 and its exemptions that

purportedly protected Third Party Plaintiff's conduct in Ohio courtrooms for judicial

purposes.

155.   Defendant Gatts failed to warn Third Party Plaintiff that 18 U.S.C. 2252, et seq

preempts R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323 and its exemptions that

purportedly protected Third Party Plaintiff's conduct in Ohio courtrooms for judicial

purposes.

27

156.    As a result of Defendant Gatts' failure to warn Third Party Plaintiff about the preemption of 18 U.S.C. 2252, et seq. Third Party Plaintiff has suffered financial, emotional and reputation damage including, but not limited to, being named a defendant in this civil matter brought by plaintiffs.

157.    To the extent Third Party Plaintiff is found liable for conduct performed in creating for display or displaying court exhibits in the courtroom in Defendant Gatts' case, Defendant Gatts is liable for the full amount of those damages in contribution.

28

FAILURE TO WARN – NO WITNESS IMMUNITY – DEFENDANT GATTS

158.    Plaintiff incorporates all previous paragraphs as if fully re-written.

159.    Defendant Gatts knew or had reason to know that the absolute witness immunity under Ohio law for the conduct which he requested Third Party Plaintiff perform in support of the requested digital imaging expert testimony was preempted by 18 U.S.C. 2252(A)(f).

160.    Defendant Gatts had no reason to believe Third Party Plaintiff would realize the requested conduct was not protected by the absolute witness immunity under Ohio law resulting in civil liability under 18 U.S.C. 2252(A)(f).

161.    Defendant Gatts failed to exercise reasonable care to inform Third Party Plaintiff of the lack of protection from the absolute witness immunity under Ohio law or of the facts that made it likely Third Party Plaintiff's presentation of digital imaging court exhibits would subject him to potential civil liability under federal law.

162.    Third Party Plaintiff has suffered significant financial, emotional and reputation damages as a result of Defendant Gatts' failure to warn him that the conduct solicited by Defendant Gatts from Third party Plaintiff was not protected under Ohio's absolute witness immunity.

163.    To the extent Third Party Plaintiff is found liable for conduct performed in creating for display or displaying court exhibits in the courtroom in Defendant Gatts' case, Defendant Gatts is liable for the full amount of those damages in contribution.

FAILURE TO WARN – NO JUDICIAL IMMUNITY – DEFENDANT GATTS

164. Plaintiff incorporates all previous paragraphs as if fully re-written.

165. Defendant Gatts knew or had reason to know that there was no judicial immunity for the conduct which Defendant Gatts was requesting Third Party Plaintiff perform in support of the requested digital imaging expert testimony.

166. Defendant Gatts had no reason to believe Third Party Plaintiff would realize the requested conduct was not protected by the judicial immunity under Ohio law resulting in civil liability under 18 U.S.C. 2252(A)(f).

167. Defendant Gatts failed to exercise reasonable care to inform Third Party Plaintiff of the lack of protection from the judicial immunity under Ohio law or of the facts that made it likely Third Party Plaintiff's presentation of digital imaging court exhibits would subject him to potential civil liability under federal law.

168. Third Party Plaintiff has suffered significant financial, emotional and reputation damages as a result of Defendant Gatts' failure to warn him that the conduct solicited by Ohio Defense Counsel from Third party Plaintiff was not protected judicial immunity under Ohio law.

169. To the extent Third Party Plaintiff is found liable for conduct performed in creating for display or displaying court exhibits in the courtroom in Defendant Gatts' case, Defendant Gatts is liable for the full amount of those damages in contribution.

FAILURE TO WARN – COURT AUTHORIZING THE DISPLAY OF COURT EXHIBITS AS
ALLEGED IN THE COMPLAINT COULD SUBJECT THIRD PARTY PLAINTIFF TO CIVIL
LIABILITY UNDER FEDERAL LAW

170.    Plaintiff incorporates all previous paragraphs as if fully re-written.

171.    Defendant Gatts knew or had reason to know that the authorization by a state court
        judge for Third Party Plaintiff to present exhibits as alleged in the complaint could
        subject Third Party Plaintiff to civil liability under federal law.

172.    Defendant Gatts had no reason to believe Third Party Plaintiff would realize that the
        authorization by a state court judge for Third Party Plaintiff to present exhibits as
        alleged in the complaint could subject Third Party Plaintiff to civil liability under
        federal law.

173.    Defendant Gatts failed to exercise reasonable care to inform Third Party Plaintiff that
        the authorization by a state court judge for Third Party Plaintiff to present exhibits as
        alleged in the complaint could subject Third Party Plaintiff to civil liability under
        federal law.

174.    Third Party Plaintiff has suffered significant financial, emotional and reputation
        damages as a result of Defendant Gatts' failure to warn him that the authorization by
        a state court judge for Third Party Plaintiff to present exhibits as alleged in the
        complaint could subject Third Party Plaintiff to civil liability under federal law.

175.    To the extent Third Party Plaintiff is found liable for conduct performed in creating
        for display or displaying court exhibits in the courtroom in Defendant Gatts' case,
        Defendant Gatts is liable for the full amount of those damages in contribution.

### SOLICITATION TO VIOLATE FEDERAL LAW – DEFENDANT MALARCIK

176.  Plaintiff incorporates all previous paragraphs as if fully re-written.

177.  Presuming the conduct alleged against Third Party Plaintiff violates 18 U.S.C. 2252 and further subjects Third Party Plaintiff to liability under 18 U.S.C. 2252(A)(f) for which there is no immunity, Defendant Malarcik solicited such conduct from Third Party Plaintiff in connection with his defense of a criminal case in Summit County, Ohio.

    a.  To wit:

        i.  State of Ohio v. Sparks CR-2002-12-3669.

178.  Third Party Plaintiff has suffered significant financial, emotional and reputation damages as a result of Defendant Malarcik's solicitation to violate 18 U.S.C. 2252 subjecting Third Party Plaintiff to liability under 18 U.S.C. 2252(A)(f) for which there is no immunity.

179.  To the extent Third Party Plaintiff is found liable for conduct performed in creating for display or displaying court exhibits in the courtroom in Defendant Malarcik's case, Defendant Malarcik is liable for the full amount of those damages in contribution.

32

## FAILURE TO WARN – VIOLATION OF FEDERAL LAW
## DEFENDANT MALARCIK

180. Third Party Plaintiff incorporates all previous paragraphs as if full re-written.

181. Defendant Malarcik knew or should have known that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252, et seq.

182. Defendant Malarcik knew or should have known that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252, et seq for which there is no immunity.

183. Defendant Malarcik requested Third Party Plaintiff participate as an expert witness in the case he was defending in Summit County, Ohio.

184. On behalf of his client, Defendant Malarcik had full authority and control over what witnesses he would present in his defense case.

185. Defendant Malarcik had no duty to present Third Party Plaintiff as a witness in his client's case.

186. On behalf of his client, Defendant Malarcik had the authority to exclude Third Party Plaintiff from being a witness in his case.

187. On behalf of his client, Defendant Malarcik had the authority to exclude some, none or all of the court exhibits Third Party Plaintiff created and/or displayed in his case.

188. Defendant Malarcik had a duty to warn Third Party Plaintiff that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252, et seq for which there is no immunity.

189. Defendant Malarcik had a duty to warn Third Party Plaintiff that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252(A)(f), et seq for which there is no immunity.

33

190. Defendant Malarcik failed to warn Third Party Plaintiff that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252, et seq for which there is no immunity.

191. Defendant Malarcik failed to warn Third Party Plaintiff that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252(A)(f), et seq for which there is no immunity.

192. As a result of Defendant Malarcik's failure to warn Third Party Plaintiff he has suffered financial, emotional and reputation damage including, but not limited to, being named a defendant in this civil matter brought by plaintiffs.

193. To the extent Third Party Plaintiff is found liable for conduct performed in creating for display or displaying court exhibits in the courtroom in Defendant Malarcik's case, Defendant Malarcik is liable for the full amount of those damages in contribution.

34

FAILURE TO WARN – PREEMPTION OF R.C. 2907.321, R.C. 2907.322 AND/OR R.C.
2907.323 – DEFENDANT MALARCIK

194.    Plaintiff incorporates all previous paragraphs as if fully re-written.

195.    R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323 contain a provision exempting

persons such as Third Party Plaintiff in his capacity as attorney or expert witness from

prosecution for what would otherwise be violations of either of those statutes.

196.    18 U.S.C. 2252, et seq **do not** contain a provision exempting persons such as Third

Party Plaintiff in his capacity as attorney or expert witness from prosecution for what

would otherwise be violations of the statute.

197.    18 U.S.C. 2252, et seq. preempts R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323

and permits prosecution of Ohio citizens for conduct that would otherwise be

exempted from prosecution under the exemptions in those statutes.

198.    Defendant Malarcik knew or should have known that 18 U.S.C. 2252, et seq preempts

R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323 and its exemptions that purportedly

protected Third Party Plaintiff's conduct in Ohio courtrooms for judicial purposes.

199.    Defendant Malarcik had a duty to warn Third Party Plaintiff that 18 U.S.C. 2252, et

seq preempts R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323 and its exemptions

that purportedly protected Third Party Plaintiff's conduct in Ohio courtrooms for

judicial purposes.

200.    Defendant Malarcik failed to warn Third Party Plaintiff that 18 U.S.C. 2252, et seq

preempts R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323 and its exemptions that

purportedly protected Third Party Plaintiff's conduct in Ohio courtrooms for judicial

purposes.

201. As a result of Defendant Malarcik's failure to warn Third Party Plaintiff about the preemption of 18 U.S.C. 2252, et seq. Third Party Plaintiff has suffered financial, emotional and reputation damage including, but not limited to, being named a defendant in this civil matter brought by plaintiffs.

202. To the extent Third Party Plaintiff is found liable for conduct performed in creating for display or displaying court exhibits in the courtroom in Defendant Malarcik's case, Defendant Malarcik is liable for the full amount of those damages in contribution.

FAILURE TO WARN – NO WITNESS IMMUNITY – DEFENDANT MALARCIK

203.   Plaintiff incorporates all previous paragraphs as if fully re-written.

204.   Defendant Malarcik knew or had reason to know that the absolute witness immunity under Ohio law for the conduct which he requested Third Party Plaintiff perform in support of the requested digital imaging expert testimony was preempted by 18 U.S.C. 2252(A)(f).

205.   Defendant Malarcik had no reason to believe Third Party Plaintiff would realize the requested conduct was not protected by the absolute witness immunity under Ohio law resulting in civil liability under 18 U.S.C. 2252(A)(f).

206.   Defendant Malarcik failed to exercise reasonable care to inform Third Party Plaintiff of the lack of protection from the absolute witness immunity under Ohio law or of the facts that made it likely Third Party Plaintiff's presentation of digital imaging court exhibits would subject him to potential civil liability under federal law.

207.   Third Party Plaintiff has suffered significant financial, emotional and reputation damages as a result of Defendant Malarcik's failure to warn him that the conduct solicited by Defendant Malarcik from Third party Plaintiff was not protected under Ohio's absolute witness immunity.

208.   To the extent Third Party Plaintiff is found liable for conduct performed in creating for display or displaying court exhibits in the courtroom in Defendant Malarcik's case, Defendant Malarcik is liable for the full amount of those damages in contribution.

FAILURE TO WARN – NO JUDICIAL IMMUNITY – DEFENDANT MALARCIK

209.   Plaintiff incorporates all previous paragraphs as if fully re-written.

210.   Defendant Malarcik knew or had reason to know that there was no judicial immunity for the conduct which Defendant Malarcik was requesting Third Party Plaintiff perform in support of the requested digital imaging expert testimony.

211.   Defendant Malarcik had no reason to believe Third Party Plaintiff would realize the requested conduct was not protected by the judicial immunity under Ohio law resulting in civil liability under 18 U.S.C. 2252(A)(f).

212.   Defendant Malarcik failed to exercise reasonable care to inform Third Party Plaintiff of the lack of protection from the judicial immunity under Ohio law or of the facts that made it likely Third Party Plaintiff's presentation of digital imaging court exhibits would subject him to potential civil liability under federal law.

213.   Third Party Plaintiff has suffered significant financial, emotional and reputation damages as a result of Defendant Malarcik's failure to warn him that the conduct solicited by Ohio Defense Counsel from Third party Plaintiff was not protected judicial immunity under Ohio law.

214.   To the extent Third Party Plaintiff is found liable for conduct performed in creating for display or displaying court exhibits in the courtroom in Defendant Malarcik's case, Defendant Malarcik is liable for the full amount of those damages in contribution.

**FAILURE TO WARN – COURT AUTHORIZING THE DISPLAY OF COURT EXHIBITS AS
ALLEGED IN THE COMPLAINT COULD SUBJECT THIRD PARTY PLAINTIFF TO CIVIL
LIABILITY UNDER FEDERAL LAW**

215.    Plaintiff incorporates all previous paragraphs as if fully re-written.

216.    Defendant Malarcik knew or had reason to know that the authorization by a state
court judge for Third Party Plaintiff to present exhibits as alleged in the complaint
could subject Third Party Plaintiff to civil liability under federal law.

217.    Defendant Malarcik had no reason to believe Third Party Plaintiff would realize that
the authorization by a state court judge for Third Party Plaintiff to present exhibits as
alleged in the complaint could subject Third Party Plaintiff to civil liability under
federal law.

218.    Defendant Malarcik failed to exercise reasonable care to inform Third Party Plaintiff
that the authorization by a state court judge for Third Party Plaintiff to present
exhibits as alleged in the complaint could subject Third Party Plaintiff to civil liability
under federal law.

219.    Third Party Plaintiff has suffered significant financial, emotional and reputation
damages as a result of Defendant Malarcik's failure to warn him that the
authorization by a state court judge for Third Party Plaintiff to present exhibits as
alleged in the complaint could subject Third Party Plaintiff to civil liability under
federal law

220.    To the extent Third Party Plaintiff is found liable for conduct performed in creating
for display or displaying court exhibits in the courtroom in Defendant Malarcik's
case, Defendant Malarcik is liable for the full amount of those damages in
contribution.

SOLICITATION TO VIOLATE FEDERAL LAW – DEFENDANT LASORSA

221.   Plaintiff incorporates all previous paragraphs as if fully re-written.

222.   Presuming the conduct alleged against Third Party Plaintiff violates 18 U.S.C. 2252
and further subjects Third Party Plaintiff to liability under 18 U.S.C. 2252(A)(f) for
which there is no immunity, Defendant Lasorsa solicited such conduct from Third
Party Plaintiff in connection with his defense of a criminal case in the Federal District
Court for the Northern District of Oklahoma.

   a.   To wit:

      i.   The United States of America v. Shreck 03-CR-43.

223.   Defendant Lasorsa is liable for any damages incurred by Third Party Plaintiff creation
and display of court exhibits in this case as the creation, transportation and display of
such exhibits was solicited by Defendant Lasorsa.

224.   Third Party Plaintiff has suffered significant financial, emotional and reputation
damages as a result of Defendant Lasorsa's solicitation to violate 18 U.S.C. 2252
subjecting Third Party Plaintiff to liability under 18 U.S.C. 2252(A)(f) for which
there is no immunity.

FAILURE TO WARN – VIOLATION OF FEDERAL LAW
DEFENDANT LASORSA

225.    Third Party Plaintiff incorporates all previous paragraphs as if full re-written.

226.    Defendant Lasorsa knew or should have known that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252, et seq.

227.    Defendant Lasorsa knew or should have known that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252, et seq for which there is no immunity.

228.    Defendant Lasorsa requested Third Party Plaintiff participate as an expert witness in the case he was defending in the Federal District Court for the Northern District of Oklahoma.

229.    On behalf of his client, Defendant Lasorsa had full authority and control over what witnesses he would present in his defense case.

230.    Defendant Lasorsa had no duty to present Third Party Plaintiff as a witness in his client's case.

231.    On behalf of his client, Defendant Lasorsa had the authority to exclude Third Party Plaintiff from being a witness in his case.

232.    On behalf of his client, Defendant Lasorsa had the authority to exclude some, none or all of the court exhibits created and displayed by Third Party Plaintiff in Defendant Lasorsa's case.

233.    Defendant Lasorsa had a duty to warn Third Party Plaintiff that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252, et seq for which there is no immunity.

234.    Defendant Lasorsa had a duty to warn Third Party Plaintiff that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252(A)(f), et seq for which there is no immunity.

235.    Defendant Lasorsa failed to warn Third Party Plaintiff that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252, et seq for which there is no immunity.

236.    Defendant Lasorsa failed to warn Third Party Plaintiff that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252(A)(f), et seq for which there is no immunity.

237.    As a result of Defendant Lasorsa's failure to warn Third Party Plaintiff he has suffered financial, emotional and reputation damage including, but not limited to, being named a defendant in this civil matter brought by plaintiffs.

238.    To the extent Third Party Plaintiff is found liable for conduct performed in creating for display or displaying court exhibits in the courtroom in Defendant Lasorsa's case, Defendant Lasorsa is liable for the full amount of those damages in contribution.

FAILURE TO WARN – PREEMPTION OF R.C. 2907.321, R.C. 2907.322 AND/OR R.C.
2907.323 – DEFENDANT LASORSA

239.    Plaintiff incorporates all previous paragraphs as if fully re-written.

240.    R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323 contain a provision exempting

persons such as Third Party Plaintiff in his capacity as attorney or expert witness from

prosecution for what would otherwise be violations of either of those statutes for

conduct performed in the state of Ohio.

241.    18 U.S.C. 2252, et seq **do not** contain a provision exempting persons such as Third

Party Plaintiff in his capacity as attorney or expert witness from prosecution for what

would otherwise be violations of the statute.

242.    18 U.S.C. 2252, et seq. preempts R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323

and permits prosecution of Ohio citizens for conduct that would otherwise be

exempted from prosecution under the exemptions in those statutes.

243.    Defendant Lasorsa knew or should have known that 18 U.S.C. 2252, et seq preempts

R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323 and its exemptions that purportedly

protected Third Party Plaintiff's conduct in Ohio for judicial purposes.

244.    Defendant Lasorsa had a duty to warn Third Party Plaintiff that 18 U.S.C. 2252, et

seq preempts R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323 and its exemptions

that purportedly protected Third Party Plaintiff's conduct in Ohio for judicial

purposes.

245.    Defendant Lasorsa failed to warn Third Party Plaintiff that 18 U.S.C. 2252, et seq

preempts R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323 and its exemptions that

purportedly protected Third Party Plaintiff's conduct in Ohio for judicial purposes.

246. As a result of Defendant Lasorsa's failure to warn Third Party Plaintiff about the preemption of 18 U.S.C. 2252, et seq. Third Party Plaintiff has suffered financial, emotional and reputation damage including, but not limited to, being named a defendant in this civil matter brought by plaintiffs.

247. To the extent Third Party Plaintiff is found liable for conduct performed in creating for display or displaying court exhibits in the courtroom in Defendant Lasorsa's case, Defendant Lasorsa is liable for the full amount of those damages in contribution.

FAILURE TO WARN – NO WITNESS IMMUNITY – DEFENDANT LASORSA

248.  Plaintiff incorporates all previous paragraphs as if fully re-written.

249.  Defendant Lasorsa knew or had reason to know that the absolute witness immunity under Ohio law for the conduct which he requested Third Party Plaintiff perform in support of the requested digital imaging expert testimony was preempted by 18 U.S.C. 2252(A)(f).

250.  Defendant Lasorsa had no reason to believe Third Party Plaintiff would realize the requested conduct was not protected by the absolute witness immunity under Ohio law resulting in civil liability under 18 U.S.C. 2252(A)(f).

251.  Defendant Lasorsa failed to exercise reasonable care to inform Third Party Plaintiff of the lack of protection from the absolute witness immunity under Ohio law or of the facts that made it likely Third Party Plaintiff's presentation of digital imaging court exhibits would subject him to potential civil liability under federal law.

252.  Third Party Plaintiff has suffered significant financial, emotional and reputation damages as a result of Defendant Lasorsa's failure to warn him that the conduct solicited by Defendant Lasorsa from Third party Plaintiff was not protected under Ohio's absolute witness immunity.

253.  To the extent Third Party Plaintiff is found liable for conduct performed in creating for display or displaying court exhibits in the courtroom in Defendant Lasorsa's case, Defendant Lasorsa is liable for the full amount of those damages in contribution.

FAILURE TO WARN – NO JUDICIAL IMMUNITY – DEFENDANT LASORSA

254.   Plaintiff incorporates all previous paragraphs as if fully re-written.

255.   Defendant Lasorsa knew or had reason to know that there was no judicial immunity
       for the conduct which Defendant Lasorsa was requesting Third Party Plaintiff
       perform in support of the requested digital imaging expert testimony.

256.   Defendant Lasorsa had no reason to believe Third Party Plaintiff would realize the
       requested conduct was not protected by the judicial immunity under Ohio law
       resulting in civil liability under 18 U.S.C. 2252(A)(f).

257.   Defendant Lasorsa failed to exercise reasonable care to inform Third Party Plaintiff of
       the lack of protection from the judicial immunity under Ohio law or of the facts that
       made it likely Third Party Plaintiff's creation of digital imaging court exhibits in Ohio
       would subject him to potential civil liability under federal law.

258.   Third Party Plaintiff has suffered significant financial, emotional and reputation
       damages as a result of Defendant Lasorsa's failure to warn him that the conduct
       solicited by him from Third party Plaintiff was not protected judicial immunity under
       Ohio law.

259.   To the extent Third Party Plaintiff is found liable for conduct performed in creating
       for display or displaying court exhibits in the courtroom in Defendant Lasorsa's case,
       Defendant Lasorsa is liable for the full amount of those damages in contribution.

FAILURE TO WARN – COURT ORDERING THE CREATION, TRANSPORTATION AND
DISPLAY OF COURT EXHIBITS AS ALLEGED IN THE COMPLAINT COULD SUBJECT
THIRD PARTY PLAINTIFF TO CIVIL LIABILITY UNDER FEDERAL LAW

260.  Plaintiff incorporates all previous paragraphs as if fully re-written.

261.  Defendant Lasorsa knew or had reason to know that the order by a federal judge for
      Third Party Plaintiff to create, transport and display court exhibits as alleged in the
      complaint could subject Third Party Plaintiff to civil liability under federal law.

262.  Defendant Lasorsa had no reason to believe Third Party Plaintiff would realize that
      the order by a federal judge for Third Party Plaintiff to create, transport and display
      court exhibits as alleged in the complaint could subject Third Party Plaintiff to civil
      liability under federal law.

263.  Defendant Lasorsa failed to exercise reasonable care to inform Third Party Plaintiff
      that the order by a federal judge for Third Party Plaintiff to create, transport and
      display court exhibits as alleged in the complaint could subject Third Party Plaintiff
      to civil liability under federal law.

264.  Third Party Plaintiff has suffered significant financial, emotional and reputation
      damages as a result of Defendant Lasorsa's failure to warn him that the order by
      federal judge for Third Party Plaintiff to create, transport and display court exhibits as
      alleged in the complaint could subject Third Party Plaintiff to civil liability under
      federal law.

265.  To the extent Third Party Plaintiff is found liable for conduct performed in creating
      for display or displaying court exhibits in the courtroom in Defendant Lasorsa's case,
      Defendant Lasorsa is liable for the full amount of those damages in contribution.

47

SOLICITATION TO VIOLATE FEDERAL LAW – DEFENDANT SMALLWOOD

266.  Plaintiff incorporates all previous paragraphs as if fully re-written.

267.  Presuming the conduct alleged against Third Party Plaintiff violates 18 U.S.C. 2252

and further subjects Third Party Plaintiff to liability under 18 U.S.C. 2252(A)(f) for

which there is no immunity, Defendant Smallwood solicited such conduct from Third

Party Plaintiff in connection with his defense of a criminal case in federal district

court for the northern district of Oklahoma.

a.  To wit:

i.  The United States of America v. Shreck 03-CR-43.

268.  Third Party Plaintiff has suffered significant financial, emotional and reputation

damages as a result of Defendant Smallwood's solicitation to violate 18 U.S.C. 2252

subjecting Third Party Plaintiff to liability under 18 U.S.C. 2252(A)(f) for which

there is no immunity.

269.  To the extent Third Party Plaintiff is found liable for conduct performed in creating

for display or displaying court exhibits in the courtroom in Defendant Smallwood's

case, Defendant Smallwood is liable for the full amount of those damages in

contribution.

FAILURE TO WARN – VIOLATION OF FEDERAL LAW
DEFENDANT SMALLWOOD

270.  Third Party Plaintiff incorporates all previous paragraphs as if full re-written.

271.  Defendant Smallwood knew or should have known that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252, et seq.

272.  Defendant Smallwood knew or should have known that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252, et seq for which there is no immunity.

273.  Defendant Smallwood requested Third Party Plaintiff participate as an expert witness in the case he was defending in the federal district court for the Northern District of Oklahoma.

274.  On behalf of his client, Defendant Smallwood had full authority and control over what witnesses he would present in his defense case.

275.  Defendant Smallwood had no duty to present Third Party Plaintiff as a witness in his client's case.

276.  On behalf of his client, Defendant Smallwood had the authority to exclude Third Party Plaintiff from being a witness in his case.

277.  On behalf of his client, Defendant Smallwood had the authority to exclude some, all or none of the court exhibits created for display and/or displayed by Third Party Plaintiff in the courtroom in his case.

278.  Defendant Smallwood had a duty to warn Third Party Plaintiff that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252, et seq for which there is no immunity.

49

279. Defendant Smallwood had a duty to warn Third Party Plaintiff that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252(A)(f), et seq for which there is no immunity.

280. Defendant Smallwood failed to warn Third Party Plaintiff that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252, et seq for which there is no immunity.

281. Defendant Smallwood failed to warn Third Party Plaintiff that the conduct he solicited from Third Party Plaintiff was a violation of 18 U.S.C. 2252(A)(f), et seq for which there is no immunity.

282. As a result of Defendant Smallwood's failure to warn Third Party Plaintiff he has suffered financial, emotional and reputation damage including, but not limited to, being named a defendant in this civil matter brought by plaintiffs.

283. To the extent Third Party Plaintiff is found liable for conduct performed in creating for display or displaying court exhibits in the courtroom in Defendant Smallwood's case, Defendant Smallwood is liable for the full amount of those damages in contribution.

FAILURE TO WARN – PREEMPTION OF R.C. 2907.321, R.C. 2907.322 AND/OR R.C.
2907.323 – DEFENDANT SMALLWOOD

284. Plaintiff incorporates all previous paragraphs as if fully re-written.

285. R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323 contain a provision exempting persons such as Third Party Plaintiff in his capacity as attorney or expert witness from prosecution for what would otherwise be violations of either of those statutes.

286. 18 U.S.C. 2252, et seq **do not** contain a provision exempting persons such as Third Party Plaintiff in his capacity as attorney or expert witness from prosecution for what would otherwise be violations of the statute.

287. 18 U.S.C. 2252, et seq. preempts R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323 and permits prosecution of Ohio citizens for conduct that would otherwise be exempted from prosecution under the exemptions in those statutes.

288. Defendant Smallwood knew or should have known that 18 U.S.C. 2252, et seq preempts R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323 and its exemptions that purportedly protected Third Party Plaintiff's conduct in creating court exhibits for the Shreck case in Ohio for judicial purposes.

289. Defendant Smallwood had a duty to warn Third Party Plaintiff that 18 U.S.C. 2252, et seq preempts R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323 and its exemptions that purportedly protected Third Party Plaintiff's conduct in creating court exhibits for the Shreck case in Ohio for judicial purposes.

290. Defendant Smallwood failed to warn Third Party Plaintiff that 18 U.S.C. 2252, et seq preempts R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323 and its exemptions that purportedly protected Third Party Plaintiff's conduct in creating court exhibits for the Shreck case in Ohio for judicial purposes.

51

291.    As a result of Defendant Smallwood's failure to warn Third Party Plaintiff about the preemption of 18 U.S.C. 2252, et seq. Third Party Plaintiff has suffered financial, emotional and reputation damage including, but not limited to, being named a defendant in this civil matter brought by plaintiffs.

292.    To the extent Third Party Plaintiff is found liable for conduct performed in creating for display or displaying court exhibits in the courtroom in Defendant Smallwood's case, Defendant Smallwood is liable for the full amount of those damages in contribution.

FAILURE TO WARN – NO WITNESS IMMUNITY – DEFENDANT SMALLWOOD

293.   Plaintiff incorporates all previous paragraphs as if fully re-written.

294.   Defendant Smallwood knew or had reason to know that the absolute witness immunity under Ohio law for the conduct which he requested Third Party Plaintiff perform in support of the requested digital imaging expert testimony was preempted by 18 U.S.C. 2252(A)(f).

295.   Defendant Smallwood had no reason to believe Third Party Plaintiff would realize the requested conduct was not protected by the absolute witness immunity under Ohio law resulting in civil liability under 18 U.S.C. 2252(A)(f).

296.   Defendant Smallwood failed to exercise reasonable care to inform Third Party Plaintiff of the lack of protection from the absolute witness immunity under Ohio law or of the facts that made it likely Third Party Plaintiff's presentation of digital imaging court exhibits would subject him to potential civil liability under federal law.

297.   Third Party Plaintiff has suffered significant financial, emotional and reputation damages as a result of Defendant Smallwood's failure to warn him that the conduct solicited by Defendant Smallwood from Third party Plaintiff was not protected under Ohio's absolute witness immunity.

298.   To the extent Third Party Plaintiff is found liable for conduct performed in creating for display or displaying court exhibits in the courtroom in Defendant Smallwood's case, Defendant Smallwood is liable for the full amount of those damages in contribution.

FAILURE TO WARN – NO JUDICIAL IMMUNITY – DEFENDANT SMALLWOOD

299.   Plaintiff incorporates all previous paragraphs as if fully re-written.

300.   Defendant Smallwood knew or had reason to know that there was no judicial immunity for the conduct which Defendant Smallwood was requesting Third Party Plaintiff perform in Ohio in support of the requested digital imaging expert testimony.

301.   Defendant Smallwood had no reason to believe Third Party Plaintiff would realize the requested conduct was not protected by the judicial immunity under Ohio law resulting in civil liability under 18 U.S.C. 2252(A)(f).

302.   Defendant Smallwood failed to exercise reasonable care to inform Third Party Plaintiff of the lack of protection from the judicial immunity under Ohio law or of the facts that made it likely Third Party Plaintiff's presentation of digital imaging court exhibits would subject him to potential civil liability under federal law.

303.   Third Party Plaintiff has suffered significant financial, emotional and reputation damages as a result of Defendant Smallwood's failure to warn him that the conduct solicited by him from Third party Plaintiff was not protected judicial immunity under Ohio law.

304.   To the extent Third Party Plaintiff is found liable for conduct performed in creating for display or displaying court exhibits in the courtroom in Defendant Smallwood's case, Defendant Smallwood is liable for the full amount of those damages in contribution.

FAILURE TO WARN – COURT AUTHORIZING THE DISPLAY OF COURT EXHIBITS AS
ALLEGED IN THE COMPLAINT COULD SUBJECT THIRD PARTY PLAINTIFF TO CIVIL
LIABILITY UNDER FEDERAL LAW

305. Plaintiff incorporates all previous paragraphs as if fully re-written.

306. Defendant Smallwood knew or had reason to know that the order by a federal judge
for Third Party Plaintiff to create, transport and display court exhibits as alleged in
the complaint could subject Third Party Plaintiff to civil liability under federal law.

307. Defendant Smallwood had no reason to believe Third Party Plaintiff would realize
that the order by a federal judge for Third Party Plaintiff to create, transport and
display court exhibits as alleged in the complaint could subject Third Party Plaintiff
to civil liability under federal law.

308. Defendant Smallwood failed to exercise reasonable care to inform Third Party
Plaintiff that the order by a federal judge for Third Party Plaintiff to create, transport
and display court exhibits as alleged in the complaint could subject Third Party
Plaintiff to civil liability under federal law.

309. Third Party Plaintiff has suffered significant financial, emotional and reputation
damages as a result of Defendant Smallwood's failure to warn him that the order by a
federal judge for Third Party Plaintiff to create, transport and display court exhibits as
alleged in the complaint could subject Third Party Plaintiff to civil liability under
federal law.

310. To the extent Third Party Plaintiff is found liable for conduct performed in creating
for display or displaying court exhibits in the courtroom in Defendant Smallwood's
case, Defendant Smallwood is liable for the full amount of those damages in
contribution.

CONSPIRACY TO VIOLATE FEDERAL LAW
DEFENDANT JUDGE JANE BOND (retired)

311.    Plaintiff incorporates all previous paragraphs as if fully re-written.

312.    Defendant Judge Bond was, at all times relevant, a licensed attorney in the state of
Ohio.

313.    Defendant Judge Bond, at all times relevant, was sufficiently educated in the law to
understand all the legal issues contained in the cases before her.

314.    Defendant Judge Bond, at all times relevant, could read and understand the United
States Code and the Ohio Revised Code.

315.    Defendant Judge Bond had the full authority of any state court judge while in her
courtroom.

316.    Defendant Judge Bond presided over a case in her courtroom entitled State v. Sparks.

317.    The trial of that case included testimony by Third Party Plaintiff regarding
technological issues of digital images as evidence in the case then pending before
Defendant Judge Bond.

318.    Plaintiffs have alleged that court exhibits displayed in Defendant Judge Bond's
courtroom contained portions of images of minor plaintiffs Roe and Doe.

319.    Prior to Third Party Plaintiff's testimony, the Plaintiff in Sparks, the State of Ohio,
objected to the display of any of Third Party Plaintiff's court exhibits.

320.    Defendant Judge Bond overruled the State of Ohio's objection.

321.    During his testimony in Sparks, Third Party Plaintiff, in his capacity as a digital
imaging expert witness, presented a series of digital image exhibits.

322.    Defendant Judge Bond was present and attentive throughout that hearing.

56

323. Defendant Judge Bond visually examined all digital image exhibits presented at the hearing as they were displayed on a screen in his courtroom during the hearing.

324. Defendant Judge Bond relied upon those exhibits in her evaluation of legal arguments in that case.

325. The exhibits presented by Third Party Plaintiff were ordered sealed by Defendant Judge Bond as part of the court record of the <u>Sparks</u> case.

326. The creation and display of the court exhibits created by Third Party Plaintiff were necessary to the adjudication of the <u>Sparks</u> case.

327. The <u>Sparks</u> case was tried to Defendant Judge Bond without a jury.

328. Defendant Judge Bond found Sparks **<u>not guilty</u>** as to each count allegation possession or pandering by Sparks of contraband images.

329. Third Party Plaintiff was the only witness permitted to testify as an expert witness about the digital image evidence in <u>Sparks</u>.

330. Defendant Stan Smith attempted to be qualified as an expert witness for the State of Ohio in <u>Sparks</u>

331. Following a hearing on his claimed expertise, Defendant Stan Smith was excluded as an expert witness in <u>Sparks</u>.

332. Defendant Judge Bond did not authorize Defendant Stan Smith to remove sealed exhibits from the court file and transport them away from the courtroom to Cleveland, Ohio or any other destination.

333. Defendant Judge Bond did not authorize Defendant Stan Smith to copy sealed exhibits and transport them away from the courtroom to Cleveland, Ohio or any other destination.

334. Defendant Judge Bond authorized Third Party Plaintiff's display of digital images as court exhibits in her courtroom.

335. Defendant Judge Bond signed a journal entry authorizing the state of Ohio to pay Third Party Plaintiff for his services as an expert witness in <u>Sparks</u>.

336. Without Defendant Judge Bond's authority, Third Party Plaintiff would not have been permitted to display any court exhibits in the <u>Sparks</u> case.

337. As such, Defendant Judge Bond authorized and/or conspired with Third Party Plaintiff to violate 18 U.S.C. 2252, et seq.

338. To the extent Third Party Plaintiff is found liable for conduct performed in creating for display or displaying court exhibits in the courtroom in Defendant Judge Bond's case, Defendant Judge Bond is liable for the full amount of those damages in contribution.

FAILURE TO WARN – VIOLATION OF FEDERAL LAW
DEFENDANT JUDGE BOND

339. Plaintiff incorporates all previous paragraphs as if fully re-written.

340. Defendant Judge Bond knew or should have known that the conduct she authorized Third Party Plaintiff to perform was a violation of 18 U.S.C. 2252, et seq for which there is <u>no immunity</u> available to Third Party Plaintiff.

341. Defendant Judge Bond had a **<u>duty to warn</u>** Third Party Plaintiff that his conduct performed under Defendant Judge Bond's authority was a violation of 18 U.S.C. 2252, et seq **<u>subjecting him to criminal prosecution</u>** for which there is no immunity.

342. Defendant Judge Bond had a **<u>duty to warn</u>** Third Party Plaintiff that his conduct granted by the authority of Defendant Judge Bond was a violation of 18 U.S.C. 2252(A)(f), et seq **<u>subjecting him to civil liability</u>** for which there is no immunity.

343. Defendant Judge Bond **<u>failed to warn</u>** Third Party Plaintiff that his conduct was a violation of 18 U.S.C. 2252, et seq subjecting him to criminal prosecution for which there is no immunity.

344. Defendant Judge Bond **<u>failed to warn</u>** Third Party Plaintiff that his conduct was a violation of 18 U.S.C. 2252(A)(f), et seq subjecting him to civil liability for which there is no immunity.

345. As a result of Defendant Judge Bond's failure to warn Third Party Plaintiff she was authorizing conduct that was a violation of 18 U.S.C. 2252, et seq. for which there is no immunity Third Party Plaintiff has suffered financial, emotional and reputation damage including, but not limited to, being named a defendant in this civil matter brought by plaintiffs.

59

346.    To the extent Third Party Plaintiff is found liable for conduct performed in creating

for display or displaying court exhibits in the courtroom in Defendant Judge Bond's

case, Defendant Judge Bond is liable for the full amount of those damages in

contribution.

FAILURE TO WARN – PREEMPTION OF R.C. 2907.321, R.C. 2907.322 AND/OR 2907.323
DEFENDANT JUDGE BOND

347.    Plaintiff incorporates all previous paragraphs as if fully re-written.

348.    Despite the lack of any authority for its preemption, Defendant Judge Bond knew or
should have known that 18 U.S.C. 2252, et seq preempts R.C. 2907.321, R.C.
2907.322 and R.C. 2907.323 and its exemptions that purportedly protected Third
Party Plaintiff's conduct in Ohio courtrooms for judicial purposes.

349.    Defendant Judge Bond had a duty to warn Third Party Plaintiff that 18 U.S.C. 2252,
et seq preempts R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323 and its exemptions
that purportedly protected Third Party Plaintiff's conduct she authorized to be
performed in her Ohio courtroom for judicial purposes.

350.    Defendant Judge Bond failed to warn Third Party Plaintiff that 18 U.S.C. 2252, et seq
preempts R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323 and its exemptions that
purportedly protected Third Party Plaintiff's conduct in Ohio courtrooms for judicial
purposes.

351.    As a result of Defendant Judge Jane Bond's failure to warn Third Party Plaintiff about
the preemption of R.C. 2907.321, R.C. 2907.322 and/or R.C. 2907.323 by 18 U.S.C.
2252, et seq. Third Party Plaintiff has suffered financial, emotional and reputation
damage including, but not limited to, being named a defendant in this civil matter
brought by plaintiffs.

352.    To the extent Third Party Plaintiff is found liable for conduct performed in creating
for display or displaying court exhibits in the courtroom in Defendant Judge Bond's
case, Defendant Judge Bond is liable for the full amount of those damages in
contribution.

CONSPIRACY TO VIOLATE FEDERAL LAW
DEFENDANT JUDGE PIKE

353.   Plaintiff incorporates all previous paragraphs as if fully re-written.

354.   Defendant Judge Pike was, at all times relevant, a licensed attorney in the state of Ohio.

355.   Defendant Judge Pike, at all times relevant, was sufficiently educated in the law to understand all the legal issues contained in the cases before him.

356.   Defendant Judge Pike, at all times relevant, could read and understand the United States Code and the Ohio Revised Code.

357.   Defendant Judge Pike had the full authority of any state court judge while in his courtroom.

358.   Defendant Judge Pike presided over a case in his courtroom entitled State v. Simms.

359.   The trial of that case included testimony by Third Party Plaintiff regarding technological issues of digital images as evidence in the case then pending before Defendant Judge Pike.

360.   Plaintiffs have alleged that court exhibits displayed in Defendant Judge Pike's courtroom contained portions of images of minor plaintiffs Roe and Doe.

361.   During his testimony in Simms, Third Party Plaintiff, in his capacity as a digital imaging expert witness, presented a series of digital image exhibits.

362.   Defendant Judge Pike was present and attentive throughout that hearing.

363.   Defendant Judge Pike visually examined all digital image exhibits presented at the hearing as they were displayed on a screen in his courtroom during the hearing.

364.   Defendant Judge Pike relied upon those exhibits in his evaluation of legal arguments in that case.

365.    The exhibits presented by Third Party Plaintiff were ordered sealed by Defendant Judge Pike as part of the court record of the <u>Simms</u> case.

366.    The creation and display of the court exhibits created by Third Party Plaintiff were necessary to the adjudication of the <u>Simms</u> case.

367.    The <u>Simms</u> case was resolved by a plea offer from the State of Ohio reducing more than 40 felony contraband image possession counts to a single misdemeanor count following the testimony of Third Party Plaintiff.

368.    Third Party Plaintiff was the only witness permitted to testify as an expert witness about the digital image evidence in <u>Simms</u>.

369.    Defendant Judge Pike authorized Third Party Plaintiff's display of digital images as court exhibits in his courtroom.

370.    Without Defendant Judge Pike's authority, Third Party Plaintiff would not have been permitted to display any court exhibits in the <u>Simms</u> case.

371.    As such, Defendant Judge Pike authorized and/or conspired with Third Party Plaintiff to violate 18 U.S.C. 2252, et seq.

372.    To the extent Third Party Plaintiff is found liable for conduct performed in creating for display or displaying court exhibits in the courtroom in Defendant Judge Pike's case, Defendant Judge Pike is liable for the full amount of those damages in contribution.

FAILURE TO WARN – VIOLATION OF FEDERAL LAW
DEFENDANT JUDGE PIKE

373. Plaintiff incorporates all previous paragraphs as if fully re-written.

374. Defendant Judge Pike knew or should have known that the conduct he authorized Third Party Plaintiff to perform was a violation of 18 U.S.C. 2252, et seq for which there is <u>no immunity</u> available to Third Party Plaintiff.

375. Defendant Judge Pike had a **<u>duty to warn</u>** Third Party Plaintiff that his conduct performed under Defendant Judge Pike's authority was a violation of 18 U.S.C. 2252, et seq **<u>subjecting him to criminal prosecution</u>** for which there is no immunity.

376. Defendant Judge Pike had a **<u>duty to warn</u>** Third Party Plaintiff that his conduct granted by the authority of Defendant Judge Pike was a violation of 18 U.S.C. 2252(A)(f), et seq **<u>subjecting him to civil liability</u>** for which there is no immunity.

377. Defendant Judge Pike **<u>failed to warn</u>** Third Party Plaintiff that his conduct was a violation of 18 U.S.C. 2252, et seq subjecting him to criminal prosecution for which there is no immunity.

378. Defendant Judge Pike **<u>failed to warn</u>** Third Party Plaintiff that his conduct was a violation of 18 U.S.C. 2252(A)(f), et seq subjecting him to civil liability for which there is no immunity.

379. As a result of Defendant Judge Pike's failure to warn Third Party Plaintiff he was authorizing conduct that was a violation of 18 U.S.C. 2252, et seq. for which there is no immunity, Third Party Plaintiff has suffered financial, emotional and reputation damage including, but not limited to, being named a defendant in this civil matter brought by plaintiffs.

380. To the extent Third Party Plaintiff is found liable for conduct performed in creating for display or displaying court exhibits in the courtroom in Defendant Judge Pike's case, Defendant Judge Pike is liable for the full amount of those damages in contribution.

FAILURE TO WARN – PREEMPTION OF R.C. 2907.321, R.C. 2907.322 AND/OR 2907.323
DEFENDANT JUDGE PIKE

381. Plaintiff incorporates all previous paragraphs as if fully re-written.

382. Despite the lack of any authority for its preemption, Defendant Judge Pike knew or should have known that 18 U.S.C. 2252, et seq preempts R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323 and its exemptions that purportedly protected Third Party Plaintiff's conduct in Ohio courtrooms for judicial purposes.

383. Defendant Judge Pike had a duty to warn Third Party Plaintiff that 18 U.S.C. 2252, et seq preempts R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323 and its exemptions that purportedly protected Third Party Plaintiff's conduct he authorized to be performed in his Ohio courtroom for judicial purposes.

384. Defendant Judge Pike failed to warn Third Party Plaintiff that 18 U.S.C. 2252, et seq preempts R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323 and its exemptions that purportedly protected Third Party Plaintiff's conduct in Ohio courtrooms for judicial purposes.

385. As a result of Defendant Judge Pike's failure to warn Third Party Plaintiff about the preemption of R.C. 2907.321, R.C. 2907.322 and/or R.C. 2907.323 by 18 U.S.C. 2252, et seq. Third Party Plaintiff has suffered financial, emotional and reputation damage including, but not limited to, being named a defendant in this civil matter brought by plaintiffs.

386. To the extent Third Party Plaintiff is found liable for conduct performed in creating for display or displaying court exhibits in the courtroom in Defendant Judge Pike's case, Defendant Judge Pike is liable for the full amount of those damages in contribution.

CONSPIRACY TO VIOLATE FEDERAL LAW
DEFENDANT JUDGE NIEHAUS

387.   Plaintiff incorporates all previous paragraphs as if fully re-written.

388.   Defendant Judge Niehaus was, at all times relevant, a licensed attorney in the state of Ohio.

389.   Defendant Judge Niehaus, at all times relevant, was sufficiently educated in the law to understand all the legal issues contained in the cases before him.

390.   Defendant Judge Niehaus, at all times relevant, could read and understand the United States Code and the Ohio Revised Code.

391.   Defendant Judge Niehaus had the full authority of any state court judge while in his courtroom.

392.   Defendant Judge Niehaus presided over a case in his courtroom entitled State v. Huffman.

393.   The trial of that case included testimony by Third Party Plaintiff regarding technological issues of digital images as evidence in the case then pending before Defendant Judge Niehaus.

394.   Plaintiffs have alleged that court exhibits displayed in Defendant Judge Niehaus' courtroom contained portions of images of minor plaintiffs Roe and Doe.

395.   During his testimony in Huffman, Third Party Plaintiff, in his capacity as a digital imaging expert witness, presented a series of digital image exhibits.

396.   Defendant Judge Niehaus was present and attentive throughout that hearing.

397.   Defendant Judge Niehaus visually examined all digital image exhibits presented at the hearing as they were displayed on a screen in his courtroom during the hearing.

398.   Defendant Judge Niehaus relied upon those exhibits in his evaluation of legal
       arguments in that case.

399.   The exhibits presented by Third Party Plaintiff were ordered sealed by Defendant
       Judge Niehaus as part of the court record of the <u>Huffman</u> case.

400.   The creation and display of the court exhibits created by Third Party Plaintiff were
       necessary to the adjudication of the <u>Huffman</u> case.

401.   The <u>Huffman</u> case was tried to Defendant Judge Niehaus without a jury.

402.   Defendant Judge Niehaus found Huffman **<u>not guilty</u>** as to many of the allegations of
       possession or pandering by Huffman of contraband images.

403.   Defendant Judge Niehaus authorized Third Party Plaintiff's display of digital images
       as court exhibits in his courtroom.

404.   Defendant Judge Niehaus signed a journal entry authorizing the state of Ohio to pay
       Third Party Plaintiff for his services as an expert witness in <u>Huffman</u>.

405.   Without Defendant Judge Niehaus's authority, Third Party Plaintiff would not have
       been permitted to display any court exhibits in the <u>Huffman</u> case.

406.   As such, Defendant Judge Niehaus authorized and/or conspired with Third Party
       Plaintiff to violate 18 U.S.C. 2252, et seq.

407.   To the extent Third Party Plaintiff is found liable for conduct performed in creating
       for display or displaying court exhibits in the courtroom in Defendant Judge Niehaus'
       case, Defendant Judge Niehaus is liable for the full amount of those damages in
       contribution.

FAILURE TO WARN – VIOLATION OF FEDERAL LAW
DEFENDANT JUDGE NIEHAUS

408.  Plaintiff incorporates all previous paragraphs as if fully re-written.

409.  Defendant Judge Niehaus knew or should have known that the conduct he authorized Third Party Plaintiff to perform was a violation of 18 U.S.C. 2252, et seq for which there is no immunity available to Third Party Plaintiff.

410.  Defendant Judge Niehaus had a **duty to warn** Third Party Plaintiff that his conduct performed under Defendant Judge Niehaus's authority was a violation of 18 U.S.C. 2252, et seq **subjecting him to criminal prosecution** for which there is no immunity.

411.  Defendant Judge Niehaus had a **duty to warn** Third Party Plaintiff that his conduct granted by the authority of Defendant Judge Niehaus was a violation of 18 U.S.C. 2252(A)(f), et seq **subjecting him to civil liability** for which there is no immunity.

412.  Defendant Judge Niehaus **failed to warn** Third Party Plaintiff that his conduct was a violation of 18 U.S.C. 2252, et seq subjecting him to criminal prosecution for which there is no immunity.

413.  Defendant Judge Niehaus **failed to warn** Third Party Plaintiff that his conduct was a violation of 18 U.S.C. 2252(A)(f), et seq subjecting him to civil liability for which there is no immunity.

414.  As a result of Defendant Judge Niehaus's failure to warn Third Party Plaintiff he was authorizing conduct that was a violation of 18 U.S.C. 2252, et seq. for which there is no immunity Third Party Plaintiff has suffered financial, emotional and reputation damage including, but not limited to, being named a defendant in this civil matter brought by plaintiffs.

415.    To the extent Third Party Plaintiff is found liable for conduct performed in creating for display or displaying court exhibits in the courtroom in Defendant Judge Niehaus' case, Defendant Judge Niehaus is liable for the full amount of those damages in contribution.

FAILURE TO WARN – PREEMPTION OF R.C. 2907.321, R.C. 2907.322 AND/OR 2907.323
DEFENDANT JUDGE NIEHAUS

416.   Plaintiff incorporates all previous paragraphs as if fully re-written.

417.   Despite the lack of any authority for its preemption, Defendant Judge Niehaus knew
       or should have known that 18 U.S.C. 2252, et seq preempts R.C. 2907.321, R.C.
       2907.322 and R.C. 2907.323 and its exemptions that purportedly protected Third
       Party Plaintiff's conduct in Ohio courtrooms for judicial purposes.

418.   Defendant Judge Niehaus had a duty to warn Third Party Plaintiff that 18 U.S.C.
       2252, et seq preempts R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323 and its
       exemptions that purportedly protected Third Party Plaintiff's conduct he authorized to
       be performed in his Ohio courtroom for judicial purposes.

419.   Defendant Judge Niehaus failed to warn Third Party Plaintiff that 18 U.S.C. 2252, et
       seq preempts R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323 and its exemptions
       that purportedly protected Third Party Plaintiff's conduct in Ohio courtrooms for
       judicial purposes.

420.   As a result of Defendant Judge Niehaus' failure to warn Third Party Plaintiff about
       the preemption of R.C. 2907.321, R.C. 2907.322 and/or R.C. 2907.323 by 18 U.S.C.
       2252, et seq. Third Party Plaintiff has suffered financial, emotional and reputation
       damage including, but not limited to, being named a defendant in this civil matter
       brought by plaintiffs.

421.   To the extent Third Party Plaintiff is found liable for conduct performed in creating
       for display or displaying court exhibits in the courtroom in Defendant Judge Niehaus'
       case, Defendant Judge Niehaus is liable for the full amount of those damages in
       contribution.

CONSPIRACY TO VIOLATE FEDERAL LAW
DEFENDANT STATE OF OHIO
DEFENDANT JUDGE NIEHAUS
DEFENDANT JUDGE BOND

422.  Plaintiff incorporates all previous paragraphs as if fully re-written.

423.  Defendant State of Ohio agreed to pay Third Party Plaintiff for his work as an expert witness in several Ohio cases:  To wit

    a.  <u>Huffman</u>

    b.  <u>Sparks</u>

424.  All Ohio State Judges authorized payment to Third Party Plaintiff for his services as an expert witness in digital imaging.

425.  Ohio State Judges do not authorize payment for violations of federal law occurring in their courtroom.

426.  Third Party Plaintiff was paid by the State of Ohio for providing the agreed upon services on multiple occasions.

427.  As a matter of public policy, Defendant State of Ohio does not pay expert witnesses to commit violations of federal law.

428.  Presuming the conduct alleged against Third Party Plaintiff violates 18 U.S.C. 2252 and further subjects Third Party Plaintiff to liability under 18 U.S.C. 2252(A)(f) for which there is no immunity, Defendant, the State of Ohio, conspired with Third Party Plaintiff to violate federal law by paying Third Party Plaintiff to violate federal law to create and display any alleged court exhibits connected to this civil matter used in the above referenced cases.

429.  Presuming the conduct alleged against Third Party Plaintiff violates 18 U.S.C. 2252 and further subjects Third Party Plaintiff to liability under 18 U.S.C. 2252(A)(f) for

which there is no immunity, Ohio State Judges, conspired with Third Party Plaintiff to violate federal law by authorizing payment to Third Party Plaintiff to violate federal law to create and display any alleged court exhibits connected to this matter used in the above referenced cases.

430.   Third Party Plaintiff has suffered significant financial, emotional and reputation damages as a result of Ohio State conspiring to violate 18 U.S.C. 2252 subjecting Defendant to liability under 18 U.S.C. 2252(A)(f) for which there is no immunity.

431.   Third Party Plaintiff has suffered significant financial, emotional and reputation damages as a result of the State of Ohio paying Third Party Plaintiff to violate federal law and conspiring to violate 18 U.S.C. 2252 subjecting Defendant to liability under 18 U.S.C. 2252(A)(f) for which there is no immunity.

432.   To the extent Third Party Plaintiff is found liable for conduct performed in creating for display or displaying court exhibits in the courtrooms of the above named Defendant Judge's and/or where such conduct was paid for by Defendant State of Ohio, those Defendants are liable for the full amount of those damages in contribution.

UNAUTHORIZED PUBLICATION – DEFENDANT STANLEY SMITH

433.   Plaintiff incorporates all previous paragraphs as if fully re-written.

434.   Defendant Stanley Smith removed sealed court exhibits, without authorization, from the court record of the case of State v. Sparks.

435.   Defendant Stanley Smith transported those exhibits to Cleveland.

436.   If determined to be contraband, Defendant Stanley Smith's conduct is a direct violation of 18 U.S.C. 2252, et seq for which there is no immunity.

437.   No absolute or qualified immunity protects the conduct of Stanley Smith in removing sealed court exhibits from the court record of a case and distributing them to the public.

438.   Defendant Stanley Smith did not have the permission of the Judge presiding over the Sparks case, i.e. Defendant Judge Bond, to remove sealed court exhibits from the record of the Sparks case.

439.   Defendant Stanley Smith did not seek the permission of the Judge presiding over the Sparks case, i.e. Defendant Judge Bond, to remove sealed court exhibits from the record of the Sparks case.

440.   Defendant Stanley Smith transported said sealed exhibits, without authorization from the court in State v. Sparks, alleged to be contraband in this matter, to Cleveland and delivered them to Detective Greg King of the Cleveland Police Department.

441.   As an Akron police officer, Defendant Stanley Smith is tasked with the duty of investigating state crimes.

442.   Defendant Stanley Smith was not investigating any violation of any Ohio statute when he removed sealed exhibits from the record of the <u>Sparks</u> matter and transported them to Detective Greg King in Cleveland.

443.   Defendant Stanley Smith's conduct was an attempt to influence, intimidate, or hinder a witness involved in a criminal action or proceeding in the discharge of the duties of that witness meeting the elements for a violation of 2921.04.

444.   Following Defendant Stanley Smith's conduct, Third Party Plaintiff entered into an agreement with the federal government to discontinue participating as an expert witness in criminal cases in the way he did in the <u>Sparks</u> matter.

445.   18 U.S.C. 2252, et seq prohibits the possession and transportation of items defined as contraband under either 18 U.S.C. 2256(8)(A), (B) or (C).

446.   18 U.S.C. 2252, et seq contains no exception to its application.

447.   Defendant Stanley Smith's transportation of the sealed court exhibits from the <u>Sparks</u> case, if such court exhibits are deemed contraband under 18 U.S.C. 2252, et seq., was a direct violation of 18 U.S.C. 2252.

448.   No immunity of any kind exists under 18 U.S.C. 2252, et seq for Defendant Stanley Smith's possession or transportation of images deemed contraband under 18 U.S.C. 2252, et seq.

449.   The protections/exceptions in either R.C. 2907.321, R.C. 2907.322 and/or R.C. 2907.323 do not protect Defendant Stanley Smith's conduct from being a violation of 18 U.S.C. 2252, et seq.

450.   Defendant Stanley Smith's possession of the sealed court exhibits from the <u>Sparks</u> case, if deemed contraband, was a direct violation of 18 U.S.C. 2252.

451.    Defendant Stanley Smith knew or should have known that his conduct would result in damage to Plaintiffs in this matter.

452.    Defendant Stanley Smith knew or should have known that his conduct would result in damage to Third Party Plaintiff in this matter.

453.    Defendant Stanley Smith knew or should have known that his conduct would result in Plaintiffs filing this case against Third Party Plaintiff alleging his liability for those damages.

454.    But for the conduct of Defendant Stanley Smith, Plaintiffs in this matter would have suffered no damages.

455.    To the extent Third Party Plaintiff is found liable for the publication outside the courtroom of any court exhibits, Defendant Stanley Smith is liable for the full amount of those damages in contribution.

FEDERAL LAW VIOLATION – DEFENDANT GREG KING

456.    Plaintiff incorporates all previous paragraphs as if fully re-written.

457.    Defendant Greg King received sealed court exhibits, without authorization, from the court record of the case of State v. Sparks.

458.    As a Cleveland police officer, Defendant Greg King is tasked with the duty of investigating state crimes.

459.    Defendant Greg King was not investigating any violation of any Ohio statute when he received sealed exhibits from the record of the Sparks matter from Defendant Stanley Smith.

460.    Defendant Greg King's conduct was an attempt to influence, intimidate, or hinder a witness involved in a criminal action or proceeding in the discharge of the duties of that witness meeting the elements for a violation of R.C. 2921.04.

461.    Following Defendant Greg King's conduct, Third Party Plaintiff entered into an agreement with the federal government to discontinue participating as an expert witness in criminal cases in the way he did in the Sparks matter.

462.    18 U.S.C. 2252, et seq prohibits the possession and transportation of items defined as contraband under either 18 U.S.C. 2256(8)(A), (B) or (C).

463.    18 U.S.C. 2252, et seq contains no exception to its application.

464.    Defendant Greg King's possession of the sealed court exhibits from the Sparks case, if deemed contraband, was a direct violation of 18 U.S.C. 2252, et seq.

465.    No immunity of any kind exists under 18 U.S.C. 2252, et seq for Defendant Greg King's conduct.

466.    Defendant Greg King knew his conduct in possessing alleged contraband from the
        Sparks case was a violation of 18 U.S.C. 2252, et seq for which there is no immunity.

467.    The protections/exceptions in either R.C. 2907.321, R.C. 2907.322 and/or R.C.
        2907.323 do not protect Defendant Greg King's conduct from being a violation of 18
        U.S.C. 2252, et seq.

468.    Defendant Greg King knew or should have known that his conduct would result in
        damage to Plaintiffs in this matter.

469.    Defendant Greg King knew or should have known that his conduct would result in
        damage to Third Party Plaintiff in this matter.

470.    Defendant Greg King knew or should have known that his conduct would result in
        Plaintiffs filing this case against Third Party Plaintiff alleging his liability for those
        damages.

471.    But for the conduct of Defendant Greg King, Plaintiffs in this matter would have
        suffered no damages.

472.    To the extent Third Party Plaintiff is found liable for the publication outside the
        courtroom of any court exhibits, Defendant Greg King is liable for the full amount of
        those damages in contribution.

JOINT LIABILITY – JOHN DOE, AGENT OF THE FEDERAL BUREAU OF
INVESTIGATION, CLEVELAND FIELD OFFICE

473.  Plaintiff incorporates all previous paragraphs as if fully re-written.

474.  Defendant John Doe received sealed court exhibits, without authorization, from the
court record of the case of State v. Sparks.

475.  Defendant John Doe received those court exhibits from Defendant Greg King.

476.  Defendant John Doe received those court exhibits from Defendant Stanley Smith.

477.  18 U.S.C. 2252, et seq prohibits the possession and transportation of items defined as
contraband under either 18 U.S.C. 2256(8)(A), (B) or (C).

478.  18 U.S.C. 2252, et seq contains no exception to its application even for agents of the
federal bureau of investigation.

479.  Defendant John Doe's possession of the court exhibits from the Sparks case, if
deemed contraband, was a direct violation of 18 U.S.C. 2252, et seq for which there is
no immunity.

480.  The protections/exceptions in either R.C. 2907.321, R.C. 2907.322 and/or R.C.
2907.323 do not protect Defendant John Doe's conduct from being a violation of 18
U.S.C. 2252, et seq.

481.  Defendant John Doe knew his conduct in possessing alleged contraband from the
Sparks case was a violation of 18 U.S.C. 2252, et seq for which there is no immunity.

482.  Defendant John Doe displayed court exhibits from Sparks to Plaintiffs Lora and
Bloom.

483.  Defendant John Doe knew or should have known that his conduct would result in
damage to Plaintiffs in this matter.

484.    Defendant John Doe knew or should have known that his conduct would result in damage to Third Party Plaintiff in this matter.

485.    Defendant John Doe knew or should have known that his conduct would result in Plaintiffs filing this case against Third Party Plaintiff alleging his liability for those damages.

486.    But for the conduct of Defendant John Doe, Plaintiffs in this matter would have suffered no damages.

487.    Defendant John Doe is liable for the entire damages, if any, suffered by Plaintiffs in this matter as a result of his conduct as outlined above.

### ALLEGATIONS AS AGAINST ALL DEFENSE ATTORNEY THIRD PARTY DEFENDANTS

488.    Plaintiff incorporates all previous paragraphs as if fully re-written.

489.    Defendants were not authorized, permitted or privileged to use the manipulated downloaded images.

490.    No state law public policy underlying any judicial privilege applies to or is served by protecting the Defendant's conduct.  The absolute privilege to speak freely in court does not and cannot apply to protect the misappropriation of another's image and is not a bar to the plaintiff's claims for damages against Third Party Plaintiff when the reputation/conduct/identity of the person depicted in the image is not related to any issue before the court, related to the court proceeding, and/or the use of or the manipulation of the image itself constitutes the tortious conduct.

491.    By committing the acts set forth above, Defendants have violated 18 U.S.C. 2252(A)(a) and (b).

492.  Pursuant to 18 U.S.C. 2252A(f)(1), Plaintiffs are entitled to civil relief as set forth in 18 U.S.C. 2252A(f)(2), including injunctive relief, compensatory and punitive damages, costs and reasonable expert and attorney's fees because they are aggrieved by the reason of the conduct of Third Party Defendants as prohibited under 18 U.S.C. 2252(A)(a) or (b).

493.  Pursuant to 18 U.S.C. 2255, Plaintiffs, Doe and Roe are entitled to civil relief as specifically set forth in their complaint including actual damages deemed not be less than $50,000, costs and attorney's fees because they are minors who are victims of a violation of 18 U.S.C. 2252(A) and who suffered personal injury, to wit:  mental anguish, distress, embarrassment, and humiliation and will suffer similar personal injuries in the future as they age as a result of Third Party Defendants' conduct as outlined above.

494.  Pursuant to 18 U.S.C. 2255, Plaintiffs, Lora and Bloom are entitled to civil relief as specifically set forth in their complaint including actual damages deemed not be less than $50,000, costs and attorney's fees because they are minors who are victims of a violation of 18 U.S.C. 2252(A) and who suffered personal injury, to wit:  mental anguish, distress, embarrassment, and humiliation and will suffer similar personal injuries in the future as they age as a result of Third Party Defendants' conduct as outlined above.

495.  Pursuant to 18 U.S.C. 2252(A)(f)(1), Plaintiffs Roe and Doe are entitled to civil relief as set forth in 18 U.S.C. 2252(A)(f)(2) because they are persons aggrieved by conduct prohibited under 18 U.S.C. 2252(A)(a) or (b).

81

496.    Third Party Defendants solicited the publication in court of the visual depictions of Plaintiffs Roe and Doe with a conscious disregard for the rights and safety of others that had a great probability of causing substantial harm and therefore did so with malice.

497.    Third Party Defendants offer the testimony of Third Party Plaintiff including the providing court exhibits for publication in court of the visual depictions of Plaintiffs Roe and Doe with a conscious disregard for the rights and safety of others that had a great probability of causing substantial harm and therefore did so with malice.

498.    18 U.S.C. 2252 and 2255, et seq contain no exception permitting or otherwise immunizing Third Party Defendants' conduct.

499.    Third Party Defendants' conduct had commercial value since they were paid for their services as defense counsel which services included the solicitation and presentation of the expert witness testimony and exhibits of Third Party Plaintiff when he used those images to support his opinion at the request of Third Party Defendants.

ALLEGATIONS AS AGAINST ALL JUDGE THIRD PARTY DEFENDANTS

500.    Plaintiff incorporates all previous paragraphs as if fully re-written.

501.    Defendants were not authorized, permitted or privileged to authorize or order the use of the manipulated downloaded images.

502.    No state law public policy underlying any judicial privilege applies to or is served by protecting the Defendant's conduct.  The absolute privilege to speak freely in court does not and cannot apply to protect the authorization by a judge for the misappropriation of another's image and is not a bar to the plaintiff's claims for damages against Third Party Plaintiff when the reputation/conduct/identity of the

82

person depicted in the image is not related to any issue before the court, related to the court proceeding, and/or the use of or the manipulation of the image itself constitutes the tortious conduct.

503. By committing the acts set forth above, Defendants have violated 18 U.S.C. 2252(A)(a) and (b).

504. Pursuant to 18 U.S.C. 2252A(f)(1), Plaintiffs are entitled to civil relief as set forth in 18 U.S.C. 2252A(f)(2), including injunctive relief, compensatory and punitive damages, costs and reasonable expert and attorney's fees because they are aggrieved by the reason of the conduct of Defendants as prohibited under 18 U.S.C. 2252(A)(a) or (b).

505. Pursuant to 18 U.S.C. 2255, Plaintiffs, Doe and Roe are entitled to civil relief as specifically set forth in their complaint including actual damages deemed not be less than $50,000, costs and attorney's fees because they are minors who are victims of a violation of 18 U.S.C. 2252(A) and who suffered personal injury, to wit: mental anguish, distress, embarrassment, and humiliation and will suffer similar personal injuries in the future as they age as a result of Third Party Defendants' conduct as outlined above.

506. Pursuant to 18 U.S.C. 2255, Plaintiffs, Lora and Bloom are entitled to civil relief as specifically set forth in their complaint including actual damages deemed not be less than $50,000, costs and attorney's fees because they are minors who are victims of a violation of 18 U.S.C. 2252(A) and who suffered personal injury, to wit: mental anguish, distress, embarrassment, and humiliation and will suffer similar personal

injuries in the future as they age as a result of Third Party Defendants' conduct as outlined above.

507.     Pursuant to 18 U.S.C. 2252(A)(f)(1), Plaintiffs Roe and Doe are entitled to civil relief as set forth in 18 U.S.C. 2252(A)(f)(2) because they are persons aggrieved by conduct prohibited under 18 U.S.C. 2252(A)(a) or (b).

508.     Third Party Defendants authorized the publication in court of the visual depictions of Plaintiffs Roe and Doe with a conscious disregard for the rights and safety of others that had a great probability of causing substantial harm and therefore did so with malice.

509.     Third Party Defendants authorized the testimony of Third Party Plaintiff including providing court exhibits for publication in court of the visual depictions of Plaintiffs Roe and Doe with a conscious disregard for the rights and safety of others that had a great probability of causing substantial harm and therefore did so with malice.

510.     18 U.S.C. 2252 and 2255, et seq contain no exception permitting or otherwise immunizing Third Party Defendants' conduct.

<u>RELIEF REQUESTED</u>

Plaintiff prays for the following relief against all Defendants, jointly and severally:

1.  General damages as against all Defendants to be determined at trial;

2.  Special damages as against all Defendants to be determined at trial;

3.  For punitive damages to punish Defendants and set an example for others;

4.  For an order enjoining Defendants from further conduct consistent with the allegations herein.

5.  For attorneys' fees to the extent permitted by law;

6. For the costs of suit incurred herein;

7. For an order declaring 18 U.S.C. 2252, et seq and 18 U.S.C. 2255 preempt R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323.

8. For other relief as this court may deem just and proper.

<div style="margin-left: 40%;">
/s/Dean Boland<br>
Dean Boland 65693<br>
18123 Sloane Avenue<br>
Lakewood, Ohio 44107<br>
dean@deanboland.com<br>
216.529.9371 phone<br>
216.803.2131 fax<br>
Attorney for Plaintiff
</div>

<u>JURY TRIAL DEMAND</u>

Plaintiff requests a jury trial for all causes of action a jury trial is available.

<div style="margin-left: 40%;">
/s/Dean Boland<br>
Dean Boland 65693<br>
Attorney for Plaintiff
</div>

85