## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |
|---|---|
| JANE DOE *et al.,* | CASE NO. 1:07cv2787 |
|  | JUDGE  DAN A. POLSTER |
| *Plaintiffs* | **PLAINTIFFS' MOTION TO STRIKE and/or MOTION TO DISMISS DEFENDANT'S THIRD PARTY, COMPLAINT, COUNTERCLAIM, AND AFFIRMATIVE DEFENSES PURSUANT TO FED. CIV. R. P. 12(f) AND 12 (B)(6)** |
| vs. | |
| DEAN BOLAND | |
| *Defendant/Third Party Plaintiff* | |
| vs. | |
| JUDGE SVEN ERIK HOLMES, *et al.,* | |

NOW come the Plaintiffs, by and through their counsel, and respectfully move

this Court, pursuant to Fed. Civ. R. P. 12 (B)(6) and 12(B)(f), for an order

dismissing/striking Defendant Boland's Counterclaim, Third Party Complaint, and the

vast majority of the Affirmative Defenses asserted for failure to state a claim upon which

relief can be granted and/or as redundant, scandalous, immaterial, and/or impertinent for the reasons set forth below.

A. Defendant Boland's Third Party Complaint Against Third Party Defendants Holmes, Bond, Niehaus, Pike, State of Ohio, Clark, Malarcik, Gatts, Smallwood, and Lasorsa Should be Dismissed Pursuant to Fed. Civ R. P 12(B)(6).

Defendant Boland has filed an 86 page Third Party Complaint. Essentially, this complaint seeks to shift liability for the actions alleged in Plaintiffs' complaint to the courts that presided over the cases he appeared in as an expert witness, the defense lawyers that retained his services as an expert witness, and the State of Ohio for paying for his services as an expert witness.

Defendant Boland asserts that the trial courts in which he testified as an expert witness, the lawyers who hired him to do so, and the State of Ohio as a result of paying his expert witness fees had the legal obligation to prevent/prohibit him from committing the acts alleged in the Plaintiffs' complaint and/or warn him of the consequences of doing so. He claims that the failure to prevent/warn him from committing the acts alleged in the complaint somehow gives rise to liability or the obligation to contribute on behalf of the Third Party Defendants.

The gist of the Plaintiffs' complaint has to do with the defendant downloading images of Plaintiffs Jane Doe and Jane Roe, who are real and actual persons under the age of 18, and then using their likenesses to create obscene images. The creation/use of those images has exposed him to civil liability based upon the causes of action set forth in

the complaint.[1] In part, it accuses him of criminal conduct and seeks civil recovery for his misdeeds under several theories.

This case is unusual in that the Defendant has admitted his misconduct and is estopped from denying it as a result of his Pre-Trial Diversion agreement with the United States. This agreement is before this Court and may properly be considered by it.[2] Therefore, there is no legitimate question of fact regarding the events upon which the pleadings in this case are premised. In fact, this should be a trial for damages only.

Defendant Boland cannot dispute his conduct and has implicitly admitted it when he argues that the Third Party Defendants must indemnify him for or contribute to any judgment rendered against him based upon this conduct. However, even if Defendant Boland is disputing liability and seeking contribution only if he is found to be liable, then he has still failed to state a claim upon which relief can be granted.

Nowhere in the Third Party Complaint has Defendant Boland alleged that the Third Party Defendants had knowledge that he was going to violate Ohio and Federal criminal statutes by making obscene images using the likeness of actual children. The fact that both the courts presiding over the prosecutions in which Defendant Boland was hired to testify as an expert witness and defense counsel utilizing his services solicited/authorized/permitted/hired him to create exhibits and possess the allegedly illegal depictions underlying the charges in the cases he was involved in does not logically compel the conclusion that either the courts or defense counsel knew that and/or

---

[1] First and Fifth Causes of Action premised upon 18 USC § 2252A(f), Second and Sixth Causes of Action premised upon 18 USC § 2255, Third and Seventh Causes of Action sounded in Common Law Invasion of Privacy,  Fourth and Eighth Causes of Action premised upon Ohio Rev. Code§ 2741.07

[2] Exhibit "1" to the complaint. *See* Fed. R. Civ. P. 10(c); 2 Moore's Federal Civil Practice and Procedure §12.38 fn 3.1 (3d ed., 2007); *Northern Indiana Gun & Outdoor v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)

3

authorized Defendant Boland to create new obscene images utilizing the likeness of actual children. Such a turn of events could not even be anticipated much less sanctioned.

In essence, the Third Party Complaint is premised upon the belief that the Third Party Defendants had an obligation not only to anticipate Defendant's Boland's misconduct, but had a duty to stop him from committing these criminal acts, and/or also warn him of the consequences of his misdeeds. Plaintiffs respectfully submit to this Court that none of the Third Party Defendants had any knowledge that Defendant Boland was going to create obscene images of actual minor children,[3] but even if they did there is no civil legal responsibility which required the Third Party Defendants to prevent and/or prohibit Defendant Boland from committing criminal acts or warn him about the consequences of committing such acts.

The notice/warning that Defendant Boland claims the Third Party Defendants should have provided to him is provided to all citizens by the United States and the State of Ohio through the enactment of statutes that prohibit certain conduct as crimes. No citizen of this country can shift his responsibility to conform to the law to another. As citizens of this country who enjoy protection by the law, we are all charged with the responsibility to obey it and presumed to have knowledge of it.

Plaintiffs concede that when ruling on a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally in a light most favorable to the non-moving party. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). Also, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, --- U.S.

---

[3] Defendant Boland was authorized/hired to serve as and expert witness based upon his expertise in computer generated images. His testimony centered on the premise that virtual images cannot be distinguished from real images. Accepting this underlying premise, there would be no need to utilize the images of actual children and no reason for any of these third party defendants to even suspect that he would do so.

4

---, 127 S. Ct. 2197, 2200 (2007) (*citing Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1965 (2007) (citations omitted)). *See also*, *NicSand, Inc. v. 3M Co.*, No. 05-3431, --- F.3d ---, 2007 U.S. App. LEXIS 24270 (6th Cir. Oct. 17, 2007) (en banc) (viewing a complaint "through the prism of Rule 12(b)(6) [requires] us to accept all of its allegations and all reasonable inferences from them as true") (*citing Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002)). When reviewing a Rule 12(b)(6) motion to dismiss, the Court must "determine whether the plaintiff can prove a set of facts in support of [her] claims that would entitle [her] to relief." *Daubenmire v. City of Columbus*, No. 06-3461, --- F.3d ---, Slip Op. at 4 (6th Cir. Nov. 6, 2007) *City of Columbus*, No. 06-3461, --- F.3d ---, Slip Op. at 4 (6th Cir. Nov. 6, 2007) (quoting *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001)). In order to preclude dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations which comprise all of the essential, material elements necessary to sustain a claim for relief under some viable legal theory. *Lewis v. ACB Business Service, Inc.*, 135 F.3d 389, 406 (6th Cir. 1998).

Plaintiffs are entitled to a dismissal of the Third Party complaint pursuant to Fed Civ R. 12(B)(6) despite these rigorous standards.

The Third Party Complaint fails to set forth a "viable legal theory" or allegations which support or even inferentially sustain a claim for relief or recovery. Defendant Boland cannot and has not alleged that any of the above Third Party Defendants knew that he was going to use the likenesses of actual children to create the exhibits he was expected to create much less use the likenesses to create obscene images. Without any such allegations, his Third Party Complaint fails to state a claim for which relief can be

granted. Even with such factual allegations, his Third Party Complaint must fail on all theories except the conspiracy counts because there is no legal theory that imposes civil liability for failing to prohibit, warn, or prevent any other person from adhering to the normal requirements of society that militate against criminal conduct. Arguably, if Defendant Boland can produce allegations or proof that the Third Party Defendants intentionally conspired with and/or knowingly solicited him to create the obscene images utilizing the likenesses of the two minor plaintiffs then those counts should not be dismissed.

Finally, the jurists named as third party defendants at absolutely immune from this type of action.[4] This means that they cannot be sued for their conduct unless they arguably had no jurisdiction over the matter before them. This has not been alleged.

**B. Defendant Boland's Third Party Complaint against Third Party Defendants Holmes, Bond, Niehaus, Pike, State of Ohio, Clark, Malarcik, Gatts, Smallwood, and Lasorsa Should be Stricken Pursuant to Fed. Civ. R. P 12(f) as Scandalous, Impertinent, and Immaterial.**

As stated above, Defendant Boland has failed to directly allege that any of Third Party Defendants Holmes, Bond, Niehaus, Pike, State of Ohio, Clark, Malarcik, Gatts, Smallwood, and Lasorsa knew that he was going to create obscene "exhibits" using the likenesses of any actual children. Defendant Boland has failed to directly allege that any of these third party defendants solicited him do so. Instead, he has elected to "play fast and loose" with the facts. Defendant Boland seems to be indirectly alleging that since he was authorized and/or hired to "create exhibits" and since he created obscene "exhibits" using the likenesses of the minor plaintiffs, then he must have been authorized and/or

---

[4] *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam).

hired to create obscene "exhibits" using the likenesses of the minor plaintiffs. To the extent that he has done so, his Third Party Complaint is scandalous, immaterial, impertinent, and should be stricken pursuant to Fed. Civ. R. P. 12(f).

According to 2 Moore's Federal Practice, Section 12.37[3] at 12-129 to 132 (3d ed., 2007):

> Rule 12(f) provides the court a means to remove material from a pleading that it finds "redundant, immaterial, impertinent, or scandalous" or defenses that it finds legally insufficient. To prevail on this motion to strike, the movant must clearly show that the challenged matter "has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants."
>
> Several grounds listed in the rule for granting a motion to strike may overlap. But generally, courts will strike a claim as "redundant" when it essentially repeats another claim in the same complaint. An allegation is "impertinent" or "immaterial" when it is neither responsive nor relevant to the issues involved in the action.
>
> * * *
>
> "Scandalous" generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court. It is not as broad as "impertinent," and courts will usually strike so-called scandalous material only if it is irrelevant and immaterial to the issues in controversy. [Footnotes omitted].

It is scandalous to imply that the jurists and lawyers that are the subject of the Third Party Complaint somehow sanctioned or are responsible for Defendant Boland's creation of obscene images depicting actual minors when they only authorized and/or hired him to create legitimate exhibits in defense of criminal cases. As stated above, there is no recognized legal theory that would permit recovery because the Third Party Defendant failed to prevent, warn, or prohibit Defendant Boland from engaging in criminal conduct or insulate him from the civil ramifications of such conduct.

Absent direct allegations or a showing of proof that these third party defendants knew of or somehow knowingly sanctioned or solicited the creation of obscene exhibits utilizing the likenesses of actual children no evidence should be admitted at trial in support of Defendant Boland's contribution claims. Therefore, the indirect allegations giving rise to these claims should be stricken as immaterial and impertinent.

> In deciding whether to strike a Rule 12(f) motion on the ground that the matter is impertinent and immaterial, it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible. *Gleason v. Chain Service Restaurant,* 300 F.Supp. 1241 (S.D.N.Y.1969), aff'd, 422 F.2d 342 (2d Cir. 1970); *Fleischer v. A. A. P., Inc.,* 180 F.Supp. 717 (S.D.N.Y.1959); *Wimberly v. Clark Controller Co.,* 364 F.2d 225 (6th Cir. 1966); *Parks-Cramer Co. v. Mathews Cotton Mills,* 36 F.Supp. 236 (W.D.S.C.1940); see generally, 2A Moore's Federal Practice P 12-21(1) (2d ed. 1975).

*Lipsky v. Commonwealth United Corp.* 551 F.2d 887 at 893 (2nd Cir 1976).

D. Defendant Boland's Third Party Complaint against Third Party Defendants Smith, King, and John Doe FBI Agent Should be Dismissed Pursuant to Fed. Civ R. P 12(B)(6) and Defendant Boland's Lack of Standing

In paragraphs 467 through 521 of his Third Party Complaint, Defendant Boland seeks contribution from law enforcement officials who possessed the obscene images and who allegedly transported them to other law enforcement entities which resulted in his diverted prosecution. Defendant Boland complains that this conduct violated the Federal Child Pornography Protection Act and that the Ohio statutory protections/exceptions do not protect Third Party defendants Smith, King, and Doe from this misconduct.

Defendant Boland goes on to claim that the conduct of the three law enforcement officers directly damaged the Plaintiffs, the three third party defendants knew that it would damage the Plaintiffs, and that but for this conduct the Plaintiffs would have suffered no damage. It appears that Defendant Boland is claiming that these three officers

are an intervening cause consistent with an affirmative defense that he has asserted in his answer.

Plaintiffs respectfully submit to this Court that it should not entertain such a blatant and baseless attempt to escape the civil consequences of criminal conduct. Defendant Boland is once again basically suggesting to this court that he is not responsible for his own intentional misconduct. He postulates that had the three law enforcement third party defendants ignored their duty to investigate this matter and/or refer it to the proper channels his misdeeds would have gone undetected and no harm would ever have occurred. This argument is obviously flawed for many reasons.

Firstly, Defendant Boland created the digital equivalent of a time bomb. There is no telling when it will go off and what the consequences will be. He testified in open court concerning these exhibits. He more than likely showed them to defense lawyers and shared his exhibits with prosecutors. The Third Party Complaint is only a partial guide to his publication of the exhibits obscenely depicting the minor plaintiffs. The images are in evidence in several courts with all the necessary personal having possession of them and viewing them. It is impossible to predict when and if the images will be diverted to improper channels. Once this happens it is undeniable that they will be the subject of instantaneous world wide electronic publication. Defendant Boland is responsible for this and no one else.

Secondly, it is far more reasonable to conclude that the diverted prosecution caused by the actions of the three law enforcement third party defendants stopped Defendant Boland's use of these images and greatly minimized any potential sources of dissemination of the images whether licit or illicit.

9

Thirdly, the transportation/possession of these images during the investigation of their origin would be protected under Ohio law unlike their creation.

Fourthly, the legitimate use of the illegal images created by Defendant Boland does not violate federal or state law. Law enforcement is entitled to use, possess, and transport contraband of all kinds without incurring criminal culpability. Defendant Boland's claims are readily revealed as spurious when viewed in light of the realities of life and the criminal justice system. The three law enforcement third party defendants are no more liable for damages sustained in this case than the homicide detective is who shows a photograph of the deceased to the widow or the deputy coroner who has the widow identify her husband's remains. The murderer placed the chain of events into action which ultimately and certainly lead to the viewing of the body not the law enforcement official. It is the murderer who is responsible for this suffering in an ensuing wrongful death action not the detective/deputy coroner.

Criminal conduct necessarily results in harm to the victim(s). Part of this harm is the eventual discovery of the crime and the victims' learning of it. Criminals cannot escape the logical and direct consequences of their misdeeds by claiming that had they not been discovered or apprehended the victim would not have suffered damages or suffered them to a lesser extent. The children in this case are harmed by the creation of the images and are further harmed whenever their likeness was viewed in an obscene setting whether they know of it or not.

Criminals are responsible for all of the direct and proximate consequences of their misdeeds. This includes actions taken by law enforcement. The most extreme example of this is the felony-murder doctrine. It is an unquestionable tenet of our justice system that

10

one bank robber is criminally and civilly responsible for the death of his accomplice who was shot by the police during the robbery or even while fleeing thereafter. This is true even though no death would have ensued had a law enforcement official elected not to fire.

The fallacy behind the Defendant's position is illustrated by the logical extension of Defendant Boland's arguments. If Defendant Boland's arguments are accepted by this Court, it will be illegal for this Court and the jury to see the images in question and Defendant Boland will be entitled to contribution from the adult plaintiffs because they published the images to the jury and this Court.

Since Defendant Boland is neither a sovereign entity nor a victim in this case, then he lacks standing to assert these claims even if it were true that the transportation/possession of the images created by the defendant constituted criminal conduct or somehow increased the damages suffered by the Plaintiffs.

Fifthly, the law enforcement third party defendants are qualifiedly immune from this suit. The allegation that they took evidence from a public courtroom without the consent of the judge is of no consequence. They are immune "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." [5] No allegation contained in the third party

---

[5] The defense of qualified immunity shields government officials from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *see also Smoak v. Hall*, 460 F.3d 768, 777 (6th Cir.2006). Once defendants satisfy their initial burden of demonstrating that they were acting within the scope of their authority, a plaintiff bears the burden of proving that defendants are not entitled to qualified immunity. *See Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir.2006); *see also Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir.1991).

In determining whether a law enforcement officer is entitled to qualified immunity, a court must consider two sequential questions: (1) "[t]aken in the light most favorable to the party asserting the injury,

11

complaint alleges any conduct that violates a clearly established statutory or constitutional right. Defendant Boland did not have a "right" not to be investigated especially in light of his undeniable conduct.


### E. Defendant Boland's Counter claim Should be Dismissed Pursuant to Fed R. Civ. P. 12(B)(6).

Under the guise of filing an action for the "intimidation of a witness", Defendant Boland has alleged in paragraphs 48-50 of his answer and counterclaim the following:

48.     By the filing of this action, Plaintiffs have purposefully and intentionally initiated a series of steps requiring the public disclosure of the identity of persons they allege are minors they have a duty to protect from harm in having their identities associated with the creation of the alleged court exhibits.

49.     Plaintiffs, for personal gain, publicly released images of persons they allege are minors they have a duty to protect.

50.     Merely the allegations in this matter filed by plaintiffs have caused significant financial, emotional and reputation damages to Defendant designed to intimidate him from participating as a digital imaging expert witness in any criminal cases for which he was formerly paid and earned an income.

Paragraph 48 is obviously false. The institution of a lawsuit on behalf of anonymous minors does not require "the public disclosure of the identity of persons they allege are minors that they have a duty to protect from harm in having there identities associated with the creation of the alleged court exhibits." The true identities of the minor plaintiffs need not be publicly revealed and steps can be taken to protect them. For the

---

do the facts alleged show the officer's conduct violated a constitutional right?"; and (2) "whether the right was clearly established." *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). The issue of qualified immunity may be submitted to a jury only if "the legal question of immunity is completely dependent upon which view of the [disputed] facts is accepted by the jury." *Brandenburg v. Cureton,* 882 F.2d 211, 216 (6th Cir.1989). We review *de novo* the district court's denial of qualified immunity. *See Feathers v. Aey,* 319 F.3d 843, 847 (6th Cir.2003) (citations omitted); *Yates v. City of Cleveland,* 941 F.2d 444, 446 (6th Cir. 1991).

*Humphrey v, Mabry,* 482 F.3d 840at 846 (Fed. 6th Cir. 2007)

reasons set forth above, Defendant Boland should not be heard to profess concern for associating the minor plaintiffs with the creation of the obscene depictions he has admitted to creating. He should certainly not be permitted to capitalize upon the claimed failure of Plaintiffs Peter Lora and Victoria Bloom to protect the minor plaintiffs from the consequences of his own misdeeds. It is a little late for Defendant Boland to feign concern over the possible logical end to a course of conduct he knowing chose to set into motion. How Plaintiffs Bloom and Lora chose to protect their wards in the future is not up to Defendant Boland.

Likewise, even if it were true that there was something wrong with children serving as professional photographic models, Defendant Boland lacks the standing to assert this "duty to protect" the minor plaintiffs just has he lacks the standing to capitalize upon any duty Plaintiffs Bloom and Lora have to protect the minor plaintiffs from being "associated" with his handiwork.

Finally, in light of the statements made and conditons agreed to by Defendant Boland in his pre-trial diversion agreement[6] admitting that he utilized the likenesses of the minor plaintiffs to create obscene images, it is impossible for Defendant Boland to prove a set of facts in support of his claim for relief based upon the theory this lawsuit was "designed to intimidate him from participating as a digital imaging expert."

His claim for relief on this theory is further undermined by the fact that he has now sued every judge that permitted him to function as a "digital imaging expert" and every attorney that has ever hired him in that capacity. The injury to Defendant Boland's expert witness business caused by the filing of this lawsuit pales in comparison to the injury that must be caused by him suing every one of his own clients. It is highly doubtful

---

[6] Exhibit "1" to the complaint

that a defense attorney mounting a legitimate defense will associate with an "expert" that creates "exhibits" depicting actual children in sexually explicit settings. In short, it is undeniable that Defendant Boland ruined his own "business." The public statement made by him as a condition of his diversion agreement verifies this.[7]

To the extent necessary to prevent Defendant Boland from future misconduct concerning the minor plaintiffs, Plaintiffs Bloom and Lora have sued for injunctive relief as provided in Pursuant to 18 USC § 2252A (f). Therefore, they are entitled by statute to prevent Defendant Boland from participating as a digital imaging expert as he has in the past.

---

[7] Exhibit "1" to the complaint

Finally, as matter of law, Ohio Rev. Code § 2921.04[8] has no application to and does not prohibit the institution of a civil suit against a witness especially after the case in which he was a witness is over. Since no criminal action or proceeding was pending at this time this lawsuit was filed, the institution of this lawsuit could not in any way "attempt to or intimidate . . . a witness involved in a criminal action or proceeding in the discharge of his duties as a witness." Any duty Defendant Boland may have had as witness was over. Likewise, Defendant Boland's admitted conduct can in no way be

---

[8] Ohio Rev. § 2921.04 states as follows:

(A) No person shall knowingly attempt to intimidate or hinder the victim of a crime in the filing or prosecution of criminal charges or a witness involved in a criminal action or proceeding in the discharge of the duties of the witness.

(B) No person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges or an attorney or witness involved in a criminal action or proceeding in the discharge of the duties of the attorney or witness.

(C) Division (A) of this section does not apply to any person who is attempting to resolve a dispute pertaining to the alleged commission of a criminal offense, either prior to or subsequent to the filing of a complaint, indictment, or information, by participating in the arbitration, mediation, compromise, settlement, or conciliation of that dispute pursuant to an authorization for arbitration, mediation, compromise, settlement, or conciliation of a dispute of that nature that is conferred by any of the following:

(1) A section of the Revised Code;

(2) The Rules of Criminal Procedure, the Rules of Superintendence for Municipal Courts and County Courts, the Rules of Superintendence for Courts of Common Pleas, or another rule adopted by the supreme court in accordance with Section 5 of Article IV, Ohio Constitution;

(3) A local rule of court, including, but not limited to, a local rule of court that relates to alternative dispute resolution or other case management programs and that authorizes the referral of disputes pertaining to the alleged commission of certain types of criminal offenses to appropriate and available arbitration, mediation, compromise, settlement, or other conciliation programs;

(4) The order of a judge of a municipal court, county court, or court of common pleas.

(D) Whoever violates this section is guilty of intimidation of an attorney, victim, or witness in a criminal case. A violation of division (A) of this section is a misdemeanor of the first degree. A violation of division (B) of this section is a felony of the third degree.

Effective Date: 09-03-1996

construed as the legitimate "discharge of the duties" of a witness in a criminal proceeding.

E. Paragraphs 48 and 49 of Defendant Boland's Counter claims Should be Stricken Pursuant to Fed R. Civ. P. 12(f) as Immaterial.

A reading of paragraphs 48 and 49 reveals that they are "neither responsive nor relevant to the issues involved in the action." Whether the filing of Plaintiffs' complaint "purposefully and intentionally initiated a series of steps requiring the public disclosure of the identity of persons they allege are minors they have a duty to protect from harm in having their identities associated with the creation of the alleged court exhibits" is irrelevant to Defendant Boland's claim of intimidation. Likewise, whether "Plaintiffs, for personal gain, publicly released images of persons they allege are minors they have a duty to protect" by submitting the minor plaintiffs photographs to a modeling agency is also irrelevant to any claim for intimidation.

Therefore based upon the law set forth above in Section C, paragraphs 48 and 49 of the Counterclaim should be stricken as immaterial since the allegations contained therein are not germane in anyway to Defendant Boland's intimidation claim.

F. The Vast Majority of Defendant Boland's Affirmative Defenses should be Stricken because they are Redundant, Immaterial and/or Impertinent.

Affirmative Defenses numbered 6, 10, 11, 12, 13, 14, 15, 16, 17, 28, 29, 30, 31, 33, 34, 37, and 38 should be stricken as redundant based upon the law set forth above in Section C. They assert constitutional or legal claims which have already been raised and overruled by this Court's denial of Defendant Boland's Motion to Dismiss.

Affirmative Defenses numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, and 32 should be stricken as immaterial and impertinent based upon the law set forth above in Section C. They raise matters that are "neither responsive nor relevant to the issues involved in the action." The arguments raised above apply to these "defenses" since they are also raised in the Third Party Complaint as causes of action. They do not constitute any recognized viable defenses or legal theories for contribution and are therefore basically irrelevant based upon the allegations set forth in the Third Party Complaint.

Affirmative defenses numbered 35, 36, 40, 41, 42, 43, 44, and 46 should be stricken as having no legal validly on their face and are therefore immaterial and impertinent.

Conclusion

Plaintiffs respectfully move this Court for an order dismissing the Third Party Complaint pursuant to Fed. Civ. R. P 12(B)(6) and striking the portions of the Third Party Complaint, the Counterclaim, and the vast majority of the Affirmative Defenses pursuant to Fed, Civ. R. P.12(B)(f) for the reasons set forth above. Plaintiffs are aware and concede that this Court may properly treat this motion as a Motion for Summary Judgment[9] or a Motion for Judgment on the Pleadings pursuant To Fed. Civ. R. P 12 (c). However, Plaintiffs believe that there is no legitimate question of fact as a result of the pre-trial diversion agreement.

---

[9] Fed Civ. R. P. 12 (d) states " Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

In any event, Plaintiffs respectfully state that Defendant Boland is solely responsible for the civil ramifications of his conduct and his attempts to shift the responsibility therefore or seek contribution from others are not sounded in any recognizable theory of law or based upon any legitimate question of fact, and therefore should be dismissed or stricken.

Plaintiffs should not have to endure the burden of prosecuting their claims in the face of this third party complaint and the delays that such a complaint would cause. Similarly, those named as third party defendants should not have to appear and defend against claims like those in the third party complaint when they clearly acted within the scope and confines of the roles our criminal justice system placed upon them.

Respectfully submitted,

/s/ Jonathan E. Rosenbaum
Jonathan E. Rosenbaum (Ohio Bar Reg. No. (021698)
Attorney for Plaintiffs
230 Third Street, Suite 104
Elyria, Ohio 44035
(440) 322-7972
fax (440) 322-7972
Email: jerosenbaum@alltel.net

**Proof of Service**

A true and accurate copy of the foregoing has been electronically served this 27th day of December, 2007 by the Court's electronic filing system

/s/ Jonathan E. Rosenbaum
JONATHAN E. ROSENBAUM
Supreme Court Reg. No. 0021698
Attorney for Plaintiffs

18