IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PETER LORA, et al | 1:07 CV 2787 |
| | JUDGE DAN AARON POLSTER |
| V. | |
| | MOTION TO STRIKE |
| DEAN BOLAND | |

Now comes Dean Boland and respectfully requests this court strike plaintiffs' motion to strike Third Party Plaintiff's Third Party Complaint for the reasons contained in the attached brief.

/s/ Dean Boland
Dean Boland (0065693)
18123 Sloane Avenue
Lakewood, Ohio 44107
216.529.9371 phone
866.455.1267 fax
dean@deanboland.com

LAW AND EXPLANATION

Plaintiffs Lack Standing

Non-parties to a Third Party Complaint lack standing to move for dismissal of the Third Party Complaint.  Contrak, Inc. v. Paramount Enterprises Intern., Inc., 201 F.Supp.2d 846, N.D.Ill.,2002.

Plaintiffs are not parties to the Third Party Complaint.  Plaintiffs lack standing to file a motion to dismiss or strike the Third Party Complaint.  Even if the court finds Plaintiffs have standing to strike a complaint to which none of them are parties, their arguments to strike the complaint are without merit.

Plaintiffs concede there were no damages at the time of filing of the complaint

Plaintiffs allege a "digital time bomb" was created upon creation of the court exhibits subject to this case.  "There is no telling when it will go off and what the consequences will be."  Dkt. #17 at 9.  This admission contradicts Plaintiffs' assertion in their complaint that they have already suffered damages.  To avoid a Rule 11 dismissal for filing a frivolous claim, it is presumed Plaintiffs believe the "digital time bomb" has already detonated.  Otherwise, their complaint is premature as it seeks speculative damages for some unknown injury at some unknown time in the future that may actually never occur.

Plaintiffs' claim is that the display in court of the court exhibits caused the harm for which they seek money.  It is presume that in discovery, to commence shortly, they will be able to explain and document what those "digital time bomb" consequences are and, via expert testimony, establish what they will be in the future.  This admission by Plaintiffs underlines the arguments in the motion to dismiss that there are no damages in this case.  Plaintiffs are seeking money for perchance damages.  It is important to insure all are on the same page regarding that.  We are engaged in litigation that seeks money for damages that have not occurred and may never occur and whose occurrence is made

fantastically more likely precisely because the adult Plaintiffs are seeking money with no compunction about, yet again, publicizing the images of their minor wards in that commerce.

Plaintiffs concede that the use in court of the court exhibits is a "proper channel." They do so in this statement in their motion to strike: "It is impossible to predict when and if the images will be diverted to improper channels." (Id). What is an improper channel? If a courtroom is not a "proper channel" as it most certainly is, then the display of any such exhibits in any case causes any minor depicted in that image to be "aggrieved" (whatever that means) under the statute.

<u>Witness Conduct in a Courtroom is never Controlled or Authorized by the Witness</u>

Plaintiffs allege that only an expert witness, like the Defendant in this case, "is responsible for this and no one else." (Id). This statement represents a fundamental misunderstanding of the rights and duties of courtroom participants. No witness can testify in any proceeding without being called to do so by one of the parties. No testimony can come from any witness without a question being posed to that witness by counsel or the court. The court can prohibit testimony from the witness. Counsel can limit testimony of the witness by declining to ask questions or entering objections to questions posed by opposing counsel and having them sustained. Counsel can challenge an expert witness' qualifications and relevance to exclude him from testifying. Once called as a witness, the only person who has no control over what he can and cannot say, what exhibits he can and cannot display is the witness – as in the Third Party Plaintiff expert witness in this case.

As alleged in the Third Party Complaint, Third Party Defendant Attorneys chose the court exhibits they wanted **created, displayed and reproduced** as part of the Third Party Plaintiff's testimony. Those same defendants **completely controlled** the type of images displayed, how many were displayed, for how long they were displayed, etc. The Third Party Defendant Judges **prohibited or authorized** all testimony by the Third Party Plaintiff. Those same defendants **prohibited or**

**authorized** the display of every exhibits used by Third Party Plaintiff including any, if such court exhibits exist, that were layers laid upon the image of any of the minor plaintiffs.

The State of Ohio, who paid Third Party Plaintiff as an expert witness on multiple occasions, is a necessary component to any creation and display of court exhibits. Without that compensation, Third Party Plaintiff, again, is not creating or displaying any court exhibits.

<u>Any use of the Court Exhibits, including by law enforcement, violates federal law</u>

Plaintiffs claim that the "legitimate use of the illegal images created by Defendant Boland does not violate federal or state law." (Id. at 10). There is no legitimate use of the court exhibits as this court has already ruled.

In response to Third Party Plaintiff's argument that the complaint must be dismissed because either witness or judicial immunity or statutory immunity applied to expert witness conduct in a courtroom, this court ruled, quoting 18 U.S.C. 2255A, etc. that "any person aggrieved by reason of the conduct prohibited under §§ 2252A(a) or (b) may commence a civil action against the perpetrator of the conduct for injunctive relief, compensatory and punitive damages and costs and reasonable attorney fees." (Dkt. #8 at 4). It further ruled that the argument that some immunity exists for conduct that is otherwise a violation of 18 U.S.C. 2252 or 2255(A) is without merit.

It so ruled because of two findings:
1. Third Party Plaintiff's "admissions" in a deferred prosecution agreement; and
2. "present case law" (Dkt. 8 at 5).

The current incongruence between the Does in the deferred prosecution agreement and the unspecified identity of the alleged minor plaintiffs in the complaint disables a correlation between any "admissions" in the agreement and the complaint at this point.

Admissions aside, a simple reading of the statute and "present case law" as the court put it, reveals that any "Under 18 U.S.C. § 2252A(a)(5)(b), Any person who knowingly possesses any book,

4

magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer shall be punished as provided in subsection (b)." (Dkt. 8 at 4, fn. 2).

Plaintiffs' claim that there are "legitimate uses" of such court exhibits is without merit. No federal child pornography statute has a "legitimate use" exception. A plain reading of the statute dispenses with that claim. Moreover, as this court has pointed out in Dkt. #8, once a violation of the statute has occurred (See Id. for definition of conduct that is violative of the statute) there is no immunity for the violator. (Dkt. #8 at 5). Moreover, this court excised any immunity defense for any of the Third Party Defendants in its prior ruling on this very point. (Dkt. #8, generally). Present case law forecloses any immunity defense for Third Party Defendants Smith, King and the unnamed federal agent whose name will be provided in discovery.

It is without doubt, as this court has pointed out, that Third Party Defendants Detective Smith, Detective King, an as yet name unknown federal agent qualify as "any person" under the statute. (See 18 U.S.C. 2252 and 2255 and Dkt 8 at 4 fn. 2). Those Third Party Defendants "knowingly possesse[d]" the court exhibits. Plaintiff has alleged the court exhibits meet the definition of contraband under 18 U.S.C. 2256(8)(c). (See Complaint). This court has ruled that definition in 18 U.S.C. 2256(8)(c) does not run afoul of the Supreme Court's ruling in (<u>Free Speech Coalition</u> (2002), 122 S.Ct. 1389, 535 U.S. 234) and is constitutional. (Dkt #8 at 5, fn. 3).

The statute also prohibits transportation of such contraband exhibits. It prohibits presenting such exhibits, etc. Third Party Defendants Smith, King and the unnamed federal agent were all party to those violations of the statute as well. They are without immunity (Dkt. 8 at 5) and clearly violated

the statute obviating the need for any "admissions" as the court found present in Third Party Plaintiff's facts and circumstances.

Finally, any violator of 18 U.S.C. 2252(A) "shall be punished as provided in subsection (b)." (Dkt. 8 at 4, fn. 2).

"Thirdly, the transportation/possession of these images during the investigation of their origin would be protected under Ohio law unlike their creation." Plaintiff makes this assertion without any authority. A reading of the Ohio statute reveals this argument to be meritless folly. This court has previously ruled such an argument is without merit. Arguments regarding "various immunities" to federal claims "lack merit." (Dkt 8, at 4). No federal court has ever ruled contrary to this court that the "transportation/possession" of contraband images is, under any circumstances, protected under state law. Likewise, no federal court has ever held that such conduct is "protected" (whatever that means) under state law, solely during "the investigation of their origin" which is, again, nowhere in the statute or case law.

What Plaintiffs' urge this court to find is that everyone in the judicial system, judges, juries, law enforcement, prosecutors, court reporters, investigators have some "protection" from prosecution or civil liability (Plaintiffs' specifically shy from the word immunity as this court has previously rejected that claim) while only Third Party Plaintiff does not have any such protection for his courtroom conduct. This intricate and specific attempt to exempt an entire group of officers of the court, save one, is without merit and violates the Equal Protection clause of the U.S. Constitution if it were adopted as a rule. No witness in a court proceeding has any ability to do anything without the request of an attorney and authority of a judge and the protection of a statute. It turns logic on its head to find that only a witness, the only one powerless to control what is or is not displayed in a courtroom, has liability for conduct that nearly all other courtroom participants can control or even completely prohibit.

"Law enforcement is entitled to use, possess, and transport contraband of all kinds without incurring criminal culpability." (Dkt. 17 at 10).

Plaintiffs' provide no authority for this proposition. More importantly, this court has already ruled that no such exception in the federal law exists. This court pointed out that Third Party Plaintiff "feels that an exception for judicial purposes in the United States Code is constitutionally mandated [but] he admits that 'current federal law contains no such exception.' Accordingly, based on [those] admissions and present case law, his motion is denied as to his federal claims." (Dkt. # 8 at 5). Federal law contains no "law enforcement" exception either. And, as this court has held, present case law permits none to be interpreted from the statute. (Id). Plaintiffs' repeated assertions of "entitlement" or "protection" from the application ignore this court's rulings and present case law.

Chain of Events Argument is Without Merit

Basic hornbook law establishes the viability of a claim against any of the drivers of a car in a multi-car accident. Despite one car necessarily starting the "chain of events" all drivers can have liability that they will undoubtedly seek to pass to another driver. More to the point of the facts of this case, in a multi driver collision, if a car comes to rest and another driver jumps into it and drives 50 yards down the road crashing into yet another car, none of the drivers from the initial accident could possibly have liability for the subsequent acts of that last driver. That analogy matches the facts of this matter.

Sealed Exhibits Outside the Control of Any Court Witness

As alleged in the Third Party Complaint, in each case in which court exhibits were used, they were sealed. No public access to the exhibits was possible. Once sealed, absent a proper motion to the court, Third Party Plaintiff had no access or authority to release, copy, transport or otherwise use those exhibits. Therefore, once sealed, it was only Third Party Defendant Detective Smith's conduct, in

7

violation of the court's order, which could possibly have resulted in any damages to Plaintiffs if they demonstrate any damages at all.

The sealing of those exhibits stopped the chain of events set in motion by the use of the court exhibits. At least as to Third Party Plaintiff, the chain stopped with no ability of Third Party Plaintiff to start it moving again. Only Third Party Defendant Detective Smith could get that chain rolling again, which the complaint alleges he did.

<u>Complaint Alleges Display Caused Harm, Not Creation</u>

Plaintiffs claim harm was caused by the "creation of the images." (Dkt. #17 at 10). This argument, while novel, is also implausible. Presume a thousand such images were created in the past 10 days, without disclosure to any person, there is no way the depicted person could ever become aware of the images existence and be harmed. The complaint's gist is that the display in court of the court exhibits, somehow, harmed Plaintiffs. If it remains solely their creation harmed Plaintiffs, obviously, the complaint is frivolous as no damages can occur for mere creation of such images.

This court has ruled that such a display in a courtroom is both a violation of the statute and without immunity. (Dkt #8 at 5). Obviously, transportation of such contraband is a violation of the statute and without immunity. (Id). Third Party Defendants transported and possessed the court exhibits in violation of the statute and are without immunity. (Id).

Plaintiffs complain that if Third Party Plaintiff's "arguments are accepted by this Court, it will be illegal for this Court and the jury to see the images in question." (Dkt. #17 at 11). This position is not Third Party Plaintiff's argument – it is the ruling of this court. It is illegal for this court and the jury to possess the court exhibits that are the subject of this complaint.

As noted above, "present case law" (i.e. the federal child pornography statutes) is without any exception for judicial purposes or any other proper purpose. Third Party Plaintiff argued that either witness immunity or judicial immunity protected his display of the court exhibits. This court rejected

8

that argument. (Dkt. 8 at 5). Plaintiffs' take exception to this court's ruling, not Third Party Plaintiff's argument. A reading of the statute along with this court's prior ruling compels agreement with the statement above that it is "illegal for this Court and the jury to see the images in question." (Dkt. #17 at 11). Not only is the jury subject to prosecution, but also they are not immune from civil liability either. (Dkt. 8 at 5). Their conduct possessing any contraband images violates the federal statute. Even momentary possession qualifies under both the federal statute and the Ohio Revised Code relevant statues (R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323). It is important to note that the jurors in this case also violate all three Ohio Revised Code provisions listed herein by their possession of any contraband images in this case. Those jurors have no judicial immunity. (Dkt. 8 at 5). The exceptions in the Ohio statute do not protect them from federal liability under 18 U.S.C. 2252(A). (Id).

This is not an "argument" of Third Party Plaintiff, it is the law of this case and reflects "present case law" as this court has interpreted it.

Plaintiffs Repeatedly Misstate Facts to Mislead This Court

Plaintiff falsely states that Third Party Plaintiff "in his pre-trial diversion agreement admit[ed] that he utilized the likenesses of the minor plaintiffs to create obscene images." (Dkt. #17 at 13). While pointing out this fact at this point seems redundant, the record cannot be made at any point that seems to concede this point. Perhaps a table will better enable this claim to be dispensed with once and for all.

| Deferred Prosecution Agreement Exhibit A to Complaint | | |
|---|---|---|
| References to Court Exhibits | Description of Item | Identity of minor related to court exhibit |
| 1. Containing Jane/John Doe 1 | Not in agreement | Not identified in agreement |
| 2. Containing Jane/John Doe 2 | Not in agreement | Not identified in agreement |
| 3. Containing Jane/John Doe 3 | Not in agreement | Not identified in agreement |
| 4. Containing Jane/John Doe 4 | Not in agreement | Not identified in agreement |
| Complaint | | |

| References to Court Exhibits | Description of Item | Identity of minor related to court exhibit |
|---|---|---|
| 1. Containing Jane Roe | Not in complaint | Not identified in complaint |
| 2. Containing Jane Doe | Not in complaint | Not identified in complaint |

One of the plaintiffs is designated as Jane Roe. There is not even the mention of a Jane Roe in the deferred prosecution agreement. Plaintiffs' claim that any admission or concession or whatever in the deferred prosecution agreement necessarily relates to any plaintiff is without merit. Even after the minor plaintiffs' identity is disclosed, their image provided and the copy of the allegedly violative court exhibits is provided, still, Plaintiffs' claim that court exhibits depicting the minor plaintiffs are the ones referred to in the deferred prosecution agreement is not proven and is meritless.

Plaintiffs' argue facts attempting to dismiss defenses

Arguments relating to counterclaims disclose factual disputes rife with speculation. Such disputes are not properly resolved in a motion to dismiss. Plaintiffs' make bald assertions that no set of facts can be proven by Third Party Plaintiff to support a number of his defenses. At this stage, such arguments are without merit in support of a dismissal of those defenses.

Conclusion

Plaintiffs lack standing to move to strike the Third Party Complaint. Even if they had standing, their arguments for dismissal of the Third Party Complaint Lack Merit. Plaintiffs arguments to dismiss defense are also meritless and illogical. Third Party Plaintiff requests this court strike the Plaintiffs joint motion to strike the Third Party Complaint as well as the attempt to dismiss Third Party Plaintiff's defenses in his answer.

/s/ Dean Boland
Dean Boland (0065693)

        18123 Sloane Avenue
        Lakewood, Ohio 44107
        216.529.9371 phone
        866.455.1267 fax
        dean@deanboland.com

## CERTIFICATE OF SERVICE

A copy of the foregoing has been served on all parties by operation of the court's electronic filing system.

        /s/ Dean Boland
        Dean Boland (0065693)