**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JANE DOE, et al.,** | ) | **CASE NO. 1:07 CV 2787** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **JUDGE DAN AARON POLSTER** |
| v. | ) | |
| | ) | |
| **DEAN BOLAND, et al.,** | ) | **SHOW CAUSE ORDER** |
| | ) | |
| **Defendants.** | ) | |

This action was filed against Mr. Boland on September 14, 2007 by two minor children, represented by their legal guardians and next friends. The complaint alleges that Mr. Boland is an attorney and expert witness hired to testify in child pornography prosecutions. His testimony centered on the premise that digital images cannot be readily distinguished from real images. It is further alleged that in the course of preparing for his testimony, Mr. Boland downloaded images of the plaintiff children displayed in innocent poses from an innocuous internet website, Istockphoto.com, and digitally manipulated the images to create pornographic materials. He then possessed, transported, displayed and testified about the digitally manipulated images as an expert in trials in state and federal courts. Plaintiffs assert that Mr. Boland was not authorized to used the images of the minor children and claim they are entitled to damages for violations of 18 U.S.C. §§ 2252A(f), 2255, and Ohio Revised Code § 2741.07.

Mr. Boland filed a Motion to Dismiss on October 9, 2007 (ECF No. 5). In the Motion, he asserted that since the images were used solely in his presentations as a expert witness, he was protected from civil suit by judicial and witness immunity, as well as the First and Sixth Amendments. Plaintiffs countered that they were seeking damages not for the possession of pornographic material provided to him by the courts, but rather for the unauthorized use of the images of the minor children to create pictures of the minor plaintiffs engaging in sexually explicit conduct. In denying the Motion to Dismiss, the Court noted that Mr. Boland admitted that his creation of the digitally altered photographs violated 18 U.S.C. § 2252A(a)(5)(b). *See ECF No. 2,* at 1 (Pre-Trial Diversion Agreement). The victim of a violation of 18 U.S.C. § 2252A(a) can obtain damages and injunctive relief in a civil action. 18 U.S.C. § 2252A. The United States Code does not contain an exception for pornographic materials created and used for a judicial purpose.

In response to this ruling, Mr. Boland has filed a Third Party Complaint against the judges who permitted him to function as a digital imaging expert, attorneys that retained his services as an expert in this field and the law enforcement officers who obtained the images he produced and utilized them to bring criminal charges against him.[1] He contends that because he was retained to provide expert testimony, the judges and defense attorneys had a duty to prevent him from engaging in illegal conduct and a duty to warn him that he could be breaking the law

---

[1] The Third Party Complaint names as defendants: United States District Court for the Northern District of Oklahoma Judge Sven Erik Holmes (retired), Summit County Court of Common Pleas Judge Jane Bond, Hamilton County Court of Common Pleas Judge Richard A. Niehaus, Columbiana County Court of Common Pleas Judge C. Ashley Pike, the Treasurer of the State of Ohio, Akron Police Detective Stanley Smith, Cleveland Police Detective Greg King, Federal Bureau of Investigation Agent John Doe, Attorney Jay Clerk, Attorney Don Malarcik, Attorney Ron Gatts, Attorney Allen Smallwood, and Attorney Bill Lasora.

by presenting the exhibits at trial.  He further claims that law enforcement officers illegally obtained the evidence used to prosecute him and possessed and transported that evidence in violation of 18 U.S.C. § 2252A.

Plaintiffs recently filed Plaintiffs' Motion to Strike and/or Motion to Dismiss Defendant's Third Party Complaint, Counterclaim, and Affirmative Defenses Pursuant to Fed. Civ. R. P. 12(f) and 12(b)(6) ("Plaintiffs' Motion") (ECF No. 17).  Plaintiffs assert that simply because Mr. Boland was hired as an expert witness and given permission to possess illegal depictions of child pornography for the purpose of preparing his testimony, this does not translate to a license to create new pornographic images using the images of real children to prove his point.  In response, Mr. Boland filed a Motion to Strike Plaintiff's Motion (ECF No. 18), wherein he challenges, among other things, Plaintiffs' standing to move for dismissal of the Third Party Complaint.

The Court has reviewed the Third Party Complaint, Plaintiffs' Motion and Mr. Boland's Motion to Strike.  It is the Court's inclination, based on the reasons set forth below, to *sua sponte* dismiss the Third Party Complaint for failure to state a claim upon which relief may be granted under Federal Civil Procedure Rule 12(b)(6).  Accordingly, Mr. Boland shall file an amended third party complaint setting forth cognizable claims, or a brief responding directly to the points I make below explaining why such amended complaint is not necessary, <u>no later than January 19, 2008</u>.  If the required amended complaint or brief is not filed by that date, the Court will *sua sponte* dismiss the Third Party Complaint for the reasons stated below.  *Catz v. Chalker*, 142 F.3d 279 (6th Cir. 1998); *Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983).  In the meantime, **until the Court issues a final decision with regard to this Show Cause Order**, the

Court hereby **PROHIBITS** Mr. Boland from serving the Third Party Complaint on the third party defendants, and **STAYS** all litigation of the Third Party Complaint.

**II.**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and construed most favorably toward the non-movant. *Mayer v. Mylod,* 988 F.2d 635, 637 (6th Cir. 1993). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

As an initial matter, Mr. Boland fails to suggest any viable legal theory under which any of these third party defendants can be held liable to him. He claims they owed him a duty to prevent him from committing wrong-doing and a duty to warn him that his conduct may be criminal. He then states that they are liable to him in contribution for the full amount of any damages he may owe Plaintiffs. It is difficult to determine from the pleading whether Mr. Boland is attempting to assert claims for indemnification or contribution, or whether he is seeking damages from the third party defendants under some other independent cause of action.

Regardless of which of these theories he intended to invoke, however, he has not presented a viable legal claim.

To the extent that Mr. Boland is seeking indemnification or contribution from the third party defendants, he fails to state a claim upon which relief may be granted. Common law indemnity is available for up to the full amount of the damages awarded to plaintiffs when the party seeking indemnification is an innocent actor whose liability stems vicariously from some legal relationship with the truly culpable party. *Mills v. River Terminal Railway Co.*, 276 F.3d 222, 226 (6th Cir. 2002). Under Ohio law, indemnity may lie in favor a party who did not actively engage in conduct which injured a plaintiff but is nonetheless made liable under the law. *Id.* Mr. Boland admitted in his plea agreement that he violated 18 U.S.C. § 2252A(a)(5)(b). *See ECF No. 2,* at 1 (Pre-Trial Diversion Agreement). He therefore cannot claim that he is an innocent actor sued under a theory of vicarious liability. In contrast, a claim for contribution toward the total amount of damages can be made against a joint tortfeasor who is also liable to the plaintiff. Mr. Boland has not asserted that the third party defendants are also liable to Plaintiffs. He claims that they are liable to him for failing to prevent him from violating the law and for failing to warn him that his actions may be illegal. Plaintiffs' claims center on Mr. Boland's unauthorized use of the minor plaintiffs' real images in the creation of digital pornography material. There is no reasonable inference that the third party defendants are also liable to Plaintiffs for these actions.

### Judicial Officers

To the extent that Mr. Boland is attempting to assert some other cause of action, it too fails to state a claim upon which relief may be granted. Mr. Boland first contends that the

named judicial officers were in control of their respective courtrooms and permitted him to function as an expert witness. He asserts that they should have known that he was breaking the law and had a duty to warn him of the potential consequences of his actions.

Although the Court is unaware of any legal theory under which such a duty to prevent and warn would arise, the claims against the third party defendant judges are dismissed on other grounds. Judicial officers are generally absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). This far-reaching protection is needed to ensure that the independent and impartial exercise of judgment is not impaired by the exposure of potential damages. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is not performed in the judge's judicial capacity; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. Mr. Boland's third party complaint fails to suggest that either of these criteria has been met.

The determination of whether an action is performed in the defendants' judicial capacity, depends on the "nature" and "function" of the act, not on the act itself. *Mireles*, 502 U.S. at 13; *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Looking first to the "nature" of the act, the court must determine whether it is a function generally performed by a judge. *Stump*, 435 U.S. at 362. This inquiry does not involve a rigid scrutiny of the particular act in question, but rather requires only an overall examination of the judge's alleged conduct in relation to general functions normally performed by judges. *Mireles*, 502 U.S. at 13. Second, an

examination of the "function" of the act alleged requires the court to assess whether the parties dealt with the judge in his or her judicial capacity.

Upon applying these principles, it is evident on the face of the pleading that Judge Pike, Judge Holmes, Judge Bond, and Judge Niehaus were acting in their respective judicial capacities at all times that the conduct alleged in Plaintiffs' complaint occurred. The issuance of judicial orders pertaining to the approval of the appointment of expert witnesses, and ruling on the admissibility of evidence are clearly actions normally performed by a judge. Furthermore, Mr. Boland does not allege that he dealt with these judges in anything other than their respective judicial capacities. He cannot overcome the broad application of judicial immunity by claiming that these defendants were not acting as judges when they engaged in the conduct alleged.

Judicial immunity can also be defeated when the conduct alleged, although judicial in nature, is taken in complete absence of <u>all</u> jurisdiction. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116 (emphasis added). When the immunity of the judge is at issue, the scope of the judge's jurisdiction is to be broadly construed. *Stump*, 435 U.S. at 356-57. A judge will not be deprived of immunity because the action she took was performed in error, done maliciously, or was in excess of her authority. *Id.* Actions taken in complete absence of all jurisdiction are those acts which are clearly outside of the subject matter jurisdiction of the court over which the judge presides. *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985); *see also Barnes*, 105 F.3d at 1122. Conversely, merely acting in excess of authority does not preclude immunity. *See Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984).

In the present case, there are no allegations set forth in the complaint which reasonably suggest that any of the Judges clearly acted outside of the subject matter jurisdiction

of the courts over which they preside. Although Mr. Boland alleges that they permitted his testimony and authorized payment of expert fees, it is too great an inference to suggest from those allegations that the judges should share liability for Mr. Boland's conduct outside the courtroom in creating the exhibits for trial. At best, Mr. Boland's contention that the defendants should have known that the material in his exhibits could subject him to civil liability can be characterized as committing an error of law or exceeding authority. Absolute immunity from monetary damages is not forfeited under those conditions.

### State of Ohio Treasurer

Mr. Boland's claims against the Treasurer of the State of Ohio are even more tenuous. He merely indicates that the Treasurer ultimately disburses the funds used to pay expert witnesses in cases in which counsel has been appointed. He presents no legal theory under which this third party defendant can be held liable for damages.

### Defense Attorneys

Mr. Boland sues the defense attorneys who hired him to participate as an expert witness. He claims that they each had full authority and control over the witnesses which they would call in court and were under no obligation to present his testimony or submit his exhibits. He further claims they had a duty to warn him that he could be subject to criminal and civil liability for producing the exhibits. Again, Mr. Boland fails to give any reasonable indication of the legal theory under which such a duty would arise. These claims require the Court to infer that because the attorneys were in control of their respective cases, they are liable to Mr. Boland for his act of utilizing the real images of the plaintiff children without consent to create virtual pornography. Although the court accepts as true all allegations of the third party plaintiff, this

legal conclusion requires a factual inference which logically and reasonably cannot be drawn from the pleading.

## **Law Enforcement**

Finally, Mr. Boland brings several causes of action against various law enforcement officers. In sum, he claims that they took the digital materials he created using the images of the minor plaintiffs from a sealed court file, transported those images to other law enforcement offices and used them as evidence in his prosecution. He contends that because they possessed and transported the images, they are also in violation of 18 U.S.C. § 2252A(a)(5)(b). As an initial matter, Mr. Boland lacks standing to assert a violation of this statute. The civil remedy is limited to victims of the crime. Mr. Boland is not a victim of child pornography. Moreover, logic dictates that law enforcement personnel who seize such material as evidence of a crime cannot also be prosecuted merely for transporting the evidence to a more secure location. While Mr. Boland could object to the manner in which the material was seized, he could not do so in a civil action. He has already entered into a plea agreement in the course of his criminal prosecution in which he has admitted his guilt. He cannot now collaterally attack this admission of guilt in a civil action as it would potentially call into question the validity of his conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster     January 9, 2008*
**Dan Aaron Polster**
**United States District Judge**