IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PETER LORA, et al | 1:07 CV 2787 |
| | |
| | JUDGE DAN AARON POLSTER |
| v. | |
| | **AMENDED THIRD PARTY** |
| DEAN BOLAND | **COMPLAINT** |
| Third Party Plaintiff | |
| | |
| v. | |
| | |
| Judge Sven Erik Holmes (retired, U.S. District Court for the Northern District of Oklahoma) 1150 15th St. Washington, DC 20071 | |
| | |
| Judge Jane Bond (retired, Summit County Court of Common Pleas) 1904 Hollis St. Akron, OH 44305 | |
| | |
| Judge Richard A. Niehaus Hamilton County Court of Common Pleas 1000 Main St. Cincinnati, OH 45202 | |
| | |
| Judge C. Ashley Pike Columbiana County Court of Common Pleas Lisbon, Ohio 44432 | |
| | |
| Detective Stanley Smith Akron Police Dept. 217 S. High St. Akron, OH 44308 | |
| | |
| Detective Greg King City of Cleveland Police Department 1300 Ontario Street Cleveland, Ohio 44113 | |
| | |
| John Doe, Agent of the Federal Bureau of | |

Investigation
1501 Lakeside Avenue
Cleveland, OH 44114

Jay Clark, Esq.
114 E. 8th Street
Cincinnati OH 45202

Don Malarcik, Esq.
One Cascade Plaza
Suite 900
Akron, Ohio 44308

Ron Gatts, Esq.
159 South Main Street
Suite 416
Akron Ohio 44308

Allen Smallwood, Esq.
1310 S Denver Ave
Tulsa OK 74119-3041

Bill Lasorsa, Esq.
15 E. 5th Street, 38th Floor
Tulsa OK 74103

Third Party Plaintiff makes the following statements and claims for his Complaint against Defendants:

PARTIES, JURISDICTION AND OTHER MATTERS

1. Third Party Plaintiff is currently the defendant in a civil action brought by Plaintiffs.

2. That civil action includes a claim that Third Party Plaintiff is liable under 18 U.S.C. 2252(A)(f) for damages caused to minor plaintiffs Doe and Roe.

3. All conduct for which liability is sought in this civil action occurred in either the state of Ohio or the state of Oklahoma.

4. All conduct regarding the **creation** of court exhibits for which liability is sought in this civil action occurred in the state of Ohio.

5. All conduct of creating such court exhibits in Ohio is protected from prosecution under R.C. 2907.321, R.C. 2907.322 and/or R.C. 2907.323.

6. All conduct regarding the **display** of court exhibits for which liability is sought in the civil action occurred in the state of Ohio and the state of Oklahoma.

7. All conduct regarding the **display** of such court exhibits in Ohio is protected from prosecution under R.C. 2907.321, R.C. 2907.322 and/or R.C. 2907.323.

8. All conduct regarding the **display** of court exhibits for which liability is sought in the civil action occurred in courtrooms.

9. Plaintiffs have not alleged that the display of any court exhibits alleged to have included portions of the images of any minors occurred anywhere else other than a courtroom in Ohio or in the federal court for the Northern District of Oklahoma.

10. At all times relevant to the events in this matter, Third Party Plaintiff was an adult resident of the State of Ohio.

1

11. At all times relevant to the events in this matter, all the following Defendants were residents of the State of Oklahoma and duly licensed to practice law in the State of Oklahoma (Oklahoma Defense Counsel):

    a. Allen Smallwood

    b. Bill Lasorsa

12. At all times relevant to the events in this matter, all the following Defendants were residents of the State of Ohio and duly licensed to practice law in the State of Ohio:

    a. Jay Clark

    b. Don Malarcik

    c. Ron Gatts

13. At all times relevant to the events in this matter, Defendant Judge Sven Erik Holmes (retired) was a federal district court judge for the Northern District of Oklahoma presiding over the case of <u>United States v. Shreck</u> 03-CR-43.

14. At all times relevant to the events in this matter, the following Defendants were duly elected or appointed judges in the state of Ohio:

    a. Judge Jane Bond

    b. Judge Richard A. Niehaus

    c. Judge Ashley Pike

15. At all times relevant to the events in this matter, Detective Stanley Smith was a detective for the Akron Police Department.

16. At all times relevant to the events in this matter, Detective Greg King was a detective for the Cleveland Police Department.

2

17. At all times relevant to the events in this matter, John Doe was an agent for the Federal Bureau of Investigation in the Cleveland Field Office.

JURISDICTION AND VENUE

18. Plaintiff incorporates all previous paragraphs as if fully re-written.

19. Plaintiffs have alleged the amount in controversy exceeds $75,000 and otherwise satisfies the jurisdictional requirements of 28 U.S.C. 1332.

20. Plaintiffs have alleged that venue is proper in this jurisdiction pursuant to 28 U.S.C. 1391(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Ohio.

21. Plaintiffs have alleged that the federal court has jurisdiction over this matter and the conduct alleged in the complaint.

22. Ohio Defense Counsel has engaged in the acts and practices described herein in various Ohio counties.

23. Ohio state court judges have engaged in the acts and practices described herein in various Ohio counties.

24. Defendant Stanley Smith engaged in the acts and practices described herein in one or more Ohio counties.

25. Defendant Greg King engaged in the acts and practices described herein in one or more Ohio counties.

26. Oklahoma Defense Counsel engaged in the acts and practices described here in the Northern District of Oklahoma.

27. Plaintiffs have filed a federal civil lawsuit alleging Third Party Plaintiff harmed Plaintiffs by the creation and display of court exhibits in either Ohio state courtrooms

3

or a federal courtroom in the Northern District of Oklahoma using portions of images of the minor plaintiffs.

## PRELIMINARY FACTS

28. Plaintiff incorporates all previous paragraphs as if fully re-written.

29. Plaintiffs have alleged Third Party Plaintiff caused harm by **creating** court exhibits using portions of images depicting Plaintiffs Jane Roe and Jane Doe.

30. Plaintiffs have alleged Third Party Plaintiff caused harm by **displaying** court exhibits using portions of images depicting Plaintiffs Jane Roe and Jane Doe.

31. In all Ohio cases in which Third Party Plaintiff is alleged to have displayed or presented any court exhibits, Ohio State Judges **were in control** of the conduct of the participants in all matters within their courtroom.

32. In all Ohio cases in which Third Party Plaintiff is alleged to have displayed or presented any court exhibits, Ohio State Judges **had the authority** to permit or prohibit the display of any exhibits by the participants in all matters within their courtroom.

33. In all Ohio cases in which Third Party Plaintiff is alleged to have displayed or presented any court exhibits, Ohio State Judges **displayed** all court exhibits in all matters within their courtroom.

34. In all Ohio cases in which Third Party Plaintiff is alleged to have displayed or presented any court exhibits, Ohio State Judges **ordered** the copying and distribution of copies of such court exhibits to others.

35. In all Ohio cases in which Third Party Plaintiff is alleged to have displayed or presented any court exhibits, Ohio State Judges **ordered** the copying and distribution

4

of such court exhibits to the clerk of courts for the county in which that state judge sat.

36. In the Oklahoma Federal Case referenced in the Complaint in which Third Party Plaintiff is alleged to have displayed or presented any court exhibits, Judge Sven Erik Holmes was in control of the conduct of the participants in all matters within his courtroom.

37. In the Oklahoma Federal Case referenced in the Complaint in which Third Party Plaintiff is alleged to have displayed or presented any court exhibits, **Judge Sven Erik Holmes had the sole authority** to permit or prohibit the display of any exhibits by the participants in all matters within his courtroom.

38. In the Oklahoma Federal Case referenced in the Complaint in which Third Party Plaintiff is alleged to have displayed or presented any court exhibits, Judge Sven Erik Holmes **ordered** the creation, transportation and display of any court exhibits be displayed within his courtroom.

39. In the Oklahoma Federal Case referenced in the Complaint in which Third Party Plaintiff presented any court exhibits, Judge Sven Erik Holmes stated on the record that he had **ordered** the creation, transportation and display or presentation of court exhibits displayed within his courtroom.

40. In the Oklahoma Federal Case referenced in the Complaint in which Third Party Plaintiff presented any court exhibits, Judge Sven Erik Holmes stated on the record that the **creation, transportation and display** of exhibits in that case **was necessary** to the administration of justice in that case.

5

41. Ohio State Judges qualified Third Party Plaintiff as an expert witness in the cases referenced above assigned to their courtroom and docket.

42. Defendant Judge Holmes qualified Third Party Plaintiff as an expert witness in the case referenced above assigned to his courtroom and docket.

43. If Third Party Plaintiff is found to have any liability for any conduct occurring in the courtroom of Defendant Judge Holmes at the aforementioned hearing, Defendant Judge Holmes is liable in contribution for plaintiff's damages.

44. If Third Party Plaintiff is found to have any liability for any conduct occurring in the courtroom of any Ohio State Court Judge, that particular Defendant Ohio State Court Judge or federal judge is liable in contribution for plaintiff's damages.

DEFENDANT JUDGE SVEN ERIK HOLMES (retired)
DISPLAY OR PRESENTATION
VIOLATION OF 18 U.S.C. 2252, ET SEQ

45. Third Party Plaintiff incorporates all previous paragraphs as if fully re-written.

46. Defendant Judge Holmes was, at all times relevant, a licensed attorney in the state of Oklahoma.

47. Defendant Judge Holmes, at all times relevant, was sufficiently educated in the law to understand all the legal issues contained in the cases before him.

48. Defendant Judge Holmes, at all times relevant, could read and understand the United States Code.

49. Defendant Judge Holmes had the full authority of any federal district court judge in his courtroom.

50. Defendant Judge Holmes presided over a hearing in his courtroom on or about April 15, 2004.

6

51. That hearing included testimony by Third Party Plaintiff regarding technological issues of digital images as evidence in the case then pending before Defendant Judge Holmes.

52. Defendant Judge Holmes' displayed/presented or caused to be displayed/presented any court exhibits displayed/presented in his courtroom during the time Third Party Plaintiff was a qualified expert witness in his courtroom.

53. Defendant Judge Holmes knew or should have known that his display/presentation of any court exhibits subjects the person displaying/presenting to penalties for a violation of 18 U.S.C. 2252, et seq for which there is <u>no immunity</u> any such violator.

54. Defendant Judge Holmes is responsible for the display/presentation of any such court exhibits.

VIOLATION OF FEDERAL LAW – JUDGE SVEN ERIK HOLMES

55. Plaintiff incorporates all previous paragraphs as if fully re-written.

56. Presuming the conduct alleged against Third Party Plaintiff violates 18 U.S.C. 2252 and further subjects Third Party Plaintiff to liability under 18 U.S.C. 2252(A)(f) for which there is no immunity, Defendant Judge Holmes displayed/presented all court exhibits displayed/presented during the time Third Party Plaintiff was a qualified expert witness testifying in Defendant Judge Holmes' courtroom.

57. Defendant Judge Holmes' conduct was contrary to law.

58. Defendant Judge Holmes knew or should have known his conduct was contrary to law.

59. Third Party Plaintiff has suffered significant financial, emotional and reputation damages as a result of his testimony in Defendant Judge Holmes's courtroom while

7

Defendant Judge Holmes displayed/presented any court exhibits including those alleged to have harmed Plaintiffs.

SOLICITATION TO VIOLATE FEDERAL LAW – DEFENSE ATTORNEY DEFENDANTS

60. Plaintiff incorporates all previous paragraphs as if fully re-written.

61. Presuming the conduct alleged against Third Party Plaintiff violates 18 U.S.C. 2252 and further subjects Third Party Plaintiff to liability under 18 U.S.C. 2252(A)(f) for which there is no immunity, Defendants Clark, Malarcik, Gatts, Lasorsa and Smallwood displayed/presented any and all exhibits in any case in which Third Party Plaintiff was a qualified expert witness as part of their representation of their clients in the following cases:

   a. Clark in State of Ohio v. Huffman B 04 01503.

   b. Malarcik in State of Ohio v. Sparks CR-2002-12-3669.

   c. Gatts in State of Ohio v. David Simms 2003 CR 98.

   d. Lasorsa and Smallwood in The United States of America v. Shreck 03-CR-43.

62. To the extent a jury or judge in this civil action finds Third Party Plaintiff liable for damages caused by the creation, transportation or display of any court exhibits displayed/presented by Defendants Clark, Malarcik, Gatts, Lasorsa and Smallwood on behalf of their clients, they are equally liable for such conduct and resulting damages.

63. Third Party Plaintiff has suffered significant financial, emotional and reputation damages as a result of Defendants Clark, Malarcik, Gatts, Lasorsa and Smallwood display/presentation of such court exhibits in violation of 18 U.S.C. 2252 and 18 U.S.C. 2252(A)(f) for which there is no immunity

8

CONSPIRACY TO VIOLATE FEDERAL LAW
DEFENDANT OHIO STATE COURT JUDGES

64. Plaintiff incorporates all previous paragraphs as if fully re-written.

65. Defendant Ohio State Court Judges were, at all times relevant, licensed attorneys in the state of Ohio.

66. Defendant Ohio State Court Judges were, at all times relevant, sufficiently educated in the law to understand all the legal issues contained in the cases before them.

67. Defendant Ohio State Court Judges, at all times relevant, could read and understand the United States Code and the Ohio Revised Code.

68. Defendant Ohio State Court Judges had the full authority of any state court judge while in their courtroom.

69. Defendant Ohio State Court Judges presided over cases in their courtroom to wit:

   a. Defendant Judge Niehaus in State of Ohio v. Huffman B 04 01503.

   b. Defendant Judge Bond in State of Ohio v. Sparks CR-2002-12-3669.

   c. Defendant Judge Pike in State of Ohio v. David Simms 2003 CR 98.

70. The trial of that case included testimony by Third Party Plaintiff regarding technological issues of digital images as evidence in the case then pending before all Ohio Defendant State Court Judges.

71. Plaintiffs have alleged that court exhibits displayed in Defendant Ohio State Court Judges' courtrooms contained portions of images of minor plaintiffs Roe and Doe.

72. Defendant Ohio State Court Judges were present and attentive throughout that hearing.

9

73. Defendant Ohio State Court Judges visually examined all digital image exhibits they or Defendant Defense Counsel presented/displayed in their courtrooms during any such hearings.

74. Defendant Ohio State Court Judges relied upon those exhibits in their evaluation of legal arguments in the case in which they were presented/displayed.

75. The exhibits presented/displayed by either Defendant Defense Counsel or Defendant Ohio State Court Judges were ordered sealed by Defendant Ohio State Court Judges as part of the court record of their respective cases.

76. The creation and display of the court exhibits created by Third Party Plaintiff were necessary to the adjudication of those respective Ohio State Cases.

UNAUTHORIZED PUBLICATION – DEFENDANT STANLEY SMITH

77. Plaintiff incorporates all previous paragraphs as if fully re-written.

78. Defendant Stanley Smith removed sealed court exhibits, without authorization, from the court record of the case of State v. Sparks.

79. Defendant Stanley Smith transported those exhibits to Cleveland.

80. Defendant Stanley Smith displayed/presented said exhibits to persons outside of the courtroom.

81. If determined to be contraband, Defendant Stanley Smith's conduct is a direct violation of 18 U.S.C. 2252, et seq for which there is no immunity.

82. No absolute or qualified immunity protects the conduct of Stanley Smith in removing sealed court exhibits from the court record of a case and distributing them to the public.

83. Defendant Stanley Smith did not have the permission of the Judge presiding over the <u>Sparks</u> case, i.e. Defendant Judge Bond, to remove sealed court exhibits from the record of the <u>Sparks</u> case.

84. Defendant Stanley Smith did not seek the permission of the Judge presiding over the <u>Sparks</u> case, i.e. Defendant Judge Bond, to remove sealed court exhibits from the record of the <u>Sparks</u> case.

85. Defendant Stanley Smith transported said sealed exhibits, without authorization from the court in <u>State v. Sparks</u>, alleged to be contraband in this matter, to Cleveland and delivered them to Detective Greg King of the Cleveland Police Department.

86. Defendant Stanley Smith was not investigating any violation of any Ohio statute when he removed sealed exhibits from the record of the <u>Sparks</u> matter and transported them to Detective Greg King in Cleveland.

87. Defendant Stanley Smith's conduct was an attempt to influence, intimidate, or hinder a witness involved in a criminal action or proceeding in the discharge of the duties of that witness meeting the elements for a violation of 2921.04.

88. Following Defendant Stanley Smith's conduct, Third Party Plaintiff entered into an agreement with the federal government to discontinue participating as an expert witness in criminal cases.

89. 18 U.S.C. 2252, et seq prohibits the possession and transportation of items defined as contraband under either 18 U.S.C. 2256(8)(A), (B) or (C).

90. 18 U.S.C. 2252, et seq prohibits the display/presentation of items defined as contraband under either 18 U.S.C. 2256(8)(A), (B) or (C).

91. 18 U.S.C. 2252, et seq contains no exception to its application.

92. Defendant Stanley Smith's transportation of the sealed court exhibits from the <u>Sparks</u> case, if such court exhibits are deemed contraband under 18 U.S.C. 2252, et seq., was a direct violation of 18 U.S.C. 2252.

93. No immunity of any kind exists under 18 U.S.C. 2252, et seq for Defendant Stanley Smith's possession or transportation of images deemed contraband under 18 U.S.C. 2252, et seq.

94. The protections/exceptions in either R.C. 2907.321, R.C. 2907.322 and/or R.C. 2907.323 do not protect Defendant Stanley Smith's conduct from being a violation of 18 U.S.C. 2252, et seq.

95. Defendant Stanley Smith knew or should have known that his conduct would result in damage to Plaintiffs in this matter.

96. Defendant Stanley Smith knew or should have known that his conduct would result in Plaintiffs filing this case against Third Party Plaintiff alleging his liability for those damages.

97. But for the conduct of Defendant Stanley Smith, Plaintiffs in this matter would have suffered no damages.

98. To the extent Third Party Plaintiff is found liable for the publication outside the courtroom of any court exhibits, Defendant Stanley Smith is liable for the full amount of those damages in contribution.

FEDERAL LAW VIOLATION – DEFENDANT GREG KING

99. Plaintiff incorporates all previous paragraphs as if fully re-written.

100. Defendant Greg King received sealed court exhibits, without authorization, from the court record of the case of <u>State v. Sparks</u>.

101. As a Cleveland police officer, Defendant Greg King is tasked with the duty of investigating state crimes.

102. Defendant Greg King was not investigating any violation of any Ohio statute when he received sealed exhibits from the record of the Sparks matter from Defendant Stanley Smith.

103. Defendant Greg King displayed/presented such court exhibits to persons outside of a courtroom.

104. Defendant Greg King's conduct was an attempt to influence, intimidate, or hinder a witness involved in a criminal action or proceeding in the discharge of the duties of that witness meeting the elements for a violation of R.C. 2921.04.

105. Following Defendant Greg King's conduct, Third Party Plaintiff entered into an agreement with the federal government to discontinue participating as an expert witness in criminal cases.

106. 18 U.S.C. 2252, et seq prohibits the possession and transportation of items defined as contraband under either 18 U.S.C. 2256(8)(A), (B) or (C).

107. 18 U.S.C. 2252, et seq contains no exception to its application.

108. Defendant Greg King's possession of the sealed court exhibits from the Sparks case, if deemed contraband, was a direct violation of 18 U.S.C. 2252, et seq.

109. No immunity of any kind exists under 18 U.S.C. 2252, et seq for Defendant Greg King's conduct.

110. Defendant Greg King knew his conduct in possessing alleged contraband from the Sparks case was a violation of 18 U.S.C. 2252, et seq for which there is no immunity.

111. The protections/exceptions in either R.C. 2907.321, R.C. 2907.322 and/or R.C. 2907.323 do not protect Defendant Greg King's conduct from being a violation of 18 U.S.C. 2252, et seq.

112. Defendant Greg King knew or should have known that his conduct would result in damage to Plaintiffs in this matter.

113. Defendant Greg King knew or should have known that his conduct would result in Plaintiffs filing this case against Third Party Plaintiff alleging his liability for those damages.

114. But for the conduct of Defendant Greg King, Plaintiffs in this matter would have suffered no damages.

115. To the extent Third Party Plaintiff is found liable for the publication outside the courtroom of any court exhibits, Defendant Greg King is liable for the full amount of those damages in contribution.

### JOINT LIABILITY – JOHN DOE, AGENT OF THE FEDERAL BUREAU OF INVESTIGATION, CLEVELAND FIELD OFFICE

116. Plaintiff incorporates all previous paragraphs as if fully re-written.

117. Defendant John Doe received sealed court exhibits, without authorization, from the court record of the case of <u>State v. Sparks</u>.

118. Defendant John Doe received those court exhibits from Defendant Greg King.

119. Defendant John Doe received those court exhibits from Defendant Stanley Smith.

120. Defendant John Doe presented/displayed those court exhibits to persons outside a courtroom.

121. 18 U.S.C. 2252, et seq prohibits the possession and transportation of items defined as contraband under either 18 U.S.C. 2256(8)(A), (B) or (C).

14

122. 18 U.S.C. 2252, et seq contains no exception to its application even for agents of the federal bureau of investigation.

123. Defendant John Doe's possession and display/presentation of the court exhibits from the <u>Sparks</u> case, if deemed contraband, was a direct violation of 18 U.S.C. 2252, et seq for which there is no immunity.

124. The protections/exceptions in either R.C. 2907.321, R.C. 2907.322 and/or R.C. 2907.323 do not protect Defendant John Doe's conduct from being a violation of 18 U.S.C. 2252, et seq.

125. Defendant John Doe knew his conduct in possessing and displaying/presenting the alleged contraband from the <u>Sparks</u> case was a violation of 18 U.S.C. 2252, et seq for which there is no immunity.

126. Defendant John Doe displayed those allegedly contraband court exhibits from <u>Sparks</u> to Plaintiffs Lora and Bloom.

127. Defendant John Doe knew or should have known that his conduct would result in damage to Plaintiffs in this matter.

128. Defendant John Doe knew or should have known that his conduct would result in Plaintiffs filing this case against Third Party Plaintiff alleging his liability for those damages.

129. But for the conduct of Defendant John Doe, Plaintiffs in this matter would have suffered no damages.

130. Defendant John Doe is liable for the entire damages, if any, suffered by Plaintiffs in this matter as a result of his conduct as outlined above.

RELIEF REQUESTED

15

Plaintiff prays for the following relief against all Defendants, jointly and severally:

1. General damages as against all Defendants to be determined at trial;

2. Special damages as against all Defendants to be determined at trial;

3. For punitive damages to punish Defendants and set an example for others;

4. For an order enjoining Defendants from further conduct consistent with the allegations herein.

5. For attorneys' fees to the extent permitted by law;

6. For the costs of suit incurred herein;

7. For an order declaring 18 U.S.C. 2252, et seq and 18 U.S.C. 2255 preempt R.C. 2907.321, R.C. 2907.322 and R.C. 2907.323.

8. For other relief as this court may deem just and proper.

/s/Dean Boland
Dean Boland 65693
18123 Sloane Avenue
Lakewood, Ohio 44107
dean@deanboland.com
216.529.9371 phone
216.803.2131 fax
Attorney for Plaintiff

JURY TRIAL DEMAND

Plaintiff requests a jury trial for all causes of action a jury trial is available.

/s/Dean Boland
Dean Boland 65693
Attorney for Plaintiff

16