UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JANE DOE, et al.,** | ) | **CASE NO. 1:07 CV 2787** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **JUDGE DAN AARON POLSTER** |
| v. | ) | |
| | ) | |
| **DEAN BOLAND, et al.,** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

This action was filed against Boland on September 14, 2007 by two minor children, represented by their legal guardians and next friends. The complaint alleges that Boland is an attorney and expert witness hired to testify in child pornography prosecutions. His testimony centered on the premise that digital images cannot be readily distinguished from real images. It is further alleged that in the course of preparing for his testimony, Boland downloaded images of the plaintiff children displayed in innocent poses from an innocuous internet website, Istockphoto.com, and digitally manipulated the images to create pornographic materials. He then possessed, transported, displayed and testified about the digitally manipulated images as an expert in trials in state and federal courts. Plaintiffs assert that Boland was not authorized to used the images of the minor children and claim they are entitled to damages for violations of 18 U.S.C. §§ 2252A(f), 2255, and Ohio Revised Code § 2741.07.

Boland filed a Motion to Dismiss on October 9, 2007 (ECF No. 5). In the Motion, he asserted that since the images were used solely in his presentations as a expert witness, he was protected from civil suit by judicial and witness immunity, as well as the First and Sixth Amendments. Plaintiffs countered that they were seeking damages not for the possession of pornographic material provided to him by the courts, but rather for the unauthorized use of the images of the minor children to create pictures of the minor plaintiffs engaging in sexually explicit conduct. In denying the Motion to Dismiss, the Court noted that Boland admitted that his creation of the digitally altered photographs violated 18 U.S.C. § 2252A(a)(5)(b). *See ECF No. 2,* at 1 (Pre-Trial Diversion Agreement). The victim of a violation of 18 U.S.C. § 2252A(a) can obtain damages and injunctive relief in a civil action. 18 U.S.C. § 2252A. The United States Code does not contain an exception for pornographic materials created and used for a judicial purpose.

In response to this ruling, Boland filed a Third Party Complaint against the judges who permitted him to function as a digital imaging expert, attorneys that retained his services as an expert in this field and the law enforcement officers who obtained the images he produced and utilized them to bring criminal charges against him.[1] He contended that because he was retained to provide expert testimony, the judges and defense attorneys had a duty to prevent him from engaging in illegal conduct and a duty to warn him that he could be breaking the law by

---

[1] The Third Party Complaint names as defendants: United States District Court for the Northern District of Oklahoma Judge Sven Erik Holmes (retired), Summit County Court of Common Pleas Judge Jane Bond, Hamilton County Court of Common Pleas Judge Richard A. Niehaus, Columbiana County Court of Common Pleas Judge C. Ashley Pike, the Treasurer of the State of Ohio, Akron Police Detective Stanley Smith, Cleveland Police Detective Greg King, Federal Bureau of Investigation Agent John Doe, Attorney Jay Clerk, Attorney Don Malarcik, Attorney Ron Gatts, Attorney Allen Smallwood, and Attorney Bill Lasora.

presenting the exhibits at trial. He further claims that law enforcement officers illegally obtained the evidence used to prosecute him and possessed and transported that evidence in violation of 18 U.S.C. § 2252A.

After reviewing the Third Party Complaint, the Court issued a Show Cause Order advising Boland that his Third Party Complaint may be subject to dismissal for failure to state a claim upon which relief may be granted under Federal Civil Procedure Rule 12(b)(6) for reasons explained therein. *ECF No. 20*. The Court notified Boland that if he failed to file a legally sufficient amended complaint (or a brief responding directly to the Court's points) within the time permitted, the Third Party Complaint would be dismissed. *See Catz v. Chalker*, 142 F.3d 279 (6th Cir. 1998); *Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983).

Boland has now filed an Amended Third Party Complaint against all previously named defendants except the Treasurer of the State of Ohio. *ECF No. 22*. Rather than allege that the defendants had a duty to prevent him from engaging in illegal conduct and a duty to warn him he could be breaking the law, he is now bringing § 2252 claims directly against the defendants asserting that they ordered him to do various acts – none of which alleges that <u>anyone</u> in the legal community ordered him to take innocent pictures of the minor plaintiffs from the internet sites and digitally manipulate them to create pictures of those children engaged in sexually explicit, pornographic acts. Moreover, Boland has no standing to assert a violation of this statute because the civil remedy is limited to victims of the crimes (i.e., the children). Because the Amended Third Party Complaint also fails to state a legally sufficient claim upon which relief can be granted, the Amended Third Party Complaint, as well as the Third Party Complaint, are both **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster     February 4, 2008*
**Dan Aaron Polster**
**United States District Judge**