## Jonathan Rosenbaum

**From:** Dean Boland [dean@deanboland.com]
**Sent:** Monday, March 03, 2008 1:42 PM
**To:** Jonathan Rosenbaum
**Subject:** Meeting with FBI

Mr. Rosenbaum:

I just received your voicemail regarding you expecting my attendance at a viewing of what you allege is contraband at the offices of the FBI this afternoon. Please review the email trail between us which confirms you were made aware well in advance of this event that what you had planned to do was conduct that is a violation of Ohio law, specifically the viewing of contraband images.

This was sent to you in a February 25, 2008 email.

**"I am open that afternoon.**

**However, I have not seen any order, letter, etc. from the Cuyahoga County Prosecutor or Attorney General Marc Dann indicating they would forego prosecution of me for the violation of Ohio law that is viewing child pornography.**
**In addition, it is an ethical violation for me to knowing, intentionally violate a state law.**

**As you know, the court in this case has ruled that conduct within a courtroom is not immune from civil liability. Therefore, it is logical that the same alleged activity outside the courtroom, as in viewing the alleged contraband images you seek in the FBI office in March 2008, is also not immune from liability.**

**I have not received anything from you as to how I can be immunized from further federal civil liability in the event the FBI or you inadvertently display a court exhibit involving some other alleged minor (not one of your current clients) triggering liability under the same federal statute you list in the complaint. I do not wish to incur additional claims from anyone. I will not be part of conduct resulting in the display of such exhibits without some assurance of no liability for my participation. I remind you that I never displayed or presented any exhibits in any courtroom as they were displayed by either court staff or the state connecting their own projector to my computer with their cables and erecting their own screen to display any exhibits from my computer. Therefore, if liability can flow from not displaying exhibits in a courtroom, it certainly can flow from causing them to be displayed in a room for purposes of discovery."**

This was received by you on February 26, 2008.

**"To be clear, I have not asked the court to view anything. Your clients are the plaintiffs with the burden of proof in this matter. I have not been provided in discovery any evidence supporting any of their claims. I will be submitting discovery requests to all plaintiffs shortly.**

**If you are only able to provide copies or viewing of your clients' claimed evidence as part of discovery in an environment that results in the commission of a crime, I will not receive that particular discovery from you. It will remain your clients' problem how to comply with the**

**discovery rules.**

**You have not provided me with any verification from the various law enforcement agencies that are permitted to prosecute violations of Ohio law that they would ignore the viewing of alleged contraband as a crime solely because it is connected to a federal civil case.  As a result, you have failed to assure that the discovery event you are planning will not result in the commission of a felony.**

**I will not attend any event at which you intend to violate Ohio law by viewing contraband images.  Furthermore, I believe an attorney has an ethical obligation to avoid knowingly committing a felony.  While you may feel confident in ignoring those legal and ethical rules, I do not.  Proceed at your own risk, but without some protocol to avoid these legal and ethical violations, I will not be in attendance on March 3, 2008 nor any other day.**

**This court has ruled that no immunity exists for such conduct even in the context of judicial proceedings.  I will not ignore this court's orders in that regard and proceed to participate in conduct that is not immune from criminal or civil liability.**

**A claim has been made to my professional liability carrier and it has been denied.  The formal, written explanation of that denial will be sent to me shortly, according to the adjuster.  When I receive that, I will send a copy to you right away.**

**Please inquire of your adult and minor clients regarding good dates in either March or April for depositions following their receipt of the written discovery and answers thereto.**

**I will be inquiring into all issues related to this case with all plaintiffs.  You may want to consult your clients on the types of topics that must necessarily be discussed with them and the minor plaintiffs as a result. "**

The above sufficiently clarifies that you scheduled the event for this afternoon knowing full well that I was not going to attend for the reasons stated above.

I will send the discovery to your clients shortly.

If you have any other questions, don't hesitate to contact me.

4/29/2008