IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PETER LORA, et al | 1:07 CV 2787 |
| | JUDGE DAN AARON POLSTER |
| V. | |
| DEAN BOLAND | MOTION TO WITHDRAW DEEMED ADMISSIONS |

Defendant did not authorize Plaintiffs to enter any admissions on his behalf.  In addition, Plaintiff's claims in said notice are at odds with the facts.

Defendant has been diligent in responding to all of plaintiff's discovery requests.  Plaintiff, in contrast, has twice attempted to cause defendant to either participate in violations of Ohio law or engage in conduct that is potentially in direct violation of a deferred prosecution agreement defendant currently is party to with the federal government which could result in defendant's indictment in federal court.  Obviously, it is wholly inappropriate for plaintiff to conduct discovery in such a fashion.  Attempts to get plaintiff to cure these problems have been fruitless.  Nonetheless, defendant will serve upon plaintiff the responses to all discovery, as best those responses can be made given the legal and contractual obligations noted above and their legal peril if not complied with, by April 30, 2008.

Defendant clearly noted this court's orders and his intent to abide by same as the law of this case and this district.  As such, Plaintiff has repeatedly attempted to have Defendant join with plaintiff's counsel in violations of Ohio's criminal code as well as conduct potentially subjecting Defendant to additional civil liability in future cases of this type or resulting in violations of Defendant's deferred prosecution agreement which is in force until October 5, 2008.

**Test for withdrawal of deemed admissions**

Fed. R. Civ. P. Rule 36(b) allows a court to "permit withdrawal or amendment [of an admission] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits."  A court, exercising discretion, may grant a party's motion to amend or withdraw defaulted admissions to assist in the "normal, orderly presentation of the case" absent a showing of prejudice by the other party.  St. Regis Paper Co. v. Upgrade Corp., 86 F.R.D. 355, 357 (W.D.Mich.1980).

In determining whether to permit withdrawal of an admission, courts apply a two-prong test: (1) whether the presentation of the merits of the action will be subserved if the admission is not withdrawn; and (2) whether the party who obtained the admission will be prejudiced.  Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147, 154 (6th Cir.1997); Dynasty Apparel Indus. v. Rentz, 206 F.R.D. 596, 601-02 (S.D.Ohio 2001); Herrin v. Blackman, 89 F.R.D. 622, 624 (W.D.Tenn.1981).  The first prong is satisfied when refusing withdrawal of the admission would practically eliminate any presentation on the merits of the case.  Dynasty, 206 F.R.D. at 601.

The requests identified by Plaintiffs in their notice of deemed admissions go to the heart of Plaintiffs' claims against Defendant.  Refusing to permit withdrawal of those admissions would eliminate any presentation on the merits of all claims.  Accordingly, the first requirement for withdrawal is satisfied.

With regard to the second prong for the proper withdrawal of admissions, the burden is on the party who obtained the admission to satisfy the court that he would be prejudiced if the admission is withdrawn. The prejudice contemplated by Rule 36(b) "relates to special difficulties a party may face

2

caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." Kerry Steel, 106 F.3d at 154. Plaintiffs have failed to demonstrate how the withdrawal of the purported deemed admissions would prejudice their case. This is especially the case given the filing of this motion on the same day the notice of deemed admissions was filed and the providing of discovery responses, to the extent they can be provided given plaintiffs' counsel's conduct, with 48 hours of this filing. Discovery is currently scheduled to be closed October 1, 2008. There is ample time for plaintiffs to respond to the questions Defendant posed in numerous emails that have gone unaddressed.

Accordingly, under the circumstances, plaintiffs have not demonstrated that they will be prejudiced by withdrawal of the deemed admissions.

For all of the foregoing reasons, Defendant requests this court permit withdrawal of the deemed admissions supplied by Plaintiff without Defendant's consent.

/s/ Dean Boland
Dean Boland (0065693)
18123 Sloane Avenue
Lakewood, Ohio 44107
216.529.9371 phone
866.455.1267 fax
dean@deanboland.com

CERTIFICATE OF SERVICE

A copy of the foregoing has been served on all parties by operation of the court's electronic filing system.

/s/ Dean Boland
Dean Boland (0065693)

3