IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JANE DOE *et al.*, | CASE NO. 1:07cv2787 |
| | JUDGE DAN A. POLSTER |
| *Plaintiffs* | **PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO WITHDRAW DEEMED ADMISSIONS** |
| vs. | |
| DEAN BOLAND | |
| *Defendant* | |

Now come the Plaintiffs in opposition to Defendants' Motion to Withdraw Deemed Admissions and state:

Defendant's Motion is not well taken. The withdrawal of deemed admissions is not mandatory but rather discretion lies with the court:

> We review a district court's denial of a motion to withdraw or amend a Rule 36 admission for an abuse of discretion. *999 v. C.I.T. Corp.,* 776 F.2d 866, 869 (9th Cir. 1985). "Trial courts [have been] advised to be cautious in exercising their discretion to permit withdrawal or amendment of an admission." *Id.*

\*          \*          \*

[1] Rule 36(a) states that a matter is deemed admitted "unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." Fed. R. Civ. P. 36(a). Once admitted, the matter "is conclusively established unless the court on motion permits withdrawal or amendment of the admission" pursuant to Rule 36(b). Fed. R. Civ. P. 36(b). Rule 36(b) provides, in pertinent part:

> [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

Id. (emphasis added).

[2] Rule 36(b) is permissive, not mandatory, with respect to the withdrawal of admissions. See *Asea, Inc. v. S. Pac. Transp. Co*., 669 F.2d 1242, 1248 (9th Cir. 1981). The rule permits the district court to exercise its discretion to grant relief from an admission made under Rule 36(a) only when

> (1) "the presentation of the merits of the action will be sub-served," and (2) "the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Fed. R. Civ. P. 36(b); *Hadley v. United States,* 45 F.3d 1345, 1348 (9th Cir. 1995); see also *Carney v. IRS (In re Carney)*, 258 F.3d 415, 419 (5th Cir. 2001) ("[A] deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)."); *Donovan v. Carls Drug Co*., 703 F.2d 650, 652 (2d Cir. 1983) (stating that the court may excuse a party from its deemed admissions "only when (1) the presentation of the merits will be aided and (2) no prejudice to the party obtaining the admission will result"), overruled on other grounds by *McLaughlin v. Richland Shoe Co*., 486 U.S. 128, 133-34 (1988). However, because requests for admissions have a binding effect on the parties, see Fed. R. Civ. P. 36(b), the provision for withdrawal or amendment specifically provides parties with a potential safe harbor. *Id*.

[3] Admissions are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case and, second, to narrow the issues by eliminating those that can be. *Id*. advisory committee note. The rule is not to be used in an effort to "harass the other side" or in the hope that a party's adversary will simply concede essential elements. *Perez v. Miami-Dade County,* 297 F.3d 1255, 1268 (11th Cir. 2002). Rather, the rule seeks to serve two important goals: truth-seeking in litigation and

>efficiency in dispensing justice. See Fed. R. Civ. P. 36(b) advisory committee note. Thus, a district court must specifically consider both factors under the rule before deciding a motion to withdraw or amend admissions.

*Conlon v. United States*, 474 F.3d 616 at ¶¶ 32-40(9th Cir. 01/16/2007)

Plaintiffs concede that the deemed admissions go right to the heart and merits of the complaint. However, the prejudice to the Plaintiffs if the admissions are withdrawn, as the party who obtained the admissions, will be great and that prejudice is direct the result of Defendant's intentional efforts to thwart discovery in this case.

Defendant's failure to comply with legitimate discovery requests, including the requests for admissions, in this case is the result of an intentional and conscious plan to thwart the discovery process. Defendant is manipulating the discovery process by claiming he cannot respond to discovery requests because he does not know the identities (names and dates of birth) of Plaintiffs Jane Doe and Jane Roe.[1] In fact, knowledge of Plaintiffs Roe's and Doe's names and birth dates would be of no use to the Defendant since he did not download their images by names and never had access to them previously. Defendant also questions whether the two minor plaintiffs actually exist[2] even though he has conceded that he downloaded the images of four real minors in his diversion agreement.

There is only one method by which Defendant can learn which two of the four minors whose images he downloaded and morphed into pornography are images of Plaintiffs Jane Doe and Jane Roe. That method is to view either the innocent original images he downloaded from the internet modeling agency or the "morphed" images he created so that he can see the faces of

---

[1] See Exhibit "2" to the Notice of Deemed Admissions (Document No. 26 Attach 4)
[2] See Exhibit "2" to the Notice of Deemed Admissions (Document No. 26 Attach 4)

Plaintiffs Roe and Doe. Defendant has refused to do either all the while feigning attempted compliance with discovery requests and court orders by falsely stating:

> Defendant clearly noted this court's order and his intent to abide by same as the law of this case and district. As such, Plaintiff has repeatedly attempted to have Defendant join with plaintiff's [sic] counsel in violations of Ohio's criminal code as well as conduct potentially subjecting Defendant to additional civil liability in future case of this type or resulting in violations of Defendant's deferred prosecution agreement which is in force until October 5, 2008.[3]

Plaintiffs have provided Defendant with an opportunity to view either the "morphed" or original innocent images so that he could learn the "identities" of Plaintiffs' Jane Doe and Roe. Plaintiff arranged for Defendant to do so at the FBI headquarters in Cleveland, Ohio on March 3, 2008. Defendant failed to appear even though he stated he was "open" that day to do so.[4]

When the Defendant failed to appear at this meeting as agreed, plaintiffs' counsel sent him copies of the original innocent images of Plaintiffs Roe and Doe that he downloaded which were obtained from the FBI. Defendant "shredded" these images even though he was specifically advised that they were not contraband and merely the "original downloads that you used to create contraband."[5] Defendant's claim that Plaintiffs are attempting to have him view contraband is a misrepresentation at best. Likewise, Defendant for some reason now fails to recognize the judicial exception that would permit him to view even the "morphed" images under Ohio Criminal law that he strenuously relied upon and asserted to this Court in his Motion to Dismiss.

Therefore, prejudice will result to the Plaintiffs if the deemed admissions are ordered withdrawn because the Defendant has intentionally stymied the normal discovery process by claiming he cannot respond to the discovery requests without knowing the identities of the minor

---

[3] Motion to Withdraw Admissions at 1
[4] See Exhibit "1" to the Notice of Deemed Admissions (Document No 26 Attach 3)
[5] Exhibit "3" attached hereto and Exhibit "2" attached to the Notice of deemed Admissions (Document 26 Attach 4 )

plaintiffs while simultaneously and arbitrarily refusing to engage in the only process that would provide him this information.

Defendant's claim that he has now provided the discovery requested of him is also misleading. Defendant writes: "This is especially the case given the filing of this motion on the same day the notice of deemed admissions was filed and **the providing of discovery responses, to the extent they can be provided** given plaintiffs' counsel conduct, with [sic] 48 hours of this filing"[6] [Emphasis added]. Defendant has not meaningfully complied with one discovery request in his "discovery responses."[7]

### Conclusion

For the reasons set forth above, Plaintiffs respectfully request that is Court overrule Defendant's Motion to Withdraw Admissions because the Plaintiffs will be prejudiced and does not have any other avenue to obtain the requested information to due the Defendant's recalcitrant and misleading behavior.

    Respectfully submitted,

    /s/ Jonathan E. Rosenbaum
    Jonathan E. Rosenbaum (Ohio Bar Reg. No. (021698)
    Attorney for Plaintiffs
    230 Third Street, Suite 104
    Elyria, Ohio 44035
    (440) 322-7972
    fax (440) 322-7972
    Email: jerosenbaum@alltel.net

---

[6] Motion to Withdraw Deemed Admissions at 3
[7] Discovery Responses Attached as Exhibit "4;" Plaintiffs will address this failure in a Motion to Compel Discovery

## **Proof of Service**

A true and accurate copy of the foregoing has been electronically by email and by ordinary mail served this 2nd day of May, 2008 upon the following:

Dean Boland, Esq.
18123 Sloane Avenue
Lakewood, Ohio 44017
dean@deanboland.com

                                             /s/ Jonathan E. Rosenbaum_____
                                             JONATHAN E. ROSENBAUM
                                             Supreme Court Reg. No. 0021698
                                             Attorney for Plaintiffs