IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
|  | 1:07 CV 2787 |
| PETER LORA, et al | JUDGE DAN AARON POLSTER |
| V. | MOTION TO CERTIFY FOR APPEAL THIS COURT'S ORDERS IN DKT. #8 AND DKT. # 29 |
| DEAN BOLAND | PURSUANT TO 28 U.S.C. 1292(b) |

/s/ Dean Boland
Dean Boland 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
216-529-9371 ph
866-455-1267 fax
dean@deanboland.com

1

I. STATEMENT OF QUESTION PRESENTED

Whether this Court should certify for appeal, pursuant to 28 U.S.C. 1292(b) this Court's order (Dkt. #8) in conjunction with its most recent order (Dkt. # 29) of May 6, 2008 requiring Defendant to engage in conduct, without immunity, that is a felony under Ohio Revised Code 2907.323 and will result in further civil liability under 18 U.S.C. 2255(A)(f) and may result in a violation of his Deferred Prosecution Agreement resulting in his federal indictment as part of discovery in a civil matter?

II. FACTUAL BACKGROUND

Defendant was an expert witness in digital imaging in several criminal cases in state court in Ohio. As part of those cases, he prepared digital image exhibits, in part, to demonstrate the ease with which apparent contraband child pornographic images can be mistaken by citizens, prosecutors, judges and juries for the real, illegal child pornographic images. All exhibits Defendant created in those cases were sealed as part of the court record in each case in which Defendant testified as an expert witness. Defendant randomly downloaded apparent images of adults and apparent images of minors from the Internet for use in constructing those exhibits.

Creating such exhibits for judicial purposes is explicitly permitted under the exceptions in Ohio law for such purposes. (See, e.g. Ohio Revised Code 2907.321(B)(1)).

In one other case, a federal judge for the Northern District of Oklahoma **ordered** the Defendant, as an expert witness in a criminal case there, to produce said exhibits as part of educating the court about the state of digital imaging technology.

2

This case has four plaintiffs. Two of the plaintiffs allege they are minors whose images, or portions thereof, were used as portions of court exhibits that Defendant displayed or presented or caused to be displayed or presented in at least one case in which he testified. Plaintiffs do not allege that any such exhibits were created, displayed or presented for any other purpose other than the judicial purpose specified above. Plaintiffs further allege that the conduct of displaying or presenting such court exhibits is conduct that is a violation of 18 U.S.C. 2252, et. seq. Finally, plaintiffs allege that such conduct has harmed them in some unspecified way.

Defendant moved to dismiss this case noting that Ohio law explicitly sanctioned his conduct and the federal judge in Oklahoma, likewise, sanctioned his conduct as "necessary" for the disposition of such criminal cases. Defendant specifically moved this court to dismiss this matter citing judicial and witness immunity. This court has rejected the notion that Defendant was immune from criminal or civil liability for such conduct regardless of Ohio law and compliance with the Oklahoma federal judge's order. (Dkt. #8 at 4).

<u>Defendant is not immune from civil or criminal liability for conduct performed in connection with a judicial proceeding including conduct performed in compliance with a federal court judge's order.</u>

There is a long history and tradition of granting immunity for witnesses and others connected with judicial proceedings. "To achieve this noble goal, participants in judicial proceedings should be afforded every opportunity to make a full disclosure of all pertinent information within their knowledge." (Willitzer v.

3

McCloud, 6 Ohio St.3d at 447, 6 OBR at 489, 453 N.E.2d at 693). "For a witness, this means he must be permitted to testify without fear of consequences.  Freedom of speech in a judicial proceeding is essential to the ends of justice." (Id); "The doctrine of absolute immunity for statements in judicial proceedings reflects a judgment that the need for completely free speech for litigants is dominant, and that this freedom is not to be endangered by subjecting parties to the burden of defending their motives in subsequent (defamatory) litigation…." (Brown v. Collins, 131 U.S.App.D.C. 68).  This immunity extends to persons who are severely harmed by that false testimony including indictment and wrongful imprisonment resulting from false testimony.  (Macko v. Byron, 760 F.2d 95, C.A.6 (Ohio),1985); "[W]itnesses in judicial proceedings are absolutely immune from civil liability under 42 U.S.C. 1983…even if they knowingly gave perjured testimony." (Briscoe v. Lahue, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983)).  Absolute immunity extends to legislators, (Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951); judges and police officers, Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) and to school officials, Wood v. Strickland, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975)).  A majority of circuits, including the 6th, have held judicial proceedings immunity to be absolute. (Briscoe v. LaHue, 663 F.2d 713 (7th Cir. 1981); Myers v. Bull, 599 F.2d 863 (8th Cir. 1979), cert. denied, 444 U.S. 901, 100 S.Ct. 213, 62 L.Ed.2d 138 (1980); Burke v. Miller, 580 F.2d 108 (4th Cir. 1978), cert. denied, 440 U.S. 930, 99 S.Ct. 1268, 59 L.Ed.2d 487 (1979); Blevins v. Ford, 572 F.2d 1336 (9th Cir. 1978); Bennett v. Passic, 545 F.2d 1260 (10th Cir.

1976). Contra, Briggs v. Goodwin, 569 F.2d 10 (1977), cert. denied, 437 U.S. 904, 98 S.Ct. 3089, 57 L.Ed.2d 1133 (1978); Hilliard v. Williams, 516 F.2d 1344 (6th Cir. 1975), vacated on other grounds, 424 U.S. 961, 96 S.Ct. 1453, 47 L.Ed.2d 729 (1976), on remand, 540 F.2d 220 (6th Cir. 1976)). Under Ohio law, the absolute judicial privilege permits the use of false, defamatory information in judicial proceedings without civil liability. (See M.J. DiCorpo, Inc. v. Sweeney, 69 Ohio St.3d 497, 634 N.E.2d 203, 208-09 (Ohio 1994). "[A]ttorneys conducting judicial proceedings are privileged from prosecution for libel and slander" based on writings or statements submitted to a court when the information is "material and pertinent to the question involved, regardless of how false, malicious, or injurious [it] may be." (Justice v. Mowery, 69 Ohio App.2d 75, 430 N.E.2d 960, 961-62 (Ohio Ct.App. 1980)). Ohio courts construe the absolute privilege with great liberality to assure that parties or their attorneys are not deterred from prosecuting an action vigorously for fear of personal liability. (See id. at 962).

Absent immunity, discovery and trials of many types cannot be conducted. For example, drugs cannot be tested by independent labs without committing the crime of possession of contraband. Defense counsel and experts cannot possess copies of hard drives containing alleged contraband images. (Possession of this time is explicitly provided for in 18 U.S.C. 3509m(1) and m(2) along with state supreme court decisions such as State of Washington v. Boyd et al. Nos. 79371-9, 79339-5). Without immunity, courts ordering prosecutors to hand over such evidence would be simultaneously ordering those defense counsel and/or experts to commit criminal

5

violations and incur liability under the same federal statute underlying plaintiffs' case here. (See 18 U.S.C. 2255(A)(f)).

Despite this case law and handling of such contraband in judicial proceedings providing for either explicit or implicit immunity, this court has ruled that Defendant has no immunity for conduct as part of the Ohio or federal judicial proceedings noted above. (Dkt. #8 at 4).

In this case the plaintiffs have alleged that a court exhibit created, displayed and/or presented by Defendant depicted two of the minor plaintiffs. As such, in discovery, Defendant is entitled to see plaintiffs evidence of such image. Furthermore, at trial, plaintiffs are required to display in the courtroom for the jury and any members of the public present, examples of the court exhibits they claim depict the two minor plaintiffs engaged in apparent intimate conduct.

Criminal Liability connected to Necessary Discovery

Viewing child pornography is a crime in the state of Ohio. (See R.C. 2907.323(B)(1)). Defendant, in this case, is entitled to view the alleged contraband court exhibits plaintiffs are claiming he created. However, engaging in that necessary discovery violates R.C. 2907.323(B)(1). This court has ruled that no immunity exists for Defendant's conduct that arguably violates a criminal statute despite the fact that conduct is engaged in exclusively as part of his lawful and appropriate participation in a judicial proceeding. (Dkt. #8 at 4). In Dkt. #8 the factual situation was that of conduct lawful in Ohio yet ostensibly a violation of 18 U.S.C. 2252, et seq. The conduct required by discovery in this civil matter to which

6

Defendant is entitled violates R.C. 2907.323(B)(1). Absent immunity, Defendant must commit a felony in order to merely view the alleged court exhibits at the heart of plaintiffs' claims.

Civil liability under 18 U.S.C. 2252(A)(f)

Any person "aggrieved" by conduct that is a violation of 18 U.S.C. 2252(A) "may commence a civil action for the relief…." (18 U.S.C. 2252(A)(f)(1)). The statute does not define "aggrieved." Plaintiffs have alleged that Defendant's conduct in displaying or presenting court exhibits to judges or juries containing image(s) of the two minor plaintiffs is a violation of 18 U.S.C. 2252(A). Plaintiffs also allege that such conduct has "aggrieved" them bringing with it civil liability.

In the event Defendant does not settle this case with plaintiffs, as part of discovery, Defendant is entitled to (and will cause) plaintiffs to "display or present" to him copies of the court exhibits plaintiffs are alleging he "displayed or presented" in the cases referenced above. In the event Defendant does not settle this case with plaintiffs, at trial, Defendant is entitled to (and will cause) plaintiffs to "display or present" to the trial judge, witnesses and the jury the court exhibits plaintiffs are alleging Defendant "displayed or presented" in the cases referenced above to trial judges and/or juries. The law of this case is that no civil immunity exists for Defendant for engaging in such conduct even in a judicial proceeding. (Dkt. 8 at 4). Therefore, no immunity exist for Defendant for causing that "display or presenting" of said court exhibits in this very case in discovery and at trial.

Both the "display or presenting" of said court exhibits in discovery and the "display or presenting" of said court exhibits at trial are events that incur civil liability for Defendant under 18 U.S.C. 2252(A)(f)(1).  That identical conduct, by Defendant, is the core of plaintiffs' claim of liability in this case itself.  (See Complaint).  Absent immunity, the conduct of discovery and trial in this case represents an endless loop of addition of events carrying with them additional civil liability for Defendant.  In fact, should this case be appealed by Defendant following trial or summary judgment, that act will necessitate the "display or presenting" of said court exhibits to appellate judges, appellate law clerks and potentially other staff creating additional civil liability for Defendant.  Absent immunity, this case represents a virtually never-ending series of increasing liability for Defendant that starts with Defendant causing the "display or presenting" of said court exhibits in discovery.

Civil liability for court participants beyond this case

The effect of this court's ruling in Dkt. #8 at 4 also entitles any minor on any image used in any child pornography prosecution case to sue the prosecutor, defense attorney, FBI agents, judges and any others who cause the "display or presenting" of such item to a jude or jury.  Mr. Rosenbaum can merely troll the courthouse seeking to view child pornography images at trial that are presented by state or federal prosecutors, track down the minor depicted (if the image is in fact authentic) and sign them up as client so embark on identical litigation to this matter against those prosecutors or whomever else caused to be "displayed or presented" said

8

images. The Defendants in those cases, seeking to have such litigation dismissed citing immunity, will be met by Mr. Rosenbaum with this court's existing precedent that no such immunity exists. (See Dkt. #8 at 4).

Each defense attorney and each prosecutor in any subsequent child pornography prosecution (state or federal) must perform their job with the knowledge that at any time following their work in that criminal case they can be subject to civil liability in federal court for which there is no immunity.

Court's order implicitly recognizes this looming problem

Plaintiffs presented to the court a notice of deemed admissions including exhibits. Those exhibits detailed the email exchanges between plaintiffs' counsel and Defendant. Defendant responded to the notice of deemed admissions outlining the dual requests of Plaintiffs' counsel that Defendant view the alleged child pornographic court exhibits and view non-pornographic images of the alleged minor plaintiffs.

In response to the problems presented by plaintiffs' discovery plan, this court ordered that Defendant travel to the Cleveland FBI office and view the "non-pornographic" images of the alleged minor plaintiffs. The order leaves for another day the looming and inexorable problem that will be presented by the use in discovery and at trial of the alleged pornographic images of the alleged minor plaintiffs.

Absent immunity, Defendant will be both violating Ohio law and incurring additional federal civil liability by necessary discovery conduct and merely viewing the evidence as it is presented at trial.

<u>Absent Immunity, Defendant is uniquely imperiled by the conduct of discovery and trial in this case as it represents potential violations of his Deferred Prosecution Agreement subjecting him to immediate federal indictment</u>

Finally, this court is aware from the very filing of the complaint, that Defendant is party to a Deferred Prosecution Agreement. (See Exhibit to Complaint). Defendant was required to enter into to that agreement to avoid federal indictment for his creation of court exhibits in his role as an expert witness as outlined above. That agreement permits the United States Attorney for the Northern District of Ohio, in his sole discretion, to determine whether the Defendant has violated any terms of that agreement. The conditions of that agreement prohibit Defendant from use of any image in any way that could potentially contain the image (pornographic or non pornographic) of the four Does referenced in that agreement. (Complaint, Exhibit 1, Special Condition #5). It further prohibits Defendant from "facilitating, encouraging or suggesting" that anyone else use, in **any way**, **any images** of the four Does referenced in the agreement.

The identity of the alleged minor plaintiffs in this matter has not been disclosed. The identity of the minors referenced in the Deferred Prosecution Agreement is not disclosed in the Deferred Prosecution Agreement nor any attached

exhibits. The identity of the minors referenced in the Deferred Prosecution Agreement is unknown to Defendant.

As part of discovery in typical civil cases, the parties are required to exchange exhibits to be used at trial, documents, answers to interrogatories and the like. In this case, Plaintiffs' have propounded interrogatories, requests for admissions and the like that naturally would require Defendant to seek out information about the identity of the two minor plaintiffs and the viewing of an image or images of the two minor plaintiffs in order to intelligently answer those queries. Defendant's Deferred Prosecution Agreement prohibits him from "facilitating, encouraging or suggesting" the use of any image in any way of any of the four Does referenced in that agreement.

The order of May 6, 2008 requires Defendant to, at a minimum, view the image of what Plaintiffs purport is the two minor plaintiffs in this litigation. The court has so ordered because Defendant, quite appropriately, has indicated he cannot meaningfully answer some of the discovery without knowing which images the Plaintiffs are alleging depict the two minor plaintiffs and were used by Defendant in the creation of court exhibits for Ohio the judicial proceedings.

Plaintiffs have alleged that the two minor plaintiffs in this matter are among the four minors referenced in the Deferred Prosecution Agreement. Compliance with the court's order, therefore, imperils the liberty of the Defendant as a potential violation of the Deferred Prosecution Agreement. In the event, at some future time, that Plaintiffs establish that the two minor plaintiffs in this matter are among the

four minors referenced in the Deferred Prosecution Agreement, it will be up to the Executive Branch, via the United States Attorney for the Northern District of Ohio to decide whether Defendant's compliance with this court's May 6, 2008 order constituted "facilitating, suggesting or encouraging" anyone to use in any way any image of the Does referenced in the Deferred Prosecution Agreement.

As law of the case in this matter, the mere fact that a federal judge, this court, has ordered Defendant to engage in said conduct does not make him immune from such a determination by the United States Attorney. (Dkt #8 at 4). Even if this court were to rule that such conduct is not a violation of the Deferred Prosecution Agreement, such ruling is not sufficient to prohibit the Executive Branch via the United States Attorney for the Northern District of Ohio from disagreeing with said ruling, finding a violation and indicting Defendant. (Dkt. # 8 at 4) as a result of the Separation of Powers doctrine. Defendant can certainly raise this court's order as a defense in any subsequent criminal case, but the judge in that matter is not bound by this court's assurance of immunity especially in light of this court's existing order in this case that no such immunity exists. And, to raise any such defense, Defendant must first be indicted for possessing child pornography with all the attendant personal, familial and financial costs not to mention risk of conviction and imprisonment.

In short, compliance with this court's order is no protection from Executive Branch's right to find a violation of the Deferred Prosecution Agreement and proceed to indict Defendant. Despite this court's confidence, if it exists, that the

conduct it is ordering Defendant engage in is no violation of the Deferred Prosecution Agreement and cannot be deemed a violation of that agreement at any point in the future, such a prediction is no protection from Defendant's future indictment. The Executive Branch will be solely "the decider" of whether Defendant has violated the agreement and is now subject to indictment.

However, without compliance with this court's order, it seeks to order admissions at the heart of this case and key to any potential defense deemed admitted. Defendant's options, therefore, are to forego a defense in the civil matter and essentially concede a judgment approaching $1 Million dollars to avoid potential federal indictment or engage in a potential violation of the Deferred Prosecution Agreement in order to avoid automatically deemed admissions in this matter.

Conclusion

Without dispute, the creation of said exhibits, at the heart of this case, by Defendant was solely for the purpose of educating judges and juries regarding the state of the art in digital imaging technology. Without dispute, Defendant's conduct in creating said exhibits was lawful under Ohio law. Without dispute, Defendant was ordered to create said exhibits by the federal judge in the Oklahoma case referenced above for use in that case. Without dispute, there is no authority for the proposition that the federal child pornography statute preempts Ohio's statute(s). In fact, all authority on the question is to the contrary. (In Ohio v. Oliver (2006),

CR-2005-11-4175, the court found that the other state opinions were "persuasive" on the issue of no preemption; Wisconsin v. Bruckner (1989), 151 Wis.2d 833 "Although Congress has specifically announced that its comprehensive regulation of controlled substances was not meant to preempt non-conflicting state laws, 21 U.S.C. sec. 903, such a specific disclaimer of preemptive intent apparently was not deemed to be necessary in the child-pornography area, given this legislative history." "[N]othing in the federal statutes regulating child pornography, or in their legislative history, that permits even an inference, much less the required 'unambiguous congressional mandate that Congress meant to preempt regulation of this problem.'" (Id); People v. Gilmour (1998), 177 Misc.2d 250 "[The Defendant] has failed to establish to the satisfaction of this court that New York's attempt to proscribe the possession of child pornography in Penal Law 263.16 has been preempted by federal legislation…."; Commonwealth of Pennsylvania v. Stewart CP-14-CR-323-2006 the court issued a protective order finding no preemption of Pennsylvania's state statutes by federal law; Tennessee v. Butler (2005), 2005 WL 735080 held "we find the reasoning of [other] courts to be persuasive and, likewise, conclude that the possession, copying, or distribution of child pornographic materials does not constitute a violation of Tennessee's sexual exploitation of a minor statutes so long as it occurs in the context of the prosecution or defense of a case under the statute."

     Therefore, this suit's posture is the attempt to obtain a civil judgment for conduct that was, without dispute, lawful when and where it was performed and, in

the Oklahoma case, ordered to be performed by a federal judge, Sven Erik Holmes of the Northern District of Oklahoma (retired). In addition, the conduct performed within the state of Ohio was not governed by federal law as the federal statute does not preempt Ohio law as noted in the authorities above.

This court has previously ruled, and it is the law of this case, that no witness or judicial immunity applies to Defendant's conduct despite it being lawful under Ohio law and in the case of the Oklahoma matter, ordered to be performed by a federal judge. (Dkt. # 8 at 4). Essentially, this court has ruled that the federal child pornography statute, which contradicts Ohio's statues in that it omits any judicial proceedings exception, preempts state law and permits the prosecution of a person situated as Defendant was and also permits the imposition of federal civil liability for conduct that Ohio's law permits. If this court's ruling in Dkt. #8 was not intended to represent a ruling that the federal statute preempts the Ohio statute, then state law on judicial and witness immunity along with the explicit statutory exception governing Defendant's conduct in the judicial proceedings noted above controls and mandates dismissal of all of plaintiff's claims. There appears no third way. In addition, with the court explicitly stating the federal statute preempts Ohio law which is implicit in its order of Dkt. #8, perhaps Ohio Revised Code 2907.323 does not apply to Defendant's right to discovery in this matter as it relates to the alleged pornographic court exhibits that Plaintiffs' will seek to present as evidence.

Therefore, no matter the existence of a federal court order to view the non-pornographic images of the alleged minor plaintiffs in this case, there is no

immunity from prosecution for that conduct in the event the United States Attorney deems it a violation of the Defendant's Deferred Prosecution Agreement.

Summary

The law of this case is that witnesses or parties or litigants do not enjoy immunity from subsequent prosecution or civil liability for their use, display, presentment, creation, possession, etc. in any way of alleged contraband images in either a criminal or civil case.

Absent Immunity:

1. The viewing of pornographic images allegedly depicting the minor plaintiffs is a violation of Ohio law for which Defendant can be prosecuted.
2. Causing the "display or presenting" of the alleged pornographic court exhibits in discovery or refusing to settle this matter causing them to be "displayed or presented" at trial results in additional civil liability for Defendant in an never ending loop of increasing liability/damages.
3. The "facilitating, suggesting or encouraging the use of" even non-pornographic images of the minor plaintiffs potentially causes Defendant to violate his Deferred Prosecution Agreement starting a series of events leading to his federal indictment.

The court's ruling on the lack of immunity disables Defendant from obtaining necessary discovery to which he is entitled. An appeal of the inevitable loss at trial, as a result, would require Defendant to post a hefty bond securing any such judgment while said appeal is pending. Defendant seeks certification of the appeal

of the court's ruling in Dkt. # 29 as no appeal remedy exists for the inevitable criminal prosecution that would result from compliance with the order such that the Deferred Prosecution Agreement is violated.

III. STANDARD

28 U.S.C. 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.   Therefore, certification under 28 U.S.C. 1292(a) should be granted.

IV. RELIEF REQUESTED

WHEREFORE, Defendant respectfully asks that this Court certify, pursuant to 28 U.S.C. 1292(a) the above related court orders are appealable.

17

/s/ Dean Boland
Dean Boland 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
216-529-9371 ph
866-455-1267 fax
dean@deanboland.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be served upon all parties by operation of the court's electronic filing system

/s/ Dean Boland
Dean Boland 0065693