IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PETER LORA, VICTORIA BLOOM, et al | 1:07 CV 2787 |
| V. | JUDGE DAN AARON POLSTER |
| DEAN BOLAND | MOTION FOR RULING REGARDING STATUTORY PREEMPTION |

Defendant respectfully requests this court enter a ruling whether the 18 U.S.C. 2252 and 18 U.S.C. 2255, et. seq. do or do not preempt Ohio Revised Code Sections 2907.321, 2907.322 and 2907.323 for the reasons set forth in the attached brief.

/s/ Dean Boland
Dean Boland (0065693)
18123 Sloane Avenue
Lakewood, Ohio 44107
216.529.9371 phone
866.455.1267 fax
dean@deanboland.com

ISSUE : Does 18 U.S.C. 2252, et seq. and/or 28 U.S.C. 2255, et seq. preempt Ohio state law, specifically, Ohio Revised Code Sections 2907.321, 2907.322 and 2907.323?

In motions and at least one order in this case, the court has noted that the federal child pornography statute and Ohio's child pornography statutes are at odds in significant ways. Most notably, Ohio's statutes provide an exception for the conduct that the federal statute, according to this court's orders, imbues with criminal and civil liability. (See exceptions in ORC 2907.321, 2907.322 and 2907.323). The plaintiffs have alleged that Defendant created images using images or portions thereof of the minor plaintiffs as court exhibits. During discovery (and potentially at trial) in this case Defendant will be required to commit a felony just to view those alleged child pornographic court exhibits. (See Ohio Revised Code 2907.323(B)(1)). (i.e. viewing of child pornography).

With a ruling from this court that the federal statute preempts Ohio's child pornography statutes, the issues relating to discovery and it necessitating that Defendant commit a felony under Ohio law are eliminated. Without such a ruling, Defendant will be required to decide whether viewing the alleged child pornographic plaintiff's exhibits in discovery and trial are worth committing a felony under Ohio law. It strikes even the casual observer that a fair trial cannot be had when one party is required to make such a decision to vindicate their rights in a civil action.

Standard regarding Pre-emption Issues

The principle of federal pre-emption of state law arises directly from the Supremacy Clause of the United States Constitution. Under the Supremacy Clause, "the Laws of the United States * * * shall be the supreme Law of the Land * * *, anything in the Constitution or Laws of

1

any State to the Contrary notwithstanding." (Clause 2, Article VI, United States Constitution). Thus, under this constitutional authority, Congress may pre-empt state law. (See <u>Gollihue v. Consol. Rail Corp</u>. (1997), 120 Ohio App.3d 378, 390). Although Congress does have the power to pre-empt state law, there is a strong presumption against pre-emption. (Id). (Emphasis added).

Consideration of pre-emption issues begins with the "assumption that the historic police powers of the States [are] not to be superseded by * * * [a] Federal Act unless that [is] the clear and manifest purpose of Congress." (<u>Rice v. Santa Fe Elevator Corp</u>. (1947), 331 U.S. 218, 230). The U.S. Supreme Court has summarized the various standards for determining whether a federal law pre-empts a state law as follows:

**Pre-emption occurs when Congress, in enacting a federal statute, expresses a clear intent to pre-empt state law, when there is outright or actual conflict between federal and state law, where compliance with both federal and state law is in effect physically impossible, where there is implicit in federal law a barrier to state regulation, where Congress has legislated comprehensively, thus occupying an entire field of regulation and leaving no room for the States to supplement federal law, or where the state law stands as an obstacle to the accomplishment and execution of the full objectives of Congress.** (<u>Louisiana Pub. Serv. Comm. v. F.C.C</u>. (1986), 476 U.S. 355, 368-369).

While the Court articulated these various standards, it emphasized that the "critical question in any pre-emption analysis is always whether Congress intended that federal regulation supersede state law." (Id. at 369, citing Rice, 331 U.S. at 230).

The legislative history of the federal child pornography statute (18 U.S.C. 2252, 2256, et seq.) is void of any intent to supersede state law. Four state courts, including recently Summit County, Ohio, have addressed this issue and held that there is no federal preemption.

In <u>Ohio v. Oliver</u> (2006), CR-2005-11-4175, the court found that the other state opinions were "persuasive" on the issue of no preemption. (Exhibit 1) As a result, the court also ruled

2

that the federal statute does not preempt the state statute and issued a protective order as a result. (Exhibit 2).

In <u>Wisconsin v. Bruckner</u> (1989), 151 Wis.2d 833 the court held that "federal and state regulation of child pornography results in a partnership that enhances rather than retards the underlying goal of protecting children from sexual exploitation. Indeed, as we have already mentioned, Congress specifically anticipated this partnership with approval." (Citing to Senate Report at 10, 1978 U.S.Code Cong. & Admin.News at 48).

"Although Congress has specifically announced that its comprehensive regulation of controlled substances was not meant to preempt non-conflicting state laws, 21 U.S.C. sec. 903, such a specific disclaimer of preemptive intent apparently was not deemed to be necessary in the child-pornography area, given this legislative history." (Id). The court summed up by finding that "nothing in the federal statutes regulating child pornography, or in their legislative history, that permits even an inference, much less the required "unambiguous congressional mandate that Congress meant to preempt regulation of this problem." (Id).

In <u>People v. Gilmour</u> (1998), 177 Misc.2d 250 a New York state court addressed the pre-emption question and found exactly as the Wisconsin court did. "[The Defendant] has failed to establish to the satisfaction of this court that New York's attempt to proscribe the possession of child pornography in Penal Law 263.16 has been preempted by federal legislation…." After a diligent search, defense counsel has failed to locate any state or federal case finding to the contrary of these cases.

The most recent decision on this question was issued July 20, 2006 by the state court in Pennsylvania. In <u>Commonwealth of Pennsylvania v. Stewart</u> CP-14-CR-323-2006 the court

3

issued a protective order finding no preemption of Pennsylvania's state statutes by federal law. (Exhibit 4).

Rulings of No-Preemption by Implication

None of the following state courts found the federal statute to preempt its rulings permitting distribution of alleged contraband to defense counsel as part of an ongoing criminal case.

Tennessee v. Butler (2005), 2005 WL 735080 held "we find the reasoning of [other] courts to be persuasive and, likewise, conclude that the possession, copying, or distribution of child pornographic materials does not constitute a violation of Tennessee's sexual exploitation of a minor statutes so long as it occurs in the context of the prosecution or defense of a case under the statute."  (Id).

In Minnesota v. Kandel (2004), 2004 WL 1774781 the court of appeals upheld the suppression of all computer related evidence and a resulting dismissal as a sanction for the state's discovery violations.  The state initially refused to produce copies of all the evidence in this child pornography prosecution and later provided poor copies of the images near the time of trial.

In Nevada v. The Second Judicial District Court of Nevada and the Honorable Steven R. Kosach, District Judge and Claude Eric Epperson, Jr.;  Ryan Andrew Barnes;  Doni Kevin Hodge;  and Brittania Larae Todd, (2004), 89 P.3d 663, the defendants requested a copy of a "videotape contain[ing] about one hour of explicit sexual conduct between the guys and girls at Brittania's apartment, including sexual conduct with thirteen-year-old E.R."  The Nevada Supreme Court held that the state was required, as a matter of Due Process, to provide videotape to defense counsel, despite the statutory prohibition on the reproduction of child pornography.

4

(Id).

An Ohio court found it absurd that a defense attorney or a defense expert witness would actually be indicted for work in creating, possessing or transporting digital image exhibits for court purposes.  In <u>Ohio v. Taylor</u> 04CR442 (Miami County, Ohio), the court held that "taken to extremes, of course, this logic [that the defense expert witness could be prosecuted for producing exhibits among other trial preparatory work] extrapolated would mean neither a court reporter, jury nor judge could possess or control the material at trial.  Clearly this is not the result intended by the law."  (Exhibit 1).  Most recently, the Summit County Court in Ohio ordered the state of Ohio to provide a copy of all seized electronic material to defense counsel.   (Exhibit 2).  The court also found the state statue was not preempted by the federal statute.  (Exhibit 3).


/s/ Dean Boland
Dean Boland 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
216-529-9371 ph
866-455-1267 fax
dean@deanboland.com

5

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be served upon all parties by operation of the court's electronic filing system.

/s/ Dean Boland
Dean Boland 0065693