IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| STATE OF OHIO, | ) | CASE NO. CR-2005-11-4175 |
| | ) | |
| Plaintiff, | ) | JUDGE BURNHAM UNRUH |
| | ) | |
| vs. | ) | |
| | ) | |
| DENNIS C. OLIVER, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on Defendant Dennis Oliver's Motion to Compel. Defendant has moved the Court to compel the prosecution to produce an encase image of the computer hard-drive seized by law enforcement in this case. Defendant's Motion to Compel was filed with the Court on April 27, 2006. The Court discussed this Motion with the parties at a hearing on May 4, 2006. The Court held this issue in abeyance pending the receipt of a motion and brief on the issue of federal pre-emption. On May 11, 2006, Defendant filed supplemental authority regarding his Motion to Compel and specifically addressed the federal pre-emption issue. To date, no objections or other motions have been filed in response to Defendant's Motion.

In his Supplemental authority, Defendant argues that he is entitled to view the evidence requested in his Motion to Compel. He argues that the federal statutes on child pornography do not indicate an intent by Congress to pre-empt the entire field of child pornography. Defendant cites two state cases (from Wisconsin and New York) in which State Courts held that the state regulations and federal regulations against child pornography are intended to work together to enhance the underlying goal of protecting children. The Court has reviewed these cases and finds the persuasive on the issue of preemption. *See Wisconsin v. Bruckner*

EXHIBIT 3

(1989), 151 Wis.2d 833 and *People v. Gilmour* (1998), 177 Misc.2d 250. The Court finds that the present issue has not been preempted by federal law.

As discussed at the May 4, 2006 hearing, R.C. 2907.323, the statute involved in this case, prohibits a variety of possession and distribution conduct related to prohibited child pornography images. However, the statute contains an exception for using such material for "judicial purposes". The Court has already indicated that the Defendant's Motion to Compel seeks to use such materials to prepare a defense and that this can be considered "judicial purposes" under the statute. For this reason, and because the prosecution has not filed any objection or response to Defendant's Motion to Compel, the Court grants Defendant's Motion to Compel, subject to any protective orders which the State and/or Defendant's counsel agree are necessary in the present case.

Upon due consideration, the Court GRANTS the Plaintiff's May 11, 2006 Motion to Compel. Wherefore, within **fourteen (14) days** of the issuance of this Order, the parties are to discuss and submit any proposed protective orders, which are considered necessary in the present case. If no such protective orders are necessary, the State is instructed to produce the item(s) requested by Defendant in his Motion to Compel within **fourteen (14) days** from the date of this Order.

IT IS SO ORDERED.

*[signature]*
JUDGE BRENDA BURNHAM UNRUH

Attorney Donald J. Malarcik
Assistant Prosecuting Attorney, Kris Raynes

EXHIBIT 3