IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
|  | 1:07 CV 2787 |
| PETER LORA, VICTORIA BLOOM, et al | JUDGE DAN AARON POLSTER |
| V. | MOTION TO DISMISS<br>FAIR TRIAL VIOLATION |
| DEAN BOLAND |  |

Defendant respectfully requests this court dismiss this case as he cannot obtain a fair trial in light of the conflict between this court's orders in Dkt. #8, Dkt. #29 and 18 U.S.C. 2252/18 U.S.C. 2255, et seq. and Ohio Revised Code 2907.321, 2907.322 and 2907.323 for the reasons contained in the attached brief.

/s/ Dean Boland
Dean Boland 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
216-529-9371 ph
866-455-1267 fax
dean@deanboland.com

1

LAW AND EXPLANATION

Defendant was an expert witness in digital imaging in several criminal cases in state court in Ohio. As part of those cases, he prepared digital image exhibits, in part, to demonstrate the ease with which apparent contraband child pornographic images can be mistaken by citizens, prosecutors, judges and juries for the real, illegal child pornographic images. All exhibits Defendant created in those cases were sealed as part of the court record in each case in which Defendant testified as an expert witness. Defendant randomly downloaded apparent images of adults and apparent images of minors from the Internet for use in constructing those exhibits.

Creating such exhibits for judicial purposes is explicitly permitted under the exceptions in Ohio law for such purposes. (See, e.g. Ohio Revised Code 2907.321(B)(1)).

In one other case, a federal judge for the Northern District of Oklahoma **ordered** the Defendant, as an expert witness in a criminal case there, to produce said exhibits as part of educating the court about the state of digital imaging technology.

This case has four plaintiffs. Two of the plaintiffs allege they are minors whose images, or portions thereof, were used as portions of court exhibits that Defendant displayed or presented or caused to be displayed or presented in at least one case in which he testified. Plaintiffs do not allege that any such exhibits were created, displayed or presented for any other purpose other than the judicial purpose specified above. Plaintiffs further allege that the conduct of displaying or

2

presenting such court exhibits is conduct that is a violation of 18 U.S.C. 2252, et. seq. Finally, plaintiffs allege that such conduct has harmed them in some unspecified way.

Defendant moved to dismiss this case noting that Ohio law explicitly sanctioned his conduct and the federal judge in Oklahoma, likewise, sanctioned his conduct as "necessary" for the disposition of such criminal cases. Defendant specifically moved this court to dismiss this matter citing judicial and witness immunity. This court has rejected the notion that Defendant was immune from criminal or civil liability for such conduct regardless of Ohio law and compliance with the Oklahoma federal judge's order. (Dkt. #8 at 4).

<u>Defendant is not immune from civil or criminal liability for conduct performed in connection with a judicial proceeding including conduct performed in compliance with a federal court judge's order.</u>

There is a long history and tradition of granting immunity for witnesses and others connected with judicial proceedings. "To achieve this noble goal, participants in judicial proceedings should be afforded every opportunity to make a full disclosure of all pertinent information within their knowledge." (Willitzer v. McCloud, 6 Ohio St.3d at 447, 6 OBR at 489, 453 N.E.2d at 693). "For a witness, this means he must be permitted to testify without fear of consequences. Freedom of speech in a judicial proceeding is essential to the ends of justice." (Id); "The doctrine of absolute immunity for statements in judicial proceedings reflects a judgment that the need for completely free speech for litigants is dominant, and that this freedom is not to be endangered by subjecting parties to the burden of

3

defending their motives in subsequent (defamatory) litigation…." (Brown v. Collins, 131 U.S.App.D.C. 68). This immunity extends to persons who are severely harmed by that false testimony including indictment and wrongful imprisonment resulting from false testimony. (Macko v. Byron, 760 F.2d 95, C.A.6 (Ohio),1985); "[W]itnesses in judicial proceedings are absolutely immune from civil liability under 42 U.S.C. 1983…even if they knowingly gave perjured testimony." (Briscoe v. Lahue, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983)). Absolute immunity extends to legislators, (Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951); judges and police officers, Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) and to school officials, Wood v. Strickland, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975)). A majority of circuits, including the 6th, have held judicial proceedings immunity to be absolute. (Briscoe v. LaHue, 663 F.2d 713 (7th Cir. 1981); Myers v. Bull, 599 F.2d 863 (8th Cir. 1979), cert. denied, 444 U.S. 901, 100 S.Ct. 213, 62 L.Ed.2d 138 (1980); Burke v. Miller, 580 F.2d 108 (4th Cir. 1978), cert. denied, 440 U.S. 930, 99 S.Ct. 1268, 59 L.Ed.2d 487 (1979); Blevins v. Ford, 572 F.2d 1336 (9th Cir. 1978); Bennett v. Passic, 545 F.2d 1260 (10th Cir. 1976). Contra, Briggs v. Goodwin, 569 F.2d 10 (1977), cert. denied, 437 U.S. 904, 98 S.Ct. 3089, 57 L.Ed.2d 1133 (1978); Hilliard v. Williams, 516 F.2d 1344 (6th Cir. 1975), vacated on other grounds, 424 U.S. 961, 96 S.Ct. 1453, 47 L.Ed.2d 729 (1976), on remand, 540 F.2d 220 (6th Cir. 1976)). Under Ohio law, the absolute judicial privilege permits the use of false, defamatory information in judicial proceedings without civil liability. (See M.J. DiCorpo, Inc. v. Sweeney, 69 Ohio St.3d 497, 634

N.E.2d 203, 208-09 (Ohio 1994). "[A]ttorneys conducting judicial proceedings are privileged from prosecution for libel and slander" based on writings or statements submitted to a court when the information is "material and pertinent to the question involved, regardless of how false, malicious, or injurious [it] may be." (Justice v. Mowery, 69 Ohio App.2d 75, 430 N.E.2d 960, 961-62 (Ohio Ct.App. 1980)). Ohio courts construe the absolute privilege with great liberality to assure that parties or their attorneys are not deterred from prosecuting an action vigorously for fear of personal liability. (See id. at 962).

Absent immunity, discovery and trials of many types cannot be conducted. For example, drugs cannot be tested by independent labs without committing the crime of possession of contraband. Defense counsel and experts cannot possess copies of hard drives containing alleged contraband images. (Possession of this time is explicitly provided for in 18 U.S.C. 3509m(1) and m(2) along with state supreme court decisions such as State of Washington v. Boyd et al. Nos. 79371-9, 79339-5). Without immunity, courts ordering prosecutors to hand over such evidence would be simultaneously ordering those defense counsel and/or experts to commit criminal violations and incur liability under the same federal statute underlying plaintiffs' case here. (See 18 U.S.C. 2255(A)(f)).

Despite this case law and handling of such contraband in judicial proceedings providing for either explicit or implicit immunity, this court has ruled that Defendant has no immunity for conduct as part of the Ohio or federal judicial proceedings noted above. (Dkt. #8 at 4).

5

In this case the plaintiffs have alleged that a court exhibit created, displayed and/or presented by Defendant depicted two of the minor plaintiffs. As such, in discovery, Defendant is entitled to see plaintiffs evidence of such image. Furthermore, at trial, plaintiffs are required to display in the courtroom for the jury and any members of the public present, examples of the court exhibits they claim depict the two minor plaintiffs engaged in apparent intimate conduct.

<u>Criminal Liability connected to Necessary Discovery results in an unfair trial for Defendant</u>

Viewing child pornography is a crime in the state of Ohio. (See R.C. 2907.323(B)(1)). Defendant, in this case, is entitled to view the alleged contraband court exhibits plaintiffs are claiming he created. However, engaging in that necessary discovery violates R.C. 2907.323(B)(1). This court has ruled that no immunity exists for Defendant's conduct that arguably violates a criminal statute despite the fact that conduct is engaged in exclusively as part of his lawful and appropriate participation in a judicial proceeding. (Dkt. #8 at 4). In Dkt. #8 the factual situation was that of conduct lawful in Ohio yet ostensibly a violation of 18 U.S.C. 2252, et seq. The conduct required by discovery in this civil matter to which Defendant is entitled violates R.C. 2907.323(B)(1). Absent immunity, Defendant must commit a felony in order to merely view the alleged court exhibits at the heart of plaintiffs' claims. It cannot satisfy Defendant's right to a fair trial that he must either reject discovery to which he is entitled or commit a felony under Ohio law to obtain that discovery.

Civil liability under 18 U.S.C. 2252(A)(f)

Any person "aggrieved" by conduct that is a violation of 18 U.S.C. 2252(A) "may commence a civil action for the relief…." (18 U.S.C. 2252(A)(f)(1)). The statute does not define "aggrieved." Plaintiffs have alleged that Defendant's conduct in displaying or presenting court exhibits to judges or juries containing image(s) of the two minor plaintiffs is a violation of 18 U.S.C. 2252(A). Plaintiffs also allege that such conduct has "aggrieved" them bringing with it civil liability.

In the event Defendant does not settle this case with plaintiffs, as part of discovery, Defendant is entitled to (and will cause) plaintiffs to "display or present" to him copies of the court exhibits plaintiffs are alleging he "displayed or presented" in the cases referenced above. In the event Defendant does not settle this case with plaintiffs, at trial, Defendant is entitled to (and will cause) plaintiffs to "display or present" to the trial judge, witnesses and the jury the court exhibits plaintiffs are alleging Defendant "displayed or presented" in the cases referenced above to trial judges and/or juries. The law of this case is that no civil immunity exists for Defendant for engaging in such conduct even in a judicial proceeding. (Dkt. 8 at 4). Therefore, no immunity exist for Defendant for causing that "display or presenting" of said court exhibits in this very case in discovery and at trial.

Both the "display or presenting" of said court exhibits in discovery and the "display or presenting" of said court exhibits at trial are events that incur civil liability for Defendant under 18 U.S.C. 2252(A)(f)(1). That identical conduct, by Defendant, is the core of plaintiffs' claim of liability in this case itself. (See

7

Complaint). Absent immunity, the conduct of discovery and trial in this case represents an endless loop of addition of events carrying with them additional civil liability for Defendant. In fact, should this case be appealed by Defendant following trial or summary judgment, that act will necessitate the "display or presenting" of said court exhibits to appellate judges, appellate law clerks and potentially other staff creating additional civil liability for Defendant. Absent immunity, this case represents a virtually never-ending series of increasing liability for Defendant that starts with Defendant causing the "display or presenting" of said court exhibits in discovery. It cannot be said to be a fair trial for Defendant when obtaining discovery to which he is entitled and insisting plaintiff produce at trial the alleged child pornographic court exhibits they claim Defendant created, displayed and/or presented in a courtroom requires him to incur additional civil liability under 18 U.S.C. 2255(A)(f).

<u>Absent Immunity, Defendant is uniquely imperiled by the conduct of discovery and trial in this case as it represents potential violations of his Deferred Prosecution Agreement subjecting him to immediate federal indictment</u>

Finally, this court is aware from the very filing of the complaint, that Defendant is party to a Deferred Prosecution Agreement. (See Exhibit to Complaint). Defendant was required to enter into to that agreement to avoid federal indictment for his creation of court exhibits in his role as an expert witness as outlined above. That agreement permits the United States Attorney for the Northern District of Ohio, in his sole discretion, to determine whether the Defendant has violated any terms of that agreement. The conditions of that

8

agreement prohibit Defendant from use of any image in any way that could potentially contain the image (pornographic or non pornographic) of the four Does referenced in that agreement. (Complaint, Exhibit 1, Special Condition #5). It further prohibits Defendant from "facilitating, encouraging or suggesting" that anyone else use, in **any way**, **any images** of the four Does referenced in the agreement.

The identity of the alleged minor plaintiffs in this matter has not been disclosed. The identity of the minors referenced in the Deferred Prosecution Agreement is not disclosed in the Deferred Prosecution Agreement nor any attached exhibits. The identity of the minors referenced in the Deferred Prosecution Agreement is unknown to Defendant.

As part of discovery in typical civil cases, the parties are required to exchange exhibits to be used at trial, documents, answers to interrogatories and the like. In this case, Plaintiffs' have propounded interrogatories, requests for admissions and the like that naturally would require Defendant to seek out information about the identity of the two minor plaintiffs and the viewing of an image or images of the two minor plaintiffs in order to intelligently answer those queries. Defendant's Deferred Prosecution Agreement prohibits him from "facilitating, encouraging or suggesting" the use of any image in any way of any of the four Does referenced in that agreement.

9

In order for Defendant to comply with this court's order of May 6, 2008 (dkt. #29) he must view the image of what Plaintiffs purport is the two minor plaintiffs in this litigation. Plaintiffs have alleged that the two minor plaintiffs in this matter are among the four minors referenced in the Deferred Prosecution Agreement. Compliance with the court's order, therefore, imperils the liberty of the Defendant as a potential violation of the Deferred Prosecution Agreement. In the event, at some future time, that Plaintiffs establish that the two minor plaintiffs in this matter are among the four minors referenced in the Deferred Prosecution Agreement, it will be up to the Executive Branch, via the United States Attorney for the Northern District of Ohio to decide whether Defendant's compliance with this court's May 6, 2008 order constituted "facilitating, suggesting or encouraging" anyone to use in any way any image of the Does referenced in the Deferred Prosecution Agreement. Therefore, Defendant cannot obtain a fair trial when he is forced to choose between compliance with this court's order and the sanction of deemed admissions (Dkt. #29) and taking the first step to a potential federal indictment.

As law of the case in this matter, the mere fact that a federal judge, this court, has ordered Defendant to engage in said conduct does not make him immune from such a determination by the United States Attorney. (Dkt #8 at 4). This court rejected civil immunity for Defendant's conduct in one federal case in Oklahoma (mentioned in the complaint as a source for Plaintiffs' alleged damages)

even though it was unquestionably the case that Defendant's conduct was ordered to be performed by that federal judge.

Even if this court were to rule that such conduct is not a violation of the Deferred Prosecution Agreement, such ruling is not sufficient to prohibit the Executive Branch via the United States Attorney for the Northern District of Ohio from disagreeing with said ruling, finding a violation and indicting Defendant. (Dkt. # 8 at 4) as a result of the Separation of Powers doctrine. Defendant can certainly raise this court's order as a defense in any subsequent criminal case, but the judge in that matter is not bound by this court's assurance of immunity especially in light of this court's existing order in this case that no such immunity exists. And, to raise any such defense, Defendant must first be indicted for possessing child pornography with all the attendant personal, familial and financial costs not to mention risk of conviction and imprisonment.

In short, compliance with this court's order is no protection from Executive Branch's right to find a violation of the Deferred Prosecution Agreement and proceed to indict Defendant. Despite this court's confidence, if it exists, that the conduct it is ordering Defendant engage in is no violation of the Deferred Prosecution Agreement and cannot be deemed a violation of that agreement at any point in the future, such a prediction is no protection from Defendant's future indictment. The Executive Branch will be solely "the decider" of whether Defendant has violated the agreement and is now subject to indictment.

11

However, without compliance with this court's order, it seeks to order admissions at the heart of this case and key to any potential defense deemed admitted. Defendant's options, therefore, are to forego a defense in the civil matter and essentially concede a judgment approaching $1 Million dollars to avoid potential federal indictment or engage in a potential violation of the Deferred Prosecution Agreement in order to avoid automatically deemed admissions in this matter.

Conclusion

Defendant cannot obtain a Fair Trial in this matter because he is not immune from criminal prosecution under Ohio Revised Code 2907.323 for conduct that is required in order for him to obtain discovery in this case. He cannot obtain a Fair Trial because by failing to settle this case or by requesting copies of the alleged child pornographic images allegedly depicting the minor plaintiffs, in discovery, Defendant incurs additional civil liability in an endless loop of increasing liability for which there is no immunity. (See Dkt. #8 at 4). Further, he cannot obtain a Fair Trial because this court's order (Dkt. #29) has the real potential of causing Defendant to be indicted after a violation of his Deferred Prosecution Agreement is deemed by the United States Attorney for the Northern District of Ohio.

WHEREFORE, Defendant respectfully requests this court dismiss this case as Defendant is unable to obtain a Fair Trial in light of this court's ruling that he is not immune from civil liability for conduct that is

1. performed as part of a judicial proceeding; or

12

2. performed in compliance with a federal court judge's order; and

1. Engaging in necessary conduct in discovery (i.e. causing the display or presenting of alleged child pornographic images to Defendant himself or others); or

2. Engaging in necessary conduct during trial (i.e. causing the display or presenting of alleged child pornographic images to Defendant himself or others, e.g. judge, jurors, court reporter, members of the public present)

necessarily results in Defendant committing a felony under Ohio Revised Code 2907.323, incurring additional civil liability under 18 U.S.C. 2255(A)(f) and potentially violating his Deferred Prosecution Agreement, special condition #5.

/s/ Dean Boland
Dean Boland 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
216-529-9371 ph
866-455-1267 fax
dean@deanboland.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be served upon all parties by operation of the court's electronic filing system

/s/ Dean Boland
Dean Boland 0065693