IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
|  | 1:07 CV 2787 |
| PETER LORA, et al | JUDGE DAN AARON POLSTER |
| V. | MOTION TO VACATE ORDER |
| DEAN BOLAND |  |

Defendant respectfully requests this court vacate its order, Dkt. #29, for the reasons contained in the attached brief.

/s/ Dean Boland
Dean Boland 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
216-529-9371 ph
866-455-1267 fax
dean@deanboland.com

1

In Dkt. #29, this court ordered Defendant to view the non-pornographic images of the alleged minor plaintiffs in this case. Failure to do so will result in all admissions propounded to Defendant being deemed admitted. (Dkt. #29).

This court has ruled that Defendant has no immunity for conduct as part of the Ohio or federal judicial proceedings. (Dkt. #8 at 4).

In this case the plaintiffs have alleged that a court exhibit(s) created, displayed and/or presented by Defendant depicted two of the minor plaintiffs. As such, in discovery, Defendant is entitled to see plaintiffs evidence of such image. Furthermore, at trial, plaintiffs are required to display in the courtroom for the jury and any members of the public present, examples of the court exhibits they claim depict the two minor plaintiffs engaged in apparent intimate conduct.

This court is aware from the very filing of the complaint, that Defendant is party to a Deferred Prosecution Agreement. (See Exhibit to Complaint). Defendant was required to enter into to that agreement to avoid federal indictment for his creation of court exhibits in his role as an expert witness as outlined above. That agreement permits the United States Attorney for the Northern District of Ohio, in his sole discretion, to determine whether the Defendant has violated any terms of that agreement. The conditions of that agreement prohibit Defendant from use of any image in any way that could potentially contain the image (pornographic or non pornographic) of the four Does referenced in that agreement. (Complaint, Exhibit 1, Special Condition #5). It further prohibits Defendant from "facilitating,

2

encouraging or suggesting" that anyone else use, in **any way**, **any images** of the four Does referenced in the agreement.

The identity of the alleged minor plaintiffs in this matter has not been disclosed. The identity of the minors referenced in the Deferred Prosecution Agreement is not disclosed in the Deferred Prosecution Agreement nor any attached exhibits. The identity of the minors referenced in the Deferred Prosecution Agreement is unknown to Defendant.

The order of May 6, 2008 (Dkt. #29) requires Defendant to, at a minimum, view the image of what Plaintiffs purport is the two minor plaintiffs in this litigation. The court has so ordered because Defendant, quite appropriately, has indicated he cannot meaningfully answer some of the discovery without knowing which images the Plaintiffs are alleging depict the two minor plaintiffs and were used by Defendant in the creation of court exhibits for Ohio the judicial proceedings.

Compliance with the court's order, therefore, imperils the liberty of the Defendant as a potential violation of the Deferred Prosecution Agreement. In the event, at some future time, that Plaintiffs establish that the two minor plaintiffs in this matter are among the four minors referenced in the Deferred Prosecution Agreement, it will be up to the Executive Branch, via the United States Attorney for the Northern District of Ohio to decide whether Defendant's compliance with this court's May 6, 2008 order (Dkt. #29) constituted "facilitating, suggesting or encouraging" anyone to use in any way any image of the Does referenced in the Deferred Prosecution Agreement.

3

As law of the case in this matter, the mere fact that a federal judge, this court, has ordered Defendant to engage in said conduct does not make him immune from such a determination by the United States Attorney. (Dkt #8 at 4). Even if this court were to rule that such conduct is not a violation of the Deferred Prosecution Agreement, such ruling is not sufficient to prohibit the Executive Branch via the United States Attorney for the Northern District of Ohio from disagreeing with said ruling, finding a violation and indicting Defendant as a result of the Separation of Powers doctrine. Defendant can certainly raise this court's order as a defense in any subsequent criminal case, but the judge in that matter is not bound by this court's assurance of immunity especially in light of this court's existing order in this case that no such immunity exists. And, to raise any such defense, Defendant must first be indicted for possessing child pornography with all the attendant personal, familial and financial costs not to mention risk of conviction and imprisonment.

In short, compliance with this court's order is no protection from Executive Branch's right to find a violation of the Deferred Prosecution Agreement and proceed to indict Defendant. Despite this court's confidence, if it exists, that the conduct it is ordering Defendant engage in is no violation of the Deferred Prosecution Agreement and cannot be deemed a violation of that agreement at any point in the future, such a prediction is no protection from Defendant's future indictment. The Executive Branch will be solely "the decider" of whether Defendant has violated the agreement and is now subject to indictment.

However, without compliance with this court's order, it seeks to order admissions at the heart of this case and key to any potential defense deemed admitted.  Defendant's options, therefore, are to forego a defense in the civil matter and essentially concede a judgment approaching $1 Million dollars to avoid potential federal indictment or engage in a potential violation of the Deferred Prosecution Agreement in order to avoid automatically deemed admissions in this matter.

WHEREFORE, Defendant respectfully asks that this Court vacate its order of May 6, 2008 (Dkt. #29).

/s/ Dean Boland
Dean Boland 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
216-529-9371 ph
866-455-1267 fax
dean@deanboland.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be served upon all parties by operation of the court's electronic filing system

/s/ Dean Boland
Dean Boland 0065693

5