IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|                      |                           |
|----------------------|---------------------------|
|                      | 1:07 CV 2787              |
| PETER LORA, et al    | JUDGE DAN AARON POLSTER   |
| V.                   | MOTION TO VACATE ORDER    |
| DEAN BOLAND          |                           |

Defendant respectfully requests this court vacate its order, Dkt. #8, for the reasons contained in the attached brief.

/s/ Dean Boland
Dean Boland 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
216-529-9371 ph
866-455-1267 fax
dean@deanboland.com

1

This court has rejected the notion that Defendant was immune from criminal or civil liability for the conduct alleged in the complaint regardless of Ohio law and compliance with a Oklahoma federal judge's order which is undisputed.  (Dkt. #8 at 4).

The effect of the ruling in Dkt. #8 is now manifest in the recent discovery issues presented to this court and resulting in Dkt. #29.  Absent immunity, Defendant cannot lawfully continue with discovery in this case without committing a felony under Ohio Revised Code 2907.323.  Absent immunity, Defendant cannot avoid incurring additional liability for "causing the display or presenting" of the alleged child pornographic court exhibits in discovery (to Defendant or his expert witnesses) and at trial the this court, jury, court staff, witnesses and members of the public present.  The very conduct complained of in this complaint occurred exclusively as part of judicial proceedings.  i.e. the alleged display or presenting of court exhibits including some portion of the image of the alleged minor plaintiffs. This court's ruling in Dkt. #8 at 4 is that liability under 18 U.S.C. 2252(A)(f)(1) attaches to conduct even though it is performed as part of a judicial proceeding.

In this case the plaintiffs have alleged that a court exhibit created, displayed and/or presented by Defendant depicted two of the minor plaintiffs. They further allege the court exhibit meets the definition for contraband images under 18 U.S.C. 2256(8).  As such, in discovery, Defendant is entitled to see plaintiffs evidence of such court exhibits that plaintiffs are alleging constitute child pornography. Furthermore, at trial, plaintiffs are required to display in the courtroom for the jury

2

and court and any members of the public present, examples of the court exhibits they claim depict the two minor plaintiffs engaged in apparent intimate conduct.

<u>Criminal Liability connected to Necessary Discovery</u>

Viewing child pornography is a crime in the state of Ohio. (See R.C. 2907.323(B)(1)). Defendant, in this case, is entitled to view the alleged contraband court exhibits plaintiffs are claiming he created in both discovery and at trial. He is entitled to have copies of said evidence for analysis by expert witnesses as appropriate. However, engaging in that necessary discovery is a felony in Ohio. In addition to that felony consideration, attorneys in Ohio are governed by rules of ethics that, without citing to any specific rule, undoubtedly have provisions entitling the Ohio Supreme Court to discipline attorneys who knowingly engage in felonious conduct. Even should the state of Ohio exercise its discretion to not prosecute Defendant for violating Ohio Revised Code 2907.323, there is no guarantee the Ohio Supreme Court's Committee on Discipline would likewise look the other way as an Ohio attorney intentionally commits a felony.

This court has ruled that no immunity exists for Defendant's conduct that arguably violates a criminal statute despite the fact that conduct is engaged in exclusively as part of his lawful participation in Ohio and federal judicial proceedings. (Dkt. #8 at 4). In Dkt. #8 the factual situation was that of conduct lawful in Ohio yet ostensibly a violation of 18 U.S.C. 2252, et seq. Dkt. #8 also found liability for conduct by Defendant that was engaged in as ordered by another federal judge. (See Dkt. # 5, Defendant's Motion to Dismiss). Absent immunity,

3

Defendant must commit a felony in order to merely view the alleged court exhibits at the heart of plaintiffs' claims. (See Ohio Revised Code 2907.323 and Dkt. #8 at 4). The problems with the court's ruling that Defendant has no immunity do not stop at criminal liability, but continue to cause an endless loop of civil liability and disciplinary proceedings by the Ohio Supreme Court which governs the conduct of attorneys, of which Defendant is one, licensed in Ohio.

Civil liability under 18 U.S.C. 2252(A)(f)

Any person "aggrieved" by conduct that is a violation of 18 U.S.C. 2252(A) "may commence a civil action for the relief…." (18 U.S.C. 2252(A)(f)(1)). The statute does not define "aggrieved." Plaintiffs have alleged that Defendant's conduct in displaying or presenting court exhibits or causing the display or presenting of court exhibits to judges or juries containing image(s) of the two minor plaintiffs is a violation of 18 U.S.C. 2252(A). Plaintiffs also allege that such conduct has "aggrieved" them bringing with it civil liability. This court's ruling in Dkt. #8 at 4 implicitly finds that 18 U.S.C. 2252(A)(f)(1) includes in its sweep conduct performed as part of judicial proceedings. The conduct of Defendant in this civil case, a judicial proceeding, is obviously within the sweep of 18 U.S.C. 2252(A)(f)(1).

In the event Defendant does not settle this case with plaintiffs, as part of discovery, Defendant is entitled to (and will cause) plaintiffs to "display or present" to him copies of the court exhibits plaintiffs are alleging he "displayed or presented" in the cases referenced above. As the court was informed by plaintiffs, they have already in discovery attempted to display to Defendant both pornographic and non-

4

pornographic images of the minor plaintiffs to him. This court has only ordered that Defendant view the non-pornographic images (See Dkt. #29) implicitly recognizing the looming problem noted herein.

Both the "display or presenting" of said court exhibits in discovery and the "display or presenting" of said court exhibits at trial are events that incur civil liability for Defendant under 18 U.S.C. 2252(A)(f)(1). (See, also, Dkt. #8 at 4). That identical conduct, by Defendant, is the core of plaintiffs' claim of liability in this case itself. (See Complaint). Absent immunity, the conduct of discovery and trial in this case represents an endless loop of addition of events carrying with them additional civil liability for Defendant. In fact, should this case be appealed by Defendant following trial or summary judgment, that act will necessitate the "display or presenting" of said court exhibits to appellate judges, appellate law clerks and potentially other staff creating additional civil liability for Defendant. Absent immunity, this case represents a virtually never-ending series of increasing liability for Defendant that starts with Defendant causing the "display or presenting" of said court exhibits in discovery.

Citing to Dkt. #8 at 4, the plaintiffs can amend their complaint following the "display or presenting" of the alleged contraband court exhibits in discovery to add additional damages incurred from that display or presenting in discovery. They can also seek leave to amend their complaint following any deposition where such images are displayed for any witness to add liability for that "display or presenting" of the court exhibits allegedly depicting the minor plaintiffs in apparent intimate

5

conduct. After all, Defendant's refusal to settle will be the cause of the display or presenting of such court exhibits to a variety of persons in a variety of settings. Dkt. #8 prevents any argument by Defendant that liability cannot attach for my causing the display or presenting of those exhibits as part of a judicial proceeding. The concept of res judicata nullifies any such argument to limit Defendant's liability. Simply put, if Defendant was not immune for the conduct alleged in the complaint which is all alleged to have been performed as part of judicial proceedings as ruled in Dkt. #8, then he is not immune for any of the conduct engaged in during discovery, depositions, trial and appeal of this matter.

Absent immunity, i.e. without a vacation of this court's order in Dkt. #8 at 4, Defendant's options are to forego a defense in the civil matter and essentially concede a judgment approaching $1 Million dollars to avoid criminal liability under Ohio Revised Code 2907.323 and endlessly increasing civil liability under 18 U.S.C. 2252(A)(f)(1).

WHEREFORE, Defendant respectfully asks that this Court vacate its order in Dkt. # 8.

/s/ Dean Boland
Dean Boland 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
216-529-9371 ph
866-455-1267 fax
dean@deanboland.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be served upon all parties by operation of the court's electronic filing system

/s/ Dean Boland
Dean Boland 0065693