**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **JANE DOE, et al.,** ) | Case No.  1:07 CV 2787 |
| ) | |
| Plaintiffs, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | <u>**ORDER**</u> |
| ) | |
| **DEAN BOLAND,** ) | |
| ) | |
| Defendant. ) | |

On May 12, 2008, the Court held a status conference in this case.  Less than two weeks prior to the status conference, Plaintiffs filed a Notice of Deemed Admissions, the result of which prompted the filing by Defendant of five motions within two to three business days of the May 12 conference – all of which required the Court's immediate attention and could have easily been filed well prior to the conference.[1]  Although the Court ruled on some of the motions, a brief recitation of the history of the case is in order to understand the issues resolved at the May 12 status conference.

On September 14, 2007, Plaintiffs Jane Doe and Jane Roe, represented by their legal guardians and next friends Peter Lora and Victoria Bloom, filed the instant case against Defendant Dean Boland.  (ECF No. 1.)  The case alleges that Dean Boland is an attorney and expert witness who downloaded, from Istockphoto.com, the innocent images of the minor

---

[1] The Court strongly suggests that counsel notify the Court more expeditiously in the future of any discovery problems, and that they follow Local Rule 37.1.

Plaintiffs and digitally manipulated the photos, without Plaintiffs' knowledge or authorization, to create images of the children engaged in sexually explicit activity.  (Id.)  Boland then turned the images into exhibits in connection with his expert testimony in several criminal cases and showed the exhibits to juries to demonstrate how such images can be created by the use of computer technology.  (Id.)  Plaintiffs brought claims against Defendant under, among other things, the federal statutes that create civil remedies for minors who are victims of federal child pornography crimes.  (Id.)  According to Plaintiffs, Boland admitted, in a Pre-Trial Diversion Agreement he entered with the United States Attorney's office, to knowingly violating the federal child pornographic statutes by engaging in this conduct.  (ECF No. 2).

On October 9, 2007, Boland filed a motion to dismiss, arguing among other things that, since the illicit images were created solely for use as court exhibits which he employed in his capacity as an expert witness, he was protected from civil liability by judicial and witness immunity, Ohio Revised Code § 2907.321 (the Ohio statute that immunizes persons using child pornographic materials for judicial purposes from criminal liability), and the First and Sixth Amendments to the United States Constitution.  After reviewing the parties' briefs, the Court rejected Boland's arguments in a memorandum of opinion and order issued on November 19, 2007.  (ECF No. 8.)

On January 11, 2008, the Court held a Case Management Conference.  At that time, the Court issued a Case Management Plan with deadlines for amending pleadings, conducting discovery and filing dispositive motions, and scheduled a mid-discovery status conference on May 12, 2008.  (ECF No. 21.)

On April 29, 2008, less than two weeks prior to the scheduled May 12 status conference, Plaintiffs filed a "Notice of Deemed Admissions" informing the Court that Boland had failed to either admit or deny in a timely manner seven requests for admissions filed on March 5, 2008, and asked the Court to deem those particular requests admitted under Rule 36 of the Federal Rules of Civil Procedure.  (ECF No. 26.)  Plaintiffs also informed the Court that Boland had further stymied discovery by failing to attend a meeting scheduled on March 3, 2008 at the Cleveland Office of the FBI to view the innocent images of the two minor Plaintiffs which Boland allegedly downloaded from the internet when creating his illicit trial exhibits.  (Id.)  Defendant responded by filing a "Motion to Withdraw Deemed Admissions," arguing that viewing the innocent images of the minor Plaintiffs would require him to violate his Pre-Trial Diversion Agreement and the Ohio child pornography statute, and that it might subject him to further civil liability (ECF No. 27), to which Plaintiffs filed a response brief (ECF No. 28).  The Court issued an order on May 6, 2008 directing Defendant Boland, no later than 4:00 p.m. on Friday, May 9, 2008, to (1) go to the Cleveland FBI office to view the innocent images of the minor Plaintiffs, and (2) provide responses to the requests for admission.  (ECF No. 29.)  As such, the Court struck from the record the Notice of Deemed Admissions and denied as moot the Motion to Withdraw Deemed Admissions.  (Id.)

At approximately 10:00 p.m. on Wednesday, May 7, 2008, Defendant Boland responded to the Court's order by filing a document entitled "Motion to Certify for Appeal This Court's Orders in [ECF No. 8] and [ECF No. 29] Pursuant to 28 U.S.C. 1292(b)."  (ECF No. 30.)  The Court denied this motion the following morning, on May 8, 2008, in a marginal entry.  (ECF No. 33.)  Also on May 7, Boland filed documents entitled "Motion for Ruling Regarding

-3-

Statutory Preemption" (**ECF No. 31**) and "Motion to Dismiss Fair Trial Violation" (**ECF No. 32**).  These motions generally resurrected issues raised by Boland in his first motion to dismiss, all of which were rejected by the Court in its November 2007 memorandum of opinion and order.  (ECF No. 8.)

On Friday, May 9, 2008, still unhappy with the Court's denial of Boland's first motion to dismiss in November 2007 (ECF No. 8) and its more recent order directing him to comply with discovery requests (ECF No. 29), Defendant Boland filed two additional documents, the first entitled "Motion to Vacate Order" referring to ECF No. 8 (**ECF No. 35**) and the second entitled "Motion to Vacate Order" referring to ECF No. 29 (**ECF No. 34**), both of which remain pending.  To his credit, Boland also filed, prior to the Court's deadline, a document notifying the Court that he had submitted to Plaintiffs' counsel complete responses to Plaintiffs' request for admissions.  (ECF No. 36.)

On Monday, May 12, 2008, the Court held the scheduled status conference with Plaintiffs' counsel, Plaintiff representatives, Defendant and three attorneys from the Criminal Division of the U.S. Attorney's office, during which the following occurred.

1. The Assistant U.S. Attorneys assured the Court that Defendant Boland would not violate the pretrial diversion agreement by going to the offices of the FBI and viewing the images of the minor Plaintiffs, after which they left the status conference.  The Court then directed Boland to go to the Cleveland FBI offices this week to view the images of the minor Plaintiffs.

2. Boland agreed to amend his discovery responses after viewing the images of the minor Plaintiffs.

3. The Court informed the parties that the following pending motions are **DENIED**:
"Motion for Ruling Regarding Statutory Preemption" (**ECF No. 31**);
"Motion to Dismiss Fair Trial Violation" (**ECF No. 32**);
"Motion to Vacate [ECF No. 29]" (**ECF No. 34**); and
"Motion to Vacate [ECF No. 8]" (**ECF No. 35**).

4. Pursuant to Court order, the parties, their attorneys and the witnesses in this case may view the expert witness exhibits created by Boland which are the subject of this case.

5. A status conference shall be held in chambers on <u>July 10, 2008 at 9:00 a.m.</u>

    **IT IS SO ORDERED.**

    <u> */s/Dan Aaron Polster     May 13, 2008*</u>
    **Dan Aaron Polster**
    **United States District Judge**