IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PETER LORA, VICTORIA BLOOM, et al | 1:07 CV 2787 |
| V. | JUDGE DAN AARON POLSTER |
| DEAN BOLAND | MOTION FOR RULING REGARDING STATUTORY PREEMPTION |

Defendant respectfully requests this court enter a ruling whether the 18 U.S.C. 2252 and 18 U.S.C. 2255, et. seq. do or do not preempt Ohio Revised Code Sections 2907.321, 2907.322 and 2907.323 for the reasons set forth in the attached brief.

/s/ Dean Boland
Dean Boland (0065693)
18123 Sloane Avenue
Lakewood, Ohio 44107
216.529.9371 phone
866.455.1267 fax
dean@deanboland.com

FACTUAL BACKGROUND

The court recently issued an order that directs Defendant to engage in conduct that is a violation of Ohio Revised Code 2907.323. Specifically, the court has ordered the defendant to view child pornography either at the FBI offices when reviewing his seized computers or during his July 29, 2008 deposition at the discretion of plaintiff's counsel's choice to display such material at that deposition.

Defendant is aware that the court believes the possibility of Defendant being indicted in Ohio for viewing child pornography, in violation of ORC 2907.323 is remote given the conduct is being engaged in as part of a judicial proceeding. However, the court has issued a ruling in this case, Dkt. #8, indicating that no immunity exists for Defendant for displaying alleged child pornography as part of a judicial proceeding. These two positions seem contradictory.

The court indicated at a prior pre-trial conference it would "issue an injunction" should any such indictment occur. This intent by the court to enjoin an Ohio indictment of Defendant for violation ORC 2907.323 is an implicit recognition of immunity that does and should apply to Defendant's conduct as part of a judicial proceeding and in compliance with the court's recent order. Despite the court's position on the remoteness of the possibility of indictment and its belief it can stop an Ohio indictment with an injunction order, Defendant is reasonably concerned about an indictment period as a effect on his reputation and business. Just being indicted, even after a stoppage of such an indictment by injunction from this court, is a significant damage to Defendant.

1

The court's order requires Defendant, at his scheduled July 29, 2008 deposition, to view "whatever images" plaintiff's counsel presents to him. At the recent pre-trial conference on July 10, 2008, it was apparent the court intended its order to include the ability of plaintiff's counsel, via FBI or United States Attorney's Office colleagues, to display for Defendant images plaintiff's counsel claims are child pornography. (i.e. exhibits Defendant allegedly created and displayed in courtrooms as part of judicial proceedings and his role as an expert witness in digital imaging). In addition, the court's order directs Defendant to view material on his seized computers at the FBI office including potential child pornographic material on those computers used by Defendant solely in his capacity as an expert witness in several Ohio criminal cases and one federal case.

The conduct the court has ordered Defendant to engage in is a direct violation of ORC 2907.323. Knowingly committing felonies is also a violation of the rules of professional conduct for attorneys in Ohio. Defendant is a licensed attorney in good standing in Ohio.

The court has previously ruled, in Dkt. #8, that Defendant is not immune from the federal child pornography statute even for conduct performed as part of an Ohio (and federal) judicial proceeding. This is the law of this case despite the application of ORC 2907.323 to conduct performed in Ohio courtrooms. Therefore, Defendant cannot be immune from committing a violation of ORC 2907.323 for conduct engaged in as part of this federal judicial proceeding. At the very least, the court has never issued a ruling that Defendant is immune from the application of

2

ORC 2907.323 for viewing child pornography.

This motion requests the court declare whether the Ohio child pornography statutes or the federal child pornography statutes govern Defendant's conduct as part of this judicial proceeding since those statutes are obviously in conflict. (i.e. the federal child pornography statute permits viewing of child pornography while the ORC 2907.323 does not.) This ruling is necessary to enable Defendant to conform his conduct in this proceeding to the controlling law, be it Ohio or federal, depending on the court's ruling. The motion asks one simple question: Does 18 U.S.C. 2252, et seq. and/or 28 U.S.C. 2255, et seq. preempt Ohio state law, specifically, Ohio Revised Code Sections 2907.321, 2907.322 and 2907.323?

In motions and at least one order in this case, the court has noted that the federal child pornography statute and Ohio's child pornography statutes are at odds in significant ways. Most notably, Ohio's statutes provide an exception for the conduct that the federal statute, according to this court's orders, imbues with criminal and civil liability. (See exceptions in ORC 2907.321, 2907.322 and 2907.323). The plaintiffs have alleged that Defendant created images using images or portions thereof of the minor plaintiffs as court exhibits. During discovery (and potentially at trial) in this case Defendant will be required to commit a felony just to view those alleged child pornographic court exhibits. (See Ohio Revised Code 2907.323(B)(1)). (i.e. viewing of child pornography).

With a ruling from this court that the federal statute preempts Ohio's child pornography statutes, the issues relating to discovery and it necessitating that

3

Defendant commit a felony under Ohio law are eliminated. Without such a ruling, Defendant will be required to decide whether viewing the alleged child pornographic plaintiff's exhibits in discovery and trial are worth committing a felony under Ohio law along with the attendant violations of the code of professional conduct as Defendant is also an attorney in good standing in Ohio. It strikes even the casual observer that a fair trial cannot be had when one party is required to make such a decision to vindicate their rights in a civil action.

Standard regarding Pre-emption Issues

The principle of federal pre-emption of state law arises directly from the Supremacy Clause of the United States Constitution. Under the Supremacy Clause, "the Laws of the United States * * * shall be the supreme Law of the Land * * *, anything in the Constitution or Laws of any State to the Contrary notwithstanding." (Clause 2, Article VI, United States Constitution). Thus, under this constitutional authority, Congress may pre-empt state law. (See Gollihue v. Consol. Rail Corp. (1997), 120 Ohio App.3d 378, 390). Although Congress does have the power to pre-empt state law, there is a strong presumption against pre-emption. (Id). (Emphasis added).

Consideration of pre-emption issues begins with the "assumption that the historic police powers of the States [are] not to be superseded by * * * [a] Federal Act unless that [is] the clear and manifest purpose of Congress." (Rice v. Santa Fe Elevator Corp. (1947), 331 U.S. 218, 230). The U.S. Supreme Court has summarized the various standards for determining whether a federal law pre-empts

4

a state law as follows:

**Pre-emption occurs when Congress, in enacting a federal statute, expresses a clear intent to pre-empt state law, when there is outright or actual conflict between federal and state law, where compliance with both federal and state law is in effect physically impossible, where there is implicit in federal law a barrier to state regulation, where Congress has legislated comprehensively, thus occupying an entire field of regulation and leaving no room for the States to supplement federal law, or where the state law stands as an obstacle to the accomplishment and execution of the full objectives of Congress.** (Louisiana Pub. Serv. Comm. v. F.C.C. (1986), 476 U.S. 355, 368-369).

While the Court articulated these various standards, it emphasized that the "critical question in any pre-emption analysis is always whether Congress intended that federal regulation supersede state law." (Id. at 369, citing Rice, 331 U.S. at 230).

The legislative history of the federal child pornography statute (18 U.S.C. 2252, 2256, et seq.) is void of any intent to supersede state law. Four state courts, including recently Summit County, Ohio, have addressed this issue and held that there is no federal preemption.

In Ohio v. Oliver (2006), CR-2005-11-4175, the court found that the other state opinions were "persuasive" on the issue of no preemption. (Exhibit 1)  As a result, the court also ruled that the federal statute does not preempt the state statute and issued a protective order as a result.  (Exhibit 2).

In Wisconsin v. Bruckner (1989), 151 Wis.2d 833 the court held that "federal and state regulation of child pornography results in a partnership that enhances rather than retards the underlying goal of protecting children from sexual

5

exploitation. Indeed, as we have already mentioned, Congress specifically anticipated this partnership with approval." (Citing to Senate Report at 10, 1978 U.S.Code Cong. & Admin.News at 48).

"Although Congress has specifically announced that its comprehensive regulation of controlled substances was not meant to preempt non-conflicting state laws, 21 U.S.C. sec. 903, such a specific disclaimer of preemptive intent apparently was not deemed to be necessary in the child-pornography area, given this legislative history." (Id). The court summed up by finding that "nothing in the federal statutes regulating child pornography, or in their legislative history, that permits even an inference, much less the required "unambiguous congressional mandate that Congress meant to preempt regulation of this problem." (Id).

In People v. Gilmour (1998), 177 Misc.2d 250 a New York state court addressed the pre-emption question and found exactly as the Wisconsin court did. "[The Defendant] has failed to establish to the satisfaction of this court that New York's attempt to proscribe the possession of child pornography in Penal Law 263.16 has been preempted by federal legislation…." After a diligent search, defense counsel has failed to locate any state or federal case finding to the contrary of these cases.

The most recent decision on this question was issued July 20, 2006 by the state court in Pennsylvania. In Commonwealth of Pennsylvania v. Stewart CP-14-CR-323-2006 the court issued a protective order finding no preemption of Pennsylvania's state statutes by federal law. (Exhibit 4).

6

Rulings of No-Preemption by Implication

Federal law prohibits the distribution of contraband, even to defense attorneys as part of their task of effectively representing defendants charged with child pornography offenses. (See 18 U.S.C. 2252, et seq.). None of the following state courts found the federal statute to preempt its rulings **permitting** distribution of alleged contraband to defense counsel as part of an ongoing state criminal case.

Tennessee v. Butler (2005), 2005 WL 735080 held "we find the reasoning of [other] courts to be persuasive and, likewise, conclude that the possession, copying, or distribution of child pornographic materials does not constitute a violation of Tennessee's sexual exploitation of a minor statutes so long as it occurs in the context of the prosecution or defense of a case under the statute." (Id).

In Minnesota v. Kandel (2004), 2004 WL 1774781 the court of appeals upheld the suppression of all computer related evidence and a resulting dismissal as a sanction for the state's discovery violations. The state initially refused to produce copies of all the evidence in this child pornography prosecution and later provided poor copies of the images near the time of trial.

In Nevada v. The Second Judicial District Court of Nevada and the Honorable Steven R. Kosach, District Judge and Claude Eric Epperson, Jr.; Ryan Andrew Barnes; Doni Kevin Hodge; and Brittania Larae Todd, (2004), 89 P.3d 663, the defendants requested a copy of a "videotape contain[ing] about one hour of explicit sexual conduct between the guys and girls at Brittania's apartment,

7

including sexual conduct with thirteen-year-old E.R." The Nevada Supreme Court held that the state was required, as a matter of Due Process, to provide videotape to defense counsel, despite the statutory prohibition on the reproduction of child pornography. (Id).

An Ohio court found it absurd that a defense attorney or a defense expert witness would actually be indicted for work in creating, possessing or transporting digital image exhibits for court purposes. In <u>Ohio v. Taylor</u> 04CR442 (Miami County, Ohio), the court held that "taken to extremes, of course, this logic [that the defense expert witness could be prosecuted for producing exhibits among other trial preparatory work] extrapolated would mean neither a court reporter, jury nor judge could possess or control the material at trial. Clearly this is not the result intended by the law." (Exhibit 1). Most recently, the Summit County Court in Ohio ordered the state of Ohio to provide a copy of all seized electronic material to defense counsel. (Exhibit 2). The court also found the state statue was not preempted by the federal statute. (Exhibit 3).

The Washington Supreme Court recently issued a ruling in a relevant case to this fair trial argument – <u>State of Washington v. Boyd et al.</u> Nos. 79371-9, 79339-5. In <u>Boyd</u>, the court characterized its decision as "involv[ing] the extent to which defense discovery of child pornography evidence may be restricted under Criminal Rule (CrR) 4.7." Id. at 1.

The defense in <u>Boyd</u> argued that the Criminal Rules entitled it to a copy of the alleged contraband child pornography images in that case. The state argued

8

that mere viewing at a government facility was sufficient to address any Due Process concerns of the defense having access to the evidence as the rules required.

"The discovery rules are designed to enhance the search for truth and their application by the trial court should insure a fair trial to all concerned, neither according to one party an unfair advantage nor placing the other at a disadvantage." Id. at 3.

The Supreme Court in Boyd held that "The Sixth Amendment right to effective assistance of counsel advances the Fifth Amendment's right to a fair trial. That right to effective assistance includes a 'reasonable investigation' by defense counsel. [citations omitted]. It also guarantees expert assistance if necessary to an adequate defense." Id. at 4.

The court concluded its ruling in Boyd by rejecting the State's argument that producing a copy of the alleged contraband to defense counsel constituted a crime under the Washington State statute. "Finally, the State argues that providing the defendants with copies of the materials sought would constitute sexual exploitation of children contrary to RCW 9.68A.050. We are not convinced the statute **was ever intended to apply to the trial process**." Id. at 6. Emphasis added.

The entirety of case law on the issue is in favor of a ruling by this court that the federal child pornography statute **does not** preempt Ohio's statutes, including ORC 2907.323. Therefore, Defendant respectfully requests this court issue a ruling that the federal child pornography statute does not preempt Ohio's statutes. Following on that ruling, to comply with the court's existing orders recognizing the

9

lack of federal preemption, Defendant respectfully requests this court include in its no-preemption order that Defendant is immune from the application of Ohio's statutes, including, but not limited to, ORC 2907.323 for conduct this court has ordered in connection with this federal judicial proceeding. That immunity ruling is already implicit in the court's offer to issue an injunction should Defendant be indicted by Ohio for viewing child pornography following compliance with this court's order.

If the court rules that the federal child pornography statute **does** preempt Ohio's child pornography statutes, including, but not limited to ORC 2907.323, that eliminates the discovery concerns of Defendant in that it clarifies that ORC 2907.323 does not apply to Defendant's conduct as the federal child pornography statute controls. As a note, the federal child pornography statute does not prohibit the viewing of child pornography as Ohio's statutes do.

/s/ Dean Boland
Dean Boland 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
216-529-9371 ph
866-455-1267 fax
dean@deanboland.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be served upon all parties by operation of the court's electronic filing system.


/s/ Dean Boland
Dean Boland 0065693