## IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
### CRIMINAL LAW

COMMONWEALTH OF PENNSYLVANIA )
                              )
VS.                           )    Nos.   CP-14-CR-323-2006
                              )           CP-14-CR-324-2006
SHAWN G. STEWART              )           CP-14-CR-325-2006

Commonwealth Attorney:    Lance T. Marshall, Esquire
Defense Attorneys:        Joseph L. Amendola, Esquire/Dean Boland, E

#### **ORDER**

**AND NOW**, to wit, this __19__ day of __July_____, 2006, counsel for the

Defendant in the above-captioned matters having requested a Protective Order and this Court

concluding that such an Order is appropriate, this Court enters the following Order:

#### A. **Proper Persons**

1.    Mr. Stewart is entitled to receive from the Commonwealth a mirror image

copy of all seized computers and other media ("case materials").

2.    The Commonwealth's counsel and experts are proper persons to possess,

review, use and provide to other relevant experts the case materials.

3.    Mr. Stewart's defense counsel and experts are proper persons to possess,

review, use and provide to relevant experts the case materials.

4.    Such conduct is exempted from prosecution as provided in the "judicial

purposes" exception of 18 Pa. C.S.A. Section 6312(f).

#### B. **Authorization for Proper Purposes**

5.    To receive, possess and copy as necessary for judicial purposes a complete

copy of all seized media in this matter.

Exhibit 4

6.    To receive and possess copies of the alleged contraband digital images seized in this matter.

7.    To make copies of the alleged contraband digital images as necessary and create digital image exhibits addressing the technological issues of this case for use at trial in this matter.  Said copies and/or digital image exhibits may be produced by either party for judicial purposes and must be maintained within the control of the proper persons as herein defined.

8.    To research the origin of the alleged contraband images.

9.    The Court finds that the above-referenced provisions are to be deemed proper purposes pursuant to this Order and 18 Pa. C.S.A. Section 6312(f).

10.   The above tasks are necessary for a fair trial as to both the Commonwealth and the Defendant.

## C. Disposition

11.   At no time during the pendency of this matter at the trial level or upon appeal shall any of the material covered by this Order be distributed to any persons beyond those covered by this Order.

12.   At the conclusion of this matter at the trial level:

a.    Originals, if any, and all copies of alleged contraband are to be returned to the District Attorney's Office.

b.    All Commonwealth and defense digital image exhibits containing all or some portion of the alleged contraband seized in this matter are to be submitted to the Court for safekeeping pending any appeals.

2

Exhibit 4

              c.      No later than seven (7) days following the conclusion of the trial and any appeals, a letter signed by each party covered by this Order shall be filed with this Court confirming that all terms of this Order have been complied with.

### C. No Federal Preemption

13.     The Pennsylvania Code governs the conduct of the Commonwealth, its experts, defense counsel and its experts in this matter.

14.     Any federal statute(s) to the contrary of the relevant statutes in the Pennsylvania Code do not preempt the provisions and protections in the Pennsylvania Code and this Protective Order.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the Defendant's Motion for Protective Order is granted; the above findings are the Order of this Court and will govern the rights, duties, and obligations of the parties, as well as provide protection to the parties for the proper purposes as defined by this Order.

BY THE COURT:

_____

Hon. Bradley P. Lunsford, Judge

3

Exhibit 4