IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
|  | 1:07 CV 2787 |
| PETER LORA, Victoria Bloom, et al | JUDGE DAN AARON POLSTER |
| V. | MOTION TO RECONSIDER DEFENDANT'S MOTION TO DISMISS |
| DEAN BOLAND | FINDINGS OF FACT AND CONCLUSIONS OF LAW REQUESTED |

Now comes Dean Boland and respectfully requests this court reconsider its ruling on Defendant's motion to dismiss for the reasons contained in the attached brief.

/s/ Dean Boland
Dean Boland (0065693)
18123 Sloane Avenue
Lakewood, Ohio 44107
216.529.9371 phone
866.455.1267 fax
dean@deanboland.com

PROCEDURAL AND FACTUAL HISTORY

In April 2007, Defendant signed a deferred prosecution agreement that was attached to the complaint in this matter as Exhibit 1. (See Complaint). Plaintiffs have alleged in their complaint and various other filings in this case that Defendant's deferred prosecution agreement is relevant to this matter. The argued relevance of the agreement is that it involves, amongst its four items, two images depicting the two minor plaintiffs in this matter. In addition, as the plaintiffs have argued and this court adopted in its initial denial of Defendant's motion to dismiss, the agreement contains "admissions" that creating and possessing the four items are violations of the federal child pornography statute.

On May 13, 2008, Defendant visited the Cleveland FBI office in compliance with this court's order. An FBI agent showed Defendant two images. It is presumed that plaintiffs' counsel had communicated with the agent to show Defendant what plaintiffs are claiming are one image each of the two minor plaintiffs in this matter. With that assumption in place, Defendant notified the court of his compliance with its order. Defendant further amended his discovery responses following the visit to the FBI office and served those upon plaintiff's counsel promptly.

The gist of plaintiffs' complaint is that Defendant "displayed or presented", as a court exhibit, an image (or images) of the two minor plaintiffs engaged in apparent prohibited conduct in court. They have particularly stated the complaint is not alleging liability for the mere possession of said exhibits. "Plaintiffs counter that they are not

seeking damages for Boland's conduct in possessing pornographic pictures which were provided to him by the prosecution in the other cases, which may be protected by various asserted immunities." (Dkt. 8 at 3).

Plaintiffs attached the Deferred Prosecution Agreement to their complaint claiming its relevance to their claims. Now that the non-pornographic images of the two minor plaintiffs have been displayed/presented by the FBI to Defendant, it is clear that plaintiffs' claim of a connection between the Deferred Prosecution Agreement and their claims is inaccurate. No image involving the two minor plaintiffs was part of the four images listed by the government in the Deferred Prosecution Agreement. This is further obvious in that the offense referenced in the first paragraph of the Deferred Prosecution Agreement is that of **possession** of the four listed items. Finally, the United States Attorney's office was present at a prior pre-trial conference in this matter. At that pre-trial, the matter of viewing the non-pornographic images of the two minor plaintiffs was discussed. The Deferred Prosecution Agreement prohibits the use or suggestion of use, in any way, by Defendant of any of the four items referenced in the Deferred Prosecution Agreement. The government at that pre-trial conference stated that Defendant's viewing of the images of the minor plaintiffs would not violate his Deferred Prosecution Agreement.

Defendant filed a motion to dismiss in this matter. That motion argued that plaintiffs' claims failed to comply with the requirements of FRCP 12(b)(6). This court denied Defendants' motion to dismiss ruling as follows:

2

> **Boland has admitted that his conduct in taking images of identifiable minors from internet sites and adapting them to create sexually explicit pictures which he possessed violates 18 U.S.C. § 2252A(a)(5)(b). See ECF No. 2, at 1 (Pre-Trial Diversion Agreement), 10 (Factual Statement), 12 ("Public Statement"). Boland notes that the Ohio Revised Code contains an exception in its child pornography statutes for materials like the ones he created which are used for a judicial purpose, but admits that the United States Code does not. Public Statement, at 1. While he does not agree with the law and feels that an exception for judicial purposes in the United States Code is constitutionally mandated, he admits that "current federal law contains no such exception." Id. Accordingly, based on Boland's _admissions_ and present case law, his motion is denied as to his federal claims. (Dkt. 8 at 4-5). (Emphasis added).**

In the factual statement, Defendant made no statements indicating that displaying or presenting such exhibits is a violation of federal law. Nor did Defendant comment on whether immunity does or ought to apply to such conduct as Ohio and Federal law indicates it should. Defendant's only comment about the four items is; "I do recognize that such images violate federal law." The statement does not indicate that the display or presenting of such images violate federal law or that no immunity exists for their display or presenting under the circumstances outlined in the complaint in this matter.

The admissions to which the court refers in this holding and relied upon, in part, for the denial of Defendant's dismissal as to 12(b)(6) do not relate to any image, if one exists, that Defendant is alleged to have "displayed or presented" that depicts either of the minor plaintiffs. Therefore, Defendant has not admitted the existence of any image depicting the minor plaintiffs apparently engaged in prohibited conduct. Defendant has not admitted he created or used, displayed or presented any such image. Defendant has

3

not admitted that the display or presenting of any such court exhibit involving any image, in whole or part, of the two minor plaintiffs violates any federal or state statute. Defendant has not admitted that displaying or presenting an exhibit, as described in the complaint, violates federal law or is not subject to immunity.

The Deferred Prosecution Agreement was drafted by the government. As the court will note, the Deferred Prosecution Agreement, Factual Statement and Public Statement all refer exclusively to the "four images" listed and described in words used by the government in that agreement. ("Jane Doe 1, Jane Doe 2, Jane Doe 3, and Jane Doe 4", Deferred Prosecution Agreement at 1; "accept[ing] responsibility for...behavior...in the Statement of Facts"; Id. at 2; "used **the images**...as a witness and/or defense attorney", (Emphasis added). Id. at 2; "You certify that you have destroyed...all visual depictions...depicting Jane Doe 1, Jane Doe 2, Jane Doe 3, and Jane Doe 4....", Id. at 5; "You...will not access...all visual depictions...depicting Jane Doe 1, Jane Doe 2, Jane Doe 3, and Jane Doe 4....", Id.; "Boland downloaded at least four (4) images…depicting four (4)...minors….", Statement of Facts at 1; "Such visual depictions were created...to appear that each of the four (4)...." Id. at 1; "downloaded images...depicting four minors…." Public Statement at 1; "There was nothing about **these images** to suggest that they were not real identifiable children…." Id. (Emphasis added).; "I then digitally manipulated such images…." Id.; "Such visual depictions were created...to appear that each of the four...was engaged in sexually explicit conduct….I do recognize that **such images** violate

4

federal law"; (Emphasis added). Id.; "[Law enforcement] act[ed] appropriately… [enforcing] federal criminal laws and the protection of **the children depicted**." Id.

The admissions to which the court refers in its decision to deny the 12(b)(6) motion to dismiss involve the four images in the Deferred Prosecution Agreement. The two minor plaintiffs in this matter are not among the four images listed by the government in the Deferred Prosecution Agreement. That fact was not known at the time of the initial filing of the motion to dismiss as Defendant was provided no information about the minor plaintiffs including any image of either of them. Now that their images have been provided and Defendant's discovery responses have been provided in reliance on the images displayed/presented to him at the FBI office, it is without doubt the Deferred Prosecution Agreement is irrelevant to this matter.

In addition, nowhere in the Deferred Prosecution Agreement does Defendant admit that the federal statute preempts Ohio's statutes. Nowhere in the agreement does Defendant admit that he is **not immune** from the application of 18 U.S.C. 2252, et. seq. An admission of a violation of a statute has no bearing on an immunity determination. Anyone who is seeking immunity from the application of a statute has engaged in conduct that, without immunity, is a violation of the statute. If no violation of the statute has occurred, no immunity consideration is necessary. Merely concluding that Defendant admitted to violations of a federal statute does not end the analysis regarding immunity. In fact, such an admission or finding is the necessary starting point for such an immunity analysis. Witnesses obtain immunity. Individuals possessing contraband in courtrooms,

5

(e.g. bags of cocaine, unregistered firearms, components of explosives, etc.) are all violating state and federal law by that possession. No court cases can proceed if such persons were not immune from the application of those statutes for their conduct within courtrooms. It is not the case that their conduct in the courtroom is not a violation of the statute -- it clearly is. However, the concept of immunity serves to protect them from the application of the relevant criminal statute to their conduct to serve larger purposes within the criminal justice system. There is no federal statute stating that persons possessing cocaine in a courtroom are immune. It is simply an accepted, obvious fact that a short period of possession of cocaine by a witness or defense attorney, in a courtroom connected with a judicial proceeding, is conduct that is immune from prosecution.

In light of these facts, Defendant respectfully requests the court reconsider its ruling regarding Defendant's motion to dismiss as one of the two bases for that decision is now known to be incorrect. (i.e. that the Defendant's "admissions" in the Deferred Prosecution Agreement, an unrelated criminal matter, resolve the legal issue of the alleged criminal violation, civil liability and lack of immunity in this civil matter).

"Present Case Law"

The remaining basis for the court's ruling was "present case law." ("based on Boland's admissions **and present case law**, his motion is denied as to his federal claims." (Dkt. 8 at 5). (Emphasis added). That reference, now standing alone, leaves the particular "present case law" the court is referring to unclear.

6

As noted in Defendant's second motion for a ruling on the issue of statutory preemption, the entirety of case law on the preemption issue concludes the federal statute does not preempt state statutes in the are of child pornography prosecution. It is presumed the court is not referring to that case law in the "present case law" basis for its ruling against Defendant on the motion. It is also presumed this court will rule in this case consistent with all other cases on the matter that the federal statute does not preempt Ohio law.

The entirety of witness and judicial immunity case law also holds that Defendant's conduct, as alleged in the complaint, is immune from prosecution or civil liability actions. Therefore, it is also presumed the court is not referring to immunity law either as the "present case law" supporting a denial of the motion to dismiss.

Moreover, the particular civil remedies provision upon which plaintiffs' rely requires that the conduct engaged in is a violation of 18 U.S.C. 2252, et seq. There is no case law indicating that displaying or presenting court exhibits of child pornography by an expert witness in a courtroom pursuant to a judicial proceeding is a criminal violation of 18 U.S.C. 2252, et seq.

As part of the motion to dismiss consideration, to survive a 12(b)(6) challenge, the conduct alleged in the complaint must be a criminal violation of 18 U.S.C. 2252, et. seq. violation of 18 U.S.C. 2252, et seq. The court has not ruled whether such conduct is or is not a criminal violation of 18 U.S.C. 2252, et seq. In the initial motion to dismiss denial, the question was not reached as the court found that Defendant admitted that displaying

7

or presenting the images was a violation of the federal statute. A review of the Deferred Prosecution Agreement indicates no admission in that regard is present.

The admissions in the Deferred Prosecution Agreement do not relate to the two minor plaintiffs in this case. Therefore, unless the conduct alleged in the complaint is a criminal violation of 18 U.S.C. 2252, et seq., plaintiffs' complaint fails to allege conduct sufficient to entitle them to damages under the civil remedies section of the statute. In addition, the Deferred Prosecution Agreement does not deal with whether the conduct of displaying or presenting, in an Ohio courtroom as an expert witness in digital imaging, the type of court exhibits referred to in the complaint is a criminal violation of 18 U.S.C. 2252, et. seq.

In all orders and off-the-record discussions between counsel and the court of this matter prior to this date, the court has not found the alleged conduct in the complaint a criminal violation. Instead, the court has consistently relied upon the admissions in the Deferred Prosecution Agreement as a de facto establishment of criminal violations of 18 U.S.C. 2252, et seq *relating to the complaint allegations referencing the two minor plaintiffs in this matter*. Now that it is clear that the admissions in the Deferred Prosecution Agreement and the two minor plaintiffs in this civil matter are unrelated, the legal matter of whether the conduct alleged in the complaint is a criminal violation of 18 U.S.C. 2252, et seq presents itself.

To again deny dismissal of the complaint, the court must rule that even if it were proven by plaintiff that Defendant, as an expert witness, had displayed or presented an

8

image depicting the two minor plaintiffs engaged in prohibited conduct, such conduct is a criminal violation of 18 U.S.C. 2252, et seq. The court must also rule that the specific conduct in the complaint, i.e. displaying or presenting court exhibits of child pornography in a judicial proceeding is not is immune from prosecution under 18 U.S.C. 2252, et seq nor civil liability under the federal statute.

It is important to note that across the United States every year, hundreds if not thousands of prosecutors "display or present" images that depict minors engaged in prohibited conduct. They display or present those images to investigators, expert witnesses, private citizen employees of the National Center for Missing and Exploited Children as well as to judges and juries. 18 U.S.C. 2252, et seq has no exception to its application, necessarily including state and federal prosecutors engaged in this conduct. Clearly, prosecutors do and should enjoy judicial proceedings immunity in order for them to perform their function representing the government in such cases.

Across the United States every year, hundreds if not thousands of defense attorneys "display or present" images that depict minors engaged in prohibited conduct as part of their judicial function in defending citizens in such criminal cases. They display or present those images to investigators on the witness stand, expert witnesses in trial preparation and in court as well as to judges and juries. 18 U.S.C. 2252, et seq has no exception to its application, necessarily including defense attorneys in state and federal cases engaged in this conduct. Clearly, defense attorneys do and should enjoy judicial proceedings immunity in order for them to perform their function representing

9

charged citizens in such cases. For example, the Washington State Supreme Court has held that in state child pornography cases, the prosecution must hand over a copy of all alleged contraband images to the defense in those cases. Washington state defense attorneys are, therefore, lawfully engaged in "displaying and presenting" such images to their expert witnesses, investigators, their client and perhaps others as they prepare for trial.

In <u>State of Washington v. Boyd et al.</u> Nos. 79371-9, 79339-5 the court characterized its decision as "involv[ing] the extent to which defense discovery of child pornography evidence may be restricted under Criminal Rule (CrR) 4.7." (Id. at 1).

The defense in <u>Boyd</u> argued that the Criminal Rules entitled it to a copy of the alleged contraband child pornography images in that case. The state argued that mere viewing at a government facility was sufficient to address any Due Process concerns of the defense having access to the evidence as the rules required.

"The discovery rules are designed to enhance the search for truth and their application by the trial court should insure a fair trial to all concerned, neither according to one party an unfair advantage nor placing the other at a disadvantage." (Id. at 3).

The Supreme Court in <u>Boyd</u> held that "The Sixth Amendment right to effective assistance of counsel advances the Fifth Amendment's right to a fair trial. That right to effective assistance includes a 'reasonable investigation' by defense counsel. [citations omitted]. It also guarantees expert assistance if necessary to an adequate defense." (Id. at 4).

10

The court concluded its ruling in <u>Boyd</u> by rejecting the State's argument that producing a copy of the alleged contraband to defense counsel constituted a crime under the Washington State statute. "Finally, the State argues that providing the defendants with copies of the materials sought would constitute sexual exploitation of children contrary to RCW 9.68A.050. We are not convinced the statute **was ever intended to apply to the trial process**." (Id. at 6). (Emphasis added). Likewise, an issue for this court is whether the federal child pornography statute "was ever intended to apply to the trial process." If this court's denial of the motion to dismiss is to stand, it effectively preempts Washington State law, including its state supreme court, which has explicitly **required** law enforcement and prosecutors to not only display and present such images to defense attorneys and witnesses, but actually **provide them a copy of those items**. The court's denial of the motion to dismiss alerts Washington State defense counsel and expert witnesses that they are subject to both criminal prosecution under 18 U.S.C. 2252, et. seq. and civil liability under the federal statute for taking possession of items their own state supreme court said were required for them to possess to afford their clients due process. Clearly, the denial of the motion to dismiss and the Washington State Supreme Court (along with the exceptions in ORC 2907.321, 2907.322 and 2097.323) present an intractable legal contradiction.

All these persons are engaged in the same conduct the plaintiffs' complain of in their complaint entitling them to damages. Were this court to hold that the conduct alleged in the complaint, i.e. the displaying/presenting of such images in a courtroom, is a

11

criminal violation of 18 U.S.C. 2252, et. seq., the nationwide repercussions are apparent. Such a ruling would intimidate defense attorneys and defense experts from participating in any way in either state or federal child pornography cases. In addition, it would open a floodgate of litigation against defense attorneys and prosecutors with no defense to protect them from civil liability consistent with the court's ruling in this case. It would also effectively preempt all state laws regarding child pornography as many have exceptions as in Ohio law and state court rulings as in the state of Washington.

We already know that the display or presentation of child pornography before a legislative committee is protected the the First Amendment.

**[T]he exhibition of [child pornography images or videos] before a legislative committee studying a proposed amendment to a state law, or before a group of research scientists studying human behavior, could not, in my opinion, be made a crime.  Moreover, it is at least conceivable that a serious work of art, a documentary on behavioral problems, or a medical or psychiatric teaching device, might include a scene from one of these films and, when viewed as a whole in a proper setting, be entitled to constitutional protection. The question whether a specific act of communication is protected by the First Amendment always requires some consideration of both its content and its context.** (New York v. Ferber, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982), Stevens, J., concurrence).

We also know that the consideration of First Amendment protection for displaying or presenting images of child pornography requires consideration of context. (Id). Presentation to the legislative branch (Id). and the executive branch (e.g. for law enforcement training and investigation) is protected First Amendment conduct. This court's denial of the motion to dismiss holds that display or presentation of such material to the judicial branch, however, is a context that makes the conduct both a crime and a

12

civil wrong not entitled to the same First Amendment protection. This contradicts the concept of the three co-equal branches of government.

Conduct engaged in by a person in compliance with a federal court judge's direct order is also a context to be considered when applying the the First Amendment.

Plaintiffs' allege Defendant displayed or presented exhibits involving their minor children in a federal courtroom in Oklahoma. That conduct was engaged in by Defendant in compliance with a direct order of that court. This court must now decide whether Defendant's compliance with the federal court judge's order in Oklahoma is a criminal violation of 18 U.S.C. 2252, et seq. If such conduct is not a violation of 18 U.S.C. 2252, et seq, then no civil liability can flow from it. To put a fine point on it, to permit any liability claim related to the Oklahoma federal court display or presenting of the images of the minor plaintiffs, this court must adopt an oxymoron. i.e. that Defendant's compliance with a federal judge's order is both a criminal violation of 18 U.S.C. 2252, et seq. and a civil wrong under the statute as well for which there should be no immunity.

**[Boland] is here with some specific orders from the Court as set out in our April 12th, 2004, order, and one of the direct orders to this witness was to be prepared to address all of the issues in United States vs. Marchand. And clearly the preparation of these exhibits was done in response to that court order that he be prepared to address it.... (Id. at pg 113).**

The court later re-iterated those orders and found the creation of the court exhibits **necessary** to understanding and ruling upon issues in that case and essential to the ends of justice.

**[I]n order to develop such a fact record and to comply with the Court's order that such fact record be developed on Marchand and its progeny, it's**

13

**necessary to create the very images that one might otherwise argue constitutes a statutory violation. So the Court so ordered that, we now have it. (Id. at 145).**

The government, during that hearing, asked questions on cross examination of Defendant designed to establish a violation of 18 U.S.C. 2252(A). (Id at pgs. 99-101). Following that cross examination, defense counsel whom had hired Defendant specifically asked the court for assurance from the government that it did not intend to arrest Defendant for his compliance with the court's order based upon the government's questioning.

    **[Defense Counsel] MR. SMALLWOOD: …I'm very concerned by the comments of Ms. Morgan saying he's not going to be arrested ["]today["].**
    **[Assistant United States Attorney] MS. MORGAN: You know, looking at this and seeing what he's doing with kids. If it turns out that he, as the Court was saying, he's distributing these in other places --**
    **MR. SMALLWOOD: No not at all.**
    **MS. MORGAN: -- that might give us pause, but because he testified here today with this, no.**
    **MR. SMALLWOOD: Okay.**
    **MS. MORGAN: <u>He was here because the Judge told him to do it</u>.**
    **MR. SMALLWOOD: Okay.**
    **THE COURT: All right. Does that give you --**
    **MR. SMALLWOOD: I was hoping they would say this Judge.**
    **MS. MORGAN: We just want to make sure he doesn't go out and do anything with them. (Id at 140-141).**

As noted above, the government acknowledged Defendant's conduct regarding the creation, possession and use of the court exhibits was pursuant to the court order. i.e. "the Judge told him to do it." (Id). Despite those assurances, Defendant's conduct in the Oklahoma case was a basis for the establishment of probable cause of a violation of 18 U.S.C. 2252(A) in the government's subsequent search warrant.

This court has already threatened Defendant with arrest by U.S. Marshal's in response to Defendant's refusal to **potentially** violate his Deferred Prosecution Agreement by viewing non-pornographic images of the minor plaintiffs. Once the government arrived at a subsequent pre-trial conference to assure everyone that Defendant's compliance with the court's order was no violation of the Deferred Prosecution Agreement, the threat of jailing for non-compliance was moot. However, that sequence of events is analogous, quite tightly, to permitting the plaintiffs to proceed with any claim of liability for the conduct ordered to be performed by Defendant by the federal judge in the Oklahoma case.

This court has now ordered Defendant to view any images plaintiff's counsel presents at his scheduled July 29, 2008 deposition. (Dkt. #41). The court has also indicated that Defendant is immune from any potential violations of law for compliance with that order. ("[Defendant] is hereby ordered to examine, **with impunity**, the contents of his computer hard drive, currently in the possession of the Government, and to supplement the answers to Plaintiffs' interrogatories and requests for admissions, with the knowledge so obtained"). (Id). (Emphasis added). The Webster's definition of "impunity" is as follows:

Main Entry: im·pu·ni·ty

Pronunciation: \im-'pyü-nə-tē\

exemption or freedom from punishment, harm, or loss <laws were flouted with impunity>

15

A common thesaurus provides the following synonyms for the word "impunity":

Main Entry: impunity

Part of Speech: noun

Synonyms: clearance, exception, freedom, **immunity**, privilege. (Emphasis added).

As was discussed in the off-the-record pre-trial conference, Defendant violates ORC 2907.323 in the event he views child pornography. Plaintiff's counsel made it clear he intends to have Defendant view, either on computers seized by and currently in the possession of the government or at Defendant's deposition, court exhibits plaintiffs' counsel alleges qualify as child pornography depicting his minor plaintiffs that he claims Defendant created. In response to the concern Defendant stated at the pre-trial conference on July 10, 2008 that should conduct is a crime under Ohio law, Dkt. #41 was generated to explicitly outline the orders the court was making.

Dkt. #41 recognizes two important things: One, it recognizes that Defendant needs immunity to view child pornography that the plaintiffs' counsel intends to display or present for him at his deposition as it violates ORC 2907.323. Second, it recognizes that this court agrees that Defendant should be immune from the application of Ohio's criminal statute for his clear violation of ORC 2907.323. The court did not articulate whether its belief that Defendant is entitled to immunity flows from the fact that the court is ordering Defendant to engage in the conduct or because the ordered conduct

16

Defendant is going to engage in is part of a judicial proceeding. Those are the only two possible immunity rationales that apply.

If the court's rationale for purporting to grant immunity to Defendant for such conduct arises from the fact that Defendant's conduct will be in compliance with a federal court judge's order, this position squarely meets Defendant's argument about the untenability of Plaintiffs' claims regarding Defendant's compliance with a federal court judge's order in Oklahoma. If the court's rationale for purporting to grant immunity arises from a recognition that the conduct, violating ORC 2097.323, is being performed as part of a judicial proceeding, this squarely meets Defendant's argument in his initial motion to dismiss and this reconsideration.

<u>Plaintiff's Counsel Engaged in Violations of Federal Statute with Apparent Immunity</u>

At the July 10, 2008 pre-trial conference, Plaintiff's counsel, Mr. Rosenbaum, admitted to engaging in conduct that is a direct violation of 18 U.S.C. 2252, et seq. He informed the court and Defendant that he was receiving in his office CDs from courts and other subpoena targets "containing copies of the exhibits" that Defendant allegedly created. His requests are specifically seeking copies of court exhibits he alleges violate the criminal portions of 18 U.S.C. 2252, et seq. as well as the civil liabilities section. He has maintained throughout that such exhibits are contraband under 18 U.S.C. 2252, et seq. He disclosed that when he receives those CDs with those exhibits, he does not look at them, but takes them to the FBI offices to have them inserted in a computer by an FBI official and then he views their content in preparation of his client's case.

17

Such conduct is at least two, possibly three, distinct violations of 18 U.S.C. 2252, et seq. that are regularly investigated and prosecuted by the government. Receiving, possessing and distributing contraband images are all clear violations of federal and state child pornography laws.

It is not anticipated that Mr. Rosenbaum will be investigated nor have his house and person searched by representatives of the FBI's Cleveland office nor face indictment by the United States' Attorneys office for the Northern District of Ohio for engaging in such conduct. This is the case because he is immune from the application of the federal statutes by virtue of the fact he is engaging in obvious criminal conduct in the context of a judicial proceeding. This is consistent with Defendant's position in his original motion to dismiss and this motion to reconsider. Denying the motion to dismiss imperils Mr. Rosenbaum as well in light of his admissions of engaging in soliciting, receiving, possessing and then distributing (albeit to the FBI) copies of what he claims is child pornography.

/s/ Dean Boland
Dean Boland (0065693)
18123 Sloane Avenue
Lakewood, Ohio 44107
216.529.9371 phone
866.455.1267 fax
dean@deanboland.com

CERTIFICATE OF SERVICE

A copy of the foregoing has been served on all parties by operation of the court's electronic filing system.

/s/ Dean Boland
Dean Boland (0065693)