**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| JANE DOE, *et al.,* | ) ) ) ) | CASE NO.1: 07 CV 2787 |
|  | ) ) ) | JUDGE Daniel A. Polster |
| *Plaintiffs* | ) ) ) | **Plaintiffs' Brief In Opposition to Defendant's Motion to Strike** |
| vs. | ) ) | |
| DEAN BOLAND | ) ) ) | |
| *Defendant* | ) ) | |

Now come the Plaintiffs in reply to Defendant's Motion to Strike Exhibit "1" From the Complaint and state that it is not well taken. Exhibit "1" to the complaint is a copy of the Pre-Trial Diversion Agreement. Although the logic of Defendant's motion is at times unclear, it appears that he is arguing that the Pre-Trial Diversion agreement is irrelevant to the matter before this Court. This argument is not well taken for the simple reason that Plaintiffs Doe and Roe are the two minor children mentioned in the Pre-Trial Diversion Agreement whose images were downloaded by Defendant Boland from Istockphoto.com on February 13, 2003 at 3:12 pm and on February 13, 2004 at 3:18 pm respectively.

Defendant's diversion agreement includes the following statement of fact:

## FACTUAL STATEMENT

The parties stipulate to the following facts,:

1. Between February, 2004, and March 15, 2004, Dean M. Boland (Boland) connected to the Internet from his home and office in the Northern District of Ohio. During that time period, and while connected to the Internet, Boland downloaded at least four (4) images, from the Internet, depicting four (4) real, identifiable minors in innocent poses. Boland knew or should have known that such images depicted real, identifiable minors. Boland downloaded two (2) such images from Istockphoto.com, a website located in Canada. Boland downloaded two (2) such image from websites hosted by Webe web, located in the State of Florida.

2. Boland digitally manipulated such images and combined them with other images to create a series of visual depictions. Such visual depictions were created, by Boland, to appear that each of the four (4) real, identifiable minors was engaged in sexually explicit conduct.

3. Boland created and used these visual depictions in his capacity as an attorney and/or witness in a variety of criminal cases in several different courts. Between March, 2004 and January, 2005, Boland transported such visual depictions to, and/or displayed such visual depictions in courts in Summit, Columbiana, Hamilton and Warren Counties, in the State of Ohio, as well as in U.S. District Court in Tulsa, Oklahoma.

The factual allegations of the complaint mirror this stipulated statement of fact and the complaint states as follows:

10. During the time period beginning in February, 2004 and ending on March 15, 2004, Defendant downloaded images from the internet depicting of real and identifiable minors in innocent poses.

11. Defendant downloaded two such images from Istockphoto.com and other sources. He did so at his residence located at 2070 Brown Road, Lakewood, Ohio and his office located at 18123 Sloane Avenue, Lakewood, Ohio.

12. The images downloaded from Istockphoto.com, and/or other sources, were of Plaintiffs Jane Doe and Jane Roe.

13. Boland then digitally manipulated the innocent images of Plaintiffs Jane Doe and Jane Roe to visually depict that minors Jane Doe and Jane Roe were engaging in sexually explicit conduct of a revolting and disgusting nature.

14. Defendant then used and published these sexually explicit visual depictions in his capacity as an attorney and expert witness in a variety of criminal child pornography cases in several courts.

15. Between March 2004 and January of 2005 Boland transported, used, possessed, published, displayed, presented, and testified about these sexually explicit visual depictions in Summit, Columbiana, Hamilton, and Warren Counties in the State of Ohio and in the U. S. District Court in Tulsa, Oklahoma, in interstate commerce, and otherwise as will be proven at trial.

As a result of Defendant Boland having stipulated that he committed the acts set forth in the Pre-Trial Diversion Agreement "Statement of Fact" and his further agreement to make no public statement repudiating this stipulation, Defendant Boland has admitted to the same conduct which is the alleged underlying factual basis of Plaintiffs complaint. Such an admission against

interest is clearly relevant to the matter before this court and admissible at trial pursuant to Fed. Evid. R. 801(d)(2) and 403.

The gist of the Plaintiffs complaint is not that "Defendant 'displayed or presented'"[1] the pornographic pictures. The gist of the complaint is that he **created** them which subjects him to liability even without displaying them under 18 USC § 2252A(f) and 18 USC § 2255 and for liquidated damages in the amount of $150,000.00 for each Plaintiff. Plaintiffs also seek redress for the publication of these images but this is hardly the "gist" of their complaint.

Defendant's claim that "No image involving the two minor plaintiffs was part of the four images listed by the government in the Deferred Prosecution Agreement"[2] is a falsehood.[3]

It is totally incredulous that the Defendant, after having professed to have no recollection of downloading the innocent images of the two minor Plaintiffs and not able to answer discovery requests concerning whether he morphed these images into sexually explicit images due to lack of recall and information, can now say that after viewing the innocent images that they are not two of the four of images that he admitted to downloading in his pretrial diversion agreement.[4]

Despite Defendant's claims to the contrary no one is asking this Court to construe any "plea agreement." Plaintiffs have merely alleged that Defendant admitted the conduct alleged in the complaint in his Pre-Trial Diversion Agreement and attached it as proof. The relevance of such an admission is undeniable. Whether images of the two minor Plaintiffs were two of the four images that Defendant admitted to downloading is matter of proof for the jury to resolve.

---

[1] Motion to Strike at 1
[2] Motion to Strike at 2
[3] See affidavit of Jonathan E. Rosenbaum attached hereto.
[4] This claim is no more plausible or logical than Defendant's settlement offer to assist in recovering the sexually explicit images he distributed when he professes to have no recollection of distributing them in his discovery responses.

<u>Conclusion</u>

For the reasons set forth above, the Pre-Trial Diversion Agreement is relevant because it is an undeniable admission that Defendant Boland has admitted the allegations of the complaint.

Respectfully submitted,

/s/ Jonathan E. Rosenbaum
JONATHAN E. ROSENBAUM
Supreme Court Reg. No. 0021698
Attorney for Plaintiffs
230 Third Street, Suite 104
Elyria, Ohio 44035
(440) 322-7972
fax (440) 322-7972
Email: jerosenbaum@alltel.net

**<u>Proof of Service</u>**

A true and accurate copy of the foregoing has been electronically served this 18th day of July, 2008 by the Court's electronic filing system.

/s/ Jonathan E. Rosenbaum
JONATHAN E. ROSENBAUM
Supreme Court Reg. No. 0021698
Attorney for Plaintiffs