**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JANE DOE, et al.,** | ) | **Case No.  1:07 CV 2787** |
| | ) | |
| **Plaintiffs,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **DEAN BOLAND,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Before the Court is the "Motion for Stay" filed by Defendant Dean Boland on

July 18, 2008 **(ECF No. 48)**.  Boland asks the Court to stay litigation of the above-captioned

case, particularly his deposition on July 29, 2008, so that the Sixth Circuit can rule on his

Petition for Writ of Prohibition and Petition for Writ of Mandamus, which he also filed on July

18, 2008.  For the following reason, the Motion is **DENIED**.

**I.**

On September 14, 2007, Plaintiffs Jane Doe and Jane Roe, represented by their

legal guardians and next friends Peter Lora and Victoria Bloom, filed the instant case against

Boland.  (ECF No. 1.)  The case alleges that Boland is an attorney and expert witness who

downloaded, from Istockphoto.com, the innocent images of the minor Plaintiffs and digitally

manipulated the photos, without Plaintiffs' knowledge or authorization, to create images of the

children engaged in sexually explicit conduct.  (Id.)  Boland then turned the images into exhibits

in connection with his expert testimony in numerous criminal cases and showed the exhibits to juries to demonstrate how such images can be created by the use of computer technology.  (Id.) Plaintiffs brought claims against Boland under the federal statutes that create civil remedies for minors who are victims of federal child pornography crimes.  (Id.)

On October 9, 2008, Boland filed a Motion to Dismiss arguing, among other things, that the First Amendment protected his possession of the subject court exhibits, and that his conduct was protected from civil liability based on various immunity arguments.  Boland also sought a declaration by this Court that the federal statute authorizing such civil claims does not preempt the Ohio state statute which immunizes his conduct from prosecution under Ohio criminal law.

In an order denying the Motion to Dismiss, the Court noted that Boland entered a Pre-Trial Diversion Agreement with the U.S. Attorney's Office wherein he admitted that he knowingly violated the federal child pornography statutes by engaging in the aforementioned conduct.  (Id.)  He also acknowledged, in a public statement attached to the Pre-Trial Diversion Agreement, that, unlike the Ohio Revised Code provision that immunizes such conduct "for judicial purposes" from state prosecution, (i.e. R.C. § 2907.321 et seq.), the United States Code does not contain a similar exception.  Since that time, Boland has repeatedly asked the Court to determine whether the federal statute that provides civil liability for engaging in such conduct preempts the Ohio state statute which he claims provides immunity from criminal prosecution for engaging in such conduct (ECF Nos. 31, 40, 44).  The Court has declined to issue what would constitute an advisory opinion.  (ECF No. 43.)  Boland now asks the Sixth Circuit to require me to issue such a ruling in a Petition for Writ of Mandamus and a Writ of Prohibition.

-2-

Boland's Motion for Stay is denied.  Boland is being sued for liability under a federal child pornography statute which provides a civil cause of action for engaging in the alleged conduct; he is not being prosecuted criminally in the Ohio state courts.  The Court has issued an order requiring Boland to view the contents of his computer hard drive at the FBI Office, view the images shown to him by Plaintiff's counsel at deposition and answer truthfully the questions posed, and generally comply with discovery in this civil case.  No state prosecution could be based upon Boland's compliance with a direct federal court order, so there is no need to stay discovery in the above-captioned case.  Consequently, Boland's "Motion for Stay" **(ECF No. 48)** is **DENIED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster    July 22, 2008*
**Dan Aaron Polster**
**United States District Judge**