IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JANE DOE *et al.*, | CASE NO. 1:07cv2787 |
| | JUDGE DAN A. POLSTER |
| *Plaintiffs* | **Plaintiff's Brief In Opposition to Witness Malarcik's Motion to Quash** |
| vs. | |
| DEAN BOLAND | |
| *Defendant* | |

In an effort to obtain discovery, Plaintiff's counsel has issued many subpoenas and issued one to Attorney Malarcik. Attorney Malarcik represented a person charged with child pornography crimes in Summit County, Ohio. Attorney Malarcik retained Defendant Boland to act as an expert witness in that case. Attorney Malarcik was issued a subpoena because he retained Defendant Boland.[1] The subpoena sought the production of " Any and all documents, things, exhibits, images, CDs, and/or reports prepared by Dean Boalnd that are in your

---

[1] A copy of the subpoena is attached as Exhibit "1"

possession or control and if the requested item is no longer in your possession or control a description of the requested item and a statement as to what happened to it." The subpoena seeks nothing prepared by counsel but only items prepared by Defendant Boland as an expert witness.

As admitted by Attorney Malarcik in his Motion to Quash Defendant Boland prepared and gave to Attorney Malarcik a CD Rom containing the exhibits that Defendant Boland testified to. It is admitted in the Motion to Quash that this exhibit was labeled as Exhibit "O."

Plaintiff's counsel has already obtained Exhibit "O" from the Summit County Common Pleas Court Clerk. Upon viewing Exhibit "O" at the Cleveland Office of the FBI, it was learned that Exhibit "O" contains sexually explicit images of both Plaintiffs Doe and Roe.

Plaintiff's counsel seeks the items that that Attorney Malarcik still possess that are responsive to the subpoena. The items sought cannot be protected by the "attorney work product" privilege because they were not prepared by a person acting in the capacity of an attorney. Case law reveals that only items sent by and attorney to and expert witness fall within the "attorney work product" privilege and are afforded protection. The law does not protect items sent by the expert to the attorney. The Sixth Circuit has held as much:

> "[T]he work product doctrine `is distinct from and broader than the attorney-client privilege.'" *In re Antitrust Grand Jury,* 805 F.2d 155, 163 (6th Cir. 1986) (quoting *United States v. Nobles,* 422 U.S. 225, 238 n. 11, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975)). While the attorney-client privilege protects only confidential communications, the work product doctrine generally protects from disclosure documents prepared by or for an attorney in anticipation of litigation. *Id.; see also Hickman v. Taylor,* 329 U.S. 495, 510-12, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Prior to 1993, there was general agreement that Federal Rule of Civil Procedure 26 excluded categorically the discovery of attorney opinion work product, even when provided to testifying experts. *See, e.g., Toledo Edison Co. v. G A Techs., Inc.,* 847 F.2d 335, 339-41 (6th Cir.1988); *Bogosian v. Gulf Oil Corp.,* 738 F.2d 587, 595 (3d Cir.1984).

> In 1993, however, Rule 26 was amended to require parties to submit expert reports for all testifying experts. *See* Fed. R.Civ.P. 26(a)(2)(A) ("[A] party shall disclose to other parties the identity of any person who may be used at trial to present evidence. . . ."); *see also* Fed.R.Civ.P. 26 advisory committee note, 1993 amendments (noting the addition of paragraphs (a)(1)-(4) imposes "a duty to disclose"). Subsection (a)(2) now states:
>
> (A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.
>
> Since the amendments, two lines of cases have formed regarding protections of work-product associated with those experts. The first holds that attorney work product is not discoverable merely because it has been shared with a testifying expert. *See Haworth, Inc. v. Herman Miller, Inc.,* 162 F.R.D. 289, 292-96 (W.D.Mich.1995); *see also Smith v. Transducer Tech., Inc.,* 197 F.R.D. 260, 261-62 (D.Vi.2000); *Krisa v. Equitable Life Assurance Soc'y,* 196 F.R.D. 254, 259-61 (M.D.Pa.2000); *Estate of Moore v. R.J. Reynolds Tobacco Co.,* 194 F.R.D. 659, 663-64 (S.D.Iowa 2000). The second holds that Rule 26 creates a bright-line rule requiring disclosure of all information provided to testifying experts, including attorney opinion work product. *See In re Pioneer Hi-Bred Int'l, Inc.,* 238 F.3d 1370, 1375 (Fed.Cir.2001); *Karn v. Ingersoll-Rand,* 168 F.R.D. 633, 637-41 (N.D.Ind.1996); *Gall v. Jamison* (*In re Gall*), 44 P.3d 233, 238-39 (Colo.2002); *cf. Fid. Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.,* 412 F.3d 745, 751 (7th Cir.2005) (noting that Rule 26(a)(2)(B) requires a party to disclose all data that a testifying expert "considered").

*Regional Airport Authority of Louisville v LFG,* 460 F.3d 697 at 713-14(Fed. 6th Cir. 2006).

Both "lines of cases" deal with the production or protection of information provided to

the expert by the attorney. No line of cases even appears to consider the protection of information sought by this subpoena which is information provided to the attorney by the expert.

Additionally, the rationale behind the "work product privilege" which seeks to prevent any advantage that would be given to opposing counsel by discovering his opponent's thought process is inapplicable to the present situation. Attorney Malarcik is not involved in this suit and no advantage to an opposing counsel would be realized by the production of the items sought.

Finally, the material sought appears to be of a nature that was intended to be disseminated in public at the hearing and/or is not of a confidential nature.

WHEREFORE, Plaintiffs respectfully request that the Motion to Quash be denied.

Respectfully submitted,

/s/ Jonathan E. Rosenbaum
Jonathan E. Rosenbaum (Ohio Bar Reg. No. (021698)
Attorney for Plaintiffs
230 Third Street, Suite 104
Elyria, Ohio 44035
(440) 322-7972
fax (440) 322-7972
Email: jerosenbaum@alltel.net

## Proof of Service

A true and accurate copy of the foregoing has been electronically by email and by ordinary mail served this 23rd day of July, 2008 upon the following:

Dean Boland, Esq.
18123 Sloane Avenue
Lakewood, Ohio 44017
dean@deanboland.com

Donald Malarcik, Esq.
One Cascade Plaza, Suite 900
Akron, Ohio 44308
djm@gmpvlaw.com

/s/ Jonathan E. Rosenbaum_____
JONATHAN E. ROSENBAUM
Supreme Court Reg. No. 0021698
Attorney for Plaintiffs