**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **JANE DOE, et al.,** ) | **Case No. 1:07 CV 2787** |
| ) | |
| Plaintiffs, ) | **Judge Dan Aaron Polster** |
| ) | |
| vs. ) | <u>**ORDER ON MOTION TO QUASH**</u> |
| ) | |
| **DEAN BOLAND,** ) | |
| ) | |
| Defendant. ) | |

      Before the Court is the Motion to Quash Subpoena (the "Motion") filed by Attorney Donald J. Malarcik. **(ECF No. 49.)** Plaintiffs executed service of a subpoena on Attorney Malarcik seeking discovery of materials Defendant Boland had previously prepared for Attorney Malarcik in the context of Boland's role as a retained expert in a state court criminal case. Attorney Malarcik, who is neither a party in the above-captioned case nor counsel for any party, filed the instant Motion to quash the subpoena on July 21, 2008. Attorney Malarcik asserted that the requested discovery materials was either no longer in his possession or protected by the attorney work product doctrine and the attorney/client privilege.

Attorney Malarcik's Motion listed the items in his possession that fell within the description of the subpoenaed materials, lettered A through I as follows:

> A: Dean Boland's resume;
> B: Twelve page document outlining different areas of the law regarding child pornography;
> C: Nine page document given to aid in the cross-examination of the State's expert witness, Detective Stan Smith;
> D: Seven page document outlining the proposed direct examination of Dean Boland;
> E: One page document quoting Revised Code Section 2907.322 with notes from Mr. Boland;
> F: Fee Agreement dated March 14, 2004 from Boland Consulting;
> G: Two page document emailed on March 15, 2004 with notes regarding the Ohio Statutory definition of child pornography. Page two of this document contains two images created by Mr. Boland and provided to illustrate his points;
> H: Six page report prepared by Mr. Boland dated March 20, 2004, discussing the issues previously referenced in state and federal case law; and
> I: Six page report prepared by Mr. Boland with summaries of important federal cases regarding child pornography dated March 23, 2004.

(ECF No. 49, Mot. to Quash, 2-3.)

Plaintiffs filed a brief in opposition to the Motion on July 23, 2008 (ECF No. 52), arguing that under Sixth Circuit law, the materials in Attorney Malarcik's possession were not protected by any privilege. Plaintiffs also acknowledged in their brief that they had already obtained from the Summit County Court of Common Pleas the materials that Attorney Malarcik no longer possessed.

On July 24, 2008, the Court conducted a teleconference with counsel for Plaintiffs, Defendant Boland (who is representing himself in the above-captioned case), and Attorney Malarcik. During the teleconference, Plaintiffs withdrew their request for items C, E, and F on the Motion's enumerated list. The Court also inquired as to the exact nature of the

contents in item D, and then determined that the document's contents went to specific questions and trial strategy of the defense in the state case, and therefore the document is not appropriately discovered by Plaintiffs. Finally, the Court determined that items A, B, G, H, and I were not protected as attorney work product or attorney/client-privileged communications.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Attorney Malarcik's Motion to Quash Subpoena **(ECF No. 49)**. It was agreed that Attorney Malarcik would produce the materials described in items A, B, G, H, and I to Plaintiffs' counsel no later than Friday, July 25, 2008, with copies of the produced materials provided to Defendant Boland. Attorney Malarcik shall not produce the material described in item D.

**IT IS SO ORDERED**

*Dan Aaron Polster     July 24, 2008*
**Dan Aaron Polster**
**United States District Judge**