No. 08-3876

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

In re: DEAN M. BOLAND, )
)
Petitioner. ) O R D E R
)
)

FILED
Jul 24, 2008
LEONARD GREEN, Clerk

*1:07cv2787 DAP*

Before: SILER, BATCHELDER, and ROGERS, Circuit Judges.

The petitioner is an attorney who served as a defense expert witness in several prosecutions for violation of the Ohio child pornography statute. He obtained from an internet site photos of minors in innocent poses, digitally altered those images to make it appear that they were engaged in sexually explicit conduct, and presented the altered images in court during his testimony. In the civil action pending before the district court, the guardians of two of minors who allege their images were used without their permission sue for damages under state and federal law.

The district court denied the petitioner's motion to dismiss. In a subsequent order, the court denied his motion for a ruling regarding statutory preemption. The court directed the petitioner to comply with discovery requests and to appear for his deposition. The petitioner now seeks a writ of prohibition and mandamus to direct the district court to dismiss the action. He also moves to stay his deposition.

The Ohio statute addressing child pornography includes an exception for material that is possessed for a bona fide judicial purpose or produced to a judge for such a purpose. Ohio Rev. Code § 2907.321(B)(1). The petitioner relied upon this provision in his testimony in the Ohio courts. The federal statute, however, does not include such a judicial-purpose exception. Under a

No. 08-3876
- 2 -

Pretrial Diversion Agreement that he entered with the U.S. Attorney for the Northern District of Ohio, the petitioner admitted that his possession of the images violated 18 U.S.C. § 2252A(a)(5)(B).

He now seems to argue that because the district court has denied his motion to dismiss this action, it has ruled that federal law is preemptive of state law. Thus, he claims to fear that his appearance at his deposition and viewing of the images presented will subject him to further prosecution. These fears appear to us disingenuous in view of the assurances of the district court and the U.S. Attorney. Further, there is no indication whatsoever that the state of Ohio has any concern that the petitioner's compliance with court orders in this pending action will violate state law. It rather appears that the petitioner is attempting to obtain an early review of the denial of his motion to dismiss this action.

It is "axiomatic" that relief in mandamus is an extraordinary remedy that is infrequently used. *John B. v. Goetz*, — F.3d —. 2008 WL 2520487, *7 (6th Cir. 2008) (citations omitted). The writ traditionally is used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 308 (1989), *quoting Roche v. Evaporated Milk Assn.*, 319 U.S. 21 (1943). A petitioner must show a clear abuse of discretion or conduct amounting to usurpation of power and carries the burden of showing the a clear and indisputable right to the writ. *Id.* at 309.

Several factors are relevant:

(1) The party seeking the writ has no other adequate means, such as direct appeal, to attain the relief desired.

(2) The petitioner will be damaged or prejudiced in a way not correctable on appeal. (This guideline is closely related to the first).

(3) The district court's order is clearly erroneous as a matter of law.

(4) The district court's order is an oft-repeated error, or manifests a persistent disregard error of the federal rules.

No. 08-3876
- 3 -

 (5) The district court's order raises new and important problems, or issues of law of first impression.

*In re Bendectin Products Liability Litigation*, 749 F.2d 300, 304 (6th Cir. 1984). It is not required that every element be met; the factors may "be balanced in opposition to each other." *In Re Chimenti*, 79 F.3d 534, 540 (6th Cir. 1996). A flexible rather than a rigid approach is favored. *In re Perrigo Co.,* 128 F.3d 430, 436 (6th Cir. 1997).

 Upon review and consideration, we conclude that the petitioner has not made the necessary showing. Therefore, the petition for a writ of mandamus and prohibition is **DENIED**. The motion to stay is denied as moot.

ENTERED BY ORDER OF THE COURT

*[signature]*

Leonard Green
Clerk