IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| JANE DOE *et al.*, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 1:07cv2787 |
|  |  | JUDGE DAN A. POLSTER |
| *Plaintiffs* |  | **Motion to Compel Discovery** |
| vs. |  |  |
| DEAN BOLAND |  |  |
| *Defendant* |  |  |

  Now come the Plaintiffs who respectfully move this Court for and order compelling the Defendant to provide: 1) accurate copies of Defendant's personal and/or business IRS tax returns with all attachment for the last three years, and 2) updated discovery responses as ordered by the Court for the following reasons

1. On March 5, 2008 Plaintiffs served their discovery requests upon the Defendant including the following Request for Production:

> **REQUEST FOR PRODUCTION NO. 7**
>
> Produce accurate copies of your personal and/or business IRS tax returns with all attachment for the last three years.

The Defendant responded: "Overbroad. Irrelevant to the claim or defense of any party."

In an effort to resolve this discovery dispute without court intervention, Plaintiffs served an Amended Notice of Deposition Deuces Tecum[1] upon the Defendant compelling him to bring "Accurate copies of your personal and/or business IRS tax returns with all attachment for the last three years." At his deposition, the Defendant refused to produce his income tax returns and stated to Plaintiff Counsel to "File a motion to compel." It is respectfully submitted that this matter cannot be resolved without court intervention under these circumstances.

Plaintiffs respectfully submit that Defendant's objection is not well taken. Firstly, there can be nothing overboard about the simple request for the last three years of IRS returns. Secondly, they are clearly relevant to Defendant's financial condition which is relevant to both settlement and exemplary damages. Exemplary damages are a function of a defendant's financial condition and Plaintiff is entitled to present evidence of what award would sufficiently deter future wrongful conduct of a similar nature. Discovery of all evidence likely to lead to admissible evidence is permitted. This includes the Defendant's income tax returns.

This Court has already required the Defendant to disclose his financial condition. That disclosure was lacking and omitted to report a book that the Defeat published event though he was directly asked if he published any books. Therefore, Plaintiffs cannot rely on his voluntary disclosure in order to obtain an accurate impression of the Defendant's assets in order to arrive at a settlement amount. Defendant's IRS filings from before and after the suit should provide a more reliable indication of his true worth and the ability to satisfy any judgment.

For these reasons the Plaintiffs respectfully request that his court order the Defendant to provide his federal income tax returns of the last three years.

---

[1] Filed as Related document No. 1

2.	On July 11, 2008, this Court ordered the Defendant to appear at the FBI Cleveland Office to view his computer hard drives and to supplement all of his discovery responses. This was to take place prior to his deposition being taken on July 29, 2008.

Defendant Boland has yet to appear at the FBI Office and has not as yet supplemented his discovery responses. When asked by email if he was gong to obey the Court order prior to his deposition, Defendant Boland indicated that it was Plaintiff's counsel's fault for not making the appointment for him. It is Plaintiff's Counsel current understanding that Defendant Boland will not call FBI Agent Sullivan directly and has delayed appearing at the FBI Office through a ruse created by only communicating through his secretary. His secretary has stated that Defendant Boland has a conflict for every date Agent Sullivan has proposed and the secretary has stated that she cannot change Defendant Boland's schedule. Agent Sullivan is waiting for the Defendant to call him directly and set mutually convenient date.

Wherefore, Plaintiffs respectfully requests this Court to order the Defendant to call Agent Sullivan directly and set a date requiring him to appear within the next two weeks. Plaintiffs further request that the Defendant be ordered to serve his supplemental discovery responses upon Plaintiff's counsel within one week thereafter. Defendant is bringing the entire discovery process to a halt by failing to provide meaningful discovery responses.

Respectfully submitted,

/s/ *Jonathan E. Rosenbaum*
Jonathan E. Rosenbaum (Ohio Bar Reg. No. (021698)
Attorney for Plaintiffs
230 Third Street, Suite 104
Elyria, Ohio 44035
(440) 322-7972
fax (440) 322-7972
Email: jerosenbaum@alltel.net

## Proof of Service

A true and accurate copy of the foregoing has been electronically served this 13th day of August, 2008 by the Court's electronic filing system

/s/ Jonathan E. Rosenbaum_____
JONATHAN E. ROSENBAUM
Supreme Court Reg. No. 0021698
Attorney for Plaintiffs