**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| JANE DOE *et al.*, | ) | CASE NO. 1:07cv2787 |
| | ) | |
| | ) | |
| | ) | |
| | ) | JUDGE  DAN A. POLSTER |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiffs* | ) | **Plaintiffs' Motion for Partial** |
| | ) | **Summary Judgment with Supporting** |
| | ) | **Memorandum** |
| vs. | ) | |
| | ) | |
| DEAN BOLAND | ) | |
| | ) | |
| *Defendant* | ) | |

Now come the Plaintiffs and move this Court, pursuant to F.R.C.P. 56 for summary judgment on all counts of their complaint on the issue of liability and for summary judgment on Counts 2 and 6 of their complaint finding that the Defendant is liable to each minor plaintiff for damages deemed by statute to not be less than $150,000.

Plaintiffs respectfully move this Court for Summary Judgment because there is no legitimate question of fact as a result of the Defendant admitting the allegations of the complaint in his Pre-Trial Diversion Agreement with the United States and in his discovery responses.

Plaintiffs respectfully move this Court for Summary Judgment based upon the reasons set forth in the attached memorandum.

Respectfully submitted,

/s/ *Jonathan E. Rosenbaum*
Jonathan E. Rosenbaum (Ohio Bar Reg. No. (021698)
Attorney for Plaintiffs
230 Third Street, Suite 104
Elyria, Ohio 44035
(440) 322-7972
Fax (440) 322-7972
Email: sjerosenbaum@windtream.net

**Proof of Service**

A true and accurate copy of the foregoing and the attached memorandum have been electronically served this 24th day of April, 2009 by the Court's electronic filing system

/s/ Jonathan E. Rosenbaum
JONATHAN E. ROSENBAUM
Supreme Court Reg. No. 0021698
Attorney for Plaintiffs

## **Memorandum**

Statement of Fact

On April 5, 2007, the Defendant in this case, Dean M. Boland, entered into a pre-trial diversion agreement with the United States of America.[1] The Defendant has admitted in his discovery responses that the factual statements contained in the pre-trial diversion agreement are in fact true.[2]

In the pre-trial diversion agreement Boland has accepted responsibility for and stipulated to downloading the images of "four real, identifiable minors in innocent poses from the internet."[3] The Defendant has accepted responsibility for, stipulated to, and admitted that he "digitally manipulated such images and combined them with other images to create a series of visual depictions. Such visual depictions were created, by Boland, to appear that each of the four (4) real, identifiable minors was engaged in sexually explicit conduct."[4]

The Defendant has admitted this conduct in his discovery responses as well.

In his response to Request for Admission No. 2, the Defendant admitted that he "created a visual depiction using a likeness (depicted in attached Exhibit "A") of Plaintiff Jane Doe that [he] downloaded from Istockphoto.com on February 13, 2004 at 3:12 PM showing her to be engaging in fellatio."[5]

In his response to Request for Admission No. 3, the Defendant admitted that he "created a visual depiction using a likeness (depicted in attached Exhibit "B") of Plaintiff Jane Roe that

---

[1] This agreement is attached hereto as Exhibit "1"
[2] Boland Response to Request for Admission No. 1; Boland discovery responses are attached as Exhibit "2"
[3] See Annex A to Exhibit "1" at paragraph no. 1
[4] See Annex A to Exhibit "1" at paragraph no. 2
[5] Exhibit "2" at Request for Admission No. 2

[he] downloaded from Istockphoto.com on February 13, 2004 at 3:12 PM showing her to be engaging in fellatio."[6]

In his response to Request for Admission No. 4, the Defendant admitted that he "created a visual depiction using a likeness of Plaintiff Jane Roe that [he] downloaded from Istockphoto.com on February 13, 2004 at 3:12 PM showing her to be naked and between two males who are ejaculating on her torso."[7]

Between March of 2004 and January of 2005, the Defendant transported such visual depictions to and/or displayed such visual depictions in courts in Summit, Columbiana, Hamilton, and Warren Counties, in the State of Ohio, as well as in the U.S. District Court in Tulsa Oklahoma.[8] The Defendant has also admitted that he "gave CD(s) containing exhibits which were made by you utilizing the image(s) or depiction(s) of Jane Doe and /or Jane Roe to defense counsel and/or court personnel."[9]

The Defendant's conduct was the subject of an investigation by the FBI. A summary of this investigation is set forth in the affidavit which supported the search warrant executed at the Defendant's home and place of business. This affidavit[10] is incorporated herein as if fully rewritten[11] and supports the allegations of the complaint rendering them undeniable.

The Defendant's conduct violated the criminal prohibitions of 18 USC 2252(A) (a) and b) and 18 USC 2256. The Defendant has admitted violating 18 USC 2252(A) (a) (5)(B).[12]

---

[6] Exhibit "2" at Request for Admission No. 3
[7] Exhibit "2" at Request for Admission No. 4
[8] See Annex A to Exhibit "1" at paragraph No. 3; Exhibit "2" at Response to Interrogatories Nos. 1 and 5
[9] Exhibit "2" at Request for Admission No. 5
[10] Original on file with the Clerk of Courts for the Northern District of Ohio
[11] Exhibit "3"
[12] See Annex A to Exhibit "1" at paragraph No. 1

By committing the acts as set forth above, Defendant used an aspect of Jane Doe's and Jane Roe's "persona," as defined by Ohio Rev. Code § 2741.01 (A), for a commercial purpose, as defined by Ohio Rev. Code § 2741.01 (B) in violation of Ohio Rev. Code § 2741.02 (A).

Standards for Summary Judgment

The standards for the granting of summary judgment are set forth by rule and case law:

> Federal Rule of Civil Procedure 56(c) provides that judgment for the moving party is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See also Browning v. Dep't of Army,* 436 F.3d 692, 695 (6th Cir.2006) (citations omitted). While all inferences are drawn in favor of the non-moving party, that party still must present some affirmative evidence supporting its position to defeat an otherwise appropriate motion for summary judgment. *See id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (non-movant must "do more than simply show there is some metaphysical doubt as to the material facts") (citations omitted); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324-325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Stated alternatively, "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Importantly, "[t]he trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.* 886 F.2d 1472, 1479-1480 (6th Cir.1989) (citation omitted).

*Tucker v. Tennesee,*, 539 F.3d 526 at 533 (6ᵗʰ Cir. 2008).

<u>Argument and Law</u>

<u>First and Fifth Causes of Action Premised Upon 18 USC § 2252A (f)</u>

Minor Plaintiffs Jane Doe and Jane Roe are entitled to civil relief, as set forth in 18 USC § 2252A (f) (2),[13] including injunctive relief, compensatory and punitive damages, costs, and reasonable expert and attorney's fees because she is a person aggrieved by reason of the conduct prohibited under 18 USC § 2252A (a) or (b). Since the Defendant has admitted to violating 18 USC § 2252(A) (a) (5)(B) in his pre-trial diversion agreement and admitted committing actions which violate 18 USC § 2252A (a) and (b) in his discovery responses, then Plaintiffs are entitled to summary judgment on the issue of liability and for injunctive relief, punitive damages, costs, and reasonable expert and attorney's fees on the First and Fifth Causes of Action because there are no legitimate question of fact and can not offer "evidence on which the jury could reasonably find for the" defendant.

---

[13] 18 USC § 2252A (f) (2) states:

 "f) Civil Remedies. -   (1) In general. - Any person aggrieved by reason of the conduct prohibited under subsection (a) or (b) or section 1466A may commence a civil action for the relief set forth in paragraph (2).

    (2) Relief. - In any action commenced in accordance with paragraph (1), the court may award appropriate relief, including –

    (A) temporary, preliminary, or permanent injunctive relief;

    (B) compensatory and punitive damages; and

    (C) the costs of the civil action and reasonable fees for attorneys and expert witnesses.

<u>Second and Sixth Causes of Action Premised Upon 18 USC § 2255</u>

Pursuant to 18 USC § 2255,[14] Plaintiffs Jane Doe and Jane Roe are entitled to civil relief as specifically set forth therein including actual damages deemed to not be less than $150,000.00, costs, and attorney's fees because they are minors who are victims of a violation of 18 USC § 2252A and who suffered personal injury.

Since the Defendant has admitted to violating 18 USC § 2252(A) (a) (5)(B) in his pre-trial diversion agreement and admitted to committing actions which violate violating 18 USC § 2252A (a) and (b) in his discovery responses, then Plaintiffs are entitled to summary judgment on the issue of liability on the Second and Sixth Causes of Action because there is no legitimate question of fact. Additionally the damages are deemed to be at least $150,000.00, costs of the suit, and reasonable attorney's fees by this statute. Attorney's fess, costs and expenses total $23,631.86.[15]

Although it has been stipulated that neither minor Plaintiff is aware that their likeness has been used by the Defendant to create a sexually explicit image, they are still entitled to the liquidated damages as a matter of law. The statute itself provides that the damages need not occur while the victims are minors thereby recognizing future injury which is addressable now. This is a result of the fact that it is well recognized and generally accepted that just the creation of such images is damaging to the child, is punishable, and will lead to future damages. Every

---

[14] 18 USC § 2255. states:

Civil remedy for personal injuries

(a) In General. - Any person who, while a minor, was a victim of a violation of section 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

[15] Attested to Bill For Attorney's Fees, Costs, and Expenses attached as Exhibit "5"

7

time the image is displayed, regardless of the purpose of the showing, the child is victimized whether the child is aware of the display or not. It is not an element of the cause of action or the criminal prohibitions that the minor be aware of the image or its display. The conduct to be deterred and punished is purely that of the Defendant. The Eighth Circuit has addressed these concerns when it opined:

> In *New York v. Ferber*, 458 U.S. 747, 756-58, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982), the Supreme Court recognized a compelling government interest in preventing the sexual exploitation and abuse of children. The distribution of child pornography is "intrinsically related" to the sexual abuse of children because it creates a "permanent record of the children's participation and the harm to the child is exacerbated by [its] circulation," and the production of pornography requiring the sexual exploitation of children cannot be "effectively controlled" unless that network is closed. *Id*. at 759, 102 S.Ct. 3348. In *Free Speech Coalition* the Court again focused on these harms, stating that "[l]ike a defamatory statement, each new publication ... would cause new injury to the child's reputation and emotional well-being." 535 U.S. at 249, 122 S.Ct. 1389.

>    *  *  *

> Evidence in the record indicates that a photograph of the head of a well known juvenile, AC, was skillfully inserted onto the body of the nude boy so that the resulting depiction appears to be a picture of AC engaging in sexually explicit conduct with a knowing grin. Although there is no contention that the nude body actually is that of AC or that he was involved in the production of the image, a lasting record has been created of AC, an identifiable minor child, seemingly engaged in sexually explicit activity. He is thus victimized every time the picture is displayed. Unlike the virtual pornography or the pornography using youthful looking adults which could be prosecuted under subsections (B) and (D), as discussed in *Free Speech Coalition*, this image created an identifiable child victim of sexual exploitation. In *Free Speech Coalition* the Supreme Court continued to recognize the government's compelling interest in protecting a minor's physical and psychological well being, see 535 U.S. at 249-50, 122 S.Ct. 1389, building on its decision in *Ferber*, pointing out the harm arising from pornography which is "intrinsically related" to the sexual abuse of children. 458 U.S. at 759, 102 S.Ct. 3348.

8

       Although there may well be instances in which the application of § 2256(8)(C) violates the First Amendment, this is not such a case. The interests of real children are implicated in the image received by Bach showing a boy with the identifiable face of AC in a lascivious pose. This image involves the type of harm which can constitutionally be prosecuted under *Free Speech Coalition* and *Ferber*.

*United States v. Bach*, 400 F.3d 622 at 630-32 (8th Cir. 2005) *cert denied* 546 U.S. 901, 126 U.S. 243 (2005).

       The Eighth Circuit upheld the criminal conviction of Bach because he "morphed" the innocent image of an identifiable child into "a lascivious pose" thereby creating "an identifiable child victim of sexual exploitation" just as the Defendant has done in this case. The "government's compelling interest in protecting a minor's physical and psychological well being" applies equally to all minor victims of sexual exploitation whether they are aware of the existence of the image or not. Indeed, Bach unsuccessfully relied upon the argument that the government never proved the sexually explicit image incorporating "AC's" face was that of a real and identifiable minor. The Eighth Circuit found that the crime occurred once the morphed image was created using the face of a real and identifiable minor. There is no indication in the opinion that "AC" knew that his likeness had been used, yet the conviction was upheld as constitutionally firm. The "emotional well being" of the two minor plaintiffs in this case is threatened as a result of the creation of the images and the "interests of real children are implicated" justifying application of the civil remedy set forth in 18 USC § 2255.

       If the criminal prohibitions of the United States Code apply in "morphing" situations, then so must the civil remedies applicable to the same misconduct. It is respectfully suggested to this Court that the deemed damages clause of 18 USC § 2255 is proof that Congress intended to

punish offenders/compensate minor victims regardless of whether the victims were aware of being sexually exploited or if the personal injury occurred while they were minors.

The legislative history supports the proposition that injury to reputation or property damage is included in the term "personal injury" as utilized by Congress in 18 USC § 2255. Section 4 Civil Remedies of the Congressional Record. The Pornography Victims Protection Act[16] states that "any victim of a violation of ss2251 or 2252 who suffers physical injury, emotional distress, or property damage as a result of such violation may sue to recover damages in any appropriate district court * * * and shall recover triple damages if a violation is found." Injury to property or reputation is deemed to have occurred and is valued at a minimum of $150,000.00.

<u>Third and Seventh Causes of Action for the Invasion of Privacy</u>
<u>(Common Law Tort)</u>

Defendant has admitted knowingly and intentionally appropriating for his advantage, the likenesses of Jane Doe and Jane Roe thereby committing tort of invasion of privacy. He is therefore liable for his actions.

Defendant has admitted that and it is undeniable that he downloaded and manipulated innocent images of the two minor plaintiffs. He then published the sexually explicit visual depictions of Jane Doe and Jane Roe with a conscious disregard for the rights and safety of others. He knew as a matter of law that his actions that had a great probability of causing substantial harm and therefore did so with malice. The creation of child pornography by using the images of real and identifiable minors may not be done without the knowledge that such action would create substantial harm to the minors.

---

[16] Attached as Exhibit "4" in its entirety

Defendant's conduct violated the terms of his agreement to download the images of Plaintiff's Doe and Roe which prohibited him from utilizing the images of Plaintiffs Doe and Roe in a defamatory way.[17] Therefore he had no license to use the likenesses/images as he did.

Appropriation of another's likeness to his advantage constitutes the tort of invasion of privacy:

> The tort of invasion of privacy includes four separate torts: (1) intrusion upon the plaintiff's seclusion or solitude, or into his private affairs; (2) public disclosure of embarrassing private facts about the plaintiff; (3) publicity which places the plaintiff in a false light in the public eye; and (4) appropriation, for the defendant's advantage, of the plaintiff's name or likeness. *Piro v. Franklin Twp*. (1995), 102 Ohio App.3d 130, 144, 656 N.E.2d 1035, citing *Killilea v. Sears, Roebuck & Co*. (1985), 27 Ohio App.3d 163, 166, 27 Ohio B. 196, 499 N.E.2d 1291.

*Henson v. Henson,* 2005 Ohio 6321, P13 (Ohio Ct. App. 2005); *Sustin v. Fee*, 69 Ohio St. 2d 143, at 145 (Ohio 1982)

Plaintiffs are entitled to summary judgment on the issue of liability on their Third and Seventh Causes of action because the Defendant has admitted appropriating the minor Plaintiffs' likenesses to his own advantage. Furthermore, because of the callous and unforgivable use to which the Defendant put the likenesses of the minor Plaintiffs, malice should be found as matter of law. Punitive damages and attorney's fees should be determined and awarded by the Court.

There can be no legitimate question of fact concerning malice in light of the conscious disregard for the rights and safety of others that the Defendant exhibited when he morphed the likenesses of the minor Plaintiffs into child pornography.[18] These actions had a great probability of causing substantial harm

---

[17] Exhibit "3" at 9-10

[18]    Actual malice to support a punitive damages award entails: (1) a state of mind under which one's conduct is characterized by hatred, ill-will, or spirit of revenge or (2) a conscious disregard for the rights and safety of others that has a great probability of causing substantial harm. *Preston v. Murty* (1987), 32 Ohio St.3d 334, syllabus. In arguing that the evidence did not support an award of punitive damages, the

It does not matter that the minor Plaintiffs are unaware that they have been depicted in sexually explicit images. For the tort of invasion of privacy there need not be actual damages.[19]

<u>Fourth and Eighth Causes of Action for Liability Premised upon</u>

<u>Rev. Code § 2741.07</u>

Defendant is liable to Plaintiffs as a matter of law pursuant to Ohio Rev. Code § 2741.07[20] for violating Ohio Rev. Code § 2741.02.[21]

---

issue is whether reasonable minds can differ as to whether the actors were aware that their acts had a great probability of causing substantial harm and as to whether they consciously disregarded Kalbfell's rights. See Id. at 336. Actual malice can be inferred by conduct and surrounding circumstances showing such conscious disregard. *Villela v. Waikem Motors, Inc.* (1989), 45 Ohio St.3d 36, 37

*Kalbfell v. Marc Glassman, Inc.*, 2003-Ohio-3489 at P48

[19]     We find these cases to be persuasive. We therefore conclude that a plaintiff may seek to recover nominal damages for claims of misappropriation of the plaintiff's name or likeness. See *Rohrbaugh v. Wal-Mart Stores*, Inc. (2002), 212 W.Va. 358, 572 S.E.2d 881. Accordingly, we agree with James that a plaintiff need not establish actual damages in order to prevail on a misappropriation of name claim. The trial court thus erred when it granted summary judgment on James's misappropriation claim.

*James v. Bob Ross Buick, Inc.*, 167 Ohio App.3d 338 at 344, 2006-Ohio-2638 at P23

[20] Ohio Rev Code § 2741.07 states:

(A)(1) A person who violates section 2741.02 of the Revised Code is liable in a civil action to the person injured by the violation for the following:

    (a) Actual damages, including any profits derived from and attributable to the unauthorized use of an individual's persona for a commercial purpose as determined under division (A)(2) of this section;

    (b) At the election of the plaintiff and in lieu of actual damages, statutory damages in the amount of at least two thousand five hundred dollars and not more than ten thousand dollars, as determined in the discretion of the trier of fact, taking into account the willfulness of the violation, the harm to the persona in question, and the ability of the defendant to pay a civil damage award;

    (c) If applicable pursuant to section 2315.21 of the Revised Code, punitive or exemplary damages.

    (2) The trier of fact shall include any profits derived from and attributable to the unauthorized use of an individual's persona for a commercial purpose in calculating the award of actual damages under division (A)(1)(a) of this section.

    (B) Each party has the right to a jury trial of an action under this section. To assert the right, a party shall demand a jury trial in the manner prescribed in the Rules of Civil Procedure. If a party demands a jury trial in that manner, the action shall be tried to a jury.

(C) An action under this section shall be brought within four years of a violation of section 2741.02 of the Revised Code.

(D) A court in which an action under this section is brought may do any of the following:

(1) Award the prevailing party reasonable attorney's fees, court costs, and reasonable expenses associated with the civil action;

(2) Award treble damages against a party identified in division (E) of section 2741.02 of the Revised Code who has knowledge of the unauthorized use of the persona as prohibited by section 2741.02 of the Revised Code;

(3) Order temporary or permanent injunctive relief;

(4) Order the impoundment, on terms the court considers reasonable, of both of the following during the pendency of a civil action under this section:

(a) Products, merchandise, goods, or other materials alleged to have been made or used in violation of section 2741.02 of the Revised Code;

(b) Plates, molds, and matrices, or the specific violative portions of masters, tapes, negatives, digital recordings, electronic media, or other items, from which products, merchandise, goods, or other materials may be manufactured or reproduced.

(E) As part of a final judgment, a court may order the destruction or other reasonable disposition of items described in division (D)(4) of this section.

[21] 2741.02 states:

(A) Except as otherwise provided in this section, a person shall not use any aspect of an individual's persona for a commercial purpose :

(1) During the individual's lifetime ;

(2) For a period of sixty years after the date of the individual's death; or

(3) For a period of ten years after the date of death of a deceased member of the Ohio national guard or the armed forces of the United States.

(B) A person may use an individual's persona for a commercial purpose during the individual's lifetime if the person first obtains the written consent to use the individual's persona from a person specified in section 2741.05 of the Revised Code. If an individual whose persona is at issue has died, a person may use the individual's persona for a commercial purpose if either of the following applies:

(1) The person first obtains the written consent to use the individual's persona from a person specified in section 2741.05 of the Revised Code who owns the individual's right of publicity.

(2) The name of the individual whose persona is used was the name of a business entity or a trade name at the time of the individual's death.

13

Defendant is therefore liable for any actual damages as alleged above, including profits derived from and attributable to the unauthorized use of Jane Roe's and Doe's "persona" for a commercial purpose or at Jane Roe's and Doe's election in lieu of actual damages, statutory damages as set forth in Ohio Rev. Code § 2741.07 (A) (1) (b), punitive or exemplary damages pursuant to Ohio Rev. Code § 2315.21, attorney's fees, court costs, and reasonable expenses associated with this action pursuant to Ohio Rev. Code § 2741.07 (D) (1).

For the reasons set forth above, Defendant has admitted to using the minor plaintiffs' "persona"[22] for a commercial purpose and not within the agreed parameters of his agreement or

---

(C) Subject to the terms of any agreement between a person specified in section 2741.05 of the Revised Code and a person to whom that person grants consent to use an individual's right of publicity, a consent obtained before the death of an individual whose persona is at issue remains valid after the individual's death.

(D) For purposes of this section:

(1) A use of an aspect of an individual's persona in connection with any news, public affairs, sports broadcast, or account does not constitute a use for which consent is required under division (A) of this section.

(2) A use of an aspect of an individual's persona in connection with any political campaign and in compliance with Title XXXV of the Revised Code does not constitute a use for which consent is required under division (A) of this section.

(E) The owners or employees of any medium used for advertising, including but not limited to, a newspaper, magazine, radio or television network or station, cable television system, billboard, transit ad, and global communications network, by whom any advertisement or solicitation in violation of this section is published or disseminated are not liable under this section or section 2741.07 of the Revised Code unless it is established that those owners or employees had knowledge of the unauthorized use of the persona as prohibited by this section.

[22] 2741.01 states:

As used in this chapter:

(A) "Persona" means an individual's name, voice, signature, photograph, image, likeness, or distinctive appearance, if any of these aspects have commercial value.

(B) "Commercial purpose" means the use of or reference to an aspect of an individual's persona in any of the following manners:

consent with Istockphoto. No legitimate questions of fact exist concerning these issues and Plaintiffs are entitled to judgment on liability, liquidated damages in the amount of $10,000.00, and injunctive relief. Plaintiffs are also entitled as a matter of law to attorney's fees, punitive damages and costs in the amounts set forth above or to be determined by the Court for the reasons set forth above.

Respectfully submitted,

/s/ *Jonathan E. Rosenbaum*
Jonathan E. Rosenbaum (Ohio Bar Reg. No. (021698)
Attorney for Plaintiffs
230 Third Street, Suite 104
Elyria, Ohio 44035
(440) 322-7972
fax (440) 322-7972
Email: jerosenbaum@winstream.net

---

(1) On or in connection with a place, product, merchandise, goods, services, or other commercial activities not expressly exempted under this chapter;

(2) For advertising or soliciting the purchase of products, merchandise, goods, services, or other commercial activities not expressly exempted under this chapter;

(3) For the purpose of promoting travel to a place;

(4) For the purpose of fundraising.

(C) "Name" means the actual, assumed, or clearly identifiable name of or reference to a living or deceased individual that identifies the individual.

(D) "Right of publicity" means the property right in an individual's persona to use the individual's persona for a commercial purpose.

(E) "Trier of fact" means the jury or, in a nonjury action, the court.

(F) "Written consent" includes written, electronic, digital, or any other verifiable means of authorization.

(G) "Institution of higher education" means a state institution of higher education as defined in section 3345.011 of the Revised Code, a private nonprofit college or university located in this state that possesses a certificate of authorization issued by the Ohio board of regents pursuant to Chapter 1713. of the Revised Code, or a school located in this state that possesses a certificate of registration and one or more program authorizations issued by the state board of career colleges and schools under Chapter 3332. of the Revised Code