IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PETER LORA, et al | 1:07 CV 2787 |
| | JUDGE DAN AARON POLSTER |
| V. | |
| DEAN BOLAND | AMENDED RESPONSES TO PLAINTIFFS' INITIAL DISCOVERY |

Defendant provides the following responses to Plaintiffs' Initial Discovery Requests.

Plaintiffs' Definitions and Instructions contain items that are either in error or are vague necessarily preventing responses to some items as indicated. In addition, many answers require information from memory of events and items more than three years old. In such instances, my answers are made based upon my memory or lack of memory of those items or events.

## INTERROGATORIES, REQUESTS FOR ADMISSIONS AND DOCUMENT PRODUCTION REQUESTS PROPOUNDED TO DEAN BOLAND

### INTERROGATORY NO. 1

Identify, by stating the Court, Case Caption, Case Number, and address of the court any and all cases in which you served as an expert witness and/or co-counsel concerning computers and/or allegations of pornography.

### ANSWER:

Following receipt of additional information contained in a letter from the United States' Attorney's Office, I hereby amend my answers to all of the discovery requests of plaintiffs as follows:

1. Summit County, State of Ohio v. Sparks
2. Hamilton County, State of Ohio v. Huffman

3. Columbiana County, State of Ohio v. Simms
4. Warren County, State of Ohio v. Kinnison
5. Northern District of Oklahoma, Federal Court, U.S. v. Schreck

**INTERROGATORY NO. 2.**

Identify, by stating the Court, Case Caption, Case Number, and address of the court any and all cases in which you served as an expert witness and/or co-counsel and utilized in any way, any image or depiction of Plaintiff Jane Doe and/or Jane Roe.

ANSWER:

I served as an expert witness or co-counsel in all of the cases in response to Interrogatory No. 1. I utilized the images of the minor plaintiffs in each of those cases in some way.

**INTERROGATORY NO. 3.**

Identify as defined above, any and all lawyers who hired you as an expert witness and/or co-counsel in a matter involving computers and/or allegations of pornography.

ANSWER:

1. Don Malarcik
2. Ron Gatts
3. Bill Lasorsa/Allen Smallwood
4. Jay Clark
5. Jeff Slyman

**INTERROGATORY NO. 4**

Please identify, as defined in the instructions, any person that you intend to call or that may be called to testify in any proceeding pertaining to this case and state whether they are experts and what is the subject matter of their testimony.

ANSWER:

1. Judge Sven Erik Holmes
2. Judge Jane Bond
3. Judge Niehaus
4. Judge Ashley Pike
5. Judge Mackey
6. All attorneys listed in Interrogatory No. 3.
7. Former USA Greg White

2

8. AUSA Michael Sullivan
9. Federal Magistrate William Boughmann
10. FBI Agent Charles Sullivan
11. Akron Police Detective Stan Smith
12. The Prosecutors involved in each of the cases listed in these interrogatories

As of this time, I will not call any expert witnesses

## INTERROGATORY NO. 5

Identify, as defined above, each and every person to whom you gave anything, including but not limited to CDs, containing an image or depiction, as defined above, of Jane Doe and/or Jane Roe to, the date upon which gave it, and a brief description of the image given.

ANSWER:

In each of the cases listed in these interrogatories, I was ordered by the judges presiding over those cases to provide a copy of all exhibits used to the state of Ohio and a copy for the court record which was sealed in each case in which such a CD of exhibits was provided.

## INTERROGATORY NO. 6

Why did you elect to use the images of Jane Doe and Jane Roe as opposed to images of other children including your own if you have children?

ANSWER:

I purchased the images of the minor plaintiffs from the adult who captured the image and then posted it for sale on istockphoto.com. The adult capturing and selling the image of this what is now known to be a child, did not have any agreement with me restricting the use of the image in any way. The picture when purchased appeared to be a minor and was used to demonstrate the state of digital imaging technology.

## INTERROGATORY NO. 7

Please state the names and dates of birth of any children you may have.

ANSWER:

Objection. Irrelevant. The court has previously ruled at my deposition that this question does not have to be answered.

3

**INTERROGATORY NO. 8**

Identify by including date and location, any and all occurrences in which you or someone else actually displayed or permitted anyone to view an image or depiction of Jane Doe and/or Jane Roe.

**ANSWER:**

I have no record of which exhibits were displayed in courtrooms in any particular case. While there may be copies of the images of the minor plaintiffs on CDs of exhibits I provided in cases, that does not necessarily mean that all of the exhibits on that CD were actually displayed in that particular courtroom.

**INTERROGATORY NO. 9**

Identify, as defined above, each and every person who viewed the depictions or images you displayed in the occurrences identified in the preceding interrogatory. If you are unable to identify them, as defined above, then please state the number of persons who viewed each display.

**ANSWER:**

I have no record of whom was in the courtroom at any time when the images of the minor plaintiffs were displayed besides the attorney who hired me and the judge presiding over the particular case.

**INTERROGATORY NO. 10**

Is virtual porn indistinguishable from real porn?

ANSWER:

No.

**INTERROGATORY NO. 11**

If virtual porn is indistinguishable for real porn, then why did you to utilize the images of Jane Doe and/or Jane Roe?

4

ANSWER:

At the time the images of the minor plaintiffs were downloaded, they appeared to be minors. Other than appearance, I had no other information indicating whether the images depicted an actual minor or not.

**INTERROGATORY NO. 12**

Do you claim or contend that there are any technical defects in the complaint other than those previously raised in the motion to dismiss? If so please state the specific defects and the factual basis therefore.

ANSWER:

None at this time.

**INTERROGATORY NO. 13**

Identify, as defined above, any and all persons including but not limited to judges, defense lawyers, prosecutors, and/or court personnel that were aware prior to your federal prosecution that you utilized the images or depictions of real children to create images depicting fellatio and ejaculation in your work in criminal cases or in any lectures, seminars, and/or events in which you participated.

ANSWER:

None. As I was not presented with any information establishing that the minor plaintiffs depicted in the images downloaded were real minors until long after their images were downloaded and used in a court exhibit.

**INTERROGATORY NO. 14**

For any person identified in response to the preceding interrogatory, please state the date on which they became aware that you utilized the images or depictions of real children.

ANSWER:

N/A based upon the answer to No. 13 above.

## INTERROGATORY NO. 15

Identify, as defined above, any and all persons that you know or suspect may have at anytime possessed any image or depiction of Jane Doe and/or Jane Roe in a sexually explicit setting.

ANSWER:

Clerk of courts for each of the cases mentioned herein. The prosecutors involved in each of the cases mentioned herein.

## INTERROGATORY NO. 16

Have you ever been sued or sued anyone as a plaintiff or a defendant (other than this lawsuit)? If so, then please state the type of action, the court it was filed in, the result, and when the action was brought?

ANSWER:

Boland v. Difiori's, contract dispute. Resolved with bankruptcy of the Defendant in 2005.

## INTERROGATORY NO. 17

Please identify by stating the date, time, location, the name of any sponsoring entity, and address of the sponsoring entity, any lecture, seminar or presentation that you gave or participated in concerning computers, pornography, and/or the defense of alleged violations of pornography law.

ANSWER:

I have never made any presentations on alleged violations of pornography law.

## INTERROGATORY NO. 18

Please identify by stating the date, time, location, the name of any sponsoring entity, and address of the sponsoring entity, any lecture, seminar or presentation that you gave or participated in concerning computers, pornography, and/or the defense of alleged violations of pornography law at which an image or depiction of Jane Doe or Jane Roe was utilized.

ANSWER:

None.

## INTERROGATORY NO. 19

Identify each and every individual known to you, who has knowledge or information pertaining to the allegations set forth in the Complaint and/or Answer filed in this case, and for each person so identified, state the specific subject of the relevant information and state whether the information is based upon personal knowledge.

## ANSWER:

See answers to above interrogatory regarding potential witnesses to be called.

## INTERROGATORY NO. 20

Please list any medical conditions, illnesses, or infirmities (including mental illness/depression) that you suffered at any time relevant to the events described in the complaint and state what treatments or medications you take/took/underwent to remedy them. Please state when these conditions existed.

## ANSWER:

None.

## REQUEST FOR PRODUCTION NO. 1

Produce or attach copies of the personal financial statement the court ordered you to prepare and produce.

## REQUEST FOR PRODUCTION NO. 3

Produce a copy of the "article" you published in the Cleveland Bar Journal pursuant to Special Condition No. 3 of you diversion agreement Diversion agreement.

## REQUEST FOR PRODUCTION NO. 3

Produce a copy of the certification certifying that you have destroyed or surrendered to the government and any all images of Jane Doe or Jane Roe as required by Special condition No 4 of your Diversion Agreement.

## REQUEST FOR PRODUCTION NO. 4

7

Produce all documentation, photographs, reports or other tangible things that you intend to rely on, use, or offer in any hearing, trial, or any proceeding including depositions pertaining to this case.

## REQUEST FOR PRODUCTION NO. 5

Produce a copy of any and all of the documentation regarding any and all cases, charged in a court of any jurisdiction, that you that you provided to Pre-Trial services pursuant to special condition No. 6 of your diversion agreement

## REQUEST FOR PRODUCTION NO. 6

Produce accurate copies of all underlying material that any expert you or any attorney utilized, reviewed, and/or relied upon in connection with this case.

## REQUEST FOR PRODUCTION NO. 7

Produce accurate copies of your personal and/or business IRS tax returns with all attachment for the last three years.

## REQUEST FOR ADMISSION N0. 1

Do you admit that all factual statements contained in your diversion agreement, and any document attached thereto, are true and deemed admitted for the purposes of this civil action?

## RESPONSE:

All statements in my deferred prosecution agreement are true. Deny that said agreement contains any term that deems it admitted, relevant or admissible in this civil action. To my knowledge, the deferred prosecution agreement was not drafted by the government with the intention that it be used as part of this civil action.

## REQUEST FOR ADMISSION N0. 2

Do you admit that you created a visual depiction using a likeness (depicted in attached Exhibit "A") of Plaintiff Jane Doe that you downloaded from Istockphoto.com on February 13, 2004 at 3:12 PM showing her to be engaging in fellatio?

## RESPONSE:

8

Admit. Visual Depiction created to be used as a court exhibit only.

## REQUEST FOR ADMISSION N0.3

Do you admit that you created a visual depiction using the likeness (depicted in attached Exhibit "B") of Plaintiff Jane Roe that you downloaded from Istockphoto.com on February 13, 2004 at 3:12PM showing her to be engaging in fellatio?

RESPONSE:

Admit. Visual Depiction created to be used as a court exhibit only.

## REQUEST FOR ADMISSION N0. 4

Do you admit that you created a visual depiction using the likeness of Plaintiff Jane Roe that you downloaded from Istockphoto.com on February 13, 2004 at 3:12PM showing her to be naked and between two males who are ejaculating on her torso?

RESPONSE:

Admit. Visual Depiction created to be used as a court exhibit only.

## REQUEST FOR ADMISSION N0. 5

Do you admit that you gave CD(s) containing exhibits which were made by you utilizing the image(s) or depiction(s) of Jane Doe and /or Jane Roe to defense counsel and/or court personnel?

RESPONSE:

Admit that CDs containing exhibits containing Jane Doe and Jane Roe were provided by court order to court personnel and prosecutors, deny any other facts implied or asserted in this item.

## REQUEST FOR ADMISSION N0. 6

Do you admit that you knew the "morphing" of images of real children into sexually explicit scenes was not constitutionally protected conduct at the time you created the images which lead to your pre-trial diversion agreement?

RESPONSE:

Deny.

9

**REQUEST FOR ADMISSION N0. 7**

Do you admit that no one, other than yourself, was aware that you had utilized the likenesses of real children in the creation of images depicting fellatio and ejaculation?

**RESPONSE:**

Objection. Vague. I had no information available to me at the time I downloaded any image from the Internet that it depicted an actual minor, only that it appeared to depict an actual minor. Later information provided to me, indicated that at least four images I downloaded and used depicted an actual minor.

State of Ohio            )
                         )SS:
Cuyahoga County          )

Before me appeared the undersigned Dean Boland who answered the foregoing after being duly sworn, deposed and said that the answers to the foregoing First Set of Interrogatories, Request for Admissions, and Request for the Production of Documents, are truthful, accurate and complete as he verily believes.

*[signature: Dean Boland]*

Print Name: DEAN BOLAND

Sworn to before me and subscribed in my presence this 29th day of AUGUST, 2008.

*[signature]*

Notary Public
THOMAS R. PAHYS, Attorney at Law
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration date.
Section 147.03 R.C.

Respectfully submitted,

_____
Jonathan E. Rosenbaum (Ohio Bar Reg. No. (021698)
Attorney for Plaintiffs
230 Third Street, Suite 104
Elyria, Ohio 44035
(440) 322-7972
fax (440) 322-7972
Email: jerosenbaum@alltel.net

11

## Proof of Service

A true and accurate copy of the foregoing has been electronically by email and by ordinary mail served this 5th day of March, 2008 upon the following:

Dean Boland, Esq.
18123 Sloane Avenue
Lakewood, Ohio 44017
dean@deanboland.com

/s/ Jonathan E. Rosenbaum
JONATHAN E. ROSENBAUM
Supreme Court Reg. No. 0021698
Attorney for Plaintiffs