Congressional Record --- Extension of Remarks
Proceedings and Debates of the 99th Congress, Second Session

Material in Extension of Remarks was not spoken by a Member on the floor.

In the House of Representatives
Tuesday, September 23, 1986

PORNOGRAPHY VICTIMS PROTECTION ACT

HON. BILL GREEN OF NEW YORK

Tuesday, September 23, 1986

Mr. GREEN. Mr. Speaker, I recently introduced H.R. 5509, the Pornography Victims Protection Act of 1986. This act would amend chapter 18 U.S.C. pages 2251-2255, "Sexual Exploitation of Children," so as not only to strengthen present laws on that subject, but also to add new provisions prohibiting the coercion of any person, adult or minor, to engage in sexually explicit conduct for the purpose of producing pornographic materials. It would impose both civil and criminal penalties on those engaging in such coercion, and would make civil remedies available to those who were so coerced. The legislation avoids any first amendment problems since the bill specifically deals with "conduct," not "content." I believe that this bill would be a major step forward in the campaign against the sexual exploitation of children and women.

Because of the complex nature of this subject, I asked the American Law Division of CRS to do a section-by-section analysis of H.R. 5509.

The text of the analysis follows:

H.R. 5509

SECTION I. SHORT TITLE

This section states that the Act may be cited as the "Pornography Victims Protection Act of 1986."

SECTION 2. SECTION 2251 AMENDMENTS

This section proposes amendments to 18 U.S.C. s 2251, "Sexual exploitation of children" and changes its title to "Sexual exploitation."

The section amends subsection 2251(a) and (b), relating to child pornography, to include situations where a person knows or has reason to know that the minor involved in producing such pornography was transported in interstate or foreign commerce for this purpose. The prohibitions contained in these subsections presently apply only when those involved know or have reason to know that the pornography will be transported in interstate or foreign commerce, or will be mailed. Subsection (a) applies to any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or has a minor assist any other person

to engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct; while subsection (b) applies to any parent, legal guardian, or person having custody or control or a minor who knowingly permits the minor to participate in the above activties.

Regulation of visual depictions of minors engaged in sexual activity even where such material is not legally obscene is authorized under a 1982 Supreme Court decision, New York v. Ferber. [FN1] While Congress does not have general authority to legislate on this topic, the present law and the proposed amendment are based on its authority to regulate interstate and foreign commerce, 2 and to oversee the operation of the postal service. [FN3] Thus the federal prohibitions apply only to material which moves in interstate or foreign commerce, and/or is sent through the mail. 1 458 U.S. 747 (1982). 2 U.S. Const. Art. 1, s 8, cl. 3. 3 U.S. Const. Art. 1, s 8, cl. 7.

The Act also proposes a new subsection 2251(c), which would prohibit a person from coercing, intimidating, or fraudulently inducing an individual 18 years of age or older to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct. It would apply to material sent through the mail and/or moving in interstate or foreign commerce, the same as under subsections 2251(a) and 2251(b), supra.

This subsection also contains a listing of facts or conditions which it states shall not, without more, negate a finding of coercion under the subsection. These include (1) that the person involved is or has been a prostitute; (2) that the person is connected by blood or marriage to anyone involved in or related to the making of the pornography; (3) that the person has previously had, or been thought to have had, sexual relations with anyone, including anyone involved in or related to the making of the pornography; (4) that the person has previously posed for sexually explicit pictures for or with anyone, including anyone involved in or related to the making of the pornography at issue; (5) that anyone else, including a spouse or other relative, has given permission on the person's behalf; (6) that the person actually consented to a use of the performance that is changed into pornography; (7) that the person knew that the purpose of the facts or events in question was to make pornography; (8) that the person signed a contract to produce porngraphy; or (9) that the person was paid or otherwise compensated.

Again, the above factors are stated to not, without more, negate a finding of coercion (emphasis added). This means that the person charged with coercion can introduce evidence as to their existence; however, the mere fact of their existence will not be sufficient to refute the charge. 4 This provision reflects the view that a person can in fact be coerced into making pornography notwithstanding the existence of any of these factors. 4 This is in contrast to Indianapolis and Marion County, Indiana, Code ss 16-1 to 16-27, added by City-County Ordinance No. 24, 1984, which defined pornography depicting abuse of women as a form of sex discrimination, and hence a civil rights violation. That ordinance contained a lengthy listing of facts and conditions, roughly comparable to those in H.R. 5509, which were flatly stated not to constitute a defense to the charge of coercion into pornographic performance, one of the acts prohibited by the ordinance. Such a flat prohibition is constitutionally problematic, in that a person accused of violating the ordinance might find it extremely difficult to counter the accusation without relying on one or more of these factors as part of his or her defense and could thus be found guilty of a violation even where none had occurred. The ordinance was

held unconstitutional on other grounds, without consideration of this point, in American Booksellers Ass'n v. Hudnut, 771 F.2d 323 (7th Cir. 1985), aff'd 106 S.Ct 1172 (1986).

Penalties for violations of this section would remain the same: maximum penalties for individual violators are a $100,000 fine and 10 years imprisonment, for a first offense; and a $200,000 fine and 15 years imprisonment (2 years minimum), for each subsequent offense. An organization which violates this section can be fined not more than $250,000.

### SECTION 3. SECTION 2252 AMENDMENTS

This section amends 18 U.S.C. s 2252, "Certain activities relating to material involving the sexual exploitation of minors," to encompass the coercion prohibitions to be included in 18 U.S.C. s 2251, supra. The prohibitions include knowingly transporting or shipping in interstate or foreign commerce or mailing the prohibited material, or knowingly receiving or distributing any material which was so transported, shipped, or mailed. Present penalties, which are the same as under s 2251, supra, would remain the same. The new section heading would be "Certain activities relating to material involving sexual exploitation."

### SECTION 4. CIVIL REMEDIES

This section adds new 18 U.S.C. ss 2255 to 2260, relating to civil remedies. <Present s 2255, definitions for the chapter, is not amended and becomes s 2261>. New s 2255 authorizes federal district courts to prevent and restrain violations of ss 2251 or 2252, by issuing appropriate orders, including ordering any person to divest himself of any direct or indirect interest in any legal or business entity; imposing reasonable restrictions on the future activities or investments of any person, including prohibiting such person from engaging in the same type of legal or business endeavor; or ordering the dissolution or reorganization of any legal or business entity after making due provision for the rights of innocent persons.

The Attorney General or any person threatened with loss or damage due to violations of ss 2251 or 2252 may institute proceedings under this section. The court hearing the case may enter restraining orders or prohibitions, or take any other actions, including the acceptance of satisfactory performance bonds, as it deems proper pending its final determination.

Any victim of a violation of ss 2251 or 2252 who suffers physical injury, emotional distress, or property damage as a result of such violation may sue to recover damages in any appropriate federal district court <see discussion of new 2257, infra>, and shall recover triple damages if a violation is found.

For purposes of this section, violations are to be determined by a preponderance of the evidence. Successful plaintiffs are entitled to recover the cost of the suit, including a reasonable attorney's fee, from those found guilty of a violation.

Proposed s 2250(d) states that a defendant found guilty in any criminal proceeding brought by the United States under this chapter is estopped from denying the essential allegations of the criminal offense in any subsequent civil

proceeding. Since the standard of proof in criminal cases, "beyond a reasonable doubt," is stronger than the "preponderance of the evidence" standard contained in proposed s 2255, this relieves the plaintiff from having to establish those facts which have already been proven under a higher standard of proof in a finalized criminal proceeding.

Proposed subsection (e) states that nothing in this section shall be construed to authorize any order restraining the exhibition, distribution or dissemination of any visual material without a full adversary proceeding and a final judicial determination that the material contains a visual depiction of sexually explicit conduct, as defined by 18 U.S.C. s 2261 <currently s 2255>, engaged in by a minor or by a person who was coerced, intimidated, or fraudulently induced to engage in such sexually explicit conduct.

Material depicting minors engaged in sexual activity can be regulated by the government under New York v. Ferber, supra. However, there is no reported caselaw which would authorize the prohibition of constitutionally protected material [FN5] because one or more of the persons depicted has been coerced into participating in its production. It may be that the reasoning in Ferber could be extended to cover this situation, in that a coerced adult could be analogized to a child and thus found to be equally entitled to government protection. A challenged depiction might also be found to violate a victim's right of privacy, or to present the victim in a "false light," as discussed by the Supreme Court in a 1967 Supreme Court decision, Time, Inc. v. Hill. [FN6] The degree of constitutional protection, if any, afforded to such material is simply uncertain at this time. 5  While obscene material has no constitutional protection, Roth v. United States, 354 U.S. 476 (1957), the definition of what material is legally obscene is quite narrow. As set forth in Miller v. California, 413 U.S. 15, 23 (1973), obscenity exists only where the average person, applying contemporary community standards, would find that the work, taken as a whole, appeals to the prurient interest; the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable law; and the work, taken as a whole, lacks serious literary, artistic, political, or scientific value. Thus much pornographic (erotic) material is not legally obscene, and thus enjoys constitutional protection. 6 385 U.S. 374 (1967).

Proposed s 2256 imposes a civil penalty of $100,000 on any person found to violate ss 2251 or 2252 by a preponderance of the evidence, as well as forfeiture of any interest in property described in s 2254 <basically material or equipment used in producing, reproducing, transporting, shipping or receiving the proscribed material; the material itself; and property constituting or derived from gross profits or other proceeds obtained from a violation of the statute, except that no owner shall forfeit material for acts or omissions committed without his knowledge or consent>. If the United States Attorney General prevails in an action for recovery of this civil penalty or forfeiture, he may also recover the cost of the suit, including a reasonable attorney's fee.

If the identity of any victim of a violation is established prior to the award of a civil penalty made to the United States under this section, the penalty shall be paid to that victim, or apportioned among them, as appropriate.

Proposed s 2257 discusses venue and process requirements. If states that any civil action or proceeding brought under this chapter may be instituted in the district court of the United States for any district in which the defendant

resides, is found, has an agent, or transacts his affairs. If the ends of justice require that other parties residing in other districts be brought before the court, the court may summon such parties, and process for that purpose may be served in any federal judicial district by the marshall of that district.

Subpoenas are authorized to compel the attendance of witnesses from other districts; however, no subpoena may be issued for service upon an individual who resides in another district at a place more than 100 miles from the place at which the court is held, unless approved by a judge of that court. All other process in any action or proceeding under the chapter may be served as discussed above.

Expedition of actions brought under this chapter is authorized under proposed s 2258 if the Attorney General files with the clerk of the court in which such a case is pending a certificate stating that in his opinion the case is of general public importance. A copy of that certificate is to be furnished immediately to the chief judge or presiding district judge of that district, who is to immediately designate a judge of the district to hear and determine the action. That judge in turn is to assign the action for hearing as soon as practicable and hold hearings and make a determination as expeditiously as possible.

Proposed s 2258 states that in any proceeding ancillary to or in any civil action instituted under this chapter, the proceedings may be opened or closed to the public at the discretion of the court after consideration of the rights of affected persons. This provision could conceivably lead to a constitutional challenge based on how it was applied in a particular case, in that the Supreme Court has generally been reluctant to uphold closed judicial proceedings. 7 However, the case which appears to be most analogous to that which would arise under the proposal, Globe Newspaper Co. v. Superior Court for the County of Norfolk, [FN8] lends credence to the view that this language would in fact pass constitutional muster. This case invalidated a Massachusetts statute which required, under all circumstances, the exclusion of the press and public during the testimony of a minor victim in a sex-offense trial. Massachusetts offered as justification its interest in protecting minor victims of sex crimes from further trauma and embarrassment, and its interest in encouraging such victims to come forward and testify in a truthful and credible manner. The Court found that the first interest, though compelling, was not sufficient to justify a mandatory closure rule. Rather, the trial court should be permitted to determine on a case-by-case basis whether the state's legitimate concern for the minor victim's well-being necessitated closure-the approach adopted in H.R. 5509. (The second contention was rejected out-of-hand.) Still, it is possible that closure in a particular case could result in judicial challenge. 7  E.g., Richmond Newspapers Inc. v. Virginia, 448 U.S. 555 (1980); Press-Enterprise Company v. Superior Court of California for the County of Riverside, 106 S.Ct. 2735 (1986). 8  457 U.S. 596 (1982).

Under proposed s 2260, a civil action under ss 2255 or 2256  (civil remedies and civil penalties) must be brought within six years from the date the violation is committed. If the victim is a minor on the date the violation occurs, the statute of limitations is tolled for this purpose during the period of the victim's minority.

SECTION 5. CLERICAL AMENDMENT

This section amends the table of sections at the head of chapter 110 of title 18, United States Code, as well as the table of chapters for that title, to conform with these amendments.

## SECTION 6. SEVERABILITY

This section adds a new s 2262 to title 18. It is a standard severability clause, stating that if any part of the chapter, or its application to any person or circumstances, is held invalid, the other parts of the chapter and their application to other persons or circumstances shall not be affected.

132 Cong. Rec. E3242-02, 1986 WL 784722 (Cong.Rec.)