IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| PETER LORA, et al | 1:07 CV 2787 |
|---|---|
|  | JUDGE DAN AARON POLSTER |
| V. |  |
| DEAN BOLAND | MOTION FOR PROTECTIVE ORDER |

Dean Boland respectfully moves this court for a protective order to protect the minor plaintiffs in this matter as outlined in the attached memorandum.

/s/ Dean Boland
Dean Boland 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
216-529-9371 ph
866-455-1267 fax
dean@deanboland.com

1

LAW AND EXPLANATION

The overarching purpose of the federal child pornography statute and the accompanying civil remedies provision is the protection of children.  This is clearly a worthwhile goal of Congress.  To that end, the parties in this matter agree that preventing the minor plaintiffs from knowing about the existence of the court exhibits and the existence of this very litigation is a means to protect them.  Defendant agreed not to exercise his right to depose the minor plaintiffs in exchange for a stipulation.  This agreement protected the minor plaintiffs.

The adult guardians of the two minor plaintiffs have both testified under oath they intend to take all necessary steps to insure the minor plaintiffs never learn of the existence of the court exhibits and certainly that the court exhibits are never seen by them or members of the public.  [cite to sections of the depositions].

The guardians have also indicated that the only evidence they have of persons having possession of copies of court exhibits are the FBI and clerks of court.  While allegations were made in pleadings that Defendant distributed these exhibits to others, no such evidence was produced by Plaintiffs.

Defendant respectfully requests this court issue a protective order that prohibits all persons in possession of copies of these court exhibits from reproducing or distributing copies of the court exhibits without further order of this court.  Ideally, that order would apply to all parties in this litigation, the FBI, clerks of court for each court listed in the complaint and any other entities the court feels may possess copies of the court exhibits at issue.

Further, that anyone in possession of the court exhibits be prohibited from even

2

disclosing the existence of the exhibits in their possession without further order of this court. Any other order of this court that will meet the goal of insulating the public at large and the minor plaintiffs from learning of the existence or location of these court exhibits would also be an appropriate addition to the order.

It is without doubt that the Plaintiffs and their counsel, the FBI, others involved in handling the exhibits as listed in the search warrant in this matter and the clerks of courts would either stipulate to the order being issued or, in the least, be willing to comply with the court's protective order to do their part to protect the minor plaintiffs in this matter.


/s/ Dean Boland
Dean Boland 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
216-529-9371 ph
866-455-1267 fax
dean@deanboland.com


CERTIFICATE OF SERVICE

A copy of the foregoing has been electronically delivered to all parties as a function of the court's electronic filing system.

/s/ Dean Boland
Dean Boland

3