IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PETER LORA, et al | 1:07 CV 2787 |
| | JUDGE DAN AARON POLSTER |
| V. | |
| DEAN BOLAND | MOTION FOR SUMMARY JUDGMENT |

Dean Boland respectfully moves this court for summary judgment in favor of
the Defendant as against all Plaintiffs in this matter for the reasons contained in
the attached memorandum.


/s/ Dean Boland
Dean Boland 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
216-529-9371 ph
866-455-1267 fax
dean@deanboland.com

<u>MEMORANDUM</u>

<u>Summary of Argument</u>

<u>Federal Statute Does not Apply to Defendant's Conduct</u>

Plaintiffs claim of Defendant's liability for Ohio conduct arises under 18 U.S.C. 2252(A)(f).  18 U.S.C. 2252(A)(f) is Congress's attempt to regulate child pornography.  Ohio's General Assembly has three separate statutes regulating child pornography in Ohio.  The Ohio statute permits Defendant's conduct as outlined in the complaint.  The federal statute is silent as to that conduct.  However, the federal government's practice is to not prosecute such conduct.  The conflicting statutes require a preemption analysis.  All authority on the issue has found the federal statute **does not** preempt state child pornography laws.  Therefore, 18 U.S.C. 2252(A)(f) does not apply to Defendant's Ohio conduct which is specifically exempted under Ohio's child pornography statutory scheme.

<u>Defendant's Conduct Entitled to First Amendment Protection</u>

Even if the court finds preemption, Defendant's conduct did not violate the federal statute.  The First Amendment protected Defendant's conduct.  Any consideration of the constitutional protection of Defendant's conduct requires consideration of context.  A courtroom, as a court qualified expert witness is a context that merits First Amendment protection.  Courts, court staff, jurors and others possess, display and distribute child pornography as part of their role in the criminal justice system.  None of them are presumed to be subject to prosecution even though their conduct violates the federal child pornography statutes without

2

exception.  No court has ever held that a court qualified expert witness can be prosecuted for conduct engaged in solely as part of his expert witness duties in a courtroom in a child pornography case.  The federal government declined to prosecute Defendant in this case for that very conduct.

Plaintiffs Suffered no Harm, Injury or Damages

Even if this court finds preemption, the federal statute applies and Defendant's conduct is a prosecutable violation of that statute, none of the plaintiffs have suffered any injury or damages.

The parties entered into a stipulation that the minor plaintiffs have suffered no injury.  The adult plaintiffs, guardians of the minor plaintiffs respectively, testified their wards suffered no injury or damages as a result of Defendant's conduct.

The civil remedies provision does not impose liability for injuries persons not involved in the production of an alleged child pornography statute.  (Uninvolved persons).  No court has interpreted the civil remedies provision to impose liability upon a person for the claimed injuries of uninvolved persons.

Even should this court determine the civil remedies provision is properly interpreted to impose liability for claimed injuries to uninvolved persons, the adult plaintiffs in this case have no evidence they were injured.

Plaintiff Bloom only claims she was psychologically harmed.  She has never seen the court exhibit involving her ward.  She claimed to have been seeing a psychologist for personal problems unrelated to this case prior to the conduct

3

alleged in the complaint.  She claims to have been troubled by FBI Agent Sullivan's description of the court exhibit involving her ward such that she spoke to that counselor about it.  She provided no evidence she is seeing any psychologist nor any treatment notes substantiating her claimed discussions with that psychologist about the events surrounding this case.  She provided no evidence of the cost of this claimed psychologist.  She re-iterated that her ward, one of the minor plaintiffs, suffered no injury as a result of the conduct alleged in the complaint.

Plaintiff Lora only claims he was psychologically and financially harmed.  He has never seen the court exhibit involving his daughter, the other minor plaintiff.  He claimed to have serious psychological distress, but has never seen any mental health specialist for any reason.  He claims to have been troubled by FBI Agent Sullivan's description of the court exhibit involving his daughter such that he can no longer take pictures of her and upload them to the Internet for sale without being disturbed.  He continues to sell pictures of his daughter online up to this day despite his claimed distress at how those images were used as part of a court exhibit in this case.  He claims to have uploaded fewer pictures than he would have without having learned of the existence of the court exhibit from FBI agent Sullivan.  He provided no evidence of that financial loss.  He provided no evidence, other than his unsubstantiated claim, that he is psychologically distressed by the description of the court exhibit FBI agent Sullivan provided.  He re-iterated that his daughter, one of the minor plaintiffs, suffered no injury as a result of the conduct alleged in the complaint.

4

LAW AND ARGUMENT

The complaint alleges liability based upon two separate statutes:  18 U.S.C. 2252(A)(f) and 18 U.S.C. 2255.  See Complaint.  It alleges liability for conduct occurring in Ohio and Oklahoma.  Id.

CLAIMS UNDER 18 U.S.C. 2255 SHOULD BE DISMISSED

18 U.S.C. 2255 reads in pertinent part:

> **(a) Any minor who is a victim of a violation of section 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation may sue in any appropriate United States District Court and shall recover the actual damages such minor sustains and the cost of the suit, including a reasonable attorney's fee. Any minor as described in the preceding sentence shall be deemed to have sustained damages of no less than $50,000 in value.**

Only minors are permitted to seek liability under this statute.  All claims by the adult plaintiffs under this statute should be dismissed.  Second, the statute permits a minor who "suffers personal injury" to recover the "actual damages such minor sustains."  Id.

Through their guardians and their counsel, the minor plaintiffs have stipulated that they have never suffered any personal injury or damages resulting from the conduct alleged in the complaint.  Dkt. # 72.  At deposition, both of the minors' guardians testified the minors are unaware of the existence of the images or of the existence of this litigation.  Bloom Depo at 7, Lora Depo at 27.  Both guardians testified neither minor plaintiff has suffered any financial injury, psychological injury, physical injury or damage to their reputation.  Bloom Depo at

18, Lora Depo at 20, 27.  Neither guardian has testified nor produced any evidence of any other injury or damages suffered by either of the minor plaintiffs.  All claims by the minors for damages under this statute should be dismissed.  It is axiomatic that no damages can be paid to a person whom has not been injured.

CLAIMS UNDER 18 U.S.C. 2252(A)(f)

The remaining statute under which the plaintiffs seek liability is 18 U.S.C. 2252(A)(f).

18 U.S.C. 2252(A)(f) reads in total:

> **f) Civil Remedies.—**
> **(1) In general.— Any person aggrieved by reason of the conduct prohibited under subsection (a) or (b) [of 18 U.S.C. 2252(A)] or section 1466A may commence a civil action for the relief set forth in paragraph (2).**
> **(2) Relief.— In any action commenced in accordance with paragraph (1), the court may award appropriate relief, including—**
> **(A) temporary, preliminary, or permanent injunctive relief;**
> **(B) compensatory and punitive damages; and**
> **(C) the costs of the civil action and reasonable fees for attorneys and expert witnesses.**

This statute imposes civil liability for violations of the 18 U.S.C. 2252(A) sections (a) or (b).

18 U.S.C. 2252(A) section (a) reads in pertinent part:

> **(a) Any person who—**
> **(1) knowingly mails, or transports or ships in interstate or foreign commerce by any means, including by computer, any child pornography;**
> **(2) knowingly receives or distributes—**
>    **(A) any child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer; or**

> **(B) any material that contains child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer;**
> **(3) knowingly—**
> **(A) reproduces any child pornography for distribution through the mails, or in interstate or foreign commerce by any means, including by computer; or**
> **(B) advertises, promotes, presents, distributes, or solicits through the mails, or in interstate or foreign commerce by any means, including by computer, any material or purported material in a manner that reflects the belief, or that is intended to cause another to believe, that the material or purported material is, or contains—**
> **(i) an obscene visual depiction of a minor engaging in sexually explicit conduct; or**
> **(ii) a visual depiction of an actual minor engaging in sexually explicit conduct;**

Again, as a result of the stipulation and the adult plaintiffs' testimony, the minor plaintiffs have suffered no injury.  Therefore, the minor plaintiffs are not entitled to damages no matter the determination of Defendant's conduct.

## THE DEFERRED PROSECUTION AGREEMENT ONLY INVOLVES CONDUCT UNDER 18 U.S.C. 2252(A)(a)(5(b)

The government drafted the Deferred Prosecution Agreement.  Any ambiguities in the agreement are, as a matter of contract law, construed in favor of Defendant.  Defendant did not agree that his conduct violated any statute.  The government never prosecuted Defendant.  Defendant agreed that it "appeared" that on offense had been committed under this provision.  Specifically, that "apparent violation" was Defendant **in possession of** items the government deemed to be child pornography.  i.e. court exhibits including the ones involved in this matter. Both parties were obviously on uncertain legal ground as no expert witness had

7

ever been prosecuted for a child pornography crime under the circumstances as the parties agreed they existed.  The government chose not to prosecute for a reason.

The government did not draft the agreement to include any terms regarding whether any other conduct of the Defendant was or was not a violation of any federal or state statute.  The agreement was drafted by the government intentionally separating the statement of facts from the body of the agreement. Defendant did not agree that any of the conduct in the statement of facts was a violation of any law.

Defendant initially testified that the items involved in his Deferred Prosecution Agreement were not understood to be the court exhibits involving the minor plaintiffs.  However, after receiving a prosecution threat from the government unless those answers were changed in the civil case to ones that satisfied plaintiff's counsel, the answers were changed.  Exhibit 1.  Defendant was not prosecuted.  As a side note, it is unethical under Ohio's Rules of Professional Responsibility for any lawyer to threaten criminal charges to gain any advantage in a civil case.  Rule 1.2(e), Ohio Rules of Professional Responsibility.  It is in that context, the court should consider Defendant's changed answers.

## DEFENDANT'S CONDUCT DID NOT VIOLATE ANY LAW

This statute involves depictions which are child pornography.  To recover under the civil remedies section, the plaintiffs must establish that Defendant engaged in some conduct which was a violation of 18 U.S.C. 2252(A).  In short, that means that Defendant knowingly mailed, shipped, reproduced, advertised,

promoted, presented, distributed, etc. **child pornography**.  The Plaintiffs claim

that the court exhibits at issue in this case constitute child pornography.

    18 U.S.C. 2252(A) has no definitions section.  However, 18 U.S.C. 2252(8)(f)

contains three definitions of child pornography.  Two definitions do not apply to this

case.  The only definition of contraband covering the court exhibits is within 2256(8)

(c).

    18 U.S.C. 2256(8)(c) defines a category of contraband images as those

computer generated/altered to make a minor "appear to be" engaged in prohibited

conduct.  Possession, creation, distribution, etc. of images that "appear to be" child

pornography is constitutionally protected and cannot be criminalized.  (Ashcroft v.

Free Speech Coalition 122 S.Ct. 1389, 535 U.S. 234).

    The 2256(8)(c) definition was mentioned in Free Speech Coalition, was not

challenged by the respondents in that case and was expressly not considered by the

court.  Id. at 1397.  Only one court has found the statute constitutional as applied to

facts distinct from this case.

    In United States v. Bach, 400 F.3d 622 at 630-32 (8th Cir. 2005) Bach

possessed an actual child pornography image.  He then superimposed the face of

another minor over the face of the minor in the image.  There is no allegation that

Defendant ever superimposed any image of any minor over that of any actual child

pornography image.  There is no allegation in either in the deferred prosecution

agreement or the complaint that Defendant ever possessed any actual child

pornography.  There is no allegation that Defendant ever superimposed any image

of any minor over that of any other minor in any image.  Bach possessed the images at issue for personal use.  Bach was not acting in the capacity of a court qualified expert witness.  The <u>Bach</u> court was concerned about First Amendment issues, but found *on the facts of that particular case* that the First Amendment did not protect Bach's conduct.

2256(8)(c) is unconstitutional as applied to Defendant's conduct here.  If 2256(8)(c) is unconstitutional, the civil remedy section of 18 U.S.C. 2252(A) is not triggered by the conduct alleged in the complaint.

The First Amendment generally prevents government from proscribing speech, (<u>Cantwell v. Connecticut</u>, 310 U.S. 296, 309-311 (1940)), or even expressive conduct (<u>Texas v. Johnson</u>, 491 U.S. 397, 406 (1989), because of disapproval of the ideas expressed.  Content-based prohibitions, enforced by severe criminal penalties, have the constant potential to be a repressive force in the lives and thoughts of a free people.  <u>Ashcroft v. ACLU, et al</u> 542 U.S. 656,  124 S.Ct. 2783.

To guard against that threat the Constitution demands that content-based restrictions on speech be presumed invalid, <u>R.A.V. v. St. Paul</u>, 505 U.S. 377, 382, 112 S.Ct. 2538 (1992), and that the Government bear the burden of showing their constitutionality.  <u>United States v. Playboy Entertainment Group, Inc</u>., 529 U.S. 803, 817, 120 S.Ct. 1878, 146 L.Ed.2d 865 (2000).  This is true even when Congress has previously attempted to find a constitutional means to restrict, and punish, the speech in question.  <u>ACLU, et al</u> at 660.

10

The ban on child pornography images was upheld in <u>Ferber</u> because of the harm to a child necessary to **<u>create</u>** them. <u>Ferber</u>. <u>Ferber</u> suggested that virtual images would be an acceptable First Amendment protected replacement for those requiring harm to a child to create. "<u>Ferber</u> did not hold that child pornography is by definition without value. It recognized some works in this category might have significant value…but relied on virtual images--the very images prohibited by the CPPA--as an alternative and permissible means of expression….Because <u>Ferber</u> relied on the distinction between actual and virtual child pornography as supporting its holding, it provides no support for a statute that eliminates the distinction and makes the alternative mode criminal as well. Pp. 1401-1402." <u>Free Speech Coalition</u> at 1394.

The government's attempt to ban images that do not harm any minor in their creation was struck down. Id. "In contrast to the speech in <u>Ferber</u>, speech that itself is the record of sexual abuse," the conduct alleged in the complaint records no crime and creates no victims by its production. This is especially the case since the minors in this matter are wholly unaware of the existence of the court exhibits. In addition, the plaintiffs have produced no evidence the court exhibits are publicly available.

The creation of court exhibits as alleged in the complaint is "not 'intrinsically related' to the sexual abuse of children, as were the materials in <u>Ferber</u>." Id at 1402.

The First Amendment protects images that "appear to depict" prohibited conduct involving a minor.  (Free Speech Coalition).  2256(8)(c) category images such as the court exhibits at issue here "appear to depict" prohibited conduct involving a minor.  The court exhibits are not a record of an event that occurred. The creation itself of the court exhibits has caused no injury to any plaintiff as they were created prior to October 2004 and both adult plaintiffs testified there was no injury to either of them prior to October 2004.  Lora Depo at 31, Bloom Depo at 18. The possession of the court exhibits harmed no one.

Only if a 2256(8)(c) image's existence became known to either of the minor plaintiffs can they potentially suffer humiliation or embarrassment.  A protective order has been filed requesting this court order all persons the plaintiff's have evidence they possess the court exhibits be prohibited from disclosing that fact without an order of this court.

The adult plaintiffs' concede they suffered no injury until the court exhibits were described to them by FBI agent Sullivan.  Lora Depo at 31, Bloom Depo at 18. Had other persons not removed the sealed court exhibits from the court file, provided them to the FBI in Cleveland, successfully identified persons in the image as real persons, located and communicated with those persons about the existence of the court exhibits, the plaintiffs would never have learned of the existence of the court exhibits.  Therefore, without the conduct of those law enforcement persons and prosecutors, plaintiffs would have suffered no harm.

DEFENDANT'S CONDUCT IS NOT REGULABLE BY THE FEDERAL STATUTE

Ohio Conduct

The complaint alleges Defendant was a court qualified expert witness in several **Ohio** court proceedings.  See Complaint.  It alleges Defendant created court exhibits **in Ohio** for use in those cases that involved part or all of the image of the minor plaintiffs.  Id.  It alleges those exhibits were displayed in several **Ohio** courtrooms and one Oklahoma federal courtroom in connection with Defendant's work as a court qualified expert witness.  Id.  It finally alleges the court exhibits were distributed to defense counsel, prosecutors and courts in connection with those cases.  Id.

Ohio law legalizes the creation, display and reproduction of child pornography court exhibits under exceptions in all of Ohio's child pornography statutes.  ORC 2907.321(B)(1); ORC 2907.322; ORC 2907.323.  Those exceptions extend to permit **defense attorneys and defense experts** creating, displaying and reproducing child pornography exhibits for court proceedings.  Ohio v. Sparks CR-2002-12-3669 (2004, Summit County, Ohio); Ohio v. Simms 2003 CR 98 (2004, Columbiana County, Ohio); Ohio v. Tooley C03CR 0547 (2004, Portage County, Ohio); Ohio v. Huffmann B-0401503 (2004, Hamilton County, Ohio), Ohio v. Beam, 04-CR-00379 (2005, Clermont County, Ohio)).

Federal law is silent on the legality of the creation, display and reproduction of court exhibits.  See 18 U.S.C. 2252 and 18 U.S.C. 2252(A).  It does not prohibit it. It does not explicitly permit it.

13

The federal government's practice is to not prosecute persons whom regularly create, display and reproduce child pornography court exhibits.  That practice includes its law enforcement agents and prosecutors.  Its practice extends to private citizen expert witnesses that it permits to create, display and reproduce such exhibits.  U.S. v. Frabizio (August 11, 2006) 2006 WL 2384836 (D.Mass.)).  Its practice also extends to private citizen expert witnesses permitted by **state prosecutors** to create, display and reproduce such exhibits.  Ohio v. Heilman 2006-Ohio-1680; Ohio v. Brady 2004-CR-349.  It has chosen not to prosecute defense attorneys and defense experts whom create, display and reproduce such exhibits.

Plaintiffs argue Defendant's Ohio conduct clearly violates the federal statute.  Meanwhile, Ohio's statutory scheme permits the conduct.  Given the conflict between the Ohio and federal child pornography statutes, both cannot apply to Defendant's conduct at the same time.  The Ohio and federal statutory schemes are in conflict as to conduct occurring **within** Ohio.  Federal law applies only if it preempts.

All courts analyzing the preemption question in the area of conflicting child pornography statutes have found **no preemption**.  Ohio v. Oliver (2006), CR-2005-11-4175; Wisconsin v. Bruckner (1989), 151 Wis.2d 833; New York v. Gilmour (1998), 177 Misc.2d 250; Commonwealth of Pennsylvania v. Stewart CP-14-CR-323-2006; Tennessee v. Butler (2005), 2005 WL 735080; Ohio v. Taylor 04CR442 (Miami County, Ohio).  There is no authority to the contrary.  Therefore, the non-preempting federal statute's conflicting provisions do not apply to

14

Defendant's Ohio conduct.  Ohio law applies.  All federal claims regarding conduct alleged to have occurred in Ohio are barred.

DEFERRED PROSECUTION AGREEMENT<br>IRRELEVANT TO PREEMPTION ISSUE

This court has previously declined to rule on the preemption issue.  Despite entering into a Deferred Prosecution Agreement with the federal government, the government did not claim the federal statute preempted Ohio law.  Defendant has never conceded the federal statute preempts.  The Deferred Prosecution Agreement terminated in October 2008.  Defendant has never been prosecuted for any conduct as alleged in the complaint.  Reference to the terminated deferred prosecution agreement does not resolve the preemption issue.  Even if this court were to find that Defendant conceded preemption in the agreement, the only conduct that Defendant agreed "appeared to be" a violation of federal law was Defendant's possession of alleged child pornography.  Plaintiffs make no claim that Defendant's possession of the court exhibits harmed any of the plaintiffs.

Oklahoma Conduct

USE OF COURT EXHIBITS IN FEDERAL COURTROOM

Plaintiffs allege use of the court exhibits in one federal case in Oklahoma.  No evidence has been produced the exhibits were displayed or reproduced in that case.  Plaintiffs claim related to Oklahoma fail.  Even if such evidence was produced, the use of those exhibits was in compliance with a direct order of that court.  Exhibit 2 at 140, 141, 145.  It is unconstitutional to make Defendant financially liable for

conduct that was ordered to be performed by a federal district court judge.  The principle of comity dictates this court accord due respect to the orders of another district court.  Respecting that court order includes not finding civil liability for a citizen's compliance with that district court judge's order.

## EVEN IF THE FEDERAL STATUTE PREEMPTS, TO RECOVER, THE MINOR PLAINTIFFS MUST ESTABLISH INJURY

18 U.S.C. 2252(A)(f), in pertinent part, entitles a party "**aggrieved** by conduct that is a **violation of the statute**" to recover damages.  Emphasis added.  The word "aggrieved" is not defined in the statute.  The court can take judicial notice of the dictionary/thesaurus fact that the word aggrieved is synonymous with harm or injury.  The allegations are that Defendant created and displayed court exhibits harming the plaintiffs.  See Complaint.  He used those court exhibits **solely** in his role as an expert witness in several Ohio criminal cases and one federal criminal case.  Id.  Plaintiffs allege that conduct harmed the minor plaintiffs in some way.  The adult plaintiffs allege they, uninvolved persons, they were also harmed in some way.

## THE DEFERRED PROSECUTION AGREEMENT DOES NOT ADMIT A VIOLATION OF FEDERAL LAW FOR THE CONDUCT ALLEGED IN THE COMPLAINT

The deferred prosecution agreement concedes it "appears" that an offense was committed by Defendant.  See Deferred Prosecution Agreement.  The only "apparent" offense mentioned in the agreement is the possession of items deemed child pornography by the government.  Id.  Defendant did not admit that the

16

creation, display or reproduction of such items is a violation of any statute, much less the federal statute.  Id.  The agreement contains a statement of facts merely reciting the creation of the court exhibits.  That statement does not discuss the legality or illegality of such conduct.  Plaintiffs in this case are not alleging that Defendant's possession of the court exhibits caused any plaintiff any harm.  See Complaint.  The Deferred Prosecution Agreement, conceding only an apparent federal law violation for possession of the court exhibits, is irrelevant to the claims in the complaint in this case.

The federal statute prohibits display, reproduction, etc. of child pornography. 18 U.S.C. 2252(A).  It is silent on whether such conduct by court experts is also illegal.  It is reasonable to assume Congress did not criminalize such conduct by court experts and others within the court system to avoid prosecuting judges, juries, court staff, defense attorneys and witnesses from possessing, creating court exhibits for juries and generally dealing with such evidence and related issues in such cases.

The U.S. Supreme Court has held the First Amendment protects the creation, possession and display of material deemed contraband under the federal child pornography statute in certain contexts:

**[T]he exhibition of [child pornography images or videos] before a legislative committee studying a proposed amendment to a state law, or before a group of research scientists studying human behavior, could not, in my opinion, be made a crime.  Moreover, it is at least conceivable that a serious work of art, a documentary on behavioral problems, or a medical or psychiatric teaching device, might include a scene from one of these films and, when viewed as a whole in a proper setting, be entitled to constitutional protection.  The question whether a specific act of communication is protected by the First Amendment always requires some**

**consideration of both its content and its context.** (<u>New York v. Ferber</u>, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982), Stevens, J., concurrence).

The consideration of First Amendment protection requires consideration of context.  Id.  Presentation to the legislative branch (Id). and the executive branch (e.g. for law enforcement training and investigation) is protected First Amendment conduct.  A judicial proceeding is a context entitled to the same First Amendment protection.

A courtroom is a context the federal statute considered when declining to regulate the display, reproduction, etc. of such conduct within a courtroom.  To find Defendant's conduct was not entitled to First Amendment protection, this court must find that a courtroom is a context that is outside of the First Amendment in this area of the law under these facts.  The terminated deferred prosecution agreement contains no assertion by the government the First Amendment does not apply to the courtroom context.  Nor does it contain an admission by Defendant that the First Amendment does not apply to the courtroom context.  This court has not ruled whether the First Amendment includes a consideration of a courtroom and court proceeding as a context providing First Amendment protection.

Even if this court finds the federal statute preempts Ohio law and applies to Defendant's conduct and that such conduct is without First Amendment protection in a courtroom/court proceeding context, the plaintiffs have not been harmed.

THE MINOR PLAINTIFFS ARE NOT AGGRIEVED

The minor plaintiffs have stipulated that as of the time of the filing of the complaint in this matter and at the current time, they were not aggrieved and have suffered no damages.  Dkt. # 72.  Potential future damages are not compensable in a case without a current harm.  There is no functional distinction in the law for the minor plaintiffs between not knowing they have been harmed and not being harmed.  Both of the adult plaintiffs, guardians of the minor plaintiffs, admit the minor plaintiffs have suffered no damages.  Bloom Depo at 18, Lora Depo at 32-32.

Neither of the minor plaintiffs has seen the court exhibits at issue.  Lora Depo at 27, Bloom Depo at 6-8.  Neither have been provided a description of the court exhibits at issue.  Id.  Neither is aware this litigation is ongoing.  Id.  Neither is aware the court exhibits at issue even exist.   Id.  If the guardians have any say in the matter, neither of the minor plaintiffs will ever learn of the existence of the court exhibits or this litigation.  Bloom Depo at 7, Lora Depo at 30-31.  Defendant has filed a motion for a protective order designed to insure the minor plaintiffs are never harmed by learning of the existence of the court exhibits or others disclosing that fact to them.

## THE ADULT PLAINTIFFS HAVE PRODUCED NO EVIDENCE THEY ARE AGGRIEVED

The civil remedies provision does not contemplate liability to uninvolved persons.  That is, it does not contemplate civil liability for the claimed psychological harm of individuals who are aware of the potential future harm to a minor.  In this case, the adult plaintiffs are even farther from that potential psychological harm.

19

They are claiming injury from merely thinking about the image of what an FBI agent described to them.  They are claiming injury from merely thinking about what harm **could occur** in the respective minors' futures.  They are not recovering from their experience of administering to the mental or emotional well being of any harmed child.  There is no harmed child in this case.  See Lora and Bloom depositions generally and Dkt. #72.

PLAINTIFF LORA'S CLAIMED INJURY

Lora became aware of a court exhibit involving some or all of the image of his daughter in October 2004.  Lora Depo at 7.  He suffered no injury prior to that date.  Id. at 31.  He suffered that injury as a result of hearing a description from FBI agent Charlie Sullivan of the court exhibit in this matter.  Id. at 8.  He does not recall that description.  Id. at 8-10.  He does not know if Agent Sullivan's description was accurate.

He captured and sold images of his daughter to anyone who would buy them via an online stock photo website.  Id. at 6-8.  Lora claims no injury from Defendant's possession of any court exhibit.  Lora claims no physical injury or damage to his reputation.  He does claim financial injury and psychological injury.

As to psychological injury, Lora has never sought treatment for this claimed injury and has not lost work or had his personal relationships damaged as a result.  Id. at 12.  As for financial injury, Lora claims an "incalculable" amount he has lost in online sales of photos.  Id. at 17.  He claims he was so traumatized by Agent Sullivan's description, he has difficulty capturing images of his daughter.  Id. at 13.

However, he continues to sell pictures of his daughter online. Id. at 13-14. He has never been a professional photographer. He has no information about how much he has ever earned selling images online. He does claim he has lost about 80¢ from sales of the image used in the court exhibit.

He also testified his daughter, one of the minor plaintiffs, has not suffered any injury as a result of the conduct alleged in the complaint.

## PLAINTIFF BLOOM'S CLAIMED INJURY

Bloom suffered no injury prior to October 2004. Bloom Depo at 10. Bloom was suffering psychological problems prior to October 2004 unrelated to the conduct alleged in the complaint. Id. at 14-15. The only injury she suffered after October 2004 from conduct alleged in the complaint was psychological. Id. She suffered that injury as a result of hearing a description from FBI agent Charlie Sullivan of the court exhibit in this matter. Id. at 22. She does not recall that description. Id. She does not know if Agent Sullivan's description was accurate. Id. at 23. That injury amounted to some conversation with her existing psychologist about the existence of the court exhibits.

Bloom has no records as to money spent on any psychological treatment relating to conduct as alleged in the complaint. Bloom has no records to verify she is even seeing any psychologist.

She also testified her ward has not suffered any injury as a result of the conduct alleged in the complaint.

## THE SUMMARY JUDGMENT RULE

Defendant concurs in Plaintiff's recitation of the Summary Judgment rule embodied in Federal Rule of Civil Procedure 56(c). See Plaintiffs' motion for Summary Judgment at 5.

There are issues as to material facts.

Plaintiffs alleged in ¶15 of the complaint that Defendant "between March 2004 and January 2005...transported, used, possessed, published, displayed, presented and testified about" the court exhibits. No plaintiff suffered any harm prior to October 2004. Plaintiffs failed to provide any evidence establishing when one or more of these acts occurred. There is no evidence presented by Plaintiffs that Defendant, after October 2004, but before January 2005 engaged in any of the conduct alleged in the complaint. For example, Defendant last testified in any capacity in Oklahoma in April 2004, long before any injury was claimed to have been sustained by the adult plaintiffs. See Exhibit 2, transcript of hearing in Schreck case.

Plaintiffs rely on the fact that the allegations made in the complaint have all been "admitted" by Defendant in the Deferred Prosecution Agreement. The plain reading of that now terminated agreement demonstrate no such admissions. Despite the information in the agreement, Defendant never conceded the federal statute applied, never conceded the conduct in the factual statement violated any law and never conceded any damages or injury resulted from that conduct.

There is a still a genuine issue of material fact as to when the events alleged in the complaint occurred. If they occurred, in whole or part, prior to October 2004,

22

plaintiffs concede no injury from that conduct.  If the conduct occurred after October 2004, there is an issue as to what conduct the plaintiffs are referring to: Possession? distribution? display?

As a matter of law, the federal statute did not apply.  Even if this court feels that it did

Ohio Statutory Claims

The plaintiffs make various claims under Ohio statutes dealing with commercial use of images, etc.  All Ohio claims fail in comparison to the exceptions in Ohio's child pornography statutes which several Ohio judges have found applied to the conduct alleged in the complaint.  In most, if not all cases, identified in the complaint, Defendant was paid by the state of Ohio as an appointed expert witness. That results in Ohio paying for Defendant's conduct which the plaintiffs are now alleging subjects Defendant to civil liability, including the return of that payment from the State of Ohio.

<u>Proof of Service</u>

A copy of the foregoing will be served by operation of the court's electronic filing system.


/s/Dean Boland
Dean Boland