

U.S. Department of Justice

*United States Attorney*
*Northern District of Ohio*

*United States Court House*
*801 West Superior Avenue, Suite 400*
*Cleveland, Ohio 44113-1852*

August 18, 2008

Michael J. Goldberg, Esq.
323 West Lakeside Avenue, Suite 450
Cleveland, Ohio 44113

    Re: United Stated v. Dean Boland

Dear Mr Goldberg:

    As you are aware one of the conditions set forth in the Diversion Agreement for the above-captioned matter was Mr. Boland's agreement not to make any public statement contradicting any statement of fact contained in the Statement of Facts. (Please see page 3, "Special Condition" paragraph (1) of Pre-Trial Diversion Agreement, attached hereto as Appendix "A"). It has come to my attention that Mr. Boland has made several statements, during the course of a civil lawsuit, Peter Lora, et al v. Dean Boland, 1:07CV2787, which statements are wholly contradictory not only to the statement of facts, but to the very conduct admitted as a prerequisite to the entry of such agreement.

    In a Motion to Strike Exhibit 1 to Plaintiff's Complaint, filed by Mr. Boland on July 14, 2008, Mr. Boland asserts, " [n]o image involving the two minor plaintiffs was part of the four images listed by the government in the Deferred Prosecution Agreement." (Please see page 3 [paginated as page 2] of Motion to Strike Exhibit 1 to Plaintiff's Complaint, attached hereto as Appendix "B"). The remainder of said motion is replete with examples of Mr. Boland attempting to distance himself from the responsibility he necessarily accepted as a condition of the Pre-Trial Diversion Agreement. Additionally, it has come to my attention, that Mr. Boland has denied his responsibility for using these minors' images in other pleadings, as well as at a deposition held on July 29, 2008.

    As you are aware, the photos which were the subject of the Pre-Trial diversion agreement were well-known to Mr. Boland at the time of the execution of such agreement. Indeed, the images of three of the victims identified as Jane Doe 1, Jane Doe 2, and Jane Doe 3 were graphically described in the search warrant affidavit supporting the search of Mr. Boland's home, vehicle and person. The images of the two children who are the subject of the aforementioned civil lawsuit are described in paragraphs 13-14 and 15-17 of the affidavit. (Please see Affidavit in Support of Search Warrant, attached hereto as Appendix "C"). The guardians of such children, who are also the named parties of such civil lawsuit, are specifically identified in paragraphs 20 and 28 of said affidavit.

EXHIBIT 1

  Pursuant to Paragraph (1) of the Special Conditions of the Pre-Trial Diversion agreement, I am hereby notifying Mr. Boland that his statements denying the manipulation of the images of the wards of Peter Lora and Victoria Bloom to create visual depictions appearing to depict such minors engaged in sexually explicit conduct contradicts the Statement of Facts of his Pre-Trial Diversion Agreement executed on April 5, 2007. As such Mr. Boland may avoid a breach of such agreement by publically repudiating such statements within 48 hours of this notification. Absent such a public repudiation, the Pre-Trial Diversion Agreement will be considered breached and the United States Attorney's Office will be free to seek an indictment against Mr. Boland for the conduct subject of such agreement.

  Please contact Assistant United States Attorney Michael A. Sullivan as soon as possible to discuss Mr. Boland's intention regarding this matter and to discuss the parameters and forum of a public repudiation of the contradictory statements. Mr. Sullivan can be reached at 216-622-3977.

Very truly yours,

*William J. Edwards*

William J. Edwards
Acting United States Attorney

cc: Dan Fynes, U.S. Pre-Trial/Probation

EXHIBIT 1