IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JANE DOE *et al.*, | CASE NO. 1:07cv2787 |
| | JUDGE DAN A. POLSTER |
| *Plaintiffs* | **Plaintiffs' Objection to Defendant's Motion for a Protective Order** |
| vs. | |
| DEAN BOLAND | |
| *Defendant* | |

Now come the Plaintiffs, by and through their counsel, and object to the Defendant's Motion for a Protective Order for the following reasons:

1. Plaintiffs find it at least disingenuous that Defendant is now espousing the worthy goals of the Federal Child Pornography Protection Act and professing to protect the minor children in this case after having created child pornography using their likenesses without any regard for the

ramifications of his actions.[1] It is not Defendant's place to even suggest what is in the best interest of the minor plaintiffs and he has no standing to do so.

It is offensive that the Defendant is professing concern for the victims when he is actually only trying to limit his exposure for his misconduct.

2. As this Court and the courts interpreting the Federal Child Pornography Act have stated the harm to the minor victims may not be immediate and could occur at any time in the future as a result of the status of modern computer science and the fact that it is not known and may never be known to what extent the images that the Defendant created were distributed. The Defendant provided copies of these morphed "exhibits" to defense counsel, prosecutors, and court personnel. Law enforcement officers involved in each of these cases have viewed the images so have the criminal defendants who relied upon the Defendant's testimony. It is unknown who was in the courtrooms in which he testified.

This civil suit exists and a record will remain of it. It may not be hard for the victims to decipher as adults that Plaintiffs Peter Lora and Victoria Bloom were acting on their behalf in filing this suit. Additionally, if this suit is successful the two minor plaintiffs may be awarded a large amount of money which must be held in trust for them through the Cuyahoga County Probate Court. A truthful explanation regarding the origin of this money may be necessary and in the best interest of the minor victims at some point in the future.

As a result of the possibility of future publication of the images and/or the minor victims somehow learning about the sexually explicit images the Defendant created, the guardian(s) of the minor victims may choose to show the images or inform the minor plaintiffs of the images to the children in the near or distant future. It may well be that the minor victims themselves choose to view the images. As such, the decision to continue to shield the minor victims from

---

[1] Defendant is still claiming his conduct was legal and/or protected in his Motion for Summary Judgment

knowledge regarding the Defendant's misconduct may change as a result of what the minors, now or as adults, and/or their guardians may decide is in the future best interest of those concerned.

The discretion needed by the victims and their guardians concerning how to handle future problems that may arise should be unfettered and remain with the plaintiffs. It should not be hampered by the Defendant trying to minimize his damages. The minor victims themselves may someday find solace in the fact that they can objectively point to this suit as proof that they did not pose for the obscene images but were merely victims of the Defendant's unscrupulous conduct. The adult plaintiffs may also take comfort in being able to establish this.

3.  The FBI, guardians of the minor plaintiffs, and Plaintiffs' counsel have all taken steps to prevent the distribution of the images the Defendant. Defendant's help is neither needed nor wanted. These steps have been successful to date. There is no reason at this time to presuppose that a court order is now necessary especially one binding persons and entities that are not a part of this suit.

The laws that are being and were enforced against the Defendant provide future protection against wrongful publication of these images.

4.  Plaintiffs have claims pending for injunctive relief against the Defendant which are authorized by statute. No statute permits injunctive relief against the victims, their guardians, or future conduct that the FBI or United States Attorney's Office feels is necessary to enforce the laws of this state or country.

## Conclusion

Everyone, except the defendant, involved in this case has undertaken efforts which have been successful in shielding the minor victims from knowledge of the Defendant's misconduct.

This is because the concerned parties feel that at this time it is in the best interest of the children to do so. As the children age or become adults, they may need to know what happened, or may find out that they were victims. The discretion concerning how to handle whatever turn of events the future may bring belongs to the plaintiffs, is not the concern of the defendant, and is not the proper subject of the proposed protective order.

        Respectfully submitted,

        /s/ *Jonathan E. Rosenbaum*
        Jonathan E. Rosenbaum (Ohio Bar Reg. No. (021698)
        Attorney for Plaintiffs
        230 Third Street, Suite 104
        Elyria, Ohio 44035
        (440) 322-7972
        Fax (440) 322-7972
        Email: sjerosenbaum@windtream.net

## Proof of Service

A true and accurate copy of the foregoing has been electronically served this 1st day of May, 2009 by the Court's electronic filing system.

        /s/ Jonathan E. Rosenbaum_____
        JONATHAN E. ROSENBAUM
        Supreme Court Reg. No. 0021698
        Attorney for Plaintiffs