IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| PETER LORA, et al | 1:07 CV 2787 |
|---|---|
| | JUDGE DAN AARON POLSTER |
| V. | |
| DEAN BOLAND | DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Dean Boland submits his reply to Plaintiff's opposition to defendant's motion for summary judgment and respectfully requests this court deny Plaintiff's motion for summary judgment and grant defendant's motion for the reasons contained in the attached memorandum.

/s/ Dean Boland
Dean Boland 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
216-529-9371 ph
866-455-1267 fax
dean@deanboland.com

MEMORANDUM

Throughout this matter, continuing within Plaintiff's Summary Judgment motion and their joint reply to Defendant's motion for Summary Judgment, the nature of Defendant's agreement with the government has been consistently mislabeled and misidentified as to its purpose and effect.

Defendant's agreement with the government, now terminated, was not a Pre-Trial Diversion Agreement. A diversion agreement involves an admission of guilt that is then removed from the defendant's record upon the successful completion of what amounts to probationary terms and conditions.

Defendant's agreement was drafted by the government. It titled the agreement a Deferred Prosecution Agreement. Meaning, the government intentionally elected **not to prosecute** the Defendant. The agreement is terminated. The government agreed it will not prosecute Defendant. It terminated **without a prosecution**. Defendant has never been prosecuted for any conduct as alleged in the complaint. Defendant has never plead guilty to any conduct as alleged in the complaint.

The agreement did not admit to appropriating anyone's likeness or invading anyone's privacy, etc. It did not deal with any state law claims that are in the complaint in this case. Initially, Defendant submitted discovery responses and testified that the items within his deferred prosecution agreement were not those involved in this case. Only after receiving a threat of prosecution by the

2

government did the plaintiff's counsel gain the advantage of having those answers change. The answers were changed to avoid prosecution.

Admitting in the deferred prosecution agreement to creating the court exhibits does not equate to admitting the federal statute applied to that conduct. Exceptions apply to Defendant's conduct such as witness and judicial immunity and the First Amendment that are not addressed in the Deferred Prosecution Agreement. Those exceptions have already been fully briefed and argued in the record of this case and are incorporated fully herein as if rewritten. The agreement does not admit that anyone was harmed by Defendant's conduct.

In their motion for summary judgment and opposition, Plaintiffs re-iterate the claim that that some court exhibit showed Jane Roe to be naked. e.g. Plaintiff's Motion for Summary Judgment at 2. This is false. No court exhibit alleged to have been created by Defendant shows any minor naked. Although the allegations in the complaint are vague on this point, only a portion of any persons' image was used to make any court exhibit. In this matter, the only potential portion of a minor plaintiffs' image used to make any court exhibit is derived from the portion of their image that contained their face. In no court exhibit ever produced related to Defendant's expert witness work was any image of any minor without clothes used.

In their complaint and in various pleadings, including Plaintiff's Motion for Summary Judgment at 4, Plaintiff's claim Defendant gave copies of the exhibits to court personnel and defense attorneys. During deposition, it was emphasized repeatedly that the transfer of this material to defense counsel was done in the

3

courtroom for the express purpose of defense counsel, in turn, giving that copy to the court reporter or other court staff. This is complying with court orders to provide exhibits to the prosecution in cases in which an expert testifies. These are court orders being followed, not voluntary acts. The plaintiffs have produced no evidence these exhibits remain in the hands of anyone other than clerk of courts offices and the FBI. Despite that reality, the plaintiffs have fought attempts to have those persons restrained from disclosing those images to the public. That disclosure, of course, would increase the likelihood that the minor plaintiffs incur some psychological harm.

On p. 6 of Plaintiffs' summary judgment motion, they claim that each of the minor plaintiffs are entitled to relief because they are "person[s] *aggrieved* by reason of the conduct prohibited" under the federal criminal statute. This statement is false. Dkt. 72. The stipulation of Dkt. #72 was specifically entered into to avoid the necessity of issuing discovery or deposing the minor plaintiffs. Minor Plaintiffs' stipulation as part of the Joint Stipulation of the parties. Plaintiffs cannot seek damages for injuries to persons who have not been injured. In this case, the minor plaintiffs are not infants. They were at least 6 years old or older at the time the adult plaintiffs first had some image described to them to an FBI agent.

Therefore, those minor plaintiffs are fully capable of articulating whether they have been harmed or not. Under these facts, the minor plaintiffs cannot seek a damage award for harm they are unaware of. That argument by plaintiff's counsel

4

is nonsensical. Except situations in which a person is harmed to the point of incapacitation, people seeking damages know they have been harmed. Either they are personally aware of it or they are informed by some expert, doctor, etc. that harm has occurred. In addition, since the minor plaintiffs claim to not know they have been harmed, they are disabled from articulating any harm to themselves. The adult plaintiffs cannot be permitted to be proxies for this harm. Meaning, they cannot be permitted to just testify as to the harm the minor plaintiffs are unaware of and seek damages on their behalf as a result. Either the minor plaintiffs are harmed or they are not. If they are harmed, they are subject to a deposition and discovery. Plaintiffs' counsel's argument seeks to shield them from discovery and deposition, yet still pursue harm for damages that will be described by someone else? If Plaintiffs' want damages for harm to the minor plaintiffs, those minor plaintiffs must be required to articulate that harm. This is the plaintiffs' case and the minor plaintiffs' burden of proof. Defendant did not choose to engage these minor plaintiffs in a lawsuit despite them being unharmed. It is not Defendant's fault that the minor plaintiffs are required to respond to discovery and sit for a deposition in order to be entitled to a damage award.

      Supporting Defendant's position on this point are the two adult plaintiffs. They, as guardians for the two minor plaintiffs, have testified under oath that the minors plaintiffs have not been harmed, are unaware of this case and unaware of the existence of the court exhibits. Persons who do not know if they are harmed,

cannot sue for damages. They certainly cannot sue for future damages without first establishing current damages.

Plaintiffs' opposition claims that Defendant admitted conduct that is a violation of 18 USC 2252(A). This is a legal claim this court has not ruled upon. 18 USC 2252(A) is not applicable to Defendant's conduct because that statute conflicts with existing Ohio law. No court has found that 18 USC 2252(A) preempts conflicting state law. In fact, all courts to consider the preemption issue in this specific area have ruled there is *no preemption*. Even if the court rules that the statute does preempt, the First Amendment protected Defendant's conduct. He was also immune from prosecution under 18 USC 2252(A) as a result of longstanding witness and judicial immunity.

The Plaintiffs are not entitled to relief under 18 USC 2255. They have suffered no injury.

Plaintiffs' claim that damages need not occur while the victims are minors and that future injury is addressable now. What future injury? There is no certainty that the minor plaintiffs will ever suffer injury at all. The adult plaintiffs acknowledge that the minor plaintiffs will only suffer injury if someone discloses to them the existence of the court exhibits. Defendant is obviously entitled to depose the minor plaintiffs to ask them if they have been harmed. Under these facts, there is no functional difference between not being harmed and not knowing you are harmed. However, even if someone were to disclose the existence of the court exhibits to them, there remains a murkier problem.

6

The adult plaintiffs do not know what court exhibit they claim Defendant created. They have never seen it. They had it described to them by an FBI agent in a short conversation back more than four years ago. They both testified they cannot recall that description. They both testified they have no idea if the FBI agent's description accurately describes the court exhibits at issue. In short, they have no idea what they are talking about. If they, or some adult to whom they have disclosed the existence of this litigation, were to discuss the matter with the minor plaintiffs, what description of the court exhibits would they provide? That description would regulate the degree of "harm" the minor plaintiffs would suffer. A mild description versus a horrific one, neither one accurate, could determine the degree of "harm" the minor suffers, if any.

There is no evidence Congress intended this statute to cover non-harmed, non-victim adults such as the adult plaintiffs. It certainly could not have been intended to compensate adults for claimed harm relating to their non-harmed minor wards.

To even have a trial on damages relating to the minor plaintiffs, the plaintiffs have to testify. The statute at issue here does not set a fixed amount of damages. It sets a floor to be imposed for damages caused to a person who has been harmed. No minor will testify they were harmed - the do not know anything about being harmed.

The plaintiffs' opposition re-iterates the claim that the creation of the court exhibits was damaging to the minor plaintiffs. That argument is contradicted by

7

the plaintiffs' stipulation and the adult plaintiffs' testimony. The court exhibits were created long before October 2004. Both adult plaintiffs have testified that both they and the minor plaintiffs suffered no harm prior to October 2004. Therefore, no plaintiff was harmed by the creation of the court exhibits in this matter.

The plaintiffs' also claim that the minor plaintiffs are victimized whether they are aware of it or not. This is a metaphysical impossibility. A person cannot be victimized under these facts and circumstances unless they have been made aware of the existence of the images and perhaps even seen them or become aware of their distribution to the public.

There is no authority supporting the plaintiffs' claim that Congress intended to punish people who were not harmed in some way. Regardless of the argument, the minors in this case admitted to not being harmed. The adult plaintiffs conceded the minors were not harmed. There is no authority to support an argument that Congress intended to impose liability without harm.
This quote supports Defendant's argument.

> The Congressional Record cited by Plaintiffs supports Defendant's Argument. "any victim of a violation of §2251 or §2252 who suffers **physical injury, emotional distress, or property damage** as a result of such violation may sue to recover damages in any appropriate district court * * * and shall recover triple damages if a violation is found." Emphasis added. Injury to

property or reputation is deemed to have occurred and is valued at a minimum of $150,000.00. Page 10 of Plaintiff's Brief.

The minor plaintiffs' claim for invasion of privacy also fails. They are unaware of any harm from the use of their images in any court exhibit. The adult plaintiffs permitted the minor plaintiffs' images to be openly sold on the Internet. They permit those images to be openly sold online to this day! There is nothing private, or invading the privacy of anyone, involved in purchasing their image sold openly on the Internet in an arms length transaction. Plaintiffs' sought no agreement with Defendant limited the use of the purchased image.

Plaintiffs refer to Defendant's conduct as the "creation of child pornography." This is an issue of law. Is creating court exhibits, identified on the record as not real images of minors being harmed and then explaining to a court the technology behind the ability to make such manipulations tantamount to producing child pornography? If so, there are expert witnesses, detectives, judges and juries across the country whom are violated federal law everyday by their handling of these items without a judicial purpose exception applicable to their conduct.

Defendant did not appropriate any likeness of any person. The images involved in this case were **purchased**. That purchase was made without any restriction from the seller, the adult plaintiffs. There is no agreement between Defendant and seller of the image, the adult plaintiffs. There can be no malice since there has been no harm. A person cannot be deemed to have shown malice in *not harming someone.*

The plaintiffs claim for nominal damages is also without support. Sincere there are not ANY damages here as the minor plaintiffs have stipulated and the adult plaintiffs have testified, there can be no nominal damages. It is important to re-iterate that the adult plaintiffs have testified that the minor plaintiffs *have suffered no harm* in this case.

Ohio law either covered Defendant's conduct or it did not. If Ohio law did not protect defendant's conduct via the exceptions in Ohio's child pornography statutes, it cannot now be used to punish defendant's conduct. If the federal statute applied over and above the protections in Ohio's child pornography statutes, the plaintiffs' state claims are preempted and dismissed as well.

Plaintiffs' claim that Defendant used the images of the minor plaintiffs for a purpose that was outside the parameters of "his agreement" is without merit. The parties in this case had no agreement regarding the use of any image. Defendant has an agreement with istockphoto.com. That agreement has never been violated by defendant. Defendant has been an authorized istockphoto.com user for years and continues to be a member of istockphoto.com to this day uninterrupted.

The plaintiffs seek to recover damages for harm that has not occurred and may never occur. The plaintiffs seek damages for conduct that Ohio law and Ohio judges expressly authorized and the state of Ohio, in most of the incidents in the complaint, *paid the Defendant to perform as an expert witness for indigent defendants*. No construction of the law, except the unsupported and tortured

analysis of the plaintiffs, supports liability for conduct by expert witnesses in furtherance of educating courts about the reaches of digital imaging technology.

## Proof of Service

A copy of the foregoing will be served by operation of the court's electronic filing system.


/s/Dean Boland
Dean Boland