**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **PETER LORA, et al.,** | ) | Case No. 1:07 CV 2787 |
| | ) | |
| Plaintiffs, | ) | **Judge Dan Aaron Polster** |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **DEAN BOLAND,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the following pending motions:

- "Plaintiffs' Motion for Partial Summary Judgment with Supporting Memorandum" (**ECF No. 73**);

- Defendant's "Motion for Summary Judgment" (**ECF No. 77**); and

- Defendant's "Motion to Strike Supplemental Authority Filed by Plaintiff" (**ECF No. 81**).

For the following reasons, the Court **GRANTS** Defendant's motion for summary judgment on the federal claims (**ECF No. 77**), **DENIES** Plaintiffs' motion for summary judgment on the federal claims (**ECF No. 73**), and **DENIES AS MOOT** Defendant's motion to strike, etc. (**ECF No. 81**). Thus, the First, Second, Fifth and Sixth Causes of Action are hereby **DISMISSED WITH PREJUDICE**. Because the only claims remaining are state-law claims, the Court declines to exercise supplemental jurisdiction over them; thus, the Third, Fourth, Seventh and Eighth Causes of Action are **DISMISSED WITHOUT PREJUDICE** to refiling in state court.

## I. BACKGROUND

This action was filed against Defendant Dean Boland, Esq., on September 14, 2007, by two minor children ("Plaintiffs"), represented by their legal guardians and next friends. Boland is an attorney who was hired to testify as an expert witness by criminal defendants charged in state and federal child pornography prosecutions. The following facts are admitted by Boland and undisputed.

Between February 2004 and March 15, 2004, Boland downloaded images of Plaintiffs displayed in innocent poses on an innocuous internet website, Istockphoto.com. Boland digitally manipulated those images to create images of children engaged in sexually explicit conduct. Between March 2004 and January 2005, Boland transported those digitally manipulated images to, and displayed those images in, proceedings in numerous Ohio county courts and a U.S. District Court in Tulsa, Oklahoma – where he testified as an expert witness about how easily such images can be created by a relatively unsophisticated person using current computer software such as Photoshop; how difficult it is to distinguish between images that have been digitally manipulated and those that have not; thus, how difficult, if not impossible, it is to prove that a defendant knew it was the image of an actual child engaging in sexually explicit conduct (an element the government must prove in child pornography cases).

This conduct was the subject of an FBI investigation which culminated in the execution of a Pre-Trial Diversion Agreement between Boland and the United States Attorney for the Northern District of Ohio, dated April 5, 2007. (ECF No. 2 ("Pre-Trial Diversion Agreement").) Therein, Boland agreed that it appeared he had violated 18 U.S.C. § 2252A(a)(5)(B), i.e., knowing possession of a computer and disks that contained images of child pornography, as

defined in 18 U.S.C. § 2256(8) (i.e., visual depictions created, adapted and modified to appear that the minor plaintiffs were engaging in sexually explicit conduct); the images were produced using materials that had been shipped and transported in interstate and foreign commerce by use of any means including a computer; and he created and used the digitally manipulated images solely in his capacity as a witness and/or defense attorney. (Id. at 1-2.) The government agreed to defer the initiation of a criminal prosecution against Boland for a period of eighteen months, provided Boland complied with certain conditions. (Id. at 2.) The conditions included Boland's certification that he destroyed, or surrendered to the government for destruction, all visual depictions of the Plaintiffs engaging in sexually explicit conduct; Boland's agreement not to facilitate, encourage or suggest that others use any visual depictions of the Plaintiffs; and Boland's agreement to refrain from creating, manipulating, modifying or altering any visual depiction to appear that an identifiable minor has engaged in sexually explicit conduct, or in a manner that is intended to cause another to believe that the depiction is or appears to be of an actual minor engaging in sexually explicit conduct. (Id. at 4-5.) The government agreed, upon successful completion of the diversion program, not to seek prosecution of Boland for violation of 18 U.S.C. § 2252A(a)(5)(B) or any other related charges arising out of the aforementioned facts. (Id. at 2-3.)

Based on these undisputed facts, Plaintiffs filed the instant action against Boland asserting that he is liable to them for damages under the federal statutes that create civil remedies for minors who are victims of federal child pornography crimes; i.e., 18 U.S.C. § 2252A(f) (First and Fifth Causes of Action) and 18 U.S.C. § 2255 (Second and Sixth Causes of Action). Plaintiffs assert that Boland's appropriation of their images constitutes an invasion of privacy as

well (Third and Seventh Causes of Action).  Finally, Plaintiffs assert that the unauthorized use of their "persona" for commercial gain violates O.R.C. § 2741.07 (Fourth and Eighth Causes of Action).

The parties have now filed fully briefed cross-motions for summary judgment.  The Court has reviewed the relevant filings (ECF Nos. 72, 73, 77, 79, 80-84), the attachments thereto and the case law, and is prepared to issue its ruling.

## II.   STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  All facts and inferences drawn therefrom must be viewed in a light most favorable to the nonmoving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 403 (6th Cir. 1997).  If, after reviewing the record as a whole, a rational factfinder could not find for the nonmoving party, summary judgment is appropriate since there is no genuine issue of material fact for determination at trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The material facts in this case are straight forward and undisputed; hence, this case is appropriate for summary judgment.

### III. LAW AND ANALYSIS

**A. Federal Claims**

    **First and Fifth Causes of Action     (18 U.S.C. § 2252A(f) Claim)**
    **Second and Sixth Causes of Action  (18 U.S.C. § 2255 Claim)**

Plaintiffs' argument is simple and straight forward. Plaintiffs contend that they are persons injured by Boland's conduct which is prohibited under 18 U.S.C. § 2252A(a) or (b), for which they are entitled to damages under 18 U.S.C. §§ 2252A(f) and 2255. Since Boland has admitted violating § 2252A(a)(5)(B), they are entitled to damages under §§ 2252A(f) and 2255. Moreover, they are each entitled to damages of not less than $150,000 under § 2255(a) on the Second and Sixth Causes of Action. (See ECF No. 73, at 1, 10.)

Section 2252A(f) allows "any person aggrieved by reason of the conduct" criminalized in § 2252A(a) or (b) to commence a civil action for injunctive relief, compensatory and punitive damages, fees and costs.

Section 2255(a) allows:

> [a]ny person who, while a minor, was a victim of a violation of section . . . 2252A, . . . and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, [to] sue [and] recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

Id.

In the Pre-Trial Diversion Agreement, Boland admitted that it appeared he had violated § 2252A(a)(5)(B), i.e., knowing possession of a computer and disks that contained images of child pornography as defined in § 2256(8). Section 2256(8)(B) defines "child pornography" as a digital image, computer image or computer-generated image that is, or is indistinguishable from,

that of a minor engaging in sexually explicit conduct; and §2256(8)(C) defines "child pornography" as a visual depiction that has been created, adapted or modified to appear than an identifiable minor is engaging in sexually explicit conduct. In response to Plaintiffs' requests for admissions, Boland admitted that he created visual depictions of children engaging in sexually explicit conduct using the likenesses of Plaintiffs which he downloaded from Istockphoto.com. In a vacuum, Plaintiffs' argument would appear to have merit.

Boland notes that Ohio statutes provide immunity for the possession, dissemination or display of child pornography for bona fide judicial purposes, and admits that there is no similar immunity provision in the federal statutes (although he previously argued, unsuccessfully in a motion to dismiss, that similar immunity exists in federal common law). He contends, however, that federal law cannot preempt state law on this issue. And even if the Court finds such preemption, he argues, it cannot find him liable under these federal statutes as a matter of law because the parties stipulated that Plaintiffs are presently unaware of the pictures and have yet to suffer psychological, physical, financial or any other injuries. Boland contends that the First and Sixth Amendments protect his ability to testify as an expert witness on behalf of a defendant in a child pornography prosecution. Finally, he argues that no court has ever held that a qualified expert witness can be prosecuted for conduct engaged in solely as part of his duties as an expert witness in a courtroom in a child pornography case and, he points out, the federal government declined to prosecute him for that very conduct.

O.R.C. §§ 2907.321 and 2907.322 provides what appears to be immunity from criminal prosecution to persons, like Boland, who testify as qualified expert witnesses in child pornography cases. There is no comparable federal statute that provides the same immunity. On

the other hand, while federal statute provides civil relief to victims of child pornography, there is no state statute that provides similar relief.

This is a difficult and troubling case, both because of the subject matter and the significant competing interests. Congress has appropriately imposed draconian penalties upon those who produce and distribute child pornography. The Department of Justice has emphasized prosecution in this area, and the U.S. Attorney's Office for the Northern District of Ohio vigorously prosecutes offenders. While the harshest sentences are reserved for those individuals who actually produce the child pornography, this Court has frequently imposed sentences of 10-20 years without parole on men whose offense consists solely of downloading the images from the internet on their home computers, and occasionally sharing files with other viewers. Once an image is put on the internet, it is potentially there forever as it can never be removed. Each time another person downloads and views an image, the child who was forced or induced to be photographed is victimized again.

Defendant Dean Boland is an attorney. A significant portion of his practice has been representing, or serving as an expert witness for, individuals charged with child pornography offenses in state and federal courts. One of Boland's strategies has been to demonstrate how, by using a now-widely used computer software program such as Photoshop, one can "morph" an innocent image of an individual into one depicting that person doing almost anything, including appearing in pornographic poses and engaging in sex acts. When Boland serves as an expert witness, the images he creates become court exhibits. They are not put on the internet or disseminated to the public, or in fact shown to anyone, with the exception of those individuals in the courtroom during Boland's testimony.

In addition to the criminal sanctions mentioned above, Congress has provided that the children whose images are produced and disseminated can file civil lawsuits against those who created the images. While a plaintiff may prove and recover actual damages, one statute also provides that the children whose images were used are deemed to have sustained damages of no less than $150,000.

The State of Ohio has a criminal statute similar to the federal one, with one significant difference. The state criminal statute expressly confers immunity for bona fide judicial purposes, which covers one whose conduct consists entirely of serving as a witness. The federal statute is silent on the subject. Additionally, the federal criminal statute provides civil relief to victims of child pornography, while the state statute is silent on that subject. Importantly, neither side provided to the Court a federal case in which a plaintiff sought damages against a defense expert witness for his or her courtroom work, and the Court has not found one.

It is undisputed that what Boland did in these cases was to download from the internet images of what appeared to him to be minors, and then "morphed" those images to make it appear that those children were actually engaging in pornographic poses or sexual acts. Boland created exhibits of these morphed images, which he used strictly in his courtroom testimony. Boland did not place any of these images on the internet, nor did he disseminate them or show them to anyone outside of the parties and whomever was in the courtroom while he was testifying. One of the cases was in federal district court in Oklahoma; the others were all Ohio state court proceedings.

The Court has carefully reviewed the record of the federal court case in Oklahoma. In that case, Judge Holmes focused his attention on whether computer software had been developed

which enabled one to "morph" innocent images into pornographic ones, and if so, was it possible for anyone other than the person who created the "morphed" images to determine if they were authentic or "morphed."  (See generally ECF No. 84-2, April 12, 2004 Order, Chief Judge Sven Erik Holmes, N.D. Oklahoma ("April 12, 2004 Order"); see also ECF No. 77-3 ("Evidentiary Hr'g Tr.") 18-19, 26-28, 121-29, 133-34, 136-37.)   Judge Holmes ordered the parties and the experts to address this issue at a hearing before him.  (See April 12, 2004 Order.)   In response to the court order, Boland prepared a number of "morphed" images, and he testified about them at the hearing.  (Evidentiary Hr'g Tr. 32- 120.)

At the conclusion of the hearing, the parties discussed with the court the concern that Boland might have run afoul of the federal criminal statute, and the Assistant U.S. Attorney made clear that her office had no intention of prosecuting Boland.  (Id. 139-141.)  No one mentioned the possibility that Boland might have subjected himself to federal civil liability.

The U.S. Attorney's Office for the Northern District of Ohio investigated Boland, and ultimately determined to enter into a Deferred Prosecution Agreement in lieu of seeking an indictment.  While the Court has no knowledge of what went into this decision, the Court can draw on its 22 years of experience as a federal prosecutor and surmise that the U.S. Attorney wrestled with many of the same considerations that makes this a difficult civil case.  The Court is not aware of any actual federal prosecution of a defense expert witness for testimony of this nature in a federal or Ohio state court.

In a Public Statement that Boland agreed to issue as part of his Deferred Prosecution Agreement, he apologized to the children whose images he downloaded and

morphed, acknowledged that federal law does not immunize such conduct, and agreed not to do it again.

> In a previous issue of the Cleveland Bar Journal, as well as in articles published in the Plain Dealer and the Columbus Dispatch, I have made certain statements regarding a federal investigation surrounding my creation and use, in court, of certain digital images.
>
> In preparation for my testimony, as an expert witness on behalf of defendants, in child pornography cases in several counties in Ohio as well as Federal District Court in Tulsa, Oklahoma, I created a series of trial exhibits. I downloaded images, from the Internet, depicting four minors in innocent poses. There was nothing about these images to suggest that they were not real identifiable children and I now know that they were in fact real. I then digitally manipulated such images and combined them with images depicting sexual conduct to create a series of visual depictions. Such visual depictions were created, by me, to appear that each of the four children was engaged in sexually explicit conduct. Despite my good faith belief that my actions taken in my capacity as an expert witness were appropriate under the circumstances, I do recognize that such images violate federal law.
>
> I created the images solely for use in court, and indeed, only used the images in the course of my testimony as an expert witness. While the Ohio Revised Code includes an exception in its child pornography statutes for material used for a judicial purpose, the United States Code contains no such statutory exception. While I do not agree with the law and feel that an exception for judicial purposes is constitutionally mandated, current federal law contains no such exception. I acknowledge that federal authorities based upon a good faith belief, acted reasonably in their effort to enforce federal criminal law and was therefore, wrong for making disparaging comments about the involved investigators and prosecutors. They did act appropriately in their enforcement of federal criminal laws and the protection of the children depicted. I also realize that while I only used the visual depictions in my efforts to educate judges and juries as to the issues surrounding virtual child pornography, it is wrong to do so with the images of innocent children. Believing that all images were to be utilized in court without further exposure or distribution, it was never my intention to harm any child. Accordingly, I apologize to each child and their respective parents and/or guardians for any embarrassment of harm they suffered from the public dissemination of this material.

(ECF No. 2 at 12.)

### 1. Oklahoma federal case

Under these circumstances, it would not be fair to impose crushing damages of $150,000 per violation for Boland's testimony before Judge Holmes. First, while the federal statute does not contain the express immunity provision contained in the Ohio law, there is no reason to believe that Congress intended the law to apply when an expert witness was responding to a federal court directive to explain how innocent children's images can be "morphed" into pornographic ones. The Court is confident that Judge Holmes did not intend to subject Boland to the threat of six-figure civil liability when he conducted the hearing in that case, and the Assistant U.S. Attorney on the case expressly stated that Boland would not be prosecuted. While Boland could have demonstrated the use of the computer software by morphing an image of an adult he downloaded from the internet, as opposed to a child, it is clear that Judge Holmes wanted Boland to demonstrate the use of the software on children's images. The Court declines to read the statute as imposing $150,000 civil liability on a defense expert witness who is complying with a federal judge's directive.

### 2. Ohio State Court Proceedings

The Sixth Amendment right to counsel requires the provision of adequate resources, including expert witnesses, in order to present an effective defense. *Ake v. Oklahoma*, 470 U.S. 68, 77 (1985). Boland was testifying as an expert witness in state criminal cases, and he had criminal immunity under state law for this testimony. Serious comity issues would be raised were the Court to read the federal statute as imposing $150,000 civil liability under these circumstances. Such a ruling might also chill defendants in future cases from exercising their constitutional rights. While Boland could have demonstrated computer "morphing" using

-11-

images of adults, exhibits with children are certainly more powerful.  Counsel in a criminal case deemed Boland's testimony helpful to the defendant, and a state court judge deemed Boland's testimony relevant and admissible.  There is no reason to believe that Congress intended the federal statutes to apply under these circumstances.  If possible, a federal court should construe a statute so as to avoid having to decide a difficult constitutional question.  *United States v. Perry*, 360 F.3d 519, 536 (6th Cir. 2004) (citing *DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Constr. Trades Council*, 485 U.S. 568, 575 (1988) (defining the canon of constitutional doubt as one that requires courts, "where an otherwise acceptable construction of a statute would raise serious constitutional problems, . . . [to] construe the statute to avoid such problems unless such construction is plainly contrary to the intent of Congress")).  Accordingly, the Court shall not construe the federal statutes imposing civil liability as applying to the testimony of an expert witness in an Ohio state criminal proceeding under the circumstances of this case.

Based on the foregoing, the Court hereby dismisses with prejudice the federal claims asserted in the First, Second, Fifth and Sixth Causes of Action.

**B.     State-Law Claims    (Third, Fourth, Seventh and Eighth Causes of Action)**

With the dismissal of all federal claims, the Court must determine whether or not to retain jurisdiction over the state law claims.  Plaintiffs assert that Boland's appropriation of their images constitutes an invasion of privacy (Third and Seventh Causes of Action), and that the unauthorized use of their "persona" for commercial gain violates O.R.C. § 2741.07 (Fourth and Eighth Causes of Action).

Under 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original

jurisdiction." Id. "While the decision to retain jurisdiction is discretionary, the strong federal custom since *United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)*, has been to dismiss those claims in order to permit state courts to decide their own law, as is their prerogative." *Braswell v. Corrections Corp. of Am.*, No. 3:08-0691, 2009 WL 2447614, at *13 (M.D. Tenn. Aug. 10, 2009). Where, as here, Ohio has a statute that provides immunity from criminal prosecution to persons who use child pornography for a bona fide judicial purpose, it is best left up to the Ohio courts to determine whether that statute also immunizes persons such as Boland from civil liability under state law causes of action for their courtroom conduct. The Court concludes that its interest in maintaining this action in federal court is far outweighed by the state court's interest in deciding its own law. Accordingly, the Court declines to exercise supplemental jurisdiction over the pending state-law claims, which are hereby dismissed without prejudice.

## IV.     CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's motion for summary judgment on the federal claims (**ECF No. 77**), **DENIES** Plaintiffs' motion for summary judgment on the federal claims (**ECF No. 73**), and **DENIES AS MOOT** Defendant's motion to strike, etc. (**ECF No. 81**). Thus, the First, Second, Fifth and Sixth Causes of Action are hereby **DISMISSED WITH PREJUDICE**. Because the only claims remaining are state-law claims, the Court declines to exercise supplemental jurisdiction over them; thus, the Third, Fourth, Seventh and Eighth Causes of Action are **DISMISSED WITHOUT PREJUDICE** to refiling in state court.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster     September 1, 2009*
**Dan Aaron Polster**
**United States District Judge**