**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JANE DOE, *et al.*, | ) ) ) CASE NO.1: 07 CV 2787 ) ) ) JUDGE Daniel A. Polster ) ) *Plaintiffs* ) **Plaintiffs' Objection to the Defendant** ) **Questioning the Constitutionality of a** ) **Federal Statute and Motion to Strike** ) ) vs. ) ) DEAN BOLAND ) ) ) *Defendant* ) |

Now come the Plaintiffs, in objection to the Defendant questioning of the constitutional validity of any federal statute, and move this court, pursuant to FRCP 5.1, for an order striking any pleading or "paper" that questions the constitutionality of any federal statute without having given notice to the Attorney General of the United States.

FRCP 5.1(a)(1)(A)[1] requires any party who questions the constitutionality of any federal or state statute to promptly give notice to the appropriate attorney general when the United States or state is not a party.

Additionally, FRCP 5.1(b) requires this court to certify to the appropriate attorney general that the constitutionality of a statute has been questioned.

Neither the Defendant nor the court has heretofore met the mandates of FRCP 5.1 even though at least one federal statute has been questioned. Plaintiffs respectfully state that had the Attorney General been included, then no party or the court would have had to posit what the intent of the in the underlying prosecution was or what the government's position was on the

---

[1] **Rule 5.1. Constitutional Challenge to a Statute-Notice, Certification, and Intervention**

(a) Notice by a Party. A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:

(1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:

(A) a federal statute is questioned and the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity; or

(B) a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity; and

(2) serve the notice and paper on the Attorney General of the United States if a federal statute is questioned-or on the state attorney general if a state statute is questioned-either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.

(b) CERTIFICATION BY THE COURT. The court must, under 28 U.S.C. §2403, certify to the appropriate attorney general that a statute has been questioned.

(c) INTERVENTION; Final Decision on the Merits. Unless the court sets a later time, the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier. Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional.

(d) NO FORFEITURE. A party's failure to file and serve the notice, or the court's failure to certify, does not forfeit a constitutional claim or defense that is otherwise timely asserted.

2

protection of minors from being victimized through the morphing of their likenesses into pornography.

Despite the fact that Congress has recognized the immense and serious nature of the harm caused to children by this type of misconduct and its desire to redress this harm by assessing the damages in the least intrusive situation at $150,000.00, the Plaintiffs find themselves arguing for the imposition of such "draconian" measures and whether they are aggrieved or even suffered personal injury even though it is uncontested that the Defendant's acts have violated the criminal statutes protecting them and giving rise to civil liability. Plaintiffs respectfully submit that it is "draconian" to believe that the harm caused by the actual inclusion of a real child as a model in the creation of such a sexually explicit depiction could be compensated by the pittance of $150,000.00.

Congress clearly recognized the serious and immense nature of the harm sought to be prevented and compensated by these statutes. The United States has a compelling interst in the protection of its children and it has a right to be heard on these pressing issues. It is respectfully submitted that the notice provisions of FRCP 5.1 are designed to help the court and the parities reach a just conclusion through application of the federal law as Congress intended it.

WHEREFORE, Plaintiffs move this court to strike any past or future "papers" questioning the constitutional validity of any federal statutes in this case if FRCP 5.1 is not complied with.

Respectfully submitted,

/s/ Jonathan E. Rosenbaum
JONATHAN E. ROSENBAUM
Supreme Court Reg. No. 0021698
Attorney for Plaintiffs
230 Third Street, Suite 104
Elyria, Ohio 44035
(440) 322-7972
fax (440) 322-7972
Email: jerosenbaum@alltel.net

**Proof of Service**

A true and accurate copy of the foregoing has been electronically served this 3rd day of May, 2011 by the Court's electronic filing system.

/s/ Jonathan E. Rosenbaum
JONATHAN E. ROSENBAUM
Supreme Court Reg. No. 0021698
Attorney for Plaintiffs

4