# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **PETER LORA, et al.,** ) | Case No. 1:07 CV 2787 |
| ) | |
| Plaintiffs, ) | |
| ) | **Judge Dan Aaron Polster** |
| vs. ) | |
| ) | |
| **DEAN BOLAND,** ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

Before the Court is a document entitled "Plaintiffs' Objection to the Defendant Questioning the Constitutionality of a Federal Statute and Motion to Strike" (hereafter, "**Motion to Strike**"). (**Doc #: 93**.) For the reasons to follow, the Court **DENIES AS MOOT** the Motion to Strike.

**I.**

In the course of preparing expert testimony and exhibits for criminal trials, Defendant Dean Boland, Esq. downloaded innocent images of real children from a stock photo website, digitally "morphed" them into images of children engaging in various sex acts, then used the morphed images to help his clients defend against child pornography charges in one federal and several Ohio state courts. The parents of two of the children whose images Boland used to create his trial exhibits found out about them, prompting the parents to sue Boland under, among other things, the civil remedy provisions of the federal child pornography statute.

**A.**

On April 27, 2009, Boland filed a motion for summary judgment. (Doc #: 77.) First, he argued that federal law (i.e., the civil remedy provisions of the federal child pornography statutes) does not preempt Ohio law (i.e., the Ohio statutes providing immunity for expert witnesses). Next, Boland argued that, even if federal law does preempt state law on the subject, he still cannot be held liable for damages because the application of the criminal definitional statute, 18 U.S.C. § 2256(8)(c),[1] to his images violates his First Amendment right to free speech and is unconstitutional as applied to him as a defense expert witness. Finally, Boland argued that, even if the Court does not find that § 2256(8)(c) is unconstitutional as applied to him, he is still not liable for damages because the minors did not suffer "personal injury" under 18 U.S.C. § 2255, and none of the plaintiffs can show they are "aggrieved" under § 2252A(f).

On September 1, 2009, the Court granted Boland's motion for summary judgment. (Doc #: 85.) With regard to Boland's conduct in the federal child pornography proceeding, the Court found that there was no reason to believe Congress intended the civil remedies to apply to an expert witness when a district court authorizes that witness to demonstrate how innocent images of children can be morphed into pornographic ones. (Id. at 11.) With regard to Boland's conduct in the Ohio child pornography proceedings, the Court noted that Boland had criminal immunity under Ohio law for his courtroom testimony, and that serious comity issues would arise if the Court were to read the federal statute as imposing $150,000 civil liability on someone

---

[1] Under 18 U.S.C. § 2256(8)(c), or an image "created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct" constitutes unlawful child pornography.

whose testimony is immune from damages under Ohio law. The Court, thus, declined to so interpret the federal statute under these particular circumstances. (Id. at 11-12.)

**B.**

The Sixth Circuit reversed this Court's rulings on appeal. *Doe v. Boland*, 630 F.3d 491, (6th Cir. 2011). The court found that Boland had no basis for denying he knowingly possessed images of child pornography that violated federal law; the civil remedy provisions provided no exemption for his conduct; and no common law exemptions applied in this setting. *Id*. at 493-95. The court rejected Boland's argument that, without an exemption for this kind of expert testimony, a defendant's right to put on an effective defense under the Sixth Amendment would be hindered. *Id*. at 495-96. The appeals court found that the Oklahoma district court did not expressly authorize Boland to create the pornographic images of children he presented in that district, and explained that there were other ways he could have illustrated the difficulty of discerning real from virtual images without hindering an alleged criminal's defense or violating federal law. *See id*. at 496-97. The court rejected the argument that Ohio statutes authorized Boland's conduct while federal law punished it. The court also rejected the argument that the size of the damages award demonstrated that the federal civil remedy provisions do not apply to expert witnesses. *Boland*, 630 F.3d at 497-98. Although the court noted that the definitional statute of child pornography, § 2256(8)(c), applied to Boland's images, it found nonetheless that the First Amendment challenge to that statute "is not now before us." *Id*. at 498. The court concluded:

> [W]e need not reach other defenses Boland has raised and that the district court has not yet considered. Boland, for example, argues that children did not suffer "personal injury," as required under § 2255, because the parties have stipulated that each child does not know about the images. The fact that Congress has set

-3-

> such a sizeable damages threshold ($150,000) may suggest that the personal injury requirement is a serious one. He also argues that none of the plaintiffs can show they are "aggrieved" under § 2252A(f). And it is possible that constitutional defenses remain.

*Id*. at 499. As such, the Sixth Circuit entrusted the initial resolution of these issues to the undersigned. *Id*.

**C.**

Following remand, the Court held teleconferences with counsel on February 17, 2011 and April 29, 2011 to discuss how to proceed with this case. (See non-document Minutes dated 2/17/11, 5/2/11.) Following the last teleconference, the Court issued a non-document Minutes entry directing counsel to brief, among other things, Boland's constitutional challenges to the relevant federal statutes, along with the following briefing schedule:

- The deadline for Boland to file the first brief (not to exceed 25 pages in length) is June 30, 2011.

- The deadline for plaintiffs to file an opposition brief (not to exceed 25 pages in length) is July 29, 2011.

- The deadline for Boland to file a reply brief (not to exceed 15 pages in length) is August 30, 2011.

(See non-document Minutes entry of 5/2/11.)

On May 3, 2011, Plaintiffs filed the pending Motion to Strike, asking the Court to strike any past or future briefs questioning the constitutional validity of any federal statutes unless Rule 5.1 of the Federal Rules of Civil Procedure is followed. (Doc #: 93 at 4.) Plaintiffs cite Rule 5.1(a)(1)(A) which requires parties questioning federal statutes to give appropriate notice to the Attorney General of the United States, and Rule 5.1(b) which requires, under 28 U.S.C. § 2403, that courts certify such challenges to the Attorney General. Although conceding that at least one

federal statute has been challenged during the course of these proceedings, Plaintiffs note that neither the Defendant nor the Court has complied with Rule 5.1.

In opposition, Boland observes that Plaintiffs were aware of the constitutional challenges from the earliest pleadings in the case, yet failed to alert the Court or Defendant to this omission until now. (Doc #: 94 at 2.) Further, under Rule 5.1(d), neither a party's failure to file and serve the notice, nor the Court's failure to certify the constitutional challenge, forfeits "a constitutional claim or defense that is otherwise timely asserted." (Id.)

Having reviewed the recently filed briefs and the entire record, the Court finds that the constitutionality of the subject child pornography statutes have been challenged by Defendant since his very first appearance in this case. (See Doc #: 5, at 2-6.) The challenge has been recognized by this Court in its summary judgment ruling as well as by the Sixth Circuit in its decision on appeal. Thus, despite the lapse of time,

the Court hereby **CERTIFIES** to the Attorney General that 18 U.S.C. §§ 2252 and 2256(8)(C) have been called into question in this case, and **DIRECTS** the Clerk of Court to provide a copy of this Order to (1) the Attorney General of the United States and (2) the United States Attorney for the Northern District of Ohio.

the Court **ORDERS** Boland to promptly (1) file, in accordance with Rule 5.1(a)(1)(A)(2), a notice of constitutional question articulating the specific question(s) and identifying the paper(s) that raise it, and (2) serve the notice and paper(s) as set forth under the Rule on (a) the Attorney General of the United States and (b) the United States Attorney for the Northern District of Ohio.

The Court observes that the present briefing schedule allows the Attorney General sufficient time to determine whether to make an appearance and oppose Boland's constitutional challenge.

## II.

Given the above directives, the Court hereby **DENIES AS MOOT** the Motion to Strike (**Doc #: 93**).

**IT IS SO ORDERED.**

 */s/ Dan A. Polster     May 10, 2011*
**Dan Aaron Polster**
**United States District Judge**