UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEAN BOLAND, | Case No.: 1:09 CV 1614 |
| Plaintiff | |
| v. | JUDGE SOLOMON OLIVER, JR. |
| ERIC HOLDER, ATTORNEY GENERAL, | |
| Defendant | |
| | ORDER |

Plaintiff Dean Boland ("Plaintiff" or "Boland") brings the above-captioned case against Defendant Eric Holder, Attorney General of the United States ("Defendant" or "Government"). Pending before the court is Defendant's Motion to Dismiss (ECF No. 12). For the reasons stated below, the court grants Defendant's Motion.

## I. FACTS AND PROCEDURAL HISTORY

On July 14, 2009, Plaintiff filed a Complaint for Declaratory Judgment and Injunctive Relief against Defendant. ( ECF No. 1.) He wishes to assert claims on behalf of all Ohio citizens, Ohio criminal defense attorneys and Ohio defense expert witnesses who are involved, now or in the future, in cases arising from alleged violations of the following Ohio child pornography statutes: Ohio Revised Code §§ 2907.321, 2907.322, and 2907.323. (Compl. at ¶ 3.) Plaintiff seeks to prevent the enforcement of the following federal child pornography and obscenity statutes ("federal child pornography laws/statutes") against any person involved in a judicial proceeding concerning any of the Ohio child pornography statutes for conduct authorized under Ohio law:

(1) 18 U.S.C. § 2251 (Sexual exploitation of children);

(2) 18 U.S.C. § 2251(A) (Selling or buying of children);

(3) 18 U.S.C. § 2252 (Certain activities relating to material involving the sexual exploitation of minors);

(4) 18 U.S.C. § 2252(A) (Certain activities relating to material constituting or containing child pornography);

(5) 18 U.S.C. § 2252(B)(Misleading domain names on the Internet);

(6) 18 U.S.C. § 2260 (Production of sexually explicit depictions of a minor for importation into the United States);

(7) 18 U.S.C. § 1460 (Possession with intent to sell, and sale, of obscene matter on Federal property);

(8) 18 U.S.C. § 1461 (Mailing obscene or crime-inciting matter);

(9) 18 U.S.C. § 1463 (Mailing indecent matter on wrappers or envelopes);

(10) 18 U.S.C. § 1464 (Broadcasting obscene language);

(11) 1466 (Engaging in the business of selling or transferring obscene matter);

(12) 18 U.S.C. § 1466(A) (Obscene visual representations of the sexual abuse of children); and

(13) 18 U.S.C. § 1470 (Transfer of obscene material to minors).

(Def.'s Mot. to Dismiss, at pp. 2-3.)

Plaintiff is an Ohio criminal defense attorney representing persons charged with violations of the above-mentioned Ohio child pornography statutes in Ohio Court proceedings. (Compl. at ¶ 8.) He has also served as an expert witness in child pornography proceedings. (Compl. at ¶ 9.) In

2

2004, the federal government began to investigate Plaintiff for his use of child pornographic materials as court exhibits in several Ohio judicial proceedings and one Oklahoma federal proceeding. (Compl., at ¶ 19.) This investigation revealed that from March 16, 2004, through April 1, 2004, Plaintiff downloaded and manipulated images from the internet of real and identifiable minors and created a series of visual depictions of these minors engaged in sexually explicit conduct. (Pretrial Diversion Agreement - Factual Statement, ECF No. 12-2, at p. 10.) Plaintiff maintains that this conduct was authorized by Ohio state judicial officers under the Ohio child pornography statutes, and the conduct occurring in Oklahoma was authorized by federal district Judge Sven Erik Holmes of the Northern District of Oklahoma. (Compl., at ¶ 22.)

In June of 2005, the federal government, pursuant to their investigation, raided Plaintiff's home and detained him in a Cleveland area parking lot while authorities searched and seized his personal and business belongings. (Compl. at ¶¶ 23-25.) On April 5, 2007, Plaintiff signed a Deferred Prosecution Agreement, which states that his conduct violated 18 U.S.C. § 2252A(a)(5)(B), and wherein he agreed to refrain from engaging in similar conduct for eighteen months. (Pretrial Diversion Agreement.)[1] Plaintiff fully complied with the terms of this Agreement. (Def.'s Mot. to Dismiss, at p. 2.)

At the conclusion of the Agreement's eighteen-month period, on July 14, 2009, Plaintiff filed the instant suit in this court, seeking declaratory and injunctive relief to prevent the enforcement of

---

[1] While documents outside of the parties' pleadings should not ordinarily be considered in deciding a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(d), the Pretrial Diversion Agreement is referred to throughout the pleadings and neither party disputes its existence and/or relevance. (Compl. at ¶¶ 27, 33, 34, 38, 40, 55; Def.'s Mot. to Dismiss at pp. 1- 2.) Therefore, this court will consider the Agreement in the context of the instant Motion to Dismiss.

federal child pornography laws against any person whose conduct is authorized under Ohio child pornography laws. (Compl. at ¶ 4.) Specifically, Plaintiff asserts the following claims: (1) declaratory judgment that federal child pornography laws do not preempt state child pornography laws (Count I); (2) injunctive relief to prevent the enforcement of federal child pornography laws on Ohio defense attorneys and defense expert witnesses (Count II); (3) declaratory judgment that the application of federal child pornography laws to conduct authorized under state law violates the First Amendment (Count III); (4) declaratory judgment that the application of federal child pornography laws in this regard violates the Sixth Amendment (Count IV); and (5) injunctive relief against the application of the federal child pornography laws to the specific case, *State v. Brady* (Count V).

On October 14, 2009, Defendant filed a Motion to Dismiss the case for failure to state a claim upon which relief can be granted. Plaintiff then filed a Response to that Motion on October 28, 2009 ( ECF No. 14), and the Defendant submitted a Reply to Plaintiff's Response on November 12, 2009. ( ECF No. 15.)

## II. LEGAL STANDARD

The court examines the legal sufficiency of the plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6). *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and recently in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009) clarified the law regarding what the plaintiff must plead in order to survive a Rule 12(b)(6) motion.

When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual

allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 129 S.Ct. at 1949, further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

The Sixth Circuit has held that a court may consider allegations contained in the Complaint, as well as exhibits attached to or otherwise incorporated in the Complaint, all without converting a Motion to Dismiss to a Motion for Summary Judgment. Fed. R. Civ. P. 10(C); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

### III. LAW AND ANALYSIS

Plaintiff's Complaint seeks declaratory and injunctive relief against the enforcement of thirteen separate federal child pornography statutes, listed *supra*, on behalf of himself, all Ohio

5

citizens, criminal defense attorneys and defense expert witnesses who are involved, now or in the future, in cases arising from alleged violations of the following Ohio child pornography statutes: Ohio Rev. Code §§ 2907.321, 2907.322, and 2907.323. (Compl. at ¶ 3.) Some of the federal statutes Plaintiff seeks to challenge are, as the Government asserts, entirely unrelated to Plaintiff's conduct at issue or his role as a criminal defense attorney and/or expert witness for child pornography proceedings. For example, Plaintiff seeks to invalidate a statute prohibiting the buying or selling of children, 18 U.S.C. § 2251(A), a law with no relation to the conduct Plaintiff seeks to authorize. His Complaint is problematic, in this regard, as he lacks the necessary standing to bring such a broad challenge. As the Sixth Circuit stated in *Coyne v. Am. Tobacco Co.*, 183 F.3d 488 (6th Cir. 1999),

> [t]o satisfy Article III's standing requirement, a plaintiff must have [1] suffered some actual or threatened injury due to the alleged illegal conduct of the defendant; [2] the injury must be 'fairly traceable' to the challenged action; [3] and there must be a substantial likelihood that the relief requested will redress or prevent plaintiff's injury.

*(*quoting *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982)).

Plaintiff must show that the federal statutes from which he seeks relief are the source of some actual or threatened injury he has or will personally suffer. *Id.* He is unable do so for all of the statutes he cites. Plaintiff, whose investigation and Pretrial Diversion Agreement were pursuant to charges under 18 U.S.C. § 2252A(a)(5)(B), can only claim standing to challenge 18 U.S.C. § 2252 (certain activities relating to material involving the sexual exploitation of minors) and 18 U.S.C. § 2252A (certain activities relating to material constituting or containing child pornography), as well as any exceptions related to these statutes, such as 18 U.S.C. § 3509(m). Plaintiff does not,

6

however, have standing to address the other statutes he includes in his Complaint because he has failed to present any basis by which this court can find a relationship, let alone "actual or threatened injury," between the conduct these statutes criminalize and the conduct Plaintiff engages in as a criminal defense attorney and/or expert witness. Accordingly, this court finds that Plaintiff lacks standing to challenge the following federal statutes remaining under the Federal child pornography laws: 18 U.S.C. § 2251; 18 U.S.C. § 2251A; 18 U.S.C. § 2252B; 18 U.S.C. § 2260; 18 U.S.C. § 1460; 18 U.S.C. § 1461; 18 U.S.C. § 1463; 18 U.S.C. § 1464; 18 U.S.C. § 1466; 18 U.S.C. § 1466A; and 18 U.S.C. 1470.

With respect to the federal statutes still at issue, the court reads Plaintiff's Complaint as raising three discrete issues: (1) whether the Ohio child pornography statutes are preempted by the federal child pornography statutes; (2) whether application of the federal child pornography statutes to conduct authorized under state law violates the First Amendment; and (3) whether the federal child pornography statutes prevent criminal defendants from receiving a fair trial in violation of the Sixth Amendment. The court addresses each issue separately in Sections A, B, and C below.

### A. Preemption Issue

In Count I of the Complaint, Plaintiff requests declaratory judgment that Ohio child pornography laws are not preempted by federal child pornography laws. (Compl., at ¶¶ 57-62.) The Constitution of the United States provides that "the Laws of the United States which shall be made in Pursuance" of the Constitution "shall be the supreme Law of the Land...any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. Art. VI, cl. 2. The purpose of this clause to "avoid the introduction of disparities, confusions and conflicts which would follow if the Government's general authority were subject to local controls." *U.S. v. Allegheny, Pa.*,

322 U.S. 174, 183 (1944) (abrogated and overruled on other grounds). The Supreme Court has explained that to effectuate this power, a federal statute may either expressly or implicitly preempt state law. *Fidelity Fed. Sav. and Loan Ass'n v. De la Cuesta*, 458 U.S. 141, 152-53 (1982). When Congress creates a statute it may "indicate preemptive intent through a statute's express language or through its structure and purpose." *Altria Group, Inc. v. Good*, 129 S. Ct. 538, 543 (2008); *see also Jones v. Rath Packing Co.*, 430 U.S. 519, 530-32 (1977). In the instant case, there is no indication in the statutory language or construction - nor does either party contend - that the federal child pornography statutes expressly preempt state law. (Compl., at ¶ 57; Def.'s Response to Pl.'s Reply to Def.'s Mot. to Dismiss, at p. 3.)

If Congress does not expressly indicate its preemptive intent, "[it] may also be inferred if the scope of the statute indicates that Congress intended federal law to occupy the legislative field, or if there is an actual conflict between state and federal law." *Altria Group, Inc.*, 129 S. Ct. at 543; *see also Freightliner Corp. v. Myrick*, 514 U.S. 280, 287 (1995). The Supreme Court has divided the issue of implied preemption into two categories: (1) field preemption and (2) conflict preemption. *Glade v. Nat'l Solid Waste Magmt. Ass'n.*, 505 U.S. 88, 98 (1992). Field preemption exists where federal regulation is "'so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it.'" *Id.* (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)). Field preemption is not applicable to the present case because the United States Supreme Court has acknowledged that States are entitled to substantial leeway in their regulation of child pornography. *See Ferber v. New York*, 458 U.S. 747, 756 (1982).

==Conflict preemption exists where either "compliance with both federal and state regulations is a physical impossibility" or where state law "stands as an obstacle to the accomplishment and==

8

execution of the full purpose and objectives of Congress." *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 141-43 (1963) (explaining conflict preemption where compliance is a physical impossibility); *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941) (explaining conflict resolution where state law is an obstacle for the purposes and objectives of Congress); *see also Felder v. Casey*, 487 U.S. 131, 138 (1988); *Perez v. Campbell*, 402 U.S. 637, 649 (1971)). In situations where there is a conflict between state and federal law, it is well-established that the state laws are "without effect." *Maryland v. Louisiana*, 451 U.S. 725, 746 (1981).

### 1. Federal Child Pornography Statutes

In the instant case, the Ohio and federal child pornography statutes both seek to regulate the possession, receipt, distribution, etc. of images alleged to depict minors engaged in prohibited sexual conduct. Thus generally, the two statutes do not conflict but rather supplement one another, requiring a citizen to conform their conduct to both laws. However, there is an issue whether conflict preemption is applicable with respect to Ohio Rev. Code § 2907 and federal statutes, 18 U.S.C. § 2252 and 18 U.S.C. § 2252A. *See Dalton v. Little Rock Family Planning Servs.*, 516 U.S. 474, 476 (1996) (finding that state law is preempted only "to the extent that it actually conflicts with federal law.") (quoting *Pacific Gas & Electric Co. v. State Energy Res. Conservation and Dev. Comm'n*, 461 U.S. 190, 204 (1983)).

Section 2907 provides:

> This section does not apply to any material or performance that is sold, disseminated, displayed, possessed, controlled, brought or caused to be brought into this state, or presented for a bona fide medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, clergyman, prosecutor, judge, or other person having a proper interest in the material or performance.

9

Ohio Rev. Code § 2907.322 (2001). In other words, under Ohio law, a lawyer can review and/or create child pornographic materials anywhere, provided it is done strictly in the course of or related to a judicial proceeding.

Federal statutes, 18 U.S.C. § 2252 and 18 U.S.C. § 2252A, criminalize certain activities relating to material involving the sexual exploitation of minors and certain activities relating to material constituting or containing child pornography, respectively. Plaintiff in this case has not relied, and cannot rely, on the state exception and comply with the federal law, and thus there is a conflict between these sections of the respective child pornography statutes. Plaintiff's use of prohibited materials in his home and/or office, albeit for a strictly judicial purpose, violates federal law. Plaintiff has conceded as much in his Response to the Government's Motion to Dismiss. (Pl.'s Response to Def. Mot. to Dismiss, pp. 5-6.) But Plaintiff's contention that state law somehow shields him from federal prosecution is contrary to both the Supremacy Clause of Article VI and a long history of Supreme Court case law, noted *supra*. Unless a federal law states otherwise, state law cannot empower a citizen to act contrary to a federal prohibition. *See, e.g.*, *Perez v. Campbell*, 402 U.S. 637 (1971); *Fidelity Federal Sav. And Loan Ass'n v. De la Cuesta*, 458 U.S. 141 (1982). Therefore, if Plaintiff were to violate 18 U.S.C. § 2252 and/or 18 U.S.C. § 2252A, while participating in a judicial proceeding, he would not be immune from federal prosecution by virtue of Ohio's exception for activities conducted by lawyers. As a result, Plaintiff's request for declaratory judgment that Ohio Rev. Code § 2907.322 is not preempted by the federal child pornography statutes is without merit. However, the court will address below whether the application of the federal child pornography statutes in the circumstances raised by Plaintiff would be violative

Case 4:09-cv-02871-SPO Doc #: 31 Filed: 09/30/10 11 of 17. PageID #: 344
Case 1:09-cv-02871-ASP Doc #: 31 Filed: 09/30/10 11 of 17. PageID #: 193

of certain constitutional rights as asserted by Plaintiff.

## 2. Adam Walsh Act's 18 U.S.C. § 3509(m)

Defendant argues in his opposition brief that Plaintiff might rely on a federal statute, 18 U.S.C. § 3509(m), which governs the handling of evidence in child pornography cases, as a means of ensuring that he will not be prosecuted for child pornography while involved in a court proceeding. Plaintiff maintains that this provision is a procedural rule which regulates how lawyers and witnesses must handle evidence in child pornography cases and in federal court only, and should not be held to preempt state law, which is far more lenient. Section 3509(m) is part of the Adam Walsh Act, which provides a range of protections for children, largely regulating sex offender registration, but includes a provision on child pornography. This section limits the use of such materials to "inspection, viewing, and examination at a Government facility".

Section 3509(m) provides:

> (1) In any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) shall remain in the care, custody and control of either the Government or the court.
>
> (2) (A) Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography (as defined b y Section 2256 of this title), so long as the Government makes the property or material reasonably available to the defendant.
>
> (B) For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the

>           defendant, his or her attorney, and any individual the
>           defendant may seek to qualify to furnish expert
>           testimony at trial.

18 U.S.C. § 3509(m) (2004).

The information currently available to this court suggests that 18 U.S.C. § 3509(m) is not applicable to state court proceedings. This exception, based on its language and location, appears to be a procedural rule governing federal prosecutions, and not applicable to state court proceedings. This conclusion is bolstered by the reference to Rule 16 of the Federal Rules of Criminal Procedure in § 3509(m). Further, the only other federal case to date to address this issue, *U.S. v. Flynn*, 2010 WL 1782157 (D.S.D. Apr. 28, 2010), based its holding in part on a finding that § 3509(m) operates as a procedural requirement in a federal court proceeding. However, this court need not address this issue inasmuch as this court has already held that state courts are free to fashion their own procedural rules regarding the handling of evidence in child pornography cases, only to the extent that they do not violate federal obscenity laws themselves.

### B. First Amendment Issue

In Count III of the Complaint, Plaintiff requests declaratory judgment that the application of federal child pornography laws to persons engaged in conduct authorized by the Ohio child pornography laws violates the First Amendment. (Compl., at ¶¶ 69-70.) More specifically, Plaintiff alleges that the application of federal child pornography laws under such circumstances threatens to chill the exercise of constitutional rights by counsel and/or defendants in future cases. (Pl.'s Response to Def.'s Mot. to Dismiss, at pp. 9-10.)

The First Amendment of the United States Constitution states that "Congress shall

make no law...abridging the freedom of speech." U.S. Const. Amend I. However, it is well-settled that this right is not boundless, and there are a number of categories of speech unprotected by the First Amendment (i.e., obscenity, defamation, incitement to illegal action.). *Simon & Schuster, Inc. v. Members of N.Y. Crime Victims Bd.*, 502 U.S. 105, 127 (1991). Accordingly, the Court has "sustained legislation aimed at protecting the physical and emotional well-being of youth even when the laws operated in the sensitive area of constitutionally protected rights." *New York v. Ferber*, 458 U.S. 747, 757 (1982) (upholding a state law prohibiting persons from knowingly distributing material which depicted sexual performances by children under the age of 16.) The Court explained that the "prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance," *Id.* at 757, and "the evil to be restricted so overwhelmingly outweighs [any] expressive interests." *Id.* at 763. As a result, child pornography is undeserving of First Amendment protection. *Id.* at 764. Plaintiff fails to direct and the court fails to find case law dictating that this limitation would be any different in the context of a judicial proceeding.

Since *Ferber*, courts have regularly upheld child pornography laws against First Amendment challenges. *See U.S. v. Williams*, 128 S. Ct. 1830 (upholding the constitutionality of 18 U.S.C. § 2252A and finding it did not violate the First Amendment); *U.S. v. Halter*, 259 F. App'x 738, 739 (6th Cir. 2008) (upholding 18 U.S.C. § 2252 against a First Amendment challenge); *U.S. v. Whorley*, 550 F.3d 326, 337 (4th Cir. 2008), *cert. denied*, 130 S. Ct. 1020 (Jan. 11, 2010) (upholding 18 U.S.C. § 1466A against a First Amendment challenge); *U.S. v. Bach*, 400 F.3d 622, 632 (8th Cir. 2005) (finding that 18 U.S.C. § 2256(8)(C) did not violate the First Amendment in that case where the interest of

real children were implicated in the image at issue)).

However, in 2002, the Supreme Court in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002), invalidated two sections of the Child Pornography Protection Act, specifically 18 U.S.C. §§ 2256(8)(B) and 2256(8)(D), as unconstitutionally overbroad. These sections prohibited visual depictions that "appear to be" of a minor engaged in child pornography or which are "advertised, promoted, presented, described, or distributed in such a manner that conveys the impression that

( . . . ) a minor [is] engaging in sexually explicit conduct."  18 U.S.C. § 2256(8)(B) (1996); 18 U.S.C. § 2256(8)(D) (1996).  The Court invalidated these provisions because they criminalized images that only appear to be children involved in sexually explicit conduct and thus involve no real minor(s). *Ashcroft*, 535 U.S. at 255 ("Protected speech does not become unprotected merely because it resembles the latter.") The holding in *Ashcroft*, however, is inapplicable to the present dispute.  Whereas the regulations invalidated in *Ashcroft* lacked the necessary justification for regulation because of the substantial possibility that no children would even be involved in the production of the material, Plaintiff's conduct in this case involved the possession and manipulation of images involving real children in sexually explicit positions. (Compl. at ¶¶ 13, 33; Deferred Prosecution Agreement at 10.) This, as the Court in *Ferber* held, creates a "permanent record" of a real child involved in a pornographic depiction, something the Court wanted to guard against.  *Ferber*, 458 U.S. at 759.

Thus, Plaintiff's request for declaratory judgment that his conduct is protected by the First Amendment is without merit.

### C. Fair Trial Issue

In Count IV of the Complaint, Plaintiff requests declaratory judgment that the application of federal child pornography laws to persons engaged in conduct authorized by Ohio child pornography laws prevents criminal defendants from receiving a fair trial as guaranteed under the Sixth Amendment. Additionally, in Count V, Plaintiff presents the same Sixth Amendment contention as in Count IV, but seeks injunctive relief against the application of federal child pornography laws to him in his capacity as counsel or to Ohio expert witnesses in a specific case, *State v. Brady*, which is now on remand from the Ohio Supreme Court. The Sixth Amendment provides:

> In all criminal prosecutions, **the accused shall** enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to **have the Assistance of Counsel for his defense**.

U.S. Const. Amend VI. (emphasis added). The crux of Plaintiff's claims are that without the full protection granted by the Ohio child pornography statutes, defense counsel cannot adequately represent defendants in child pornography cases for fear of federal prosecution. The Ohio Supreme Court, however, reached this issue in the very case in which Plaintiff was counsel, when asked to consider "whether the federal child pornography statutes deprive a defendant of the right to expert assistance in a trial involving charges for pandering obscenity and sexually oriented material involving a minor." *State v. Brady*, 894 N.E.2d 671, 673 (Ohio 2008), *reconsideration denied*, 897 N.E.2d 655 (Ohio 2008), *cert. denied*, 129 S. Ct. 2389 (2009). The court held that "the federal child pornography laws do not deprive a defendant...of the right to expert assistance or to a fair trial." *Id.* The court reasoned that

15

"[t]his is no different from the practice of prohibiting experts in drug cases from manufacturing controlled substances or prohibiting experts in counterfeiting cases from printing counterfeit money." *Id.* at 679. It then remanded the case to the trial court. *Id.* The court finds the Ohio Supreme Court's reasoning well-taken, and agrees that the federal child pornography laws do not deprive a defendant of the right to a fair trial.

Plaintiff is now asking this court to issue injunctive relief that would prevent the application of the federal child pornography laws in direct contravention of the Ohio Supreme Court's decision. The court is precluded from doing so on the basis of *res judicata,* from contesting that the federal child pornography statutes violate the fair trial rights of criminal defendants, as he has already litigated this issue in *Brady*. The principle of *res judicata*, "bars further claims by parties or their privies based on the same cause of action" with respect to a final judgment on the merits. *Montana v. United States*, 440 U.S. 147, 153 (1979); *see also Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997) (providing the elements for *res judicata* to apply). The fact that Brady was a state court case and Plaintiff now seeks to file suit in federal court is of no consequence. A federal court "must give the same preclusive effect, under the doctrine[] of res judicata..., to state court judgments that those judgments would receive in courts of the rendering state." *Ingram v. City of Columbus*, 185 F.3d 579, 593 (6th Cir. 1999); *see also Gutierrez v. Lynch*, 826 F.2d 1534, 1537 (6th Cir. 1987) ("[I]f an individual is precluded from litigating a suit in state court by the traditional principles of res judicata, he is similarly precluded from litigating the suit in federal court.")

Thus, Plaintiff's requests for declaratory judgement that the federal child pornography

statutes prevent criminal defendants in child pornography cases from receiving a fair trial and injunctive relief against the application of federal child pornography laws in the specific case, *State v. Brady*, are without merit.

## IV. CONCLUSION

For the foregoing reasons, the court grants Defendant's Motion to Dismiss (ECF No. 12).

IT IS SO ORDERED.

    /s/ *SOLOMON OLIVER, JR.*
    CHIEF JUDGE
    UNITED STATES DISTRICT COURT

September 30, 2010