# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| PETER LORA, et al. | ) | Case No. 1:07-CV-2787 |
| Plaintiffs, | ) | Judge Dan Aaron Polster |
| vs. | ) | **UNITED STATES' ACKNOWLEDGMENT OF CHALLENGE TO THE CONSTITUTIONALITY OF AN ACT OF CONGRESS** |
| DEAN BOLAND, | ) | |
| Defendant. | ) | |

The United States hereby submits this Acknowledgment of Challenge to the Constitutionality of an Act of Congress, and states as follows:

1. On September 14, 2007, the minor plaintiffs and their guardians ("Plaintiffs") filed a lawsuit against Defendant Dean Boland ("Defendant") alleging, among other things, violations of the federal child pornography civil remedy provisions codified at 18 U.S.C. §§ 2252A(f) and 2255. Dkt. No. 1.

2. On April 27, 2009, Defendant filed a motion for summary judgment arguing, among other things, that (1) federal child pornography law does not preempt Ohio child pornography law; (2) the federal definition of child pornography contained in 18 U.S.C. § 2256(8)(C) violates his free speech rights under the First Amendment; and (3) the federal child pornography possession statute (18 U.S.C. § 2252A(a)(5)(B)) and corresponding civil remedy provisions (18 U.S.C. §§ 2252A(f) and 2255) are unconstitutional as applied to him as an expert witness. Dkt. No. 77. The United States was not notified of any of these challenges.

3.	On September 1, 2009, this Court ruled in favor of Defendant, dismissed Plaintiffs' federal claims with prejudice, and declined to retain jurisdiction over the pendant state-law claims.  Dkt. No. 85.   Plaintiffs appealed.  Dkt. No. 87.

4.	On January 19, 2011, the Sixth Circuit reversed the judgment and remanded the case to allow this Court to consider the potential legal defenses in the first instance.  Doe v. Boland, 630 F.3d 491 (6th Cir. 2011).

5.	On May 2, 2011, the Court directed counsel to brief the following issues:  (1) whether the aforementioned federal child pornography laws "violate the Sixth Amendment as applied to a defense trial witness who did what Defendant Boland did"; (2) whether the plaintiff minors are "persons aggrieved" under section 2252A(f); (3) whether the minors suffered "'personal injury' as required under section 2255 given that the parties have stipulated that each child did not know about the images"; and (4) whether the definition of child pornography contained in section 2256(8)(C) violates the First Amendment.  Minute Order of May 2, 2011.

6.	Neither party raised the requirements of Federal Rule of Civil Procedure 5.1 until May 3, 2011, when Plaintiffs moved to strike any pleadings filed by Defendant questioning the constitutionality of a federal statute in the absence of a Rule 5.1 notice.  Dkt. No. 93.  On May 10, 2011, the Court denied Plaintiffs' motion and certified that the constitutionality of 18 U.S.C. §§ 2252 and 2256(8)(C) had been called into question by Defendant.  Dkt. No. 95 at 5.[1]

---

[1]  The United States understands that the same constitutional challenges raised in this case were also raised by Mr. Boland in Boland v. Holder, 2010 WL 3860996 (N.D. Ohio Sept. 30, 2010), the appeal of which is fully briefed and currently awaiting oral argument before the U.S. Court of Appeals for Sixth Circuit.  See Boland v. Holder, No. 10-4381 (6th Cir. 2011).

7. The United States is authorized to intervene in any federal court action in which the constitutionality of an Act of Congress is drawn into question. See 28 U.S.C. § 2403. Under Department of Justice regulations, the approval of the Solicitor General is required for the United States to intervene to defend the constitutionality of a federal statute. See 28 C.F.R. § 0.21 ("The Solicitor General may in consultation with each agency or official concerned, authorize intervention by the Government in cases involving the constitutionality of acts of Congress."). The process of obtaining approval to intervene can take several weeks.

8. In the Court's May 10 order certifying the constitutional challenges, it observed that the parties' pending briefing schedule, which currently concludes on August 30, 2011, allowed the Attorney General sufficient time to determine whether to intervene. See Dkt. 95 at 6. Accordingly, the United States anticipates notifying the Court of whether it will intervene by the conclusion of the briefing schedule as set forth in the Court's Minute Order of May 2, 2011.

Dated: July 11, 2011

Respectfully submitted,

TONY WEST
Assistant Attorney General

VINCENT M. GARVEY
Deputy Director, Federal Programs Branch

/s/ Bryan Dearinger
BRYAN DEARINGER (OR Bar #06151)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Rm. 7334
Washington, DC 20530
Tel: (202) 514-3489
Fax: (202) 616-8470

*Counsel for the United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2011, a copy of the foregoing document was filed electronically through the Court's CM/ECF system, which caused all parties or counsel to be served by electronic means as reflected on the Notice of Electronic Filing.

      /s/ Bryan Dearinger
      BRYAN DEARINGER
      Trial Attorney
      United States Department of Justice