IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PETER LORA, VICTORIA BLOOM et al | 1:07 CV 2787 |
| | JUDGE DAN AARON POLSTER |
| V. | |
| | MOTION TO STRIKE |
| DEAN BOLAND | |

Dean Boland respectfully moves this court to strike R.100 from the record of this case for the reasons contained in the attached memorandum.

/s/ Dean Boland

Dean Boland 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
216-236-8080 ph
866-455-1267 fax
dean@deanboland.com

## MEMORANDUM

The minor plaintiffs stipulated they do not know of any damages they have suffered in this case.  R. 72.  Both adult plaintiffs submitted no evidence of their own damages.

Despite that stipulation, the minor plaintiffs, through counsel, argue in their recently filed reply to response, R. 100, that they have been damaged, suffered personal injury and/or were aggrieved.

A stipulation is useless if the matters stipulated to are subject to later dispute.  R. 100 is replete with instances of the minor plaintiffs, through counsel, arguing the opposite of what is contained in their stipulation.  Any arguments in contravention of the stipulation are not permissible.

A few examples of this are the following claims of injury or harm that contradict the minor plaintiffs' stipulation of having no knowledge of being aggrieved (a word synonymous with **harmed**) in any way:

1.  Claiming that the minor plaintiffs were not **harmed** is "callous and farfetched."  R. 100 at 9.  (Emphasis added).

2.  "Even though less severe [than molestation] it is **harm** [to the minor plaintiffs] none the less (sic)."  R. 100 at 9.  (Emphasis added).

3.  The minor plaintiffs "must be **aggrieved**."  Id.  (Emphasis added).

4.  "[The minor plaintiffs] suffered **personal injury**."  R. 100 at 10.  (Emphasis added).

5.  "The government's compelling interest in protecting children...includes injury to a child's '**reputation**.'"  R. 100 at 12.  (Emphasis added).

6.  Personal injury includes **reputation** damage.  R. 100 at 13.  (Emphasis added).

7.  **Reputation** injury is "separate and distinct from emotional injury."  R. 100 at 16.  (Emphasis added).

8.  "The minor plaintiffs were clearly **injured**...."  Id.  (Emphasis added).

9.  "No one would ever question that [the court exhibits] **injured** the minor victims...."  R. 100 at 17.  (Emphasis added).

10. The minor plaintiffs were exposed to "**reputational** injury."  Id.  (Emphasis added).

11. "Congress intended to...compensate minor victims who suffer **personal injury**...."  R. 100 at 18.  (Emphasis added).

The references exceed these eleven.  The point is made.

Wherefore, Defendant respectfully requests this court issue an order striking R. 100 from the record of this case.  It represents parties to a lawsuit wasting the court's time and the Defendant's time offering arguments in direct contradiction to facts contained in their voluntary stipulation as if those stipulations mean nothing.

/s/ Dean Boland

Dean Boland 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
216-236-8080 ph
866-455-1267 fax
dean@deanboland.com

<u>Proof of Service</u>

A copy of the foregoing will be served on all parties this 25th of July 2011 by

operation of the court's electronic filing system.

/s/Dean Boland
Dean Boland