IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PETER LORA, VICTORIA BLOOM et al | 1:07 CV 2787 |
| | JUDGE DAN AARON POLSTER |
| V. | |
| DEAN BOLAND | MOTION TO STRIKE, FOR SANCTIONS AND REFERRAL TO THE OHIO SUPREME COURT DISCIPLINARY COUNSEL |

Dean Boland respectfully moves this court to strike R.100 from the record of this case, for an order of sanctions upon Plaintiffs' counsel and for referral of Plaintiffs' counsel to the Ohio Supreme Court Disciplinary Counsel for the reasons contained in the attached memorandum.

/s/ Dean Boland

Dean Boland 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
216-236-8080 ph
866-455-1267 fax
dean@deanboland.com

MEMORANDUM

Plaintiffs' recent response R. 100 to the court's directive of May 2, 2011 contains several statements that are not only defamatory, but justify sanctions against Plaintiffs' counsel as well as referral to the Ohio Supreme Court Disciplinary Counsel.

At R. 100 at page 6, Plaintiffs' counsel identifies Defendant, acting as his own counsel, as engaging in subterfuge. Subterfuge is defined as "Deceit used in order to achieve one's goal." or "A statement or action resorted to in order to deceive." See www.dictionary.com. The allegation of the use of deceit as counsel in this matter is clearly one claiming a failing of a legal, ethical and moral nature.

At R. 100 at page 17, Plaintiffs' counsel identifies Defendant, an attorney in good standing in the State of Ohio, as a pedophile. "So it is with the Defendant who brazenly attempts to elevate his conduct above that of the pedophile." Id. "At best, Defendant exposed the minor plaintiffs to the same risk of emotional injury and to the same reputational injury...as pedophiles...do in creating the same type of images." Id.

Plaintiffs' counsel then identifies the distinction between Defendant and a pedophile as "slight and meaningless." Id.

Plaintiffs' counsel finally identifies Defendant's conduct as "a type of child sexual abuse." Id. at 22.

These references are irrelevant to the four issues the court asked be addressed. Defendant is a lawyer in good standing in the State of Ohio. He has

never been disciplined by this state nor any other. He is admitted to and has argued before the Federal Courts of Appeal in the 2nd, 4th, 5th and 6th Circuits. He is admitted to the United States Supreme Court as well.

He is a nationally recognized attorney and speaker on the topics involved in this litigation as well as other technology law topics of interest to lawyers, judges and the public at large.

The defamatory references listed above violate various Ohio rules governing the conduct of lawyers.

Ohio Rule of Professional Conduct 3.5(a)(6) prohibits a lawyer from engaging "in **undignified or discourteous conduct** that is degrading to a tribunal." (Emphasis added).

Ohio Rule of Professional Conduct 3.4(e) prohibits a lawyer from "allud[ing] to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence or by a good-faith belief that such evidence may exist, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant, or the guilt or innocence of an accused…."

The Disciplinary Rules prohibit the conduct reflected in R. 100.

### DR 1-102. MISCONDUCT.

(A) A lawyer shall not:

(4) Engage in conduct involving dishonesty, fraud, deceit, or **misrepresentation**.

(5) Engage in conduct that is prejudicial to the administration of justice.

(6) Engage in any other conduct that adversely reflects on the lawyer's fitness to practice law. (Emphasis added).

## DR 7-102. REPRESENTING A CLIENT WITHIN THE BOUNDS OF THE LAW.

(A) In his representation of a client, a lawyer shall not:

(1) File a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of his client when he knows or when it is obvious that such action would serve merely to **harass or maliciously injure another**. (Emphasis added).

## DR 7-106. TRIAL CONDUCT.

(C) In appearing in his professional capacity before a tribunal, a lawyer shall not:

(1) State or allude to any matter that he has **no reasonable basis to believe is relevant** to the case or that will not be supported by admissible evidence. (Emphasis added).

(B)(6) Engage in **undignified or discourteous conduct** which is degrading to a tribunal. (Emphasis added).

EC 1-5 A lawyer should maintain high standards of professional conduct and should encourage fellow lawyers to do likewise. He should be **temperate and dignified**, and he should refrain from all illegal and morally reprehensible conduct. Because of his position in society, even minor violations of law by a lawyer may tend to lessen public confidence in the legal profession. Obedience to law exemplifies

respect for law. To lawyers especially, respect for the law should be more than a platitude. (Emphasis added).

## RULE 8.3: REPORTING PROFESSIONAL MISCONDUCT

(a) A lawyer who possesses unprivileged knowledge of a violation of the Ohio Rules of Professional Conduct that raises a question as to any lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects, shall inform a disciplinary authority empowered to investigate or act upon such a violation.

Wherefore, Defendant respectfully requests this court strike Plaintiffs' reply to response, R. 100, impose sanctions on Plaintiffs' counsel and refer Plaintiffs' counsel to the Ohio Supreme Court Disciplinary Counsel for the appropriate response to the above referenced defamatory statements contained in R. 100. In addition, Defendant respectfully requests additional time to submit his reply to any re-filed memorandum arising from this or any other motion filed since Plaintiffs' filing of R. 100.

/s/ Dean Boland

Dean Boland 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
216-236-8080 ph
866-455-1267 fax
dean@deanboland.com

Proof of Service

A copy of the foregoing will be served on all parties this 25th of July 2011 by operation of the court's electronic filing system.


/s/Dean Boland
Dean Boland