IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, *et al.*, | CASE NO.1: 07 CV 2787 |
| | JUDGE Daniel A. Polster |
| *Plaintiffs* | **Plaintiffs' Brief in Opposition to Defendant's Motion to Strike and Refer; Motion to Strike, and Motion to Show Cause** |
| vs. | |
| DEAN BOLAND | |
| *Defendant* | |

Now comes counsel for the plaintiffs and responds to the defendant's motions as follows:

**Document #103 Motion to Strike and to Refer to the Disciplinary Counsel:**

Defendant boldly[1] moves this court for an order striking Plaintiff's Reply Brief (Document #100) from the record and to refer plaintiff's counsel for disciplinary proceedings for arguing that defendant's conduct is a "subterfuge." Defendant goes on to define subterfuge as

---

[1] Apparently, the defendant believes that the Constitution only protects his activities on behalf of a litigant and that he Disciplinary Code does not apply to him.

"Deceit used in order to achieve one's goal" or "A statement or action resorted to in order to deceive." Plaintiffs and their counsel do not take issue with this definition.

Defendant has engaged in subterfuge and continues to do so. Defendant engages in deceit when he represents to this court that the parties have stipulated in this case that the minor children were not harmed or aggrieved in any way. This is "a statement or action resorted to in order to deceive." Defendant continues this subterfuge in the Motion to Strike (Document #102).

The stipulation and entry referring to it are set forth clearly in Document #100 and need not be repeated here. The minor plaintiffs have stipulated that they did not know they were aggrieved. There is no stipulation that they were not aggrieved. Suffice it to say, the minor plaintiffs are aggrieved, whether they are aware of it or not, and any misrepresentation to the contrary that the minor plaintiffs have stipulated that they were not aggrieved in any way is a subterfuge. Likewise, defendant's claim that "The creation itself of the court exhibits has caused no injury to any plaintiff as they were created before October 2004 and both adult plaintiffs testified there was no injury to either of them before October 2004"[2] is a similar subterfuge. Like the minor plaintiffs, the fact that the adult plaintiffs did not learn of the injury to them until October 2004 does not logically dictate that the creation of the court exhibits prior to this date did not harm them or cause psychological harm after learning of them.

The defendant next argues:

> At R. 100 at page 17, Plaintiffs' counsel identifies Defendant, an attorney in good standing in the State of Ohio, as a pedophile. "So it is with the Defendant who brazenly attempts to elevate his conduct above that of the pedophile." Id. "At best, Defendant exposed the minor plaintiffs to the same risk of emotional injury and to the same reputational injury...as pedophiles...do in creating the same type of images." Id. Plaintiffs' counsel then identifies the distinction between Defendant and a pedophile as "slight and meaningless." Id. Plaintiffs' counsel finally identifies Defendant's conduct as "a type of child sexual abuse." Id. at 22. These references are irrelevant to the four issues the court asked be addressed.

---

[2] Document # 98 at 21

2

Defendant is a lawyer in good standing in the State of Ohio. He has never been disciplined by this state nor any other.

Firstly, defendant twice asserts that he has yet to be disciplined for his conduct and is an attorney in good standing. The fact that his license was not summarily suspended for committing a felony can only mean that those heretofore involved have failed in their duty to report this matter.[3] Defendant seems to have forgotten that he has admitted to and supposedly accepted responsibility for committing felonies. Additionally, the Ohio Supreme Court has opined that if an expert did what the defendant has admitted doing in this case, then he has committed a Federal crime.[4] Sooner or later, it seems that his conduct will be the proper subject for disciplinary sanction. In any event, his reputation is not as far above reproach as he contends it is.

Secondly, it should be noted that the defendant takes the statements of plaintiff's counsel's slightly out of context. Plaintiff's counsel does not identify the defendant as a pedophile. Plaintiff's counsel identifies the harm he caused by the creation of the sexually explicit images involving minors as the same caused by a pedophiles like the defendant in *United States v. Hotaling*, 599 F.Supp.2d 306, 322 (N.D.N.Y. 2008). Plaintiff's counsel identifies the distinction between the harm caused by the images the defendant created and that caused by morphed images created by a pedophile as slight or meaningless to the victim depicted. These statements are true and are relevant to the issue before the court

---

[3] See Ohio Gov. Bar. R. 5

[4] Brady's argument that he would like his expert to create exhibits for use at trial is also not well taken. It is axiomatic that an expert's conduct must conform to the law. If in preparing for trial, Boland were to create images of real children engaging in sexually explicit conduct, or modify images of identifiable children to appear that they are engaging in sexually explicit conduct, his conduct would violate federal law. Section 2256(8)(A) & (C), Title 18, U.S.Code; *Free Speech Coalition,* 535 U.S. at 242, 122 S.Ct. 1389, 152 L.Ed.2d 403. *State v. Brady*, 2008-Ohio-4493, 119 Ohio St.3d 375 at ¶48, 894 N.E.2d 671 (Ohio 2008)

concerning whether the minor plaintiffs were injured and subject to the same civil remedies that apply without question to a pedophile who morphed similar images.

Thirdly, the morphing of innocent images of real and identifiable children into sexually explicit images is child sexual abuse according to the Supreme Court.[5] That is why Congress made "morphing" redressable by the civil remedies that are before this court and that apply to all who violate the Federal child pornography laws.

Defendant's motions and the umbrage expressed therein are tacit admissions of the seriousness of his actions and are justification for the application of the civil remedies sought. He certainly does not want his actions to be recognized for what or depicted as they really are because if the harm he caused is the same or similar to that of a pedophile morphing such images, then the applicability of the statutory remedy for that harm is not contestable.

**Document #103 Motion to Strike**

In this motion, the defendant moves this court to strike plaintiff's reply brief because he claims the plaintiffs have stipulated they were not aggrieved in any way. As stated above and in Document # 100, this is a subterfuge and not true. For the reasons set forth above and in Document #100, the minor plaintiffs have stipulated they have no knowledge of being aggrieved. There is no stipulation that they were not aggrieved. There is a huge difference that the defendat refuses to recognize.

---

[5] Unlike the virtual pornography or the pornography using youthful looking adults which could be prosecuted under subsections (B) and (D), as discussed in *Free Speech Coalition*, this **image created an identifiable child victim of sexual exploitation**. In *Free Speech Coalition* the Supreme Court continued to recognize the government's compelling interest in protecting a minor's physical and psychological well being, see 535 U.S. at 249-50, 122 S.Ct. 1389, building on its decision in *Ferber*, pointing out the harm arising from pornography which is "intrinsically related" to the sexual abuse of children. 458 U.S. at 759, 102 S.Ct. 3348. *United States v. Bach*, 400 F.3d 622 at 630-32 (8th Cir. 2005) *cert denied* 546 U.S. 901, 126 U.S. 243 (2005) [Emphasis added].

4

**Document # 101 Motion for Contempt**

In a continued effort to create what can only be construed as "straw men" to knock down and divert this court from reaching the issues that are truly before it, the defendant now posits that it was somehow contemptuous for plaintiff's counsel to argue the four remaining issues pending before this court in the context of the pending summary judgment motions.

This court made it very clear in the telephonic pre-trial conference of May 2, 2011, that plaintiffs would be entitled to summary judgment in the amount of $300,000.00 if defendant could not prevail on the four issues the court perceived the court of appeals raised in its opinion.

Despite the defendant's interpretation of the procedural posture of this case, the matter is still pending before this court on two competing motions for summary judgment. Therefore, it was proper to brief the issues raised by the court in this context. In any event, it certainly did not even remotely suggest contempt for the court in any way.

WHEREFORE, plaintiffs respectfully request this court to deny the three motions filed by the defendant because they are not well taken.

                                                  Respectfully submitted,
                                                  /s/ Jonathan E. Rosenbaum
                                                  JONATHAN E. ROSENBAUM
                                                  Supreme Court Reg. No. 0021698
                                                  Attorney for Plaintiffs
                                                  230 Third Street, Suite 104
                                                  Elyria, Ohio 44035
                                                  (440) 322-7972
                                                  fax (440) 322-7972
                                                  Email: jerosenbaum@windstream.net

## Proof of Service

A true and accurate copy of the foregoing has been electronically served this 25th day of July, 2011 by the Court's electronic filing system.

/s/ Jonathan E. Rosenbaum
JONATHAN E. ROSENBAUM
Supreme Court Reg. No. 0021698
Attorney for Plaintiffs