**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **PETER LORA, et al.,** ) | Case No.  1:07 CV 2787 |
| ) | |
| Plaintiffs, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **DEAN BOLAND,** ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the following pending motions filed by Defendant Dean Boland:

- Motion to Show Cause (**Doc #: 101**);

- Motion to Strike (**Doc #: 102**); and

- Motion to Strike, for Sanctions and Referral to the Ohio Supreme Court Disciplinary Counsel (**Doc #: 103**).

For the following reasons, the Court **DENIES** these motions.

In the Motion to Show Cause, Boland asserts that this Court directed the parties to address only four legal issues following remand by the Sixth Circuit, and that Plaintiffs, in their opposition brief, improperly re-argue and seek summary judgment "and all that entails." (Doc #: 101 at 2.)  Boland claims that he has not been afforded the same opportunity to seek or argue the summary judgment standard.  Thus, Boland asks for an order compelling Plaintiffs to show cause why they should not be held in contempt of this Court's directive.  The Court has reviewed Plaintiffs' opposition brief and finds that they have in fact addressed the four issues they were

directed to address.  In any event, the Court intends to rule only on the constitutional questions related to the federal claims that are the subject of the Court's directive.  Finally, the Court denies the motion because Boland has an opportunity to respond to Plaintiffs' arguments in his reply brief, due to be filed no later than August 30, 2011.  (See May 2, 2011 Minutes of Proceeding.)

In the Motion to Strike (Doc #: 102), Boland asks the Court to strike Plaintiffs' opposition brief entirely because Plaintiffs' current arguments regarding claims of injury contradict their earlier stipulations of fact to the contrary.  This Court is perfectly capable of distinguishing stipulations of fact from argument.  In any event, Boland has time to present his arguments in his reply brief.  This motion is also denied.

In the second Motion to Strike, etc. (Doc #: 103), Boland asks the Court to strike Plaintiffs' opposition brief entirely, award him sanctions and refer Plaintiffs' counsel, Jonathan E. Rosenbaum, Esq., to the Ohio Supreme Court Disciplinary Counsel because Attorney Rosenbaum used the word "subterfuge" when describing Boland's injury argument, and because Attorney Rosenbaum allegedly identified Boland as a pedophile.  The Court denies this motion.  Subterfuge is an argumentative term used in a written argument – nothing more, nothing less.  A review of Plaintiffs' brief shows that Mr. Rosenbaum did not identify Boland as a pedophile, regardless of whether Boland interpreted it that way.  (See Doc #: 100 at 17.)

For all these reasons, the motions (**Doc ##: 101, 102, 103**) are **DENIED**.

**IT IS SO ORDERED.**

         */s/ Dan A. Polster     July 29, 2011*
         **Dan Aaron Polster**
         **United States District Judge**