# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| PETER LORA, et al. | Case No. 1:07-CV-2787 |
| Plaintiffs, | Judge Dan Aaron Polster |
| vs. | **UNITED STATES' MOTION FOR TIME TO DETERMINE WHETHER TO INTERVENE** |
| DEAN BOLAND, | |
| Defendant. | |

The United States hereby submits this Motion for Time to Determine Whether to Intervene, asking for up to and including August 30, 2011 to do so, and in support thereof, states as follows:

1. On September 14, 2007, the minor plaintiffs and their guardians ("Plaintiffs") filed a lawsuit against Defendant Dean Boland ("Defendant") alleging, among other things, violations of the federal child pornography civil remedy provisions codified at 18 U.S.C. §§ 2252A(f) and 2255.  Dkt. No. 1.

2. On April 27, 2009, Defendant filed a motion for summary judgment arguing, among other things, that (1) federal child pornography law does not preempt Ohio child pornography law; (2) the federal definition of child pornography contained in 18 U.S.C. § 2256(8)(C) violates his free speech rights under the First Amendment; and (3) the federal child pornography possession statute (18 U.S.C. § 2252A(a)(5)(B)) and corresponding civil remedy provisions (18 U.S.C. §§ 2252A(f) and 2255) are unconstitutional as applied to him as an expert witness.  Dkt. No. 77.  The United States was not notified of any of these challenges.

3. On September 1, 2009, this Court ruled in favor of Defendant, dismissed

Plaintiffs' federal claims with prejudice, and declined to retain jurisdiction over the pendant state-law claims. Dkt. No. 85. Plaintiffs appealed. Dkt. No. 87.

4. On January 19, 2011, the Sixth Circuit reversed the judgment and remanded the case to allow this Court to consider the potential legal defenses in the first instance. Doe v. Boland, 630 F.3d 491 (6th Cir. 2011).

5. On May 2, 2011, the Court directed counsel to brief the following issues: (1) whether the aforementioned federal child pornography laws "violate the Sixth Amendment as applied to a defense trial witness who did what Defendant Boland did"; (2) whether the plaintiff minors are "persons aggrieved" under section 2252A(f); (3) whether the minors suffered "'personal injury' as required under section 2255 given that the parties have stipulated that each child did not know about the images"; and (4) whether the definition of child pornography contained in section 2256(8)(C) violates the First Amendment. Minute Order of May 2, 2011.

6. Neither party raised the requirements of Federal Rule of Civil Procedure 5.1 until May 3, 2011, when Plaintiffs moved to strike any pleadings filed by Defendant questioning the constitutionality of a federal statute in the absence of a Rule 5.1 notice. Dkt. No. 93. On May 10, 2011, the Court denied Plaintiffs' motion and certified that the constitutionality of 18 U.S.C. §§ 2252 and 2256(8)(C) had been called into question by Defendant. Dkt. No. 95 at 5.[1]

7. In the Court's May 10 order certifying the constitutional challenges, it observed that the parties' briefing schedule, which was set to conclude on August 30, 2011, allowed the

---

[1] The United States understands that the same constitutional challenges raised in this case were also raised by Mr. Boland in Boland v. Holder, 2010 WL 3860996 (N.D. Ohio Sept. 30, 2010), the appeal of which is fully briefed and currently awaiting oral argument before the U.S. Court of Appeals for Sixth Circuit. See Boland v. Holder, No. 10-4381 (6th Cir. 2011).

Attorney General sufficient time to determine whether to intervene.  <u>See</u> Dkt. No. 95 at 6.

8. Accordingly, on July 11, 2011, the United States filed an Acknowledgment of Challenge to the Constitutionality of an Act of Congress, wherein it anticipated notifying the Court of whether it will intervene by the conclusion of the briefing schedule on August 30, 2011, as originally contemplated by the Court in its scheduling order of May 2, 2011 and its order certifying the constitutional challenges on May 10, 2011.  <u>See</u> Dkt. No. 99.

9. As set forth in the United States' Acknowledgment filed on July 11, the United States is authorized to intervene in any federal court action in which the constitutionality of an Act of Congress is drawn into question.  <u>See</u> 28 U.S.C. § 2403.  Under Department of Justice regulations, the authorization of the Solicitor General is required for the United States to intervene to defend the constitutionality of a federal statute.  <u>See</u> 28 C.F.R. § 0.21 ("The Solicitor General may in consultation with each agency or official concerned, authorize intervention by the Government in cases involving the constitutionality of acts of Congress.").  The process of obtaining authorization to intervene can take several weeks.

10. The aforementioned authorization process has yet to be completed in the instant matter, although counsel for the United States has been working diligently toward that end and anticipates that an authorization determination will be made by August 30, 2011.  Thus, the United States fully expects to be able to "determine whether to make an appearance and oppose Boland's constitutional challenge" within the time frame originally contemplated by the Court.  Dkt. No. 95 at 6 (Order).

11. Notwithstanding the briefing schedule set by the Court, on August 16, 2011, Defendant filed his reply brief, <u>see</u> Dkt. No. 106, effectively concluding the parties' briefing of

this matter approximately fourteen days early.

12. Accordingly, the United States now respectfully moves that it be allowed until August 30, 2011, as contemplated by the Court's aforementioned orders of May 2 and May 10, to notify the Court of whether it will intervene in this matter. If the United States decides not to intervene or otherwise participate before August 30, 2011, it will notify the Court promptly.

13. Federal Rule of Civil Procedure 5.1(c) states, "[b]efore the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional." Pursuant to this provision, the United States respectfully requests that the Court not take any action to declare 18 U.S.C. §§ 2252A(a)(5)(B), 2256(8)(C), 2252A(f) or 2255 unconstitutional until the United States has completed its authorization process and has informed the Court of its views. The United States does not object to the Court's deciding any non-constitutional issues before August 30, 2011 (e.g., whether the minor plaintiffs are "person[s] aggrieved" under section 2252A(f), or whether they suffered "personal injury" as required under section 2255). Nor does the United States object to the Court's deciding to uphold the constitutionality of 18 U.S.C. §§ 2252A(a)(5)(B), 2256(8)(C), 2252A(f) and 2255 before the same date. The United States appreciates the Court's consideration in this matter.

14. Counsel for the United States contacted counsel for Plaintiffs and Defendant regarding this motion. Defendant has indicated that he opposes the motion.

////

////

Dated:   August 18, 2011  Respectfully submitted,

TONY WEST
Assistant Attorney General

VINCENT M. GARVEY
Deputy Director, Federal Programs Branch

*/s/  Bryan Dearinger*
BRYAN DEARINGER (OR Bar #06151)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Rm. 7334
Washington, DC  20530
Tel: (202) 514-3489
Fax: (202) 616-8470

*Counsel for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2011, a copy of the foregoing document was filed electronically through the Court's CM/ECF system, which caused all parties or counsel to be served by electronic means as reflected on the Notice of Electronic Filing.

    /s/ Bryan Dearinger
BRYAN DEARINGER
Trial Attorney
United States Department of Justice