IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PETER LORA, VICTORIA BLOOM et al | 1:07 CV 2787 |
| | JUDGE DAN AARON POLSTER |
| V. | |
| DEAN BOLAND | RESPONSE TO PLAINTIFFS' MOTION TO STRIKE PORTIONS OF DEFENDANT'S REPLY BRIEF |

Dean Boland respectfully submits his response to Plaintiff's Motion to Strike, R. 108, for the reasons contained in the attached memorandum.

/s/ Dean Boland

Dean Boland 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
216-236-8080 ph
866-455-1267 fax
dean@deanboland.com

<u>MEMORANDUM</u>

Plaintiffs' counsel in an effort to shield himself from wrongdoing, either does not understand or has intentionally misstated the applicability of the federal child pornography statute to his conduct.

Plaintiffs' counsel has consistently argued, starting with the claims in the complaint in this matter, that the court exhibits created by Defendant were contraband. Defendant has consistently denied that claim. Plaintiff's counsel has argued that the Defendant is a "child pornographer" and has created child pornography and has associated him with pedophiles in his briefing.

Now, in his Motion to Strike, R. 108, he acknowledges soliciting copies of material he deems child pornography from various sources. R. 108 at 2. And, the docket reflects two subpoenas sent by Plaintiff's counsel soliciting the claimed child pornography. See Exhibits 1 and 2, R. 53, 54. He acknowledges receiving that claimed child pornography. Id. He acknowledges transporting that claimed child pornography to the FBI. Id. The fact that he notes that he took any received CD with such claimed child pornography to the FBI office "unopened" demonstrates he knew what he had.

In R. 53, Plaintiff's counsel solicited the following from a defense attorney: "Any and all documents, things, **exhibits, images**, CDs and/or reports prepared by Dean Boland that are in your possession or…if…no longer in your possession…a description of…what happened to it." Emphasis added.

In R. 54 Plaintiff's counsel solicited the following *from the Hamilton County Clerk of Courts*:

"True and accurate copies of any images offered by the defense or tesitified (sic) to by Dean Boland at trial or during any hearing in the Case of State v. Huffman, Case No. B-0401503."

The review of those subpoenas resolves the issue. Plaintiffs' counsel solicited what he claimed is child pornography from two sources. Upon receiving that claimed child pornography, he possessed it, transported it and distributed it to an FBI agent who, at the time, had no legitimate governmental function or exception permitting his receipt of that material. Even FBI agents, outside of their authority of investigating criminal matters, cannot receive child pornography at their offices as a favor to a former prosecutor, now civil attorney, suing a successful defense attorney. Citing to the 6th Circuit opinion in this case, there is no exception permitting SA Charles Sullivan, as a favor to a civil attorney, to receive and possess child pornography. At the time SA Sullivan received this material, there was no active investigation to which it was related and could not be one as there was a Deferred Prosecution in effect long before his receipt of this material as an apparent favor to a civil attorney connected with a civil case. There is no statute or case law that Defendant could locate that permits taxpayer funded FBI agents to moonlight in this way.

Plaintiff's counsel is ignorant of the elements of the federal child pornography statute to claim that his receipt of CDs containing what he alleges is child

pornography is somehow not possession. It is in fact, *knowing possession,* of what he claims is child pornography. It is a crime under the federal and Ohio statutes governing such conduct. Reading the federal child pornography statutes and the 6th Circuit's opinion in this case makes plain, *there are no exceptions* to the application of the federal child pornography statute. Is Plaintiffs' counsel claiming now he has found one? If so, his claimed find is a mirage according to the 6th Circuit.

And so, the absurdity of the "no exceptions" applicability of the federal child pornography statute comes full circle. The court now has absolute proof that the very attorney who has boastfully asserted his purity and that of his adult clients has himself engaged in violations of the federal child pornography statute in pursuit of the claims in this case. And, to add insult to injury, he embarked on this frivolous waste of judicial resources and court time knowing that none of his clients have any evidence of incurring any damages whatsoever. His desperation to win has now exposed that he was and is willing to violate the very federal child pornography statutes that he has so piously stood behind all the while.

Plaintiff's counsel has provided no case law or exception or immunity that allowed him to solicit what he believed was child pornography (the court exhibits at issue in this case), receive that claimed child pornography, possess that claimed child pornography and transport that child pornography. If some exception were to be found for his conduct, it seems flatly contradicted by the 6th Circuit's opinion in this very case.

Therefore, the Defendant respectfully asks the court to deny Plaintiff's counsel's motion to strike. The statements complained of are factual and legally correct and endorsed by the 6th Circuit in plain language; i.e. that Plaintiff's counsel has engaged in conduct in violation of the federal child pornography statute.

/s/ Dean Boland

Dean Boland 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
216-236-8080 ph
866-455-1267 fax
dean@deanboland.com

Proof of Service

A copy of the foregoing will be served on all parties this 19th of August 2011 by operation of the court's electronic filing system.

/s/Dean Boland
Dean Boland