## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| PETER LORA, et al. | ) | Case No. 1:07-CV-2787 |
|  | ) |  |
| Plaintiffs, | ) | Judge Dan Aaron Polster |
|  | ) |  |
| vs. | ) | **UNITED STATES' NOTICE OF** |
|  | ) | **INTERVENTION TO DEFEND THE** |
|  | ) | **CONSTITUTIONALITY OF CERTAIN** |
| DEAN BOLAND, | ) | **CHALLENGED FEDERAL STATUTES** |
|  | ) |  |
| Defendant. | ) |  |

Based on the authorization of the Solicitor General of the United States, the United States hereby intervenes in this case for the limited purpose of defending the constitutionality of the federal child pornography laws and corresponding civil remedy provisions contained in 18 U.S.C. §§ 2252A(a)(5)(B), 2256(8)(C), 2252A(f) and 2255, and immediately hereafter will file its memorandum in defense of the constitutionality of these provisions.

The United States is entitled to intervene in this case pursuant to the Federal Rules of Civil Procedure and statute.  Defendant has challenged the constitutionality of sections 2252A(a)(5)(B), 2256(8)(C), 2252A(f) and 2255.  Specifically, Defendant argues that the definition of child pornography in section 2256(8)(C) violates the First Amendment, and that the application of the federal child pornography possession statute and civil remedy provisions to an expert witness in his circumstances violates a criminal defendant's Sixth Amendment rights.

Federal Rule of Civil Procedure 5.1(c) permits the Attorney General to intervene in an action when, as here, the constitutionality of a federal statute has been challenged.  Federal Rule of Civil Procedure 24(a)(1) further permits a non-party to intervene when the non-party "is given an unconditional right to intervene by a federal statute."  Fed. R. Civ. P. 24(a)(1).  The United States is specifically authorized by federal statute—28 U.S.C. § 2403(a)—to intervene in any federal court action in which the constitutionality of an Act of Congress is drawn into question.

Indeed, this Court has already specifically permitted the United States until August 30, 2011—to "make an appearance and oppose Boland's constitutional challenge."  See Order dated May 10, 2011, Dkt. No. 95 at 6; see also Minute Order dated August 19, 2011 (granting United States' motion for time to determine whether to intervene and oppose Defendant's constitutional challenge).  Moreover, the United States' intervention, including its filing of a memorandum in support of the constitutionality of 18 U.S.C. §§ 2252A(a)(5)(B), 2256(8)(C), 2252A(f) and 2255 by August 30, 2011, will not interfere with the timely adjudication of this action.

Accordingly, the United States hereby intervenes in this case for the reasons set forth above.

////

////

-2-

Dated:   August 30, 2011               Respectfully submitted,

                                       TONY WEST
                                       Assistant Attorney General

                                       STEVEN M. DETTELBACH
                                       United States Attorney

                                       VINCENT M. GARVEY
                                       Deputy Director, Federal Programs Branch

                                       */s/  Bryan Dearinger*
                                       BRYAN DEARINGER (OR Bar #06151)
                                       Trial Attorney
                                       United States Department of Justice
                                       Civil Division, Federal Programs Branch
                                       20 Massachusetts Avenue, N.W., Rm. 7334
                                       Washington, DC  20530
                                       Tel: (202) 514-3489
                                       Fax: (202) 616-8470

                                       *Counsel for the United States*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2011, a copy of the foregoing document was filed electronically through the Court's CM/ECF system, which caused all parties or counsel to be served by electronic means as reflected on the Notice of Electronic Filing.

*/s/  Bryan Dearinger*
BRYAN DEARINGER
Trial Attorney
United States Department of Justice