**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

_____

PETER LORA, et al.

                     Plaintiffs,

          vs.

DEAN BOLAND,

                   Defendant.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:07-CV-2787

Judge Dan Aaron Polster

**UNITED STATES' MEMORANDUM IN
DEFENSE OF THE CONSTITUTIONALITY
OF 18 U.S.C. §§ 2252A(a)(5)(B), 2256(8)(C),
2252A(f) AND 2255**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................... ii

STATEMENT OF THE ISSUES ....................................................... vi

SUMMARY OF THE ARGUMENT ...................................................... vii

BACKGROUND .................................................................... 1

I.     STATUTORY BACKGROUND ....................................................... 1

II.    PROCEDURAL BACKGROUND ...................................................... 3

        A.    Factual Background ....................................................... 3

        B.    Litigation Background ................................................... 4

        C.    Related Boland Litigation Raising the Same Constitutional Challenges .............. 6

ARGUMENT ...................................................................... 7

I.     THE COURT MUST FIRST DETERMINE WHETHER THE
CONSTITUTIONAL QUESTIONS CAN BE AVOIDED ................................... 7

II.    IF IT BECOMES NECESSARY TO ADDRESS THE CONSTITUTIONAL
QUESTIONS, THE COURT SHOULD STAY ITS RULING ON SUCH
ISSUES UNTIL THE SIXTH CIRCUIT DECIDES BOLAND V. HOLDER ................ 8

III.   THE DEFINITION OF "CHILD PORNOGRAPHY" CONTAINED IN
18 U.S.C. § 2256(8)(C) DOES NOT VIOLATE THE FIRST AMENDMENT .............. 9

        A.    Morphed Child Pornography Using the Faces of Real and Identifiable
Minors Is Not Protected Speech Under the First Amendment ............................. 9

        B.    In the Alternative, Section 2256(8)(C) Satisfies Strict Scrutiny ........................ 14

IV.   APPLICATION OF THE FEDERAL CHILD PORNOGRAPHY STATUTES AND
CIVIL REMEDY PROVISIONS TO AN EXPERT WITNESS IN DEFENDANT'S
CIRCUMSTANCES DOES NOT VIOLATE THE SIXTH AMENDMENT ................. 16

        A.    Defendant Lacks Standing to Raise His Sixth Amendment Argument .............. 17

        B.    Defendant's Sixth Amendment Argument Fails Because the Constitution
Does Not Provide Criminal Defense Attorneys or Experts the Right to
Commit New Violations of Federal Child Pornography Law in the Course
of Presenting a Defense ....................................................... 18

## TABLE OF AUTHORITIES

**CASES**                                                                                              **PAGE(S)**

Allina Health Servs. v. Sebelius,
    756 F. Supp. 2d 61 (D.D.C. 2010) ...................................................................... 8, 9

Ashcroft v. Free Speech Coal.,
    535 U.S. 234 (2002) ..................................................................................... passim

Beauharnais v. Illinois,
    343 U.S. 250 (1952) ............................................................................................ 10

Boland v. Holder,
    2010 WL 3860996 (N.D. Ohio Sept. 30, 2010) .......................................... passim

Brandenburg v. Ohio,
    395 U.S. 444 (1969) ............................................................................................ 10

Brown v. Entm't Merchants Ass'n,
    564 U.S. ___, 131 S.Ct. 2729 (2011) .................................................................. 10

Canady v. Erbe Elektomedizin GMBH,
    271 F. Supp. 2d 64 (D.D.C. 2002) .................................................................... 8, 9

Caplin & Drysdale v. United States,
    491 U.S. 617 (1989) ............................................................................................ 18

Coleman v. Mitchell,
    268 F.3d 417 (6th Cir. 2001) ............................................................................... 7

Conn v. Gabbert,
    526 U.S. 286 (1999) ............................................................................................ 17

Cooley v. Granholm,
    291 F.3d 880 (6th Cir. 2002) .............................................................................. 18

Dep't of Commerce v. U.S. House of Representatives,
    525 U.S. 316 (1999) ............................................................................................. 7

Doe v. Boland,
    630 F.3d 491 (6th Cir. 2011) ....................................................................... passim

Giboney v. Empire Storage & Ice Co.,
    336 U.S. 490 (1949) ............................................................................................ 10

-ii-

Kowalski v. Tesmer,
    543 U.S. 125 (2004) ............................................................ 17, 18

Lincoln Elec. Co. v. Miller Elec. Mfg. Co.,
    2011 WL 976586 (N.D. Ohio Mar. 17, 2011) ................................ 8

Lowry v. Barnhart,
    329 F.3d 1019 (9th Cir. 2003) ................................................ 17

New York v. Ferber,
    458 U.S. 747 (1982) ........................................................ passim

Osborne v. Ohio,
    495 U.S. 103 (1990) ........................................................ passim

Powers v. Ohio,
    499 U.S. 400 (1991) ......................................................... 17, 18

R.A.V. v. City of St. Paul,
    505 U.S. 377 (1992) ............................................................ 10

Roth v. United States,
    354 U.S. 476 (1957) ............................................................ 10

State v. Brady,
    894 N.E. 2d 671 (Ohio 2008) ............................................... 19

Texas v. United States,
    523 U.S. 296, 300 (1998)) ................................................... 18

United States v. Bach,
    400 F.3d 622 (8th Cir. 2005) ............................................. passim

United States v. Hoey,
    508 F.3d 687 (1st Cir. 2007) ............................................... 12

United States v. Hotaling,
    634 F.3d 725 (2d Cir. 2011) ............................................. passim

United States v. Hotaling,
    599 F. Supp. 2d 306 (N.D.N.Y. 2008) .................................. 12

United States v. McIntosh,
    414 Fed. Appx. 840 (6th Cir. 2011) ........................................ 1

United States v. McNealy,
   625 F.3d 858 (5th Cir. 2010) ........................................................ 19

United States v. Paull,
   551 F.3d 516 (6th Cir. 2009) .................................................... 19, 20

United States v. Playboy Entm't Grp., Inc.,
   529 U.S. 803 (2000) ............................................................... 14, 15

United States v. Shreck,
   Case No. 03-CR-0043 (N.D. Okla. 2006) ......................................... 4, 5

United States v. Stevens,
   559 U.S. ___, 130 S.Ct. 1577 (2010) ............................................... 10

United States v. Williams,
   553 U.S. 285 (2008) ................................................................... 11

Warth v. Seldin,
   422 U.S. 490 (1975) ................................................................... 17

## FEDERAL STATUTES AND LEGISLATIVE HISTORY

18 U.S.C. § 2251 ................................................................... 1, 11

18 U.S.C. § 2252 ..................................................................... 6

18 U.S.C. § 2252A(a)(5)(B) ..................................................... passim

18 U.S.C. § 2252A(f) ............................................................. passim

18 U.S.C. § 2252A(f)(1) .............................................................. 2

18 U.S.C. § 2252A(f)(2) ............................................................ 2, 3

18 U.S.C. § 2255 ................................................................. passim

18 U.S.C. § 2255(a) .................................................................. 3

18 U.S.C. § 2256(1) .................................................................. 1

18 U.S.C. § 2256(2) ................................................................. 16

18 U.S.C. § 2256(8)(C) ................................................................................... passim

18 U.S.C. § 2256(9)(A)(ii) .............................................................................. 15

18 U.S.C. § 3509(m) ....................................................................................... 20

S. Rep. No. 108-66 (2003) .............................................................................. 3

S. Rep. No. 104-358 (1996) ........................................................................ 2, 15

S. Hrg. No. 104-870 (1996) ............................................................................ 15

## STATE STATUTES

Ohio Revised Code § 2907.321(B)(1) ............................................................. 5

Ohio Revised Code § 2907.322 ....................................................................... 5

Ohio Revised Code § 2907.323 ....................................................................... 5

## FEDERAL RULES

Fed. R. Crim. P. 16(a)(1)(E) ........................................................................... 20

## <u>STATEMENT OF THE ISSUES</u>

I.      Whether, under the constitutional avoidance doctrine, the Court should resolve any non-constitutional issues first if doing so would allow the Court to avoid Defendant Boland's constitutional challenges.

II.     If it is necessary to address Defendant Boland's constitutional challenges, whether the Court should stay its ruling on such challenges until the Sixth Circuit decides <u>Boland v. Holder</u>, No. 10-4381 (6th Cir.).

III.    Whether the definition of child pornography contained in 18 U.S.C. § 2256(8)(C) violates the First Amendment.

IV.     Whether Defendant Boland has standing in this civil case to raise the putative Sixth Amendment rights of other criminal defendants.

V.      Assuming Defendant has standing, whether application of the federal child pornography possession statute, 18 U.S.C. § 2252A(a)(5)(B), and the accompanying civil remedy provisions, 18 U.S.C. §§ 2252A(f) and 2255, to an expert witness in Defendant Boland's circumstances violates a criminal defendant's fair trial rights under the Sixth Amendment.

## SUMMARY OF THE ARGUMENT

Defendant Dean Boland has raised two constitutional challenges to the federal child pornography possession laws and corresponding civil remedy provisions contained in 18 U.S.C. §§ 2252A(a)(5)(B), 2256(8)(C), 2252A(f) and 2255.  Defendant argues that (1) the definition of child pornography in section 2256(8)(C) violates the First Amendment; and (2) the application of the federal child pornography possession statute and civil remedy provisions to an expert witness in his circumstances violates a criminal defendant's right to put on an effective defense under the Sixth Amendment.  The United States hereby submits this memorandum in defense of the constitutionality of 18 U.S.C. §§ 2252A(a)(5)(B), 2256(8)(C), 2252A(f) and 2255.

This memorandum does not address any of the non-constitutional arguments raised by the parties.  The United States nevertheless respectfully submits that this Court should resolve any non-constitutional issues first if doing so would enable the Court to avoid Defendant's constitutional challenges.  Furthermore, if it becomes necessary to address the aforementioned constitutional challenges, the United States respectfully submits that the Court should stay its ruling on such claims until the Sixth Circuit decides Boland v. Holder, a case brought by Mr. Boland which raises the same constitutional challenges made here.[*]

If, however, the Court finds it necessary to reach Defendant's constitutional challenges prior to the Sixth Circuit's ruling in Boland v. Holder, it should reject both challenges.  The Court should reject Defendant's First Amendment challenge to the definition of child pornography contained in 18 U.S.C. § 2256(8)(C) because Congress may lawfully criminalize

---

[*] See Boland v. Holder, 2010 WL 3860996 (N.D. Ohio Sept. 30, 2010) (Oliver, C.J.) (dismissing Mr. Boland's complaint with prejudice), appeal docketed, No. 10-4381 (6th Cir. Oct. 13, 2010).  The appeal in Boland is fully briefed and awaiting oral argument.  Id. No. 10-4381.

morphed child pornography that uses the images of real and identifiable children made to appear that those children are engaging in sexually explicit conduct, as such morphed child pornography is not protected speech.  Alternatively, even if these images are afforded some First Amendment protection, Defendant's constitutional challenge must still be rejected because section 2256(8)(C) is narrowly tailored to further a compelling government interest, and therefore survives strict scrutiny as a permissible content-based restriction on speech.

The Court should also reject Defendant's Sixth Amendment challenge to 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(f) and 2255 because as an initial matter, Defendant lacks standing to raise the Sixth Amendment interests of criminal defendants in whose cases he testified, and to the extent Defendant seeks to litigate the rights of future, unidentified criminal defense clients, this argument is also unripe.  Even assuming, however, that Defendant has standing to raise this challenge, it nevertheless must fail because—as the Sixth Circuit has held on multiple occasions, including in this very case—a constitutionally effective defense to a child pornography charge does not include the right to victimize additional minors by creating new child pornography in the course of preparing and presenting a defense.

# BACKGROUND

## I.    STATUTORY BACKGROUND

The United States has a unique and compelling interest in protecting minors from becoming victims of child pornography because of the physical, psychological and reputational harm that creation and distribution of such material imposes on them.  See New York v. Ferber, 458 U.S. 747, 756-57 (1982).  Consequently, the government may prohibit the creation, possession, and distribution of pornographic images of minors, whether or not the images in question are obscene.  Id. at 760-61.  Congress has exercised that authority in the federal child pornography laws, which broadly prohibit both the exploitation of children for sexual purposes and the possession, transportation, and distribution of child pornography.  See generally 18 U.S.C. §§ 2251 (prohibiting sexual exploitation of minors for the creation of pornographic images), and 2252A (prohibiting the mailing, receipt, transportation, possession, or distribution of pornography involving minors).[1]  The object of the federal child pornography laws is to prevent the sexual exploitation of children by stamping out such images completely.  See, e.g., Osborne v. Ohio, 495 U.S. 103, 109 (1990).  This includes punishing not only those who inflict harm on children directly, but also those who possess and/or distribute images of child pornography.  Id.; see United States v. McIntosh, 414 Fed. Appx. 840, 842 (6th Cir. 2011).

As this case illustrates, child pornography may be produced not only by photographing children engaged in sexually explicit conduct, but also by using computer software to adapt or "morph" innocent photos of real and identifiable minors into sexually explicit images.  In this case, for example, a photo of the face of an innocent child was combined with an image of an adult, resulting in an image depicting the child engaged in sexual conduct.  The result, when

---

[1]  A "minor" is any person under eighteen years of age.  18 U.S.C. § 2256(1).

skillfully done, may be indistinguishable to the untrained eye from authentic images of minors engaged in sexual acts.  Congress has specifically criminalized such images by defining "child pornography" to include any image that "has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct."  18 U.S.C. § 2256(8)(C).

Although morphing the face of an innocent child onto the body of an adult engaged in sexually explicit activity—the type of child pornography proscribed by section 2256(8)(C) and at issue in this case—does not cause any direct physical harm to a minor, the morphed images can cause significant psychological damage to the minor depicted therein.  The harms attributed to morphed child pornography were described at length in the legislative history relating to section 2256(8)(C).  In the Senate Report accompanying the enactment of the provision, Congress explained that section 2256(8)(C) "aims to prevent the harm caused to minors only where identifiable images are used in pornographic depictions, even where the identifiable minor is not directly involved in sexually explicit activities."  S. REP. NO. 104-358, at 11 (1996); see id. at 30-31 (statements of Sen. Biden) (describing harms to victims of morphed child pornography).

In addition to criminalizing child pornography, Congress has provided two civil causes of action for victims of criminal child exploitation to seek remedies for their injuries.  The first, 18 U.S.C. § 2252A(f), provides that "[a]ny person aggrieved by reason of the conduct prohibited under subsection (a) or (b) or section 1466A [relating to obscene materials depicting minors] may commence a civil action for the relief set forth in paragraph (2)."  Id. § 2252A(f)(1)-(2) (authorizing injunctive relief, compensatory damages, punitive damages, attorneys' fees and expert witness fees).  The second statute, codified at 18 U.S.C. § 2255, provides in relevant part:

> Any person who, while a minor, was a victim of a violation of section . . . 2252A
> . . . and who suffers personal injury as a result of such violation, regardless of

> whether the injury occurred while such person was a minor, may sue . . . and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee.  Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

18 U.S.C. § 2255(a).  In the instant case, the predicate child pornography offense for each civil remedy provision is the same.  That offense, section 2252A(a)(5)(B), prohibits knowingly possessing child pornography as defined in section 2256(8)(C)—i.e., images "created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct."

## II.    PROCEDURAL BACKGROUND

### A.    Factual Background

Plaintiff Dean Boland is an Ohio lawyer and self-described expert in digital imaging technology who specializes in the defense of child pornography prosecutions in state and federal court.  Defendant has admitted violating the federal child pornography laws—namely, 18 U.S.C. § 2252A(a)(5)(B)'s prohibition against knowing possession of child pornography as defined in section 2256(8)(C).  See Doe v. Boland, 630 F.3d 491, 494 (6th Cir. 2011).  Minor plaintiffs Jane Doe and Jane Roe, through their legal guardians, have sued Defendant under sections 2252A(f) and 2255, the federal civil remedy provisions for violations of section 2252A(a)(5)(B).

In 2004, Defendant came under federal investigation for violating the federal child pornography laws in the preparation and display of certain trial exhibits.  The FBI learned that, from his home or office, Defendant had downloaded innocuous images of the minor plaintiffs from a stock photo website without concealing or obscuring their identities.  Defendant then digitally manipulated (or "morphed") those images by combining them with pornographic images of adults to create new images appearing to depict the children engaging in sexually

explicit conduct.[2]  Between March 2004 and January 2005, Defendant displayed these images as visual aids in his trial testimony in several Ohio state courts.  He also transported the images across state lines and displayed them as an expert witness in federal district court in Oklahoma, see United States v. Shreck, 03-CR-0043 (N.D. Okla. 2006).  See generally Boland, 630 F.3d 491 (setting forth factual background and Defendant's violations of federal law).

Based on this conduct, the United States Attorney for the Northern District of Ohio commenced a child pornography prosecution against Defendant.  See Dkt. No. 79, Ex. 1.  The case resulted in a pretrial diversion agreement.  See id.  In that agreement, Boland admitted that he had violated section 2252A(a)(5)(B) by knowingly possessing child pornography as defined in section 2256(8)(C).  See id. at 1-2.  Defendant agreed to adhere to a variety of conditions, see id. at 3-5, in exchange for which the government agreed to defer prosecution for eighteen months and, if Defendant completed the diversion program without violation of the agreement's terms, to forgo any prosecution based on the conduct for which Defendant admitted guilt.  Id. at 2-3.  Defendant successfully completed the pretrial diversion program, and thus was not prosecuted.

B.     Litigation Background

On September 14, 2007, Plaintiffs filed the instant Complaint, Dkt. No. 1, to which Defendant answered by raising, *inter alia*, several constitutionally-based defenses.  Dkt. Nos. 14-16.  On April 27, 2009, Defendant moved for summary judgment arguing, *inter alia*, that (1) federal child pornography law does not preempt Ohio child pornography law, including the state

---

[2]  For example, Defendant "took a picture of 5-year-old Jane Roe eating a doughnut and replaced the doughnut with a male penis, and he placed a picture of 6-year-old Jane Doe's face on the image of the body of a nude woman performing sexual acts with two adult males." Boland, 630 F.3d at 492.

law immunity provisions contained in Ohio Revised Code §§ 2907.321(B)(1), .322, and.323; (2) the federal definition of child pornography contained in section 2256(8)(C) violates the First Amendment; and (3) the federal child pornography possession statute (section 2252A(a)(5)(B)) and corresponding civil remedy provisions (sections 2252A(f) and 2255) violate the Sixth Amendment rights of criminal defendants.  Dkt. No. 77.  On September 1, 2009, this Court ruled in favor of Defendant, dismissed Plaintiffs' federal claims with prejudice, and declined to retain jurisdiction over the pendant state-law claims.  Dkt. No. 85.  Plaintiffs appealed, <u>see</u> Dkt. No. 87, and on January 19, 2011, the Sixth Circuit reversed the judgment and remanded the case to allow this Court to consider potential legal defenses in the first instance.  <u>Boland</u>, 630 F.3d at 495-99.

The Sixth Circuit concluded that Defendant had no basis for denying that he violated section 2252A(a)(5)(B) by knowingly possessing child pornography as defined in section 2256(8)(C).  <u>Id.</u> at 495.  The court held that the aforementioned federal civil remedy provisions "encompass *all* violations of § 2252A(a), not some of them" and did not exempt Defendant's conduct.  <u>Id.</u>  In so ruling, the Sixth Circuit rejected the argument that Defendant's violation of section 2252A(a)(5) was somehow authorized by the federal district judge in <u>Shreck</u>.  <u>Id.</u> at 496-97.  In fact, the court held that Defendant already had violated section 2252A(a)(5) when he created *new* child pornography before ever stepping into the courtroom in Oklahoma.  <u>Id.</u>  The court also concluded that no common law immunities applied, and that if even if Ohio law was not preempted, the state-law immunity provisions were not applicable to Defendant's conduct as there was no bona fide need to create new child pornography "given the other means at his disposal to illustrate the difficulty of discerning real from virtual images."  <u>Id.</u> at 496-98 (noting Boland could have illustrated his point by combining two innocent images into another innocent

-5-

image, or by morphing an image of an adult into that of an unidentifiable minor engaging in sexual activity). Finally, the court rejected the argument that, without an exemption for this type of expert testimony, a criminal defendant's Sixth Amendment rights would be violated, holding that the Constitution does not allow a criminal defendant to defend one criminal charge by having his lawyer or expert witness commit another. Id. at 496; see also id. ("Nor do reasonable limits on defense counsel's access to the child pornography at issue in a criminal case, whether old or new, raise constitutional concerns."). The Sixth Circuit ultimately concluded that remand was the appropriate remedy for the remaining defenses. See id. at 499.

> In its Order of May 2, 2011, this Court directed counsel to brief the following issues:
>
> (1) Does the statute violate the Sixth Amendment as applied to a defense trial witness who did what Defendant Boland did; (2) Are the plaintiff minors "persons aggrieved" under section 2252A(f); (3) Did the minors suffer "personal injury" as required under section 2255 given that the parties have stipulated that each child did not know about the images; and (4) Does the definition of child pornography [in] section 2256(8)(C) violate the First Amendment?

C.      Related Boland Litigation Raising the Same Constitutional Challenges

The same constitutional challenges at issue in this matter were also raised by Mr. Boland in Boland v. Holder, 2010 WL 3860996 (N.D. Ohio Sept. 30, 2010), which is currently on appeal. See id., appeal docketed, No. 10-4381 (6th Cir.). In July 2009, after the expiration of the pretrial diversion agreement, Mr. Boland brought a civil action for declaratory and injunctive relief against the Attorney General of the United States. His complaint in that case seeks an order enjoining the Attorney General from enforcing thirteen specified federal criminal statutes—including 18 U.S.C. §§ 2252 and 2252(A)—against any defense attorney or expert witness involved in state child pornography proceedings under Ohio law. See id. at *1. Boland argued (1) that Ohio's aforementioned immunity provisions are not preempted by the federal

child pornography statutes, (2) that those statutes violate the First Amendment rights of participants in Ohio state criminal proceedings; and (3) that the same statutes prevent criminal defendants from receiving a fair trial in violation of the Sixth Amendment. Id. at *2.

The district court in Boland granted the United States' motion to dismiss the complaint, holding, *inter alia*, that Ohio law cannot limit the reach of federal child pornography laws. Boland, 2010 WL 3860996 at *5-6. The court also rejected Boland's constitutional challenges. First, the court held that because Boland's aforementioned conduct involved depictions of real and identifiable minor children, it was categorically unprotected by the First Amendment. Id. at *7-8. Next, the court held that requiring lawyers and defense experts in Ohio state criminal proceedings to comply with federal law does not deprive state criminal defendants of a fair trial under the Sixth Amendment. Id. at *8-9. Boland's appeal of this decision is fully briefed and awaiting oral argument before the Sixth Circuit. See Boland, No. 10-4381 (6th Cir.).

## ARGUMENT

### I. THE COURT MUST FIRST DETERMINE WHETHER THE CONSTITUTIONAL QUESTIONS CAN BE AVOIDED

Under the constitutional avoidance doctrine, courts "ought not to pass on questions of constitutionality . . . unless such adjudication is unavoidable." Dep't of Commerce v. U.S. House of Representatives, 525 U.S. 316, 343 (1999). Accordingly, the Court should reach the merits of Defendant's constitutional challenges only if resolution of those challenges are necessary to decide Plaintiffs' right to relief under the civil remedy provisions contained in 18 U.S.C. §§ 2252A(f) and 2255. See id.; Coleman v. Mitchell, 268 F.3d 417, 432 (6th Cir. 2001) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.").

-7-

Here, Defendant has raised grounds for disposing of this case that do not implicate his constitutional challenges.  Specifically, Defendant argues that Plaintiffs did not suffer "personal injury" as required under section 2255, and cannot establish that they are "aggrieved" under section 2252A(f).  <u>See</u> Dkt. Nos. 77, 83, 98 and 106.  The Court has specifically requested that the parties brief both of these issues.  <u>See</u> Minute Order of May 2, 2011.  Thus if the Court can avoid the constitutional questions by disposing of the case on these grounds, it should do so.

## II.    IF IT BECOMES NECESSARY TO ADDRESS THE CONSTITUTIONAL QUESTIONS, THE COURT SHOULD STAY ITS RULING ON SUCH ISSUES UNTIL THE SIXTH CIRCUIT DECIDES <u>BOLAND V. HOLDER</u>

District courts have broad discretion to stay all proceedings in an action pending the resolution of related proceedings elsewhere.  <u>Canady v. Erbe Elektomedizin GMBH</u>, 271 F. Supp. 2d 64, 74 (D.D.C. 2002).  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  <u>Lincoln Elec. Co. v. Miller Elec. Mfg.</u>, 2011 WL 976586, at *1 (N.D. Ohio Mar. 17, 2011) (quotation omitted).  A district court may therefore "find it is efficient for its own docket and the fairest course for the parties" to stay its resolution of any matter before it, "pending resolution of independent proceedings which bear upon the case."  <u>Canady</u>, 271 F. Supp. 2d at 74.  This includes a stay when, as here, resolution of an appeal in a related suit within the same jurisdiction could be dispositive of a party's legal challenges.  <u>See</u> <u>Allina Health Servs. v. Sebelius</u>, 756 F. Supp. 2d 61, 71 (D.D.C. 2010).

Accordingly, if it becomes necessary to address Defendant's constitutional challenges, the Court should stay its ruling on such claims until the Sixth Circuit decides <u>Boland v. Holder</u>, an appeal of a case brought by Mr. Boland raising constitutional challenges very similar to, or

-8-

the same as, those made here.  <u>See</u> <u>Boland</u>, 2010 WL 3860996 at *6-9 (dismissing Mr. Boland's complaint with prejudice, rejecting same First and Sixth Amendment arguments raised here), <u>appeal docketed</u>, No. 10-4381 (6th Cir.).  The appeal in <u>Boland</u> is fully briefed and awaiting oral argument, <u>see</u> <u>id.</u>, and certainly qualifies as an independent proceeding that "bear[s] upon the case" at bar.  <u>Canady</u>, 271 F. Supp. 2d at 74.  Indeed, much like in <u>Allina</u>, resolution of the questions on appeal in <u>Boland v. Holder</u> may be dispositive of one or both of Defendant's constitutional arguments in this case.  <u>Allina Health Servs.</u>, 756 F. Supp. 2d at 71 (granting stay for that reason).  Judicial economy therefore weighs heavily in favor of a stay.

## III.   THE DEFINITION OF "CHILD PORNOGRAPHY" CONTAINED IN 18 U.S.C. § 2256(8)(C) DOES NOT VIOLATE THE FIRST AMENDMENT

If, however, the Court cannot dispose of this case on non-constitutional grounds, and finds it necessary to reach the constitutional questions prior to the Sixth Circuit's ruling in <u>Boland v. Holder</u>, it should reject Defendant's First Amendment challenge because the definition of child pornography in section 2256(8)(C) does not violate the First Amendment.  The images of morphed child pornography at issue in this case were created by Defendant using pictures of real and identifiable children made to appear that those children were engaging in sexually explicit conduct.  As such, Defendant's creation, possession, and transportation of these images is not protected speech.  Alternatively, even if the images in this case were protected by the First Amendment, Defendant's constitutional challenge still fails because section 2256(8)(C) is narrowly tailored to further a compelling government interest.  It would therefore survive strict scrutiny as a permissible content-based restriction on speech.

### A.   Morphed Child Pornography Using the Faces of Real and Identifiable Minors Is Not Protected Speech Under the First Amendment

The Supreme Court has repeatedly explained that the First Amendment does not guarantee absolute freedom of speech.  See Brown v. Entm't Merchants Ass'n, 564 U.S. ___, 131 S.Ct. 2729, 2733 (2011) (collecting cases).  "From 1791 to the present," certain categories of speech—such as obscenity, incitement, and fighting words—have remained unprotected by the First Amendment, and "'the prevention and punishment of [such categories] have never been thought to raise any Constitutional problem.'"  Brown, 131 S.Ct. at 2733 (quoting Chaplinsky v. New Hampshire, 315 U.S. 568, 571-72 (1942)).  See, e.g., Roth v. United States, 354 U.S. 476, 483 (1957) (obscenity); Beauharnais v. Illinois, 343 U.S. 250, 254-55 (1952) (defamation), Brandenburg v. Ohio, 395 U.S. 444, 447-49 (1969) (per curiam) (incitement); Giboney v. Empire Storage & Ice Co., 336 U.S. 490, 498 (1949) (speech integral to criminal conduct); Chaplinsky, 315 U.S. at 572 (fighting words).  Speech excluded from First Amendment protection may be proscribed by content-based legislation irrespective of whether the restriction can satisfy strict scrutiny.  R.A.V. v. City of St. Paul, 505 U.S. 377, 383-84 (1992).

Child pornography involving depictions of real and identifiable minors is an additional category of unprotected speech, and it may be prohibited whether or not the images are obscene.  See Ferber, 458 U.S. at 761-64; Free Speech Coal., 535 U.S. at 240; United States v. Stevens, 559 U.S. ___, 130 S.Ct. 1577, 1587 (2010) ("When we have identified categories of speech as fully outside the protection of the First Amendment, it has not been on the basis of a simple cost-benefit analysis.  In Ferber, for example, we classified child pornography as such a category.").

However, the broad power to proscribe child pornography is not completely unfettered, particularly where pornographic materials are made using no real children or only youthful-looking adults.  In 2002, the Supreme Court declared as overbroad two definitional provisions of

the Child Pornography Prevention Act of 1996, 18 U.S.C. § 2251 (2000) et seq.  Free Speech

Coal., 535 U.S. at 242.  The provisions struck down in that case—18 U.S.C. §§ 2256(8)(B) and

(D)—encompassed "virtual child pornography" produced by computer animation and other types

of images that do not depict any actual minors such as computer-generated images of non-

humans, a Renaissance painting depicting a scene from classical mythology, and movies filmed

without any actors under the age of eighteen.  Id. at 241-43.  In concluding that subsections (B)

and (D) were overbroad, the Supreme Court emphasized that these two definitions of child

pornography "prohibit speech that records no crime and creates no victims," and were therefore

distinguishable from the categories of child pornography at issue in Ferber and Osborne.  Id. at

250.  Sections 2256(8)(B) and (D) were constitutionally infirm because they prohibited images

that did not depict any real, identifiable children.  For that reason, the broad child-protection

rationale for restriction did not apply.  Id.; United States v. Williams, 553 U.S. 285, 288 (2008).

        Not once, however, did the Supreme Court in Free Speech Coalition suggest that child

pornography that uses real, identifiable minors depicted in the images would be subject to First

Amendment protection.  In fact, the Supreme Court specifically distinguished the virtual child

pornography at issue in Free Speech Coalition from the morphed child pornography proscribed

by section 2256(8)(C)—the provision at issue in the instant case:

> Section 2256(8)(C) prohibits a more common and lower tech means of creating
> virtual images, known as computer morphing.  Rather than creating original
> images, pornographers can alter innocent pictures of real children so that the
> children appear to be engaged in sexual activity.  Although morphed images may
> fall within the definition of virtual child pornography, they implicate the interests
> of real children and are in that sense closer to the images in Ferber.

535 U.S. at 242.  Following this reasoning by the Supreme Court, five federal courts have

addressed the question of whether the First Amendment protects morphed child pornography

-11-

created using images of the faces of real and identifiable children and made to appear that they

are engaging in sexually explicit conduct.  Every court has concluded that such images are not

protected.  See United States v. Hotaling, 634 F.3d 725, 730 (2d Cir. 2011) (rejecting First

Amendment challenge to section 2256(8)(C), holding that sexually explicit images of adult

female with face of an identifiable minor superimposed "are not protected expressive speech

under the First Amendment"), and United States v. Hotaling, 599 F. Supp. 2d 306, 321-22

(N.D.N.Y. 2008) (same); United States v. Bach, 400 F.3d 622, 632 (8th Cir. 2005) (similar); see

also United States v. Hoey, 508 F.3d 687, 693 (1st Cir. 2007); Boland v. Holder, 2010 WL

3860996, at *7-8 (N.D. Ohio 2010) (rejecting Boland's argument that his admitted conduct,

which is also at issue in this case, is speech protected by the First Amendment).

       In the instant case, Defendant downloaded innocent photos of the faces of the minor

plaintiffs and, without concealing or obscuring their identities, combined these photos with

pornographic pictures of adults, resulting in images depicting the minor plaintiffs engaged in

sexually explicit conduct.  Congress has specifically criminalized such images by defining child

pornography to include any image that "has been created, adapted, or modified to appear that an

identifiable minor is engaging in sexually explicit conduct."  18 U.S.C. § 2256(8)(C).  This type

of child pornography, insofar as it involves depictions of real and identifiable minor children, see

id., is categorically "without the protection of the First Amendment."  Ferber, 458 U.S. at 764;

Free Speech Coal., 535 U.S. at 242; Hotaling, 634 F.3d at 728-29; Bach, 400 F.3d at 630-32.

       Defendant nevertheless relies on Free Speech Coalition to argue that the morphed images

he created and possessed are somehow protected by the First Amendment.  Specifically,

Defendant argues that section 2256(8)(C) is unconstitutional because it renders unlawful any

-12-

image that "appears to be" child pornography.  See Dkt. No. 98 at 9.  This contention, however, misstates the Supreme Court's holding in Free Speech Coalition and ignores the difference between computer-simulated pornographic images that do not use photos of real and identifiable minors and morphed pornographic images that do.  The Supreme Court has specifically recognized this distinction, and has suggested that the latter images are unprotected speech.  Free Speech Coal., 535 U.S. at 242 (in dicta).  Section 2256(8)(C) preserves, rather than eliminates, this key distinction by criminalizing only the image of an "*identifiable minor* engaging in sexually explicit conduct."  18 U.S.C. § 2256(8)(C) (emphasis added).  Here, unlike the categories of pornography protected in Free Speech Coalition, the images of child pornography created and possessed by Defendant appear to depict real, identifiable minors.  Unlike the categories of pornography protected in Free Speech Coalition, the images created and possessed by Defendant generated real victims.  And unlike the categories of pornography protected in Free Speech Coalition, the images created and possessed by Defendant purport to record a crime and portray real, identifiable minors engaging in sexually explicit conduct.  See Boland, 2010 WL 3860996 at *7 (rejecting Defendant's Free Speech Coalition argument for the same reason).

Furthermore, both courts of appeal to have addressed this issue in detail have followed the Supreme Court's dicta in Free Speech Coalition and have determined section 2256(8)(C) to be constitutional based upon facts legally indistinguishable from the instant matter.  See Hotaling, 634 F.3d at 730 ("Sexually explicit images that use the faces of actual minors are not protected expressive speech under the First Amendment."); Bach, 400 F.3d at 632 (same).  In noting its agreement with the Eighth Circuit in Bach, the Second Circuit in Hotaling recently explained that "the interests of actual minors are implicated" under Ferber "when their faces are

-13-

used in creating morphed images that make it appear that they are performing sexually explicit acts[,] even through the bodies of the images belonged to adult females."  Hotaling 634 F.3d at 730; see also Bach, 400 F.3d at 632 (concluding similarly and explaining that "[a]lthough there is no contention that the nude body actually is that of [the minor] or that he was involved in the production of the image, a lasting record has been created of [the minor], an identifiable minor child, seemingly engaged in sexually explicit activity.  He is thus victimized every time the picture is displayed.").  Because Congress may lawfully criminalize child pornography that uses images of real and identifiable minors made to appear that they are engaging in sexually explicit conduct, and established Supreme Court precedent unambiguously holds that the First Amendment does not protect such images, Defendant's First Amendment challenge must fail.

      B.      In the Alternative, Section 2256(8)(C) Satisfies Strict Scrutiny

Even if morphed child pornography using the images of real and identifiable minors is protected by the First Amendment—which it is not—section 2256(8)(C) would still be constitutionally permissible as a content-based restriction because it satisfies strict scrutiny, i.e., it is narrowly tailored to further a compelling government interest.  See United States v. Playboy Entm't Grp., Inc., 529 U.S. 803, 813 (2000) (outlining strict scrutiny standard).  First, section 2256(8)(C) furthers a compelling government interest because it is intended to and actually protects the psychological well-being of children.  Congress enacted this provision to prevent children from psychological harm, as evidenced by the extensive legislative record in S. Rep. No. 104-358, at 11 (explaining section 2256(8)(C) was intended "to prevent the harm caused to minors only where identifiable images are used in pornographic depictions, even where the identifiable minor is not directly involved in sexually explicit activities"), as well as S. Hrg. No.

-14-

104-870, at 99 (describing "serious consequences" including "shame, humiliation, and even more extreme consequences as a result of the [morphed] child pornographic image").  As observed by the Court in Ferber, "[i]t is evident beyond the need for elaboration that a State's interest in safeguarding the physical and psychological well-being of a minor is compelling." 458 U.S. at 756-57; see id. at 757 (collecting cases "sustaining legislation aimed at protecting the physical and emotional well-being of youth even when the laws have operated in the sensitive area of constitutionally protected rights.").  By protecting the victims of morphed child pornography from psychological harm, section 2256(8)(C) furthers a compelling governmental interest.

Second, there are no less restrictive alternatives to section 2256(8)(C) to prevent the psychological harms caused by morphed child pornography.  See, e.g., Playboy Entm't Grp., Inc., 529 U.S. at 813 (to be narrowly tailored, "[i]f a less restrictive alternative would serve the Government's purpose, the legislature must use that alternative").  Section 2256(8)(C) defines a morphed image as child pornography only if the image appears to depict "an identifiable minor" engaged in sexually explicit activity—that is, the image must be "recognizable as an actual person by the person's face, likeness, or other distinguishing characteristic."  18 U.S.C. § 2256(9)(A)(ii).  The definition contained in section 2256(8)(C), further clarified by the federal definition of "sexually explicit conduct," includes all visual depictions "created, adapted, or modified to appear that an identifiable minor is engaging in" "sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex, bestiality, masturbation, sadistic or masochistic abuse, or lascivious exhibition of the genitals or pubic area of any person."  Id. §§ 2256(2), (8)(C).  Thus for an image to be within

-15-

the scope of section 2256(8)(C), it must (1) depict an actual, identifiable minor who exists in the

real world, and (2) depict the child engaged in some sort of sexual act.  Pursuant to these

definitions, every application of section 2256(8)(C) creates a scenario that could cause

psychological harm to a minor, in that it will depict what appears to be a real, known, and

identifiable minor engaged in sexually explicit conduct.  The only way to prevent psychological

harm to the minors depicted in morphed child pornography is to eradicate the material in its

entirety.  See, e.g., Free Speech Coal., 535 U.S. at 250; Hotaling, 634 F.3d at 728-29.  There is

therefore no less restrictive alternative to section 2256(8)(C) that is capable of accomplishing

this goal.  Accordingly, even if the child pornography at issue in this case was somehow

protected by the First Amendment, section 2256(8)(C) would still satisfy strict scrutiny.

**IV.  APPLICATION OF THE FEDERAL CHILD PORNOGRAPHY STATUTES AND CIVIL REMEDY PROVISIONS TO AN EXPERT WITNESS IN DEFENDANT'S CIRCUMSTANCES DOES NOT VIOLATE THE SIXTH AMENDMENT**

Defendant's final argument is that criminal defendants cannot obtain a fair trial because

their witnesses must comply with federal child pornography laws, including the civil remedy

provisions in 18 U.S.C. §§ 2252A(f) and 2255.  Defendant's theory is that the possibility that

such a witness will be held criminally or civilly liable under the federal child pornography laws

violates the criminal defendant's Sixth Amendment right to a fair trial—specifically, the criminal

defendant's right to the assistance of an expert witness.  Defendant, however, lacks standing to

raise the Sixth Amendment interests of the criminal defendants in whose cases he has testified or

might testify.  Furthermore, even assuming Defendant has standing to raise this challenge, it fails

on the merits for the reasons set forth by the Sixth Circuit on multiple occasions, including most

recently in Doe v. Boland, 630 F.3d 491 (6th Cir. 2011).  A constitutionally effective defense to

-16-

a child pornography charge simply does not include the right to victimize additional minors by creating new child pornography, as Defendant admitted doing here.

  A.  <u>Defendant Lacks Standing to Raise His Sixth Amendment Argument</u>

  This Court has asked the parties to brief whether the relevant child pornography statutes violate the Sixth Amendment "as applied to *a defense trial witness* who did what Defendant Boland did." Minute Order of May 2, 2011 (emphasis added). Boland, however, has failed to address whether a defense trial witness has any Sixth Amendment rights and, if so, how those rights might be violated under the present circumstances of this civil case. Instead, his argument focuses solely on the putative Sixth Amendment rights of unnamed criminal defendants, and fails to identify any legal rights independent of these past or potential criminal defense clients.

  To establish standing, however, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." <u>Warth v. Seldin</u>, 422 U.S. 490, 499 (1975). An expert witness lacks standing to assert the Sixth Amendment interests of the criminal defendants in whose cases he testified. <u>Cf. id.</u>; <u>see also</u> <u>Conn v. Gabbert</u>, 526 U.S. 286, 292 (1999) (defense attorney lacked standing to raise constitutional right of witness to have counsel present outside of grand jury room); <u>Lowry v. Barnhart</u>, 329 F.3d 1019, 1023 (9th Cir. 2003) (lawyers cannot invoke the constitutional rights of their clients vicariously). Moreover, even if Defendant raises his Sixth Amendment claim solely vis-a-vis his role as criminal defense counsel, the result would be the same. Attorneys lack third-party standing to raise constitutional claims on behalf of a prospective or hypothetical attorney-client relationship. <u>Kowalski v. Tesmer</u>, 543 U.S. 125, 131 (2004). <u>Compare id</u>, <u>with</u> <u>Powers v. Ohio</u>, 499 U.S. 400, 411 (1991) (recognizing rare exception to rule against third-party standing

-17-

when litigant "has a 'close' relationship with the person who possesses the right [and] there is a 'hindrance' to the possessor's ability to protect his own interests"), and Caplin & Drysdale v. United States, 491 U.S. 617, 624 (1989) (finding requisite "close relationship" in an *existing* attorney-client relationship).  And even if Boland could argue that his conduct in this case was in service of an existing attorney-client relationship, he has failed to establish that his clients were hindered from protecting their own interests in a case where they were charged with violating one of the aforementioned provisions.[3]  See Kowalski, 543 U.S. at 132 (rejecting argument that indigent defendant's lack of counsel "is the type of hindrance necessary to allow another to assert the indigent defendants' rights" under Powers).  Furthermore, to the extent Boland seeks to litigate the rights of his future, unidentified criminal defense clients, the argument is plainly not ripe.  See Cooley v. Granholm, 291 F.3d 880, 883 (6th Cir. 2002) ("[A] claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'") (quoting Texas v. United States, 523 U.S. 296 (1998)).

> B. Defendant's Sixth Amendment Argument Fails Because the Constitution Does Not Provide Criminal Defense Attorneys or Experts the Right to Commit New Violations of Federal Child Pornography Law in the Course of Presenting a Defense

Even assuming Defendant has standing to raise his Sixth Amendment argument, it nevertheless must fail.  Defendant has repeatedly raised this argument on behalf of himself and his clients, and each time it has been rejected, including twice by the Sixth Circuit and once by

---

[3]  Indeed, to the extent Boland raises his Sixth Amendment argument on behalf of the previous criminal defense clients related to this case, this counterfactual contention fails to meet the injury-in-fact requirement, as those clients' convictions or acquittals have not only become final, but the defendants therein actually *received* the benefit of Boland's expert testimony.  Boland makes no allegations that he declined to testify for the defense in these trials.  Therefore under Boland's very theory, those criminal defense clients can allege no constitutional injury.

-18-

the Northern District of Ohio.  See Boland, 630 F.3d at 495-97; United States v. Paull, 551 F.3d

516, 524 (6th Cir. 2009); United States v. McNealy, 625 F.3d 858, 868 (5th Cir. 2010); Boland

v. Holder, 2010 WL 3860996, at *8-9 (N.D. Ohio Sept. 30, 2010); State v. Brady, 894 N.E. 2d

671, 679 (Ohio 2008).  Indeed, in light of the Sixth Circuit's ruling on Defendant's Sixth

Amendment argument in Doe v. Boland, the United States respectfully submits that this question

no longer remains open in this case.  See Boland, 630 F.3d at 495-97 (rejecting Boland's Sixth

Amendment argument that criminal defendants cannot obtain a fair trial because their witnesses

must comply with federal child pornography laws); see also Boland, 2010 WL 3860996 at *8

("[T]he federal child pornography laws do not deprive a defendant of the right to a fair trial.").

       Nevertheless, Defendant once again argues that a criminal defendant's Sixth Amendment

right to a fair trial gives defense experts the right to violate federal law—here, creating and

possessing morphed child pornography while preparing to testify in state and federal criminal

trials, in violation of section 2252A(a)(5)(B).  See Boland, 630 F.3d at 495 (explaining Boland's

violations); Dkt. No. 79, Ex. 1 at 1-2 (same).  In rejecting this very argument, however, the Sixth

Circuit explained that Boland cannot violate federal child pornography laws when preparing and

providing defense expert assistance in child pornography cases.  See Boland, 630 F.3d at 496;

see also Brady, 894 N.E. 2d at 679 ("[i]t is axiomatic that an expert's conduct must conform to

the law.").  The Sixth Circuit reached this conclusion after explaining that a constitutionally

effective defense to a child pornography charge does not entail the right to victimize additional

minors by creating new child pornography.  Boland, 630 F.3d at 496.  Nor, for that matter, does

the Constitution require even the right to possess *existing* child pornography evidence outside of

-19-

a courtroom or suitable government facility.  See id. at 495 (citing 18 U.S.C. § 3509(m)).[4]

Practical arrangements can be, and are, made in particular cases to ensure that defense counsel, the court, the jury, and others have access to the evidence to the extent necessary to permit the judicial system to function.  See, e.g., Paull, 551 F.3d at 524-25.  But Congress plainly did not intend to allow criminal defendants or their agents to create and possess new child pornography—and thereby risk the very harm to innocent minors that the child pornography laws are designed to prevent—in the course of presenting a defense.  See Boland, 630 F.3d at 496.  This principle is no different than prohibiting experts in drug cases from manufacturing controlled substances or barring experts in counterfeiting cases from printing counterfeit money.  See id. ("Otherwise, an individual on trial for a murder-by-stabbing charge could try to prove that the knife was not long enough to kill someone by using it to stab someone else in the middle of the trial.").  The Sixth Circuit has concluded that "no constitutional principle . . . allows a criminal defendant to defend one criminal charge by urging his lawyer or witness to commit another."  Boland, 630 F.3d at 496.   This Court should hold the same, and reject Defendant's Sixth Amendment argument.

_____

[4]  Indeed, Congress has expressly prohibited criminal defendants and their agents from retaining possession of child pornography images during criminal proceedings.  Section 3509(m) of Title 18, part of the Adam Walsh Act, provides that "[i]n any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) shall remain in the care, custody, and control of either the Government or the court."  Id. (emphasis added).  Moreover, notwithstanding Fed. R. Crim. P. 16(a)(1)(E), Congress has specified that a federal court must deny a request by a criminal defendant to copy or duplicate such materials, provided that the government makes the evidence in the case reasonably available to the defendant or his attorneys or experts for inspection at a suitable government facility.  See id. § 3509(m)(2)(A)-(B).  This provision underscores Congress' intent that the government should exercise the tightest possible control over child pornography images consistent with a defendant's right to a fair trial.  See Boland, 630 F.3d at 495 (noting similarly).

-20-

## **CONCLUSION**

The United States respectfully requests that the Court resolve any non-constitutional issues in this case first if doing so would enable the Court to avoid Defendant's constitutional challenges.  If, however, it becomes necessary to address the aforementioned constitutional challenges, the United States respectfully submits that the Court should stay its ruling on such claims until the Sixth Circuit decides Boland v. Holder.  Finally, if the Court finds it necessary to reach the constitutional questions prior to the Sixth Circuit's ruling in Boland v. Holder, it should reject Defendant's constitutional challenges for all the reasons set forth above.

Dated:   August 30, 2011                           Respectfully submitted,

TONY WEST
Assistant Attorney General

STEVEN M. DETTELBACH
United States Attorney

VINCENT M. GARVEY
Deputy Director, Federal Programs Branch

*/s/  Bryan Dearinger*
BRYAN DEARINGER (OR Bar #06151)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Rm. 7334
Washington, DC  20530
Tel: (202) 514-3489
Fax: (202) 616-8470

*Counsel for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2011, a copy of the foregoing document was filed electronically through the Court's CM/ECF system, which caused all parties or counsel to be served by electronic means as reflected on the Notice of Electronic Filing.

                                                   */s/  Bryan Dearinger*
                                                   BRYAN DEARINGER
                                                   Trial Attorney
                                                   United States Department of Justice