IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PETER LORA, VICTORIA BLOOM et al | 1:07 CV 2787 |
| | JUDGE DAN AARON POLSTER |
| V. | |
| | REPLY TO GOVERNMENT'S BRIEF |
| DEAN BOLAND | |

Dean Boland respectfully submits his reply to the government's brief contained in the attached memorandum.

/s/ Dean Boland

Dean Boland 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
216-236-8080 ph
866-455-1267 fax
dean@deanboland.com

MEMORANDUM

The definition in 18 U.S.C. 2256(8)(c) has as its intent the protection of children. The question raised here is whether the definition criminalizes otherwise First Amendment protected conduct. In that analysis, one of the issues is whether the statute is narrowly tailored to meet its goal or broadly written such that it sweeps within its proscription, constitutionally protected conduct.

It is important to remember that the definition of a minor for purposes of 2256(8)(c) is any person up to the age of 17 years 364 days. In some cases, there are high school graduates and first year college students that qualify as minors.

The statute is not narrowly tailored as it criminalizes all of the following conduct which is both protected by the First Amendment and, does not harm any minor.

1. Adult morphing their own image of themselves as a minor, not displaying it to anyone. No harm to any minor.

1. Adult morphing their own image of themselves as a minor, displaying it to one or more adults. No harm to any minor.

2. Adult granting permission to another to morph image of themselves as a minor, image creator not displaying that image with anyone. No harm to any minor. First Amendment protection.

3. Adult granting permission to another to morph image of themselves as a minor, image creator displaying that image to one or more adults. No harm to any minor. First Amendment protection.

4. Person morphing image of minor who is deceased, not displaying it to anyone. No harm to any minor.

5. Person morphing image of minor who is deceased, displaying it to one or more adults. No harm to any minor.

6. Person morphing image of a person from when they were a minor, yet person is currently an adult, not displaying it to anyone. No harm to any minor.

7. Person morphing image of a person from when they were a minor, yet person is currently an adult, displaying it to one or more adults. Subject of image is unaware the image exists. No harm to any minor.

8. Person morphing image of a person from when they were a minor, yet person is currently an adult, displaying it to one or more adults. Subject of image becomes aware the image exists. No harm to any minor.

9. Person morphing image of a minor, keeping that image in their own home without displaying it to anyone. No harm to any minor.

10. Person morphing image of a minor, keeping that image in their own home displaying it to one or more adults while subject of image remains unaware of its existence. No harm to any minor.

11. Person morphing image of a minor, keeping that image in their own home without displaying it to anyone until that minor is an adult and then displaying it to one or more adults, but subject of image is never aware of its existence. No harm to any minor.

12. Person morphing image of a minor, keeping that image in their own home without displaying it to anyone until that minor is an adult and then displaying it to one or more adults, and subject of image becomes aware of its existence as an adult. No harm to any minor.

13. 16 year old having constitutionally protected sexual relations with her boyfriend, another 16 year old, morphs non sexual image of herself and her boyfriend into sexual pose with boyfriend. No harm to any minor. Moreover, image is now essentially a re-creation of activity the two minors are lawfully, constitutionally engaged in, i.e. private sexual relations. The definition criminalizes this depiction of constitutionally protected conduct.

14. Person before legislative committee evaluating potential updates to child pornography statutes demonstrating state of technology to modify images of minors to make them appear to be engaged in prohibited conduct. See Stevens concurrence in *Ferber*.

15. Person before legislative committee conducting research into numbers of such images available on the Internet; i.e. minors morphed to appear to be engaged in prohibited conduct.

16. Prosecutor in state child pornography prosecution argues that any image of what "appears to be" child pornography *is* child pornography because, *it is impossible to modify images of actual minors in innocent poses to make them appear to be engaged in prohibited conduct*. Defense attorney then hires expert to demonstrate the falsity of the prosecution's argument. i.e. precisely the

argument and response occurring in Ohio state cases from 2004 to the present in which Defendant was involved.

17. Person morphs innocent image of an adult, with the permission of that adult, to make that image appear to be a minor. Person then morphs that image of what appears to be a minor into the image of that apparent minor engaged in prohibited conduct. The image is never displayed to anyone. No harm to any minor.

18. Person morphs innocent image of an adult, without the permission of that adult, to make that image appear to be a minor. Person then morphs that image of what appears to be a minor into the image of that apparent minor engaged in prohibited conduct. The image is never displayed to anyone. No harm to any minor.

19. Person morphs innocent image of an adult, without the permission of that adult, to make that image appear to be a minor. Person then morphs that image of what appears to be a minor into the image of that apparent minor engaged in prohibited conduct. The image is displayed to one or more adults, but the subject of the image is never made aware of its existence. No harm to any minor.

20. Person morphs innocent image of an adult, without the permission of that adult, to make that image appear to be a minor. Person then morphs that image of what appears to be a minor into the image of that apparent minor engaged in

prohibited conduct.  The image is displayed to one or more adults and subject of the image *is made aware* of its existence.  No harm to any minor.

    Just one of the examples above show the First Amendment conflict with the statue as written.  As the law is now, an adult can go to prison for five years or more for morphing a picture of themselves when they were a minor into what appears to be them, as a minor, engaged in prohibited conduct.  This is all without that adult sharing that image with anyone.  If they turn their computer in for repair and the repair person stumbles upon the image, later shown conclusively to be fake and a picture of the actual adult as a minor which they morphed, they are still subject to imprisonment.  To protect what child precisely?  This is a privacy invasion of the most precise kind.  It is the thought prosecution the First Amendment was designed to prohibit.

    The government cites to numerous examples of the purposes of these statutes, i.e. to protect children.  ("compelling interest in protecting minors" R. 112 at 10; "prohibit...exploitation of children for sexual purposes" R. 112 at 10; "prohibiting sexual exploitation of minors" Id.; "The object of the federal child pornography laws is to prevent the sexual exploitation of children" Id.)  None of these laudable purposes is served by criminalizing the conduct in 1-20 above.  And nowhere does the government argue the statute's intent is to protect adults for harm they suffer at the discovery of an image of them as a minor morphed to appear to depict prohibited conduct.

    WHAT HARM CAN OCCUR BY THE EXISTENCE OF 2256(8)(C) IMAGES?

The government correctly states that the *only* harm that can arise from such images is that they "*can cause* significant psychological damage to the minor depicted therein." R. 112 at 11. Emphasis added.

This potential harm is only caused in the most limited of circumstances while the statute prohibits a range of conduct that could not possibly harm any minor. *supra*.

The government also omits discussing under what circumstances such psychological damage might be caused and the obvious degrees of severity from none to "significant." The answer is obvious. The only time such harm can be caused is when *and if* the minor, as a minor, becomes aware of the existence of the image. There are three possible means of the minor becoming aware of the image that seem to have increasing degrees of harm:

1. Minor is merely told about the image generally.

2. The image is described to the minor in detail.

3. The image is displayed to the minor.

1-3 above, however, vary in whether they cause harm depending on the age of the minor at issue. Certainly not all 16 and 17-year-olds would suffer "significant psychological harm" from 1-3 above. Some may find it, as immature teenagers often do, humorous to see an image of some type that qualifies under the statute as prohibited conduct, a result of a morph of that teenager's image. Some may be offended slightly and forget about the incident within the day or a few days. Some may be more upset if the image was used as some sort of online harassment tool,

etc. The government's assertion that all minors, under all circumstances when confronted with such images, would suffer "significant psychological harm" is without merit.

The "significant psychological harm" rationale also lacks precision if the person whose image, as a minor, is morphed without their permission, only becomes aware of it as an adult. Obviously, no harm to any minor occurs in that circumstance and the degree of harm to that adult is speculative and not the intent of the statute as the government repeatedly points out in its brief.

Beyond that, the harm to any minor *does not* occur at the time of the *creation* of the image. It does not occur at the time of the image creator's *possession* of the image. It does not occur if the image is possessed by the creator, in secret, for decades. It does not occur if the image is displayed by the creator to one or more adult persons without ever coming to the awareness of the subject of the image. It does not occur if a second person *receives* the image while the subject of the image remains unaware of its existence. It does not occur even if the image is *distributed* on the Internet, without any identifying information, if the subject of the image, again, remains unaware of its existence. Identical to defamation claims, they are only actionable as a threshold matter because the subject of the defamatory statement becomes aware of the statement. Without awareness, there is no harm and, thus, no claim. Without awareness by the subject of the image, there is no harm and yet, 2256(8)(c) prohibits a range of harm*less* conduct anyhow. Narrowly tailored is not the phrase that applies.

The government's factual background attempts to weld together a criminal conviction from component parts that are no such thing. There was no "prosecution against Defendant" in this case or any other. R. 112 at 13. The remainder of that background is redundant filler of no consequence to the government's argument in support of the constitutionality of 18 U.S.C. 2256(8)(c).

BOLAND V. HOLDER CASE DISTINGUISHABLE FROM THIS CASE

The government argues that this court should hold off on any ruling until the 6th Circuit rules in *Boland v. Holder*, currently on appeal. It claims that "[t]he same constitutional challenges at issue in this matter were also raised" in that case. R. 112 at 15. The government is wrong, however, they correct themselves in remainder of that paragraph. The gist of *Holder* is whether the federal child pornography statutes do, or do not, preempt Ohio's child pornography statutes. As this court is well aware, the federal child pornography statutes do not contain exceptions preventing prosecution for otherwise criminal conduct if it is engaged in during a "judicial proceeding" while Ohio's statutes do contain that exception. *Holder* merely asks the federal court to declare whether an Ohio criminal defense attorney is or is not subject to federal indictment for engaging in conduct that is lawful under Ohio's child pornography statutes as part of a judicial proceeding given that the federal statutes have no exceptions. The district court answered explicitly that if an Ohio defense attorney, "were to violate 18 U.S.C. § 2252 and/or 18 U.S.C. § 2252A, while participating in a judicial proceeding, he would not be

immune from federal prosecution by virtue of Ohio's exception for activities conducted by lawyers." *Boland v. Holder*, 1:09-cv-1614, R. 18 at 10.

The court was not asked by either party in that case, nor did it address the constitutionality of 18 U.S.C. 2256(8)(c). This court can read the above cited decision which makes plain that the government's claim here that *Boland v. Holder* may bear on the constitutionality of the definition of child pornography in 18 U.S.C. 2256(8)(c) is without merit.

## CONSTITUTIONAL AVOIDANCE ISSUE

Defendant agrees with the government that this court ought to avoid ruling on the constitutional issues since grounds have been raised "for disposing of this case that do not implicate [the] constitutional challenges." R. 112 at 17. "[I]f the court can avoid the constitutional questions by disposing of the case on these grounds, it should do so." Id.

## THE *FREE SPEECH COALITION* CASE ANALYSIS

The most on point discussion of the various issues involved in the analysis of the constitutionality of 18 U.S.C. 2256(8)(c) are contained in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002). The government cites to it extensively in its attempted defense of the constitutionality of 18 U.S.C. 2256(8)(c).

The government cites to four other cases in support of its claim that 18 U.S.C. 2256(8)(c) is constitutional; *United States v. Hotaling*, 599 F. Supp. 2d 306; *United States v. Bach*, 400 F.3d 622, 632; *United States v. Hoey*, 508 F.3d 687 and

*Boland v. Holder*, 2010 WL 3860996. *Holder's* inapplicability has already been addressed.

*Hotaling* conflates comments in *Ferber* with the harm targeted by the 2256(8)(c) definition. As the Supreme Court highlighted in *Free Speech Coalition*, "*Ferber's* judgment about child pornography was based upon how it was made, not on what it communicated." *Free Speech Coalition* at 1401. The court continued by re-iterating that the "governmental interest in protecting children from harmful materials…does not justify an unnecessarily broad suppression of speech addressed to adults." Id. at 1403. *Ferber* the court reminds us, "distinguished child pornography from other sexually explicit speech because of the State's interest in protecting the children exploited by the *production* process." Id. at 1396. Emphasis added. Striking down the government's arguments, the court found that "under [its] rationales, [the] harm flows from the content of the images, not from the means of their production." Id. at 1397. The images prohibited by 2256(8)(c), at their worst, cause harm by their content, not their means of production. And, they only cause that harm under very limited circumstances while 18 U.S.C. 2256(8)(c) prohibits a range of conduct causing no harm and other conduct that is First Amendment protected.

The distinguishability of *Bach* was addressed in Defendant's briefing recently filed and is incorporated here by reference. In *Hoey* the defendant plead guilty and did not appeal his conviction, only his sentence. He made no First Amendment challenge to the 2256(8)(c) definition. *Hoey* offers no support to the government's argument.

The government's citation to *Ferber* and *Free Speech Coalition* as if those decisions support its argument are fallacious.  Both cases support, at length, the Defendant's argument that the 2256(8)(c) definition is unconstitutional.  Their joint focus is on banning child pornography images because of *how they are produced* (i.e. sexually abusing a child) not what they convey by how they *appear*.  18 U.S.C. 2256(8)(c) bans an image for what it conveys, not how it was produced.  It bans images even if they demonstrably do not harm any minor.  The government claims the "Supreme Court has...suggested that [2256(8)(c)] images are unprotected speech."  R. 112 at 22.  *Free Speech Coalition* suggests no such thing.

The court exhibits at issue in this case created no victim by their production, possession, transportation or, in this case, display.  i.e. no one was harmed by any such conduct.  The court exhibits do not record a crime.  Their only use was to highlight that *they do not record a crime* but indistinguishably *appeared to record a crime*.  That was the point of the testimony and their use as court exhibits, to precisely define the current state of technology in this area, a point of testimony that multiple judges found material and necessary to their handling of the case.

## 18 U.S.C. 2256(8)(C) FAILS STRICT SCRUTINY

As pointed out above, the statute is not narrowly tailored as it prohibits protected conduct.  The claimed protection of the psychological harm to children only happens in the most convoluted of circumstances.  The government's creativity is not fully stretched claiming no less restrictive statute could be written.

"[E]very application of section 2256(8)(C) creates a scenario that could cause psychological harm to a minor, in that it will depict what appears to be a real, known, and identifiable minor engaged in sexually explicit conduct." R. 112 at 25. This statement was shown to be false above.

Since no argument can be made that creation or private possession of such self-created images harms anyone, the statute could be re-written to exempt such conduct.  Further, the statute could target the harm specifically.  The harm here is only realized if the depicted minor, while a minor, becomes aware of the image.  The potential harm is graduated by degrees and perhaps non-existent depending on the age of the minor, 17 years 364 days old, for example and other circumstances.

The statute could easily pass constitutional challenge *and* protect minors from psychological harm.  It can retain the definition in 2256(8)(c), but only prohibit the *display* of such an image to any person if that display results in or is likely to result in display of that image to any minor.  If no minor were ever to see such a created image, no minor could ever be harmed by such an image - problem solved - and yet, none of the First Amendment protected conduct of adults is criminalized.

/s/ Dean Boland

Dean Boland 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
216-236-8080 ph
866-455-1267 fax
dean@deanboland.com

<u>Proof of Service</u>

A copy of the foregoing will be served on all parties this 30th of September 2011 by operation of the court's electronic filing system.


/s/Dean Boland
Dean Boland