IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| PETER LORA, et al | 1:07 CV 2787 |
|---|---|
| | JUDGE DAN AARON POLSTER |
| V. | |
| DEAN BOLAND | MOTION TO STAY EXECUTION WITHOUT BOND PENDING APPEAL |

Dean Boland respectfully requests this court stay all execution of the judgment in this case, without requiring the posting of a bond, pending the outcome of the appeal filed by Defendant and Cross-Appeal filed by Plaintiff for the reasons contained in the attached brief.

/s/ Dean Boland

Dean Boland 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
216-529-9371 ph
866-455-1267 fax
dean@deanboland.com

## MEMORANDUM

## STAYING EXECUTION OF JUDGMENT WITHOUT BOND PENDING APPEAL IS APPROPRIATE UNDER THE CIRCUMSTANCES

F.R.Civ.P. 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right.  *Federal Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980) (citing *Am. Mfr. Mut. Ins. Co. v. Am. Broad. Paramount Theatres, Inc.*, 385 U.S. 931 (1966)).  However, "the Rule in no way necessarily implies that filing a bond is the only way to obtain a stay. It speaks only to stays granted as a matter of right, it does not speak to stays granted by the court in accordance with its discretion." Id.

## RELEVANT FACTS

It is true that this court issued a judgment in the amount of $300,000 against Defendant and in favor of the two minor plaintiffs.  Doc. No. 116.  It is also true that this case represents the one of the few, if not the only ever, lawsuit under the civil remedies provision of the federal child pornography statute, 18 U.S.C. §2255.  This court previously found in favor of Defendant dismissing all Plaintiffs' claims.  The Sixth Circuit heard the one legal issue in that decision by this court and respectfully differed with this court's interpretation of the scope of the statute, returning the case to this court and did not "reach other defenses Boland has raised that the district court has not yet considered….We trust the initial resolution of these issues to the capable hands of the district court judge."  Decision in *Doe v. Boland*, 09-4281 at p. 12.

This court has issued its judgment in response to the Sixth Circuit's directive to consider a variety of legal defenses available to Defendant.  Doc. No. 116.  *Both parties* have appealed this court's judgment.  Doc. Nos. 121 and 127.

## UNPRECEDENTED DECISION

The Sixth Circuit Court of Appeals is entitled to review *de novo* any matters of law contained in this court's judgment and order, Doc. No. 212.  *Bell-Bey v. Williams*, 87 F.3d 832, 835 (6th Cir. 1996).  There are few, if any, lawsuits commenced 18 U.S.C. §2255.  Without precedent in this circuit or any other, therefore, there is no reliable way to know whether the Sixth Circuit's interpretation will coincide with this court's interpretation, agree with this court but on a different basis, or go in a completely different direction.  The history of this case already includes one determination by the Sixth Circuit Court of Appeals that disagreed with this court's findings favorable to the Defendant.

## EXECUTION OF JUDGMENT

Plaintiff's counsel has already begun aggressive collection efforts while Defendant's appeal is pending and, ironically, while Plaintiff's Cross-Appeal is pending disputing this court's decision to not grant attorney's fees in its judgment.

This continued execution will obviously have a severe and perhaps permanent detrimental effect on Defendant's professional and personal life while the appeal is pending.  The size of the damage award, $300,000, makes posting a bond impracticable.  Such a bond requires 100% collateral from all bonding and insurance companies Defendant has contacted.

## NO PREJUDICE TO PLAINTIFFS TO STAY EXECUTION WITHOUT BOND

Defendant is licensed to practice law in Ohio and Ohio only.  Declaration of Dean Boland at ¶3.  He has spent his entire working life, post-law school, in various positions in companies, government and now private practice, all in Ohio.  Id. at ¶5.  He owns property only in Ohio.  Id. at ¶6.  His minor children that he has joint custody of are enrolled in public school in the Cleveland area.  Id. at ¶7.  His youngest child will not graduate high school for another eight years.  Id. at ¶9.  Defendant was born and raised in the Cleveland area and has lived his entire life here where most of his siblings and his surviving parent also live.  Id. at ¶4,¶5, ¶10.  He is currently a columnist for the Cleveland Metropolitan Bar Association Journal.  Id. at ¶11.  He has recently taught and historically taught CLE programs throughout Ohio.  Id.

Defendant does not just have roots in the community, he has roots, personal and professional *only* in this community.  Plaintiffs' ability to execute on the judgment post-appeal is not affected by execution being stayed while both parties' appeals are pending.  Defendant will be a resident of Ohio for no less than the next eight years while his minor daughter finishes school here.  His daughter's mother is employed here in the Cleveland area and has all her family and friends here as well.  Id. at ¶12.  She has indicated no intention to move out of Ohio until at the earliest, our youngest daughter graduates high school.

## PLAINTIFFS' COUNSEL'S BAD FAITH COLLECTION EFFORTS

Plaintiffs' Counsel has engaged in activity to collect under the court's judgment.  That activity includes filing papers to garnish and collect from *clients of Defendant's law practice* on the judgment in this court's case.  Exhibit A.  Plaintiffs' counsel is aware that his clients have a judgment against Defendant only, yet he is intervening in a settlement payment to Vickie Harrison, the widow of one of Defendant's clients, who obtained a settlement resulting from her late husband's wrongful imprisonment in an Ohio prison for two years.

This act of attempting to garnish the property of a person, in this case an estate, that is not a party to this federal case and not a creditor of Defendant is outrageous.  Plaintiffs' counsel knows he cannot use this court's judgment to punish non-parties to this case.  He is also aware that this interference in Defendant's law practice is a violation of the law and will result in a significant detrimental effect to Defendant's law practice while this matter is pending.

## CONCLUSION

For the reasons above, Defendant respectfully requests this court stay execution of the judgment in this matter pending the result of appeals by both parties now docketed with the Sixth Circuit Court of Appeals.


/s/ Dean Boland

Dean Boland 0065693
18123 Sloane Avenue
Lakewood, Ohio 44107
216-529-9371 ph
866-455-1267 fax
dean@deanboland.com

Proof of Service

A copy of the foregoing will be served on all parties this 29th of November 2011 by operation of the court's electronic filing system.

/s/Dean Boland
Dean Boland