**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JANE DOE *et al.*, | CASE NO. 1:07cv2787 |
| | JUDGE DAN A. POLSTER |
| *Plaintiffs* | **Plaintiffs' Brief in Opposition to Defendant's Motion to Stay Execution Without Bond Pending Appeal** |
| vs. | |
| DEAN BOLAND | |
| *Defendant* | |

NOW come the Plaintiffs, in opposition to Defendant's Motion to Stay Execution Without Bond Pending Appeal, and state that the motion is not well taken for the following reasons:

1. Defendant relies upon *Federal Prescription Service, Inc. v. American Pharmaceutical Ass'n,* 636 F.2d 755 (D.C. Cir. 1980) as authority for the proposition that this court has the discretionary authority to order a stay of execution without a bond. However, the holding of *Federal Prescription Service, Inc. v. American Pharmaceutical Ass'n, surpra* is that this court in

its discretion "may order partially secured or unsecured stays if they do not unduly endanger the judgment creditor's interest in ultimate recovery."

> The purpose of the supersedeas bond is to secure the appellee from loss resulting from the stay of execution. Because the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances, such as where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable. In unusual circumstances, however, the district court in its discretion may order partially secured or unsecured stays if they do not unduly endanger the judgment creditor's interest in ultimate recovery.
>
> The elements of the situation here were as follows: (1) the damage award was $102,000, with action on the request for attorneys' fees and costs being deferred pending appeal because both parties had appealed on questions going to the merits (see note 1 supra ); (2) the documented net worth of the judgment debtor was $4.8 million, about 47 times the amount of the damage award; (3) the judgment debtor was a long-time resident of the District of Columbia, and there was no indication it had any intent to leave. In light of these factors, we cannot say the district court abused its discretion in granting a stay on appeal without requiring a supersedeas bond.

*Federal Prescription Service, Inc. v. American Pharmaceutical Ass'n, surpra at* 760-761 [Footnotes omitted].

In a case where there is "some reasonable likelihood of the judgment debtor's inability or unwillingness satisfy the judgment in full" a "full supersedeas bond should be the requirement in normal circumstances." The Sixth Circuit has followed this logic in *Arban v. West Pub. Corp.*, 345 F.3d 390 at 409 (6th Cir. 2003).[1] For the reasons set forth below it is extremely unlikely that Defendant is willing to or able to satisfy the judgment in this case. He does not have the obvious

---

[1] Rule 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right. *Federal Prescription Serv., Inc. v. Am. Pharm. Ass'n,* 636 F. 2d 755, 759 (D.C.Cir. 1980) (citing *Am. Mfr. Mut. Ins. Co. v. Am. Broad. Paramount Theatres, Inc.,* 385 U.S. 931, 87 S.Ct. 291, 17 L.Ed.2d 213 (1966)). However, "the Rule in no way necessarily implies that filing a bond is the only way to obtain a stay. It speaks only to stays granted as a matter of right, it does not speak to stays granted by the court in accordance with its discretion." *Id.* Arban claims that West must make "at least a showing that it has adequate resources to satisfy the bond." West has done so here. At the hearing on West's motion for stay without bond on April 25, 2001, counsel for West stated that "the revenues of the group of which West is a part is approximately 2.5 billion." The Seventh Circuit has noted that "an inflexible requirement of a bond would be inappropriate ... where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money." *Olympia Equip. Leasing Co. v. Western Union Tel. Co.,* 786 F.2d 794, 796 (7th Cir. 1986). In light of the vast disparity between the amount of the judgment in this case and the annual revenue of the group of which West is a part, the district court's decision to grant a stay without a bond was not an abuse of discretion

means to satisfy this judgment like the judgment debtors in the case he relies upon. It would therefore be an abuse of discretion to stay execution in this case without requiring him to post a bond.

2. Defendant's claim that this matter is one of "unprecedented decision" and the implication that there is a substantial likelihood of the judgment being reversed upon appeal is meritless. This court, Judge Oliver,[2] the Sixth Circuit Court of Appeals, and the Ohio Supreme Court have already ruled that Defendant's conduct in this case is criminal. The Sixth Circuit has already held in this matter that the Constitution can never countenance the commission of a crime in the defense of another charged with a crime. Additionally, the Second and Eighth Circuits have already held that the morphing of innocent images of an identifiable child into sexually explicit images is not constitutionally protected.[3] The United States Supreme Court has already indicted that this type of conduct is not protected by the Constitution. *See Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 242 (2002).

Therefore, despite the fact that this is matter of first impression, there is little doubt that Defendant Boland will not prevail upon appeal. Congress's intent and ability to punish, both civilly and criminally, those who behave as Defendant has, is clear, without exception, and not open to legitimate question at this point.

3. Defendant is not the person that he represents himself to be to the court.

Despite Defendant's averments to the contrary regarding the property he owns and his ex-wife's status in the community, it appears he has recently made himself judgment proof. He has incurred $157,000.00 in unpaid IRS tax liens in the last two years.[4] He has incurred an

---

[2] *Boland v. Holder*, Case No. 1:09CV1614 (N.D. Ohio Sep.30, 2010)
[3] *United States v. Hotaling*, 634 F.3d 725 (2nd Cir. 2011); *United States v. Bach*, 400 F.3d 622 (8th Cir. 2005)
[4] Cuyahoga County Recorder AFN 201006029067 and .201101289010

unpaid state tax lien in the last year.[5] The first thing he did when the FBI began to investigate him was to fraudulently transfer his interest in his home to his wife for no consideration.[6] He admitted this in discovery. He owes his wife $10,000.00 from their divorce.[7]

Plaintiffs' counsel attempted to contact Defendant on October 21, 2011 regarding these matters and settling this case. Defendant did not have the courtesy to respond. Plaintiff served post-judgment discovery requests[8] on Defendant on October 27, 2011. Defendant has yet to respond and his responses are overdue.

Defendant's alleged good standing in the community and his inherit trustworthiness are not only betrayed by his failing financial condition. They are betrayed by his reprehensible conduct in this case. Aside from the criminal ramifications, the moral and ethical nature of what he has done to the minor victims in this case does not exactly inspire trustworthiness. His future as a practicing attorney in light of all of the recent decisions holding his conduct to be criminal is certainly a matter of some legitimate concern. The fact that he fraudulently transferred his interest in his home to his wife for no consideration proves he does not intend to pay this judgment.

Defendant continues to misrepresent the law, facts, and the actions of opposing counsel to gain advantage. The fact that his court did not address all of the issues presented in Plaintiffs' Motion for Summary Judgment does not compel the conclusion that this court ruled against them or that they are meritless.

All of these actions are not the conduct of a trustworthy person who is likely to pay his debts at some future date. They are the actions of a person seeking to avoid his responsibilities.

---

[5] Cuyahoga County Common Pleas Case No. JL-11-466067
[6] Ex. "1" attached hereto
[7] Cuyahoga County C P  No DR 10 321868
[8] Docket No. 120

4.      Defendant's claim that there is no harm to the Plaintiffs if their collection efforts are stopped without a bond has as much merit as his claim that his conduct did not harm the minor plaintiffs because they did not know of his actions.

Plaintiffs have litigated this matter for over four and one-half years. Any doubt or benefit the Defendant deserved has been given to him. The claims of Peter Lora and Vicki Bloom have yet to be addressed by any court. To delay justice any further in this matter is harm in and of itself. To deny Plaintiffs the opportunity to collect on their judgment for another two years with no security is harm in light of the Defendant's precarious and worsening financial condition according to the cases cited above.

5.      Plaintiffs' counsel has not engaged in any bad faith collection efforts. As the attached garnishment affidavit and order[9] reveals, Plaintiffs' counsel is seeking money from a creditor of Defendant Boland. The order asks only for "Money owed to Dean Boland for attorney's fees in Court of Claims No. 2010-0610-WI." It does not seek money that is not owed to Mr. Boland. Vicki Harrison is the Administrator of her late husband's estate. If the estate owes any fees to Defendant Boland, then she is the proper person to attempt to garnish the money from.

Defendant Boland is entitled to a hearing on this issue in the common pleas court. If the estate owes no money to Defendant Boland, then all it has to do is to state so on the form furnished.

## CONCLUSION

Based upon the law and reasons set forth above, Plaintiffs request this court to deny Defendant's Motion to Stay Execution Without Bond. Plaintiffs are entitled to security if the judgment is stayed because Defendant Boland does not enjoy a financial position which would justify granting him a stay without a bond or a reduced bond.

---

[9] Ex. "2" Attached

      Respectfully submitted,

      /s/ *Jonathan E. Rosenbaum*
      Jonathan E. Rosenbaum (Ohio Bar Reg. No. 0021698)
      Attorney for Plaintiffs
      230 Third Street, Suite 104
      Elyria, Ohio 44035
      (440) 322-7972
      Fax (440) 322-7972
      Email: jerosenbaum@winstream.net

## **Proof of Service**

  A true and accurate copy of the foregoing and the attached memorandum have been electronically served this 1st day of December, 2011 by the court's electronic filing system

      /s/ Jonathan E. Rosenbaum_____
      JONATHAN E. ROSENBAUM
      Supreme Court Reg. No. 0021698
      Attorney for Plaintiffs