# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE *et al.*, | ) | CASE NO. 1:07cv2787 |
| | ) | |
| | ) | JUDGE DAN A. POLSTER |
| *Plaintiffs* | ) | **Motion for Attorney's Fee's and Costs** |
| vs. | ) | |
| DEAN BOLAND | ) | |
| *Defendant* | ) | |

Now come the Plaintiffs pursuant to F.R.C.P. 54(d)[1] and move this court for an award of attorney's fees and costs. This motion is brought pursuant to 18 USC § 2255[2] and 18 USC §

---

[1] (d) COSTS; ATTORNEY'S FEES.

(1) *Costs Other Than Attorney's Fees.* Unless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

(2) *Attorney's Fees.*

2252A (f).[3] The former statute requires the court to award attorney's fees and costs to a prevailing party. The latter statute makes it discretionary. Plaintiffs prevailed under both statutes as a matter of law. To date Plaintiffs have incurred $41,700.00 in attorney's fees and $1,514.11 in expenses[4] in the prosecution of this case.

---

(A) *Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

(B) *Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, the motion must:

(i) be filed no later than 14 days after the entry of judgment;

(ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;

(iii) state the amount sought or provide a fair estimate of it; and

(iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

[2] Civil remedy for personal injuries

   (a) In General. - Any person who, while a minor, was a victim of a violation of section 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

[3](f) Civil Remedies. -    (1) In general. - Any person aggrieved by reason of the conduct prohibited under subsection (a) or (b) or section 1466A may commence a civil action for the relief set forth in paragraph (2).

    (2) Relief. - In any action commenced in accordance with paragraph (1), the court may award appropriate relief, including –

   (A) temporary, preliminary, or permanent injunctive relief;

   (B) compensatory and punitive damages; and

   (C) the costs of the civil action and reasonable fees for attorneys and expert witnesses.

[4]  Exhibit "1" filed herewith

Plaintiffs previously moved the court for these fees in their motion for summary judgment.[5] Defendant Boland neither opposed nor addressed this issue when raised previously.

Respectfully submitted,

/s/ *Jonathan E. Rosenbaum*
Jonathan E. Rosenbaum (Ohio Bar Reg. No. (021698)
Attorney for Plaintiffs
230 Third Street, Suite 104
Elyria, Ohio 44035
(440) 322-7972
Fax (440) 322-7972
Email: jerosenbaum@windtream.net

**Proof of Service**

A true and accurate copy of the foregoing and the attached memorandum has been electronically served this 6th day of December, 2011 by the Court's electronic filing system.

/s/ Jonathan E. Rosenbaum
JONATHAN E. ROSENBAUM
Supreme Court Reg. No. 0021698
Attorney for Plaintiffs

---

[5] Docket Nos. 73 and 100