## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **PETER LORA, et al.,** ) | Case No. 1:07 CV 2787 |
| ) | |
| Plaintiffs, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **DEAN BOLAND,** ) | |
| ) | |
| Defendant. ) | |

Before the Court is Defendant Dean Boland's Motion to Stay Execution Without Bond Pending Appeal (Doc. # 129).

On October 20, 2011, the Court entered judgment in favor of Plaintiffs Peter Lora, et al. Defendant timely appealed the judgment entry. (Doc. # 121). Plaintiffs cross-appealed. (Doc. # 127). Defendant's instant motion asks the Court to stay the execution of judgment pending the outcome of Defendant's appeal and Plaintiffs' cross-appeal. Defendant requests that the stay be granted without requiring Defendant to post a supersedeas bond (i.e. an appeal bond). Plaintiffs object and argue that Defendant should be required to post a full supersedeas bond.

There are two ways an appellant can obtain a stay. Rule 62(d) of the Federal Rules of Civil Procedure entitles an appellant who files a satisfactory supersedeas bond to a stay of judgment as a matter of right. Arban v. West Publishing Corp., 345 F.3d 390, 409 (6th Cir. 2003). Alternatively, a court can grant a stay pursuant to its discretionary authority. Id. While Rule 62(d) contemplates that a stay will be accompanied by a bond, a discretionary stay does not always require a bond. An appellant can obtain a stay without a bond when its ability to pay the judgment is "'so plain that the cost of the bond would be a waste of money.'" Id. (quoting

Olympia Equip. Co. v. Western Union Tel. Co., 786 F.2d 794, 796 (7th Cir. 1986)). A bond is not necessary when the appellant has shown that it has adequate resources to satisfy the judgment. Id.

The defendant in Arban had adequate resources to satisfy the judgment. Its revenue was $2.5 billion, while the judgment was under $250,000—less than a hundredth of one percent of the revenue. Id. at 400. Accordingly, the Sixth Circuit held that the district court did not abuse its discretion when it granted a stay without a bond. Id. at 409.

This case is a far cry from Arban. The Court acknowledges that Defendant has roots in the community, that he has lived in Ohio his entire working life, and that his minor children live here. The Court's concern, however, is not that Defendant will flee the state; it is that Defendant lacks the resources to satisfy the $300,000 judgment. Defendant has not shown otherwise. Defendant admits he is financially unable to post the bond, and Plaintiffs show that Defendant has incurred over $157,000 in unpaid federal and state tax liens, transferred his interest in his home to his wife, and owes his wife money as a result of their divorce. Plaintiffs are therefore likely to be prejudiced by a stay that does not require Defendant to post a bond.[1]

Accordingly, the Court hereby **DENIES** Defendant's Motion for Stay (**Doc. # 129**).

**IT IS SO ORDERED.**

*/s/ Dan A. Polster    December 13, 2011*
**Dan Aaron Polster**
**United States District Judge**

---

[1] Defendant complains about Plaintiffs' collection efforts. His recourse lies with the court in which Plaintiffs have filed their garnishment affidavit and order: Cuyahoga County Common Pleas Court. (See Doc. # 129, ex. 2).

-2-