Nos. 11-4237/4279

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JANE DOE; PETER LORA; JANE ROE; VICTORIA BLOOM, | ) ) ) | **FILED** **Dec 16, 2011** LEONARD GREEN, Clerk |
| Plaintiffs-Appellees/Cross-Appellants, | ) ) | |
| v. | ) ) | O R D E R |
| DEAN BOLAND, | ) ) | |
| Defendant-Appellant/Cross-Appellee. | ) | 1:07cv2787 |

Before: SUHRHEINRICH, COLE, and McKEAGUE, Circuit Judges.

Defendant Dean Boland appeals the $300,000 civil judgment entered against him for violations of 18 U.S.C. § 2252A(f). He has filed an emergency motion for a stay of the execution of the judgment without bond pending appeal. The district court denied a similar motion for a stay without bond on December 13, 2011. Boland requests a ruling on his motion prior to a phone conference scheduled for December 19, 2011, in a collection proceeding pending in the Court of Common Pleas for Cuyahoga County, Ohio.

Generally, a stay of the execution on a money judgment is obtained by posting a supersedeas bond or other appropriate security approved by the district court. *See* Fed. R. Civ. P. 62(d). The determination of whether to grant a stay in the absence of a supersedeas bond is within the discretion of the district court. *See Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003).

However, we may grant a discretionary stay of a monetary judgment pending appeal. *See* Fed. R. App. P. 8(a)(2). In the absence of a bond, the following factors apply to a motion for a stay: (1) whether the applicant has a strong or substantial likelihood of success on the merits; (2) whether

he will suffer irreparable harm if the motion is not granted; (3) whether the requested injunctive relief will substantially injure other interested parties; and (4) where the public interest lies. *See Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001) (order). Boland bears the burden of demonstrating that a stay is warranted without the posting of a supersedeas bond as contemplated by Rule 62(d). *See Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979).

The district court denied a discretionary stay on the ground that the plaintiffs were likely to be prejudiced because Boland appeared to lack the financial resources to pay the $300,000 judgment. Before this court, Boland asserts that posting a bond is "impracticable." He argues that the plaintiffs' collection efforts will significantly hamper his business. If Boland has sufficient resources to post a bond, he should do so in order to stay the collection efforts. If he is unable to post a bond, the plaintiffs face a substantial risk that they will be unable to enforce the judgment if we issue a stay pending appeal. Boland argues that he has a likelihood of success on the merits. Under the circumstances of the instant case, this factor does not outweigh the balance of the harm in favor of the plaintiffs.

The emergency motion for a stay without bond pending appeal is **DENIED**.

ENTERED BY ORDER OF THE COURT

_____
Clerk