IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PETER LORA, et al | 1:07 CV 2787 |
| V. | JUDGE DAN AARON POLSTER |
| DEAN BOLAND | RESPONSE IN OPPOSITION TO MOTION FOR ATTORNEYS FEES |

    Dean Boland respectfully requests this court deny Plaintiffs' counsel's motion for attorneys fees and costs for the reasons contained in the attached brief.

/s/ Dean Boland

Dean Boland 0065693
Owner/Member
Boland Legal, LLC
18123 Sloane Avenue
Lakewood, Ohio 44107
216-236-8080 ph
866-455-1267 fax
dean@bolandlegal.com

## MEMORANDUM

This represents Defendant's second response to a motion for attorneys fees by Plaintiff. Defendant incorporates by reference the jurisdictional arguments made in that previous opposition.

Plaintiff now brings his motion for attorney's fees under F.R.C.P. 54(d). That rule reads in pertinent part:

**(2) Attorney's Fees.**
**(A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.**
**(B) Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must:**
**(i) be filed no later than 14 days after the entry of judgment;**
**(ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;**
**(iii) state the amount sought or provide a fair estimate of it; and**
**(iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.**

## RELEVANT FACTS

The opinion and order and judgment entry disposing of this case at the district court level was filed on October 20, 2011. Doc. Nos. 116, 117. The plaintiff failed to timely file his motion for attorney's fees under F.R.C.P. 54(d).

The complaint in this matter contained a request for damages including attorneys fees. R. 1.

R. 166 and R. 117 did not grant attorneys fees to Plaintiffs. Plaintiffs' failed to timely file any motion requesting a hearing or a grant of attorneys fees in the district court.

1

Further, Rule 54(d) plainly read, only entitles Plaintiffs' to seek attorneys fees "by motion *unless the substantive law requires those fees to be proved at trial as an element of damages.*" F.R.C.P. 54(d)(2)(A).

The plain reading of the operative statutes in this matter, 18 U.S.C. 2255 and 18 U.S.C. 2252(A)(f) include attorneys fees as an element of damages to be proven at trial. As such, Defendant was entitled to a hearing on the issue of attorney's fees before their imposition at any amount.

Moreover, it is not clear under which statute the Plaintiffs' damages were rendered. While the $300,000 amount indicates they were awarded under 18 U.S.C. 2255 which includes the "elevator clause" which increases a persons actual damages from their personal injury to $150,000, the court's order does not declare under which provision or under both in some divided measure, the damages were awarded.

In either event, an element of damages is subject to a Due Process hearing for Defendant since they were not disposed of via summary judgment by the court.

2

## **CONCLUSION**

For the reasons above, Defendant respectfully requests this court deny Plaintiffs' counsel's motion for an award of attorney's fees and costs.


/s/ Dean Boland

Dean Boland 0065693
Owner/Member
Boland Legal, LLC
18123 Sloane Avenue
Lakewood, Ohio 44107
216-236-8080 ph
866-455-1267 fax
dean@bolandlegal.com

## Proof of Service

A copy of the foregoing will be served on all parties this 10th of January 2012 by operation of the court's electronic filing system.


/s/Dean Boland
Dean Boland