**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PETER LORA, et al.,** | ) | Case No. 1:07 CV 2787 |
| | ) | |
| Plaintiffs, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | <u>ORDER</u> |
| | ) | |
| **DEAN BOLAND,** | ) | |
| | ) | |
| Defendant. | ) | |

This case has a long procedural history. It is not necessary to recap the entire history except to note that Plaintiffs Peter Lora, et al., won their case on October 20, 2011, when the Court granted summary judgment in their favor and against Defendant Dean Boland on federal claims brought under 18 U.S.C. §§ 2252A, 2255. The Court found Defendant violated federal child pornography laws and was therefore civilly liable to Plaintiffs. The Court awarded $150,000—the statutory minimum under 18 U.S.C. § 2255(a)—to each of Defendant's two minor victims.

The Court did not, however, rule on the issue of costs and attorney's fees. Instead, the Court directed Plaintiffs to file a motion for attorney's fees and costs. Plaintiffs have filed their Motion for Attorney's Fees and Costs (Doc. # 134) and submitted an affidavit of costs and fees; Defendant has filed a Response (Doc. # 139). The Court will now rule on Plaintiffs' motion.

**I.**

Plaintiffs bring their motion for attorney's fees and costs pursuant to Federal Rule of

Civil Procedure 54(d) and 18 U.S.C. §§ 2252A(f), 2255(a).[1] A party who prevails under 18 U.S.C. § 2255(a) *shall* recover "the cost of the suit, including a reasonable attorney's fee." In other words, an award of attorney's fees and costs for a party who prevails under § 2255(a) is mandatory.[2] Defendant does not dispute this, nor does Defendant dispute the reasonableness of Plaintiffs' attorney's fees. Rather, Defendant appears to be making the following five arguments.

First, Defendant argues that Plaintiffs "failed to timely file [their] motion for attorney's fees under F.R.C.P. 54(d)." (Doc. # 139 at 1). Rule 54(d) provides that a claim for attorney's fees and costs must be made no later than 14 days after the entry of judgment, unless a court order or statute provides otherwise. This Court issued an order providing otherwise, directing Plaintiffs to make their motion for attorney's fees and costs no later than December 20, 2011. Plaintiffs filed their motion on December 6, 2011. The motion is therefore timely.

Defendant next argues that this Court did not grant attorney's fees to Plaintiffs when it granted summary judgment in Plaintiffs' favor on October 20, 2011. However, as the Court previously stated, "The Court never denied attorney's fees and costs; in fact, the Court never ruled on the request for attorney's fees and costs. Instead, the Court had assumed Plaintiffs would file a motion pursuant to Rule 54(d) of the Federal Rules of Civil Procedure after the entry of judgment on October 20, 2011." (Doc. # 133). It was for that reason that the Court directed Plaintiffs to file their motion for fees and costs by December 20, which, as noted above,

---

[1]While Plaintiffs have sought attorney's fees under both statutes, this Court will focus on 18 U.S.C. § 2255(a) simply for the sake of efficiency. Because Plaintiffs are entitled to attorney's fees under 18 U.S.C. § 2255(a), as the remainder of this Order will make clear, it would be superfluous to address the claim for attorney's fees under 18 U.S.C. § 2252A(f).

[2]By contrast, 18 U.S.C. § 2252(A)(f) makes an award of attorney's fees discretionary.

they did.

Defendant's third argument is that attorney's fees is an element of damages that must be proved at trial. Rule 54(d)(2)(A) of the Federal Rules of Civil Procedure does indeed require a claim for attorney's fees to be proved at trial but only if the substantive law requires the fees to be proved at trial as an element of damages. The question, then, is whether the substantive law—18 U.S.C. §§ 2255(a)—requires a claim for attorney's fees to be proved at trial as an element of damages.

The Supreme Court has held:

> [a]s a general matter, at least, we think it indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain. Such an award does not remedy the injury giving rise to the action, and indeed is often available to the party defending against the action. At common law, attorney's fees were regarded as an element of "costs" awarded to the prevailing party...which are not generally treated as part of the merits judgment....Many federal statutes providing for attorney's fees continue to specify that they are to be taxed and collected as "costs."

Budinich v. Becton Dickinson & Co., 486 U.S. 196, 200–01 (1988).

Here, the federal statute that is the basis of the award provides for attorney's fees to be taxed and collected as "costs." Accordingly, the Court finds that a claim for attorney's fees under 18 U.S.C. §§ 2255(a) is not part of the merits of the action and need not be proved at trial as an element of damages.

Defendant's fourth argument is that "it is not clear under which statute the Plaintiffs' damages were rendered," and "the court's order does not declare under which provision or under both in some divided measure, the damages were awarded." (Doc. # 139 at 2). To the contrary, the October 20 Order stated that the Court granted summary judgment in favor Plaintiffs on the federal claims brought under 18 U.S.C. §§ 2255, 2252A. It doesn't matter under which statutes

the *damages* were rendered; it only matters under which statutes Plaintiffs *prevailed*. Because Plaintiffs prevailed under both statutes, they may move for an award of attorney's fees under either or both.[3]

Defendant's fifth and final argument is that "an element of damages is subject to a Due Process hearing." (Doc. # 139 at 2). As discussed above, Plaintiffs' claim for attorney's fees is not an element of damages. In any event, the Court finds that a hearing is not necessary. Defendant has not objected to the reasonableness of the fees and costs and has not disputed a single item in Plaintiffs' affidavit of fees and costs. Indeed, the Court has reviewed Plaintiffs' affidavit of fees and costs and finds them to be fair and reasonable.

## II.

Accordingly, the Court **GRANTS** Plaintiffs' Motion for Attorney's Fees and Costs (**Doc # 134**) for the full amount requested: **$43,214.11**. That amount comprises $41,700 for attorney's fees and $1,514.11 for costs.

**IT IS SO ORDERED.**

 */s/ Dan A. Polster    1/18/12*
Dan Aaron Polster
United States District Judge

---

[3] As noted above, it's only necessary for the Court to address the claim for attorney's fees under 18 U.S.C. § 2255(a).