IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PETER LORA, et al., | ) | Case No. 1:07 CV 2787 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| DEAN BOLAND, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

## I.      Introduction

On October 20, 2011, the Court awarded summary judgment to Jane Doe and Jane Roe against Defendant Dean Boland.  ECF Doc. 116.  On December 16, 2012, the Sixth District Court of Appeals affirmed the Court's judgment.  ECF Doc. 141.  Years later, Defendant Boland has filed a motion to dismiss the complaint and to vacate all orders related to the unnamed plaintiffs.  ECF Doc. 150.  Jane Doe and Jane Roe filed an opposition (ECF Doc. 151) on May 3, 2021.  Defendant Boland has not filed a reply.  For the reasons stated below, Defendant Boland's motion to dismiss and vacate is DENIED.

## II.     Background

In attempting to assist his clients, technology expert and lawyer Dean Boland downloaded images of children from a stock photography website and digitally imposed the children's faces onto the bodies of adults performing sex acts.  Boland's aim was to show that the defendants may not have known they were viewing child pornography.  When the parents of

the children involved found out about the images, they sued Boland under the civil-remedy

provisions of two federal child-pornography statutes. Four plaintiffs filed the case. The children

had pseudonyms; the parents did not. Summary judgment was awarded against Defendant

Boland in the amount of $300,000. *Doe v. Boland,* 698 F.3d 877, 879 (6th Cir. Nov. 9, 2012).

### III.     Law & Analysis

Boland has now moved the Court to dismiss the complaint and vacate the Court's prior

orders because the minor plaintiffs did not seek permission to proceed anonymously. ECF Doc.

150. He argues that the Sixth Circuit requires such plaintiffs to seek permission to remain

anonymous *before* they file their complaint. But in every case Boland cites[1], an objection to the

plaintiff's anonymity was raised early in the case. In contrast, Boland has objected to plaintiffs'

anonymity years after the Court's judgment was affirmed on appeal. *Boland,* 698 F.3d at 877.

His objection is untimely.

Moreover, the Court would have overruled Boland's objection even if it had been timely.

It is true that litigating under a pseudonym is generally disfavored. See Fed. R. Civ. P. 10(a)

("The title of the complaint must name all the parties"). But a court may allow a party to

proceed by pseudonym where "privacy interests substantially outweigh the presumption of open

judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The decision to grant

such an exemption lies within the court's discretion. *See id.* The court's discretion is guided by

the following factors: (1) whether the individuals "seeking anonymity are suing to challenge

---

[1] *Doe v. City of Shaker Heights,* No. 1:05CV0031 (N.D. Ohio Sept. 27, 2005) (Court dismissed case after an early challenge to an anonymous plaintiff's attempted §1983 claim); *Citizens for a Strong Ohio v. Marsh,* 123 F. App'x 630, 636 (6th Cir. 2005) (The Sixth Circuit affirmed the district court's dismissal of a John Doe plaintiff who had not requested or provided any justification to proceed under a pseudonym); *Anonymous v. City of Hubbard,* No. 4:09CV1306 (N.D. Ohio January 11, 2010) (Defendant's motion to dismiss was granted, in part, and the district court required plaintiff to amend his complaint with his real name before proceeding); *Malibu Media, Inc. v. Doe,* No. 15-4278, 2015 U.S. Dist. LEXIS 96884 (S.D. Ohio July 24, 2015) (Court permitted plaintiff to conduct limited discovery related to the identity of a John Doe defendant.)

governmental activity"; (2) whether pursuit of the lawsuit "will compel the plaintiffs to disclose information 'of the utmost intimacy''; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Id.* (quoting *Doe v. Stegall,* 653 F.2d 180, 185-86 (5th Cir. 1981)).

Here, several of the factors weigh in favor of Jane Doe's and Jane Roe's anonymity. They were minors, and their parents sued on their behalf for misappropriated images of them. It is common for parents to sue on behalf of anonymous minors, particularly in a case like this one, which could have caused further embarrassment to the minors if they had been named. And Courts frequently grant protective orders to minors who seek to remain anonymous. *See, e.g., Doe v. Mechanisburg Sch. Bd. Of Educ.,* 2021 U.S. Dist. LEXIS 28878 (S.D. Ohio Feb. 10, 2021); *K.G. v. Bd. of Educ.*, No. 5:18-cv-555, 2019 U.S. Dist. LEXIS 158674, 2019 WL 4467638, at *3 (E.D. Ky. Sept. 18, 2019).

Furthermore, Boland did not suffer any prejudice from plaintiffs' anonymity. He doesn't argue otherwise. He knew the identities of Jane Doe, Jane Roe and their co-plaintiff parents, who were not anonymous. The minors' anonymity had little, if any, effect on Boland's ability to defend against their claims. At its core, Boland's instant motion is based on a technical requirement that, if enforced here, would not have even benefitted him. And, rather than moving the Court to reveal plaintiffs' identities at a meaningful time when the Court could have denied it, Boland has collaterally attacked plaintiffs' judgment years after it was affirmed on appeal. His motion borders on frivolous and is hereby DENIED.

3

**IV.     Conclusion**

Because Defendant Boland's motion to dismiss is untimely and lacks merit, it is hereby

DENIED.


**IT IS SO ORDERED.**


Dated: May 25, 2021                                    *s/Dan Aaron Polster*
                                                       United States District Judge